NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile: 650-242-1547

Attorneys for Plaintiffs Enplas Display Device Corporation; Enplas Tech Solutions, Inc.; and Enplas (U.S.A.), Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD;<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc. allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, against Defendant Seoul Semiconductor Company, Ltd. as follows:

**THE PARTIES**

1. Plaintiff Enplas Display Device Corporation ("EDD") is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-30-1, Namiki, Kawaguchi City, Saitama 332-0034 Japan.

2. Plaintiff Enplas Tech Solutions, Inc. ("ETS") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1225 Innsbruck Dr., Sunnyvale, CA 94089-1317.

3. Plaintiff Enplas (U.S.A.), Inc. ("Enplas USA") is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 1901 West Oak Circle, Marietta, Georgia, 30062.

4. Upon information and belief, Defendant Seoul Semiconductor Company, Ltd. ("SSC") is a company organized and existing under the laws of the Republic of Korea, having its principle place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5. Upon information and belief, Defendant SSC is the assignee of the entire right, title and interest in United States Patent 6,473,554 (the "'554 Patent"), entitled "Lighting Apparatus Having Low Profile" which issued on October 29, 2002, and was assigned to Defendant SSC on August 27, 2009. A copy of the '554 Patent is attached hereto as Exhibit A.

6. Upon information and belief, Defendant SSC is the assignee of the entire right, title and interest in United States Patent 6,007,209 (the "'209 Patent"), entitled "Light Source For Backlighting," which issued on December 28, 1999, and was assigned to Defendant SSC on September 26, 2013. A copy of the '209 Patent is attached hereto as Exhibit B.

//

//

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1, *et seq.*

8. This Court has jurisdiction to provide declaratory judgment that the '554 and '209 Patents are invalid and not infringed pursuant to 28 U.S.C. §§ 2201 and 2202, arising from the case of actual controversy described herein.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

10. This Court has personal jurisdiction over Defendant SSC. On information and belief, Defendant SSC has purposefully availed itself of the privilege of conducting activities in the State of California and this District.

11. On information and belief, Defendant SSC has continuous and systematic business contacts in the State of California and this District.

12. On information and belief, Defendant SSC regularly conducts and has conducted business in the State of California and this District.

13. On information and belief, Defendant SSC maintains a regular and established place of business in the State of California at 5856 Corporate Ave., Suite 240, Cypress California 90630.

14. On information and belief, Defendant SSC, directly and through intermediaries including subsidiaries, distributors, retailers and/or others, sells, offers for sale, advertises, ships, distributes, and/or imports, *inter alia*, light-emitting diode ("LED") products and related devices in the State of California and this District.

15. On information and belief, Defendant SSC has established a distribution chain to purposefully direct their LED products to the State of California with the expectation that those products will be purchased by customers in this District.

16. On information and belief, Defendant SSC has previously filed suit seeking to enforce its LED patents in this District.

//

**EXISTENCE OF ACTUAL CONTROVERSY**

17. On October 16, 2013, Lawrence J. Gotts, Esq., a partner with the firm of Latham & Watkins, LLP, in his capacity as counsel for Defendant SSC, sent a letter to Plaintiff EDD captioned "Re Notice of Seoul Semiconductor Corporation's LED Patents." A copy of this letter is attached hereto as Exhibit C.

18. The October 16, 2013, letter stated, "SSC is one of the world's largest light-emitting diode ("LED") manufacturers and owns more than 10,000 patents world-wide related to LED technology. SSC has invested heavily in its technology and associated intellectual property. As a result, SSC is committed to protecting and, when necessary, enforcing its intellectual property rights against third-party infringers. To that end, SSC has embarked upon a licensing and enforcement program to enforce and protect its world-wide intellectual property rights."

19. The October 16, 2013 letter also stated, "SSC's large portfolio of industry-significant, LED-related patents includes, for example, U.S. Patents Nos. 6,473,554 (the '"554 patent") and 6,007,209 (the '"209 patent"). SSC believes that this and other SSC patents are highly relevant to products that Enplas is making and selling to third parties, without SSC's authorization and without a license, including, for example, the lenses supplied to Lumens Co., Ltd. used in Lumens Part No. BN96-21474A and LG Innotek used in Part No. 6916L-1387 A."

20. The October 16, 2013, letter further stated, "SSC believes that Enplas is inducing and contributing to the infringement of the '554 and '209 patents" and included an attached "claim chart demonstrating infringement of the '554 patent by packaged LEDs containing Enplas lenses."

21. The October 16, 2013, letter finally stated that unless provided written assurance that EDD would "immediately cease and desist from all conduct infringing SSC's patents, including the '554 and '209 patents," Defendant SSC intended to "pursue enforcement of its patents in actions brought in Federal District Court and/or the International Trade Commission."

22. On October 16, 2013, Lawrence J. Gotts, Esq. of Latham & Watkins, in his capacity as counsel for Defendant SSC, sent an identical letter to Plaintiff ETS. A copy of this letter is attached hereto as Exhibit D.

23. On October 16, 2013, Lawrence J. Gotts, Esq. of Latham & Watkins, in his

1  capacity as counsel for Defendant SSC, also sent an identical letter to Plaintiff Enplas USA. A copy of this letter is attached hereto as Exhibit E.

24. Defendant SSC has demonstrated its preparedness, intent and willingness to sue on Plaintiffs for infringement of the '544 and '209 Patents.

25. Plaintiffs reasonably apprehend that they will be improperly sued by Defendant SSC on the '544 and '209 Patents.

26. An immediate, real, and justiciable controversy exists between Plaintiffs and Defendant SSC with respect to the infringement and validity of the claims of the '554 and '209 Patents.

## COUNT I

**Declaratory Judgment of Non-Infringement - U.S. Patent No. 6,473,554**

27. The allegations of paragraphs 1 to 26 are incorporated by reference as if fully set forth herein.

28. Plaintiffs have not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '554 Patent with respect to any products, including, *inter alia*, the identified lenses in Lumens Part No. BN96-21474A and LG Innotek Part No. 6916L-1387 A, and are in no way liable for such alleged infringement of any claim of the '554 Patent.

29. Plaintiffs seek a declaratory judgment that they have not infringed any valid and enforceable claim of the '554 Patent, either directly or indirectly, jointly, literally, or under the doctrine of equivalents, or in any way, willfully or otherwise.

## COUNT II

**Declaratory Judgment of Non-Infringement - U.S. Patent No. 6,007,209**

30. The allegations of paragraphs 1 to 26 are incorporated by reference as if fully set forth herein.

31. Plaintiffs have not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '209 Patent with respect to any products, including, *inter alia*, the identified lenses in Lumens Part No. BN96-21474A and LG Innotek Part No.

6916L-1387 A, and are in no way liable for such alleged infringement of any claim of the '209 Patent.

32. Plaintiffs seek a declaratory judgment that they have not infringed any valid and enforceable claim of the '209 Patent, either directly or indirectly, jointly, literally, or under the doctrine of equivalents, or in any way, willfully or otherwise.

### COUNT III

### Declaratory Judgment of Invalidity- U.S. Patent No. 6,473,554

33. The allegations of paragraphs 1 to 26 are incorporated by reference as if fully set forth herein.

34. Each of the claims of the '544 Patent is invalid, because it fails to comply with the requirements of Title 35 of the United States Code. §§ 1, *et seq.*, including, *inter alia*, §§ 102, 103, and/or 112.

35. Based on the foregoing, Plaintiffs seek a declaratory judgment that each claim of the '544 Patent is invalid.

### COUNT IV

### Declaratory Judgment of Invalidity- U.S. Patent No. 6,007,209

36. The allegations of paragraphs 1 to 26 are incorporated by reference as if fully set forth herein.

37. Each of the claims of the '209 Patent is invalid, because it fails to comply with the requirements of Title 35 of the United States Code. §§ 1, *et seq.*, including, *inter alia*, §§ 102, 103, and/or 112.

38. Based on the foregoing, Plaintiffs seek a declaratory judgment that each claim of the '209 Patent is invalid.

### JURY DEMAND

39. Plaintiffs respectfully request a jury on all issues so triable.

//

//

//

COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT AND INVALIDITY

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant SSC including:

1. judgment declaring Plaintiffs have not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '554 Patent, and that they are in no way liable for any alleged infringement, directly or indirectly, of any valid and enforceable claim of the '544 Patent;

2. judgment declaring Plaintiffs have not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '209 Patent, and that they are in no way liable for any alleged infringement, directly or indirectly, of any valid and enforceable claim of the '209 Patent;

3. judgment declaring each of the claims of the '554 Patent is invalid;

4. judgment declaring each of the claims of the '209 Patent is invalid;

5. an award of attorneys' fees, costs, and expenses incurred in this action due to an exception case and in overall interest of justice pursuant to, inter alia, 35 U.S.C. § 285; and

6. such other and further relief as this Court deems is just and proper.

Respectfully submitted,

DATED: October 29, 2013

MAKMAN & MATZ LLP

By: /s/ *David A. Makman*
David A. Makman
Attorneys for Plaintiffs Enplas Display Device Corporation; Enplas Tech Solutions, Inc.; and Enplas (U.S.A.), Inc.