1   LATHAM & WATKINS LLP
    Ryan R. Owens (Bar No. 269370)
2   *ryan.owens@lw.com*
    650 Town Center Drive, 20th Floor
3   Costa Mesa, California  92626-1925
    Telephone:  +1.714.540.1235
4   Facsimile:  +1.714.755.8290

5   Attorneys for Defendant and Counterclaim Plaintiff
    SEOUL SEMICONDUCTOR CO., LTD.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ENPLAS DISPLAY DEVICE
    CORPORATION; ENPLAS TECH              CASE NO. 3:13-CV-05038-NC
12  SOLUTIONS, INC.; and ENPLAS (U.S.A.),
    INC.,                                 **ANSWER AND COUNTERCLAIMS OF
13                                        SEOUL SEMICONDUCTOR CO., LTD.**
                    Plaintiffs and
14                  Counter-Defendants,   DEMAND FOR JURY TRIAL

15      v.

16  SEOUL SEMICONDUCTOR CO., LTD.,

17                  Defendant and
                    Counterclaim Plaintiff.
18

19

20              **ANSWER TO THE FIRST AMENDED COMPLAINT**

21       Defendant Seoul Semiconductor Co,. Ltd. ("SSC"), by and through its undersigned counsel,

22  hereby submits this Answer to the First Amended Complaint For Declaratory Judgment of Patent

23  Non-Infringement And Invalidity filed by Plaintiffs Enplas Display Device Corporation; Enplas

24  Tech Solutions, Inc.; and Enplas (U.S.A.), Inc.  To the extent not explicitly admitted, all

25  allegations of the First Amended Complaint are denied.

26                          **THE PARTIES**

27       1.      SSC admits, on information and belief, that Enplas Display Device Corporation

28  ("EDD") is a corporation organized under the laws of Japan, having its principal place of

business at 2-30-1, Namiki, Kawaguchi City, Saitama 332-0034 Japan.

2.     SSC admits, on information and belief, that Enplas Tech Solutions, Inc. ("ETS") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1225 Innsbruck Dr., Sunnyvale, CA 94089-1317.

3.     SSC admits, on information and belief, that Enplas (U.S.A.), Inc. ("Enplas USA") is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 1901 West Oak Circle, Marietta, Georgia, 30062.

4.     SSC admits that it is a company organized and existing under the laws of the Republic of Korea.  SSC admits that it has a principle place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5.     SSC admits that it is the assignee of the entire right, title, and interest in United States Patent 6,473,554 ("the '554 Patent"), entitled "Lighting Apparatus Having Low Profile," that issued on October 29, 2002.  SSC admits that the '554 Patent was assigned to SSC on August 27, 2009.

6.     SSC admits that it is the assignee of the entire right, title, and interest in United States Patent 6,007,209 ("the '209 Patent"), entitled "Light Source For Backlighting," that issued on December 28, 1999.  SSC admits that the '209 Patent was assigned to it on September 26, 2013.

## JURISDICTION AND VENUE

7.     SSC admits that this Court has subject matter jurisdiction over this case.  SSC denies the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

8.     SSC admits that this Court has subject matter jurisdiction over this case.  SSC denies the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9.     For purposes of the present action only, SSC does not contest that venue is proper in this Court.

10.     Paragraph 10 contains legal conclusions to which no answer is required.  To the extent an answer is required, SSC states that it does not contest personal jurisdiction by this Court for purposes of this action only.  SSC denies the remaining allegations contained in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

2

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

1    Paragraph 10 of the First Amended Complaint.

2        11.    Paragraph 11 contains legal conclusions to which no answer is required.  To the

3    extent an answer is required, SSC states that it does not contest personal jurisdiction by this

4    Court for purposes of this action only.  SSC denies the remaining allegations contained in

5    Paragraph 11 of the First Amended Complaint.

6        12.    Paragraph 12 contains legal conclusions to which no answer is required.  To the

7    extent an answer is required, SSC states that it does not contest personal jurisdiction by this

8    Court for purposes of this action only.  SSC denies the remaining allegations contained in

9    Paragraph 12 of the First Amended Complaint.

10       13.    SSC admits that it has a place of business in the State of California at 5856

11   Corporate Ave, Suite 240, Cypress, California 90630.  SSC denies the remaining allegations

12   contained in Paragraph 13 of the First Amended Complaint.

13       14.    Denied.

14       15.    Denied.

15       16.    Denied.

16                     **EXISTENCE OF ACTUAL CONTROVERSY**

17       17.    SSC admits Paragraph 17 of the First Amended Complaint.

18       18.    SSC admits Paragraph 18 of the First Amended Complaint.

19       19.    SSC admits Paragraph 19 of the First Amended Complaint.

20       20.    SSC admits Paragraph 20 of the First Amended Complaint.

21       21.    SSC admits that the quoted language appears in the October 16, 2013 letter.  SSC

22   denies the remaining allegations in Paragraph 21 of the First Amended Complaint.

23       22.    SSC admits that Lawrence J. Gotts sent a letter on behalf of SSC to Plaintiff ETS.

24   SSC denies the remaining allegations in Paragraph 22 of the First Amended Complaint.

25       23.    SSC admits that Lawrence J. Gotts sent a letter on behalf of SSC to Plaintiff

26   Enplas USA.  SSC denies the remaining allegations in Paragraph 23 of the First Amended

27   Complaint.

28   /

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

3

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

24.     SSC admits that it is willing to protect its intellectual property, including against Plaintiffs' infringement of the '554 and '209 Patents.  SSC denies the remaining allegations in Paragraph 24 of the First Amended Complaint.

25.     Paragraph 25 contains legal conclusions to which no answer is required.  To the extent an answer is required, SSC states that it does not contest that there is an actual controversy between SSC and Plaintiffs with respect to the infringement and validity of the '554 and '209 Patents.  SSC denies the remaining allegations in Paragraph 25 of the First Amended Complaint.

26.     Paragraph 26 contains legal conclusions to which no answer is required.  To the extent an answer is required, SSC states that it does not contest that there is an actual controversy between SSC and Plaintiffs with respect to the infringement and validity of the '554 and '209 Patents.  SSC admits that Plaintiffs infringe the '554 and '209 Patents and that Plaintiffs dispute that they infringe.  SSC admits that Plaintiffs dispute the validity of the '554 and '209 Patents.  SSC denies the remaining allegations in Paragraph 26 of the First Amended Complaint.

**ANSWER REGARDING COUNT 1**

**(Declaratory Judgment of Non-Infringement – U.S. Patent No. 6,472,554)**

27.     SSC incorporates its response to Paragraphs 1-26 of the First Amended Complaint as set forth above.

28.     SSC denies Paragraph 28 of the First Amended Complaint.

29.     SSC admits that Plaintiffs seek a declaratory judgment that they have not infringed any valid and enforceable claim of the '554 Patent.  SSC denies the remaining allegations in Paragraph 29 of the First Amended Complaint.

**ANSWER REGARDING COUNT II**

**(Declaratory Judgment of Non-Infringement – U.S. Patent No. 6,007,209)**

30.     SSC incorporates its response to Paragraphs 1-26 of the First Amended Complaint as set forth above.

31.     SSC denies Paragraph 31 of the First Amended Complaint.

32.     SSC admits that Plaintiffs seek a declaratory judgment that they have not infringed any valid and enforceable claim of the '209 Patent.  SSC denies the remaining

1    allegations in Paragraph 32 of the First Amended Complaint.

2                          **ANSWER REGARDING COUNT III**

3              **(Declaratory Judgment of Invalidity – U.S. Patent No. 6,473,554)**

4          33.    SSC incorporates its response to Paragraphs 1-26 of the First Amended Complaint

5    as set for above.

6          34.    SSC denies Paragraph 34 of the First Amended Complaint.

7          35.    SSC admits that Plaintiffs seek a declaratory judgment that each claim of the '554

8    Patent is invalid.  SSC denies the remaining allegations in Paragraph 35 of the First Amended

9    Complaint.

10                         **ANSWER REGARDING COUNT IV**

11             **(Declaratory Judgment of Invalidity – U.S. Patent No. 6,007,209)**

12         36.    SSC incorporates its response to Paragraphs 1-26 of the First Amended Complaint

13   as set for above.

14         37.    SSC denies Paragraph 37 of the First Amended Complaint.

15         38.    SSC admits that Plaintiff seek a declaratory judgment that each claim of the '209

16   Patent is invalid.  SSC denies the remaining allegations in Paragraph 38 of the First Amended

17   Complaint.

18                                **JURY DEMAND**

19         39.    SSC admits that Plaintiffs request a jury on all issues so triable.

20                              **PRAYER FOR RELIEF**

21         40.    SSC denies any and all allegations contained in the remainder of the First

22   Amended Complaint and denies that Plaintiffs are entitled to any of the relief request in

23   Paragraphs 1-6 of its prayer for relief or to any other relief in any form.

24                                **COUNTERCLAIMS**

25         For its counterclaims against Enplas Display Device Corporation; Enplas Tech Solutions,

26   Inc.; and Enplas (U.S.A.), Inc., Seoul Semiconductor Co,. Ltd. ("SSC") alleges as follows:

27   /

28   /

**NATURE OF THE ACTION**

1.      SSC is owner of United States Patent No. 6,473,554 ("the '554 Patent") and United States Patent No. 6,007,209 ("the '209 Patent") (collectively, the "Patents-in-Suit").

2.      This is a civil action for the infringement of the Patents-in-Suit, including the willful infringement of the Patents-in-Suit by Counterclaim-Defendants.

3.      The technology at issue pertains to lenses for light-emitting diodes (LEDs) and LED backlights for flat panel displays, including liquid crystal displays (LCDs).

**THE PARTIES**

4.      SSC is a company organized and existing under the laws of the Republic of Korea with a principle place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5.      On information and belief, Enplas Display Device Corporation ("EDD") is a corporation organized under the laws of Japan, having its principal place of business at 2-30-1, Namiki, Kawaguchi City, Saitama 332-0034 Japan.

6.      On information and belief, Enplas Tech Solutions, Inc. ("ETS") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1225 Innsbruck Dr., Sunnyvale, CA 94080-1317.

7.      On information and belief, Enplas (U.S.A.), Inc. ("Enplas USA") is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 1901 West Oak Circle, Marietta, Georgia, 30062.

8.      EDD, ETS, and Enplas USA are referred to herein collectively as Counterclaim Defendant Enplas or Enplas.

**JURISDICTION AND VENUE**

9.      This action is based upon and arises under the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq. and in particular §§ 271, 281, 283, 284, and 285, and is intended to redress infringement of the Patents-in-Suit owned by SSC.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

6

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

11.     Counterclaim Defendant Enplas has transacted and continue to transact business in the United States and in this judicial district by:  using or causing to be used; making; importing or causing to be imported; offering to sell or causing to be offered for sale; and/or selling or causing to be sold directly, through intermediaries and/or as an intermediary, products that infringe the Patents-in-Suit.

12.     This Court has personal jurisdiction over Enplas and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b), (c), and (d), and 28 U.S.C. § 1400(b), because Enplas chose to avail itself of this forum by filing its Complaint and First Amended Complaint against SSC here.  On information and belief, EDD has purposefully directed its products into the State of California and this District in particular.  ETS is a California corporation with its principal place of business in this District.  In addition, Enplas USA, on information and belief, has purposefully directed its services and activities to the State of California and this District by offering its services via the internet to customers throughout the United States.  This Court has personal jurisdiction over Enplas because it has directly and/or indirectly infringed the Patents-in-Suit in the State of California, including in this District.

# FACTUAL BACKGROUND

## SSC and Its LED Technology

13.     A light-emitting diode ("LED") is a semiconductor device that converts electrical energy into light.  LEDs have many advantages over conventional light sources, including lower energy consumption, longer lifetime, improved physical robustness, smaller size, and faster switching.  LEDs are used as light sources in a variety of end products.  One important use for LEDs is backlighting for flat panel displays, including LCDs.

14.     SSC is one of the largest manufacturers of LEDs in the world.  SSC's business focuses on LED technology, and it invests a substantial portion of its sales revenues in research and development.  SSC owns more than 10,000 patents world-wide related to LED technology.

15.     SSC manufactures and sells both discrete LEDs and packaged LEDs.  A lens can be used to make the distribution of light output by an LED broader and more uniform.

/

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

7

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

**The '554 Patent**

16.     The '554 Patent is entitled "Lighting Apparatus Having Low Profile" and issued on October 29, 2002.  The entire right, title and interest in and to the '554 Patent was assigned to SSC on August 27, 2009.

17.     The '554 Patent discloses an illumination device that is particularly advantageous for use as a backlight for illuminating a display, such as an LCD.

18.     SSC is the owner by assignment of the '554 Patent and therefore owns all rights in the '554 Patent, including the exclusive right to license it and enforce it against any and all infringers.

**The '209 Patent**

19.     The '209 Patent is entitled "Light Source For Backlighting" and issued on December 28, 1999.  The entire right, title and interest in and to the '209 Patent was assigned to SSC on September 26, 2013.

20.     The '209 Patent discloses a backlight for illuminating the rear surface of a flat panel display, such as an LCD.

21.     SSC is the owner by assignment of the '209 Patent and therefore owns all rights in the '209 Patent, including the exclusive right to license it and enforce it against any and all infringers.

**Enplas' Supply of Lenses to SSC and Third Parties**

22.     Since December 2011, Enplas has manufactured and supplied lenses to SSC that utilize the Patented technology of the '554 Patent.  SSC incorporates the Enplas lenses into LED packages that it supplies to LCD television and monitor manufacturers.

23.     On information and belief, Enplas has had actual knowledge of the '554 Patent since at least as early as June 2011.

24.     On information and belief, in or around 2011, Enplas began supplying lenses that utilize the Patented technology of the '554 Patent to third parties, including:  Lumens Co., Ltd., LG Innotek Co., Ltd. and Advanced Optoelectronic Technology, Inc.  On information and belief, Enplas has supplied, directly or indirectly, lenses that utilize the patented technology of the '554

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

8

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

and enable the practice of the patented technology of the '209 Patent to television and monitor

manufacturers, including, AmTRAN Technology Co., Ltd. for incorporation in JVC brand

televisions, TongFang Global, Ltd. and/or Shenyang TongFang Multimedia Technology Co.,

Ltd. for incorporation in Seiki brand televisions, and Sanyo Electric Co., Ltd. for incorporation

in Sanyo brand televisions.

25.     On information and belief, Enplas has manufactured, sold, and continues to

manufacture and sell, lenses for use in LED backlights for LCD televisions and monitors,

including products that are imported into, offered for sale and sold in the United States.  Products

that incorporate Enplas lenses include, without limitation, JVC brand 32" LED HDTV, Model

No. EM32TS; Seiki brand 40" LED HDTV, Model No. SE40FH03; and Sanyo brand 32" LED

HDTV, Model No. DP32D53, each of which has been sold in the United States.

26.     On information and belief, Enplas markets and sells lenses that utilize the

patented technology of the '554 Patent and enable the practice of the patented technology of the

'209 Patent for use with LEDs in backlights for flat panel displays, including LCD televisions

and monitors.  Enplas' website advertises light flux controlling lenses for LCD televisions.  More

specifically, Enplas' web page relating its LED Business states:  "Both luminous flux controlling

and ultraprecision machining technologies enable to expand the potential of LEDs while

satisfying the industry's requirements and contributing to a sustainable environment."  Beneath

this message is a photograph of an LCD television, promoting the use of Enplas' light flux

controlling lenses in LCD televisions.  A copy of the Enplas web page is attached as Exhibit 1.

Enplas USA advertises on its website that its "underlying foundation is our diverse, integrated

technical capabilities, including … LCD backlights."  A copy of the Enplas USA web page is

attached as Exhibit 2.

27.     Enplas has obtained Patents that specifically teach the use of its light flux

controlling lenses in LCD backlights.  For example, U.S. Patent No. 7,798,679, issued to Enplas

Corporation and Sharp describes a light flux controlling lens that is "capable of being used as …

a light source for use in a backlight that performs planar irradiation to a liquid crystal display

panel."  Figure 10 of U.S. Patent No. 7,798,679 shows an Enplas lens combined with an LED

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

9

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

and an LCD panel.

28.    The Enplas lenses are especially made and adapted to be combined with an LED to make an illumination device.

29.    The Enplas lenses are especially made and adapted to be combined with an LED for use in a backlight of a flat panel display.

30.    On information and belief, Enplas supplies the Enplas lenses with the knowledge and intent that the lenses will be combined with LEDs in a manner that infringes the '554 Patent.

31.    On information and belief, Enplas supplies the Enplas lenses with the knowledge and intent that the lenses will be combined with LEDs and other components to make a flat panel display backlight in a manner that infringes the '209 Patent.

32.    On information and belief, Enplas supplies the Enplas lenses with the knowledge and intent that products that incorporate the Enplas lenses, including flat panel displays, will be offered for sale and sold in the global market, including in the United States and in this judicial district.

**SSC's Notice Letters To Enplas**

33.    On September 3, 2013, Lawrence J. Gotts, Esq., a partner in the firm of Latham & Watkins, LLP, in his capacity as counsel for SSC, sent a letter to Mr. Daisuke Yokota, President of Enplas Corporation, providing actual notice of the '554 Patent, actual notice of Enplas' alleged infringement of the '554 Patent, and actual notice that Enplas lenses are incorporated in products, such as LED-LCD televisions, that are sold in the United States.

34.    On October 16, 2013, Mr. Gotts sent three letters on behalf of SSC:  a letter to Mr. Shigeo Kutsuzawa, President of Enplas Display Corporation; a letter to Mr. Joe Sasanuma, Chief Executive Officer of Enplas Tech Solutions, Inc.; and a letter to Mr. Marshall Priest, Manager of Enplas (U.S.A.), Inc.  Each of these letters provided actual notice of the '554 and '209 Patents, actual notice of Enplas' alleged infringement of the '554 and '209 Patents, and actual notice that Enplas lenses are incorporated in products, such as LED-LCD televisions, that are sold in the United States.

/

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

10

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

## COUNT I

### Infringement Of '554 Patent

35.    The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

36.    With knowledge of the '554 Patent, Enplas has been and now is directly infringing and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '554 Patent in the State of California, in this judicial District, and elsewhere in the United States by manufacturing, using, selling, offering to sell, importing and/or causing to be imported Enplas lenses for use with LEDs, including lenses for use in LED backlights for LCD televisions and monitors.  Enplas is thus liable for infringement of the '554 Patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c).

37.    Enplas has been and now is indirectly infringing the '554 Patent by way of inducing infringement and/or contributing to the infringement of the '554 Patent by manufacturing, using, selling, offering to sell, importing, causing to be imported and/or instructing others how to use products that are covered by one or more claims of the '554 Patent and/or which are knowingly made especially for infringing use and have no substantial non-infringing uses, such products including, but not limited to, Enplas lenses for use with LEDs, including lenses for use in LED backlights for LCD televisions and monitors.

38.    On information and belief, Enplas had knowledge of the '554 Patent at least as early as June 2011, and certainly no later than October 16, 2013, when SSC sent notice letters to Enplas.

39.    No later than October 16, 2013, Enplas had knowledge that infringing end products that incorporate Enplas lenses have been imported into, used, offered for sale and/or sold in the United States.

40.    On information and belief, Enplas has manufactured, offered for sale and sold Enplas lenses after gaining knowledge of the '554 Patent and after gaining knowledge that products that incorporate Enplas lenses and utilize the patented technology of the '554 Patent have been imported into, used, offered for sale, sold and/or imported in the United States.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

11

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

41.     One or more direct and indirect customers of Enplas have directly infringed the '554 Patent by making, using, importing, offering to sell and/or selling infringing products that incorporate the infringing Enplas lenses in the United States.  Such direct and indirect customers of Enplas include AmTRAN Video Corporation; AmTRAN Technology Co., Ltd.; Seiki, LLC; Seiki Digital, Inc.; TongFang Global, Inc.; TongFang Global, Ltd.; Shenyang TongFang Multimedia Technology Co., Ltd.; Sanyo North America Corp.; Sanyo Manufacturing Corp.; Sanyo Electric Co., Ltd. and retailers of LED-LCD televisions manufactured and sold by these companies.  Enplas knows that this activity by its direct and indirect customers directly infringes the '554 Patent, or is willfully blind to the fact that this activity by its direct and indirect customers directly infringes the '554 Patent.

42.     End users of the infringing products that contain the infringing Enplas lenses have also directly infringed the '554 Patent by using these products in the United States.  Enplas knows that this activity by end users directly infringes the '554 Patent or is willfully blind to the fact that this activity by end users directly infringes the '554 Patent.

43.     Enplas has knowingly and actively aided and abetted the direct infringement of the '554 Patent by offering for sale and selling the infringing Enplas lenses to third parties such that those third parties or their customers can incorporate the lenses into backlights for flat panel displays that Enplas knows will be imported into, used, offered for sale, sold and/or imported in the United States in a manner that directly infringes the '554 Patent.  Enplas has engaged in affirmative acts to encourage others' direct infringement by promoting, marketing and selling Enplas lenses that utilize the patented technology of the '554 Patent for use in backlights for flat panel displays, with the knowledge and specific intent that at least a portion of the flat panel displays will be imported into, used, offered for sale, and/or sold in the United States.  Enplas encourages the use of Enplas's infringing lenses in backlights for flat panel displays by advertising that use on its web site.  On information and belief, Enplas performs demonstrations of its infringing lenses to its customers to encourage the use of Enplas's infringing lenses in backlights for flat panel displays, which Enplas knows will be imported into, offered for sale, and/or sold in the United States.  On information and belief, Enplas provides technical assistance

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

12

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

to its direct and indirect customers to help them to incorporate the infringing Enplas lenses into backlights for flat panel displays, which Enplas knows will be imported into, offered for sale, and/or sold in the United States. Thus, Enplas induces its direct and indirect customers' infringing conduct knowing that its direct and indirect customers' infringing products will be made, used, imported, offered for sale, and/or sold in the United States.

44.    Enplas possessed the specific intent to encourage the direct infringement of the '554 Patent by its direct and indirect customers. For example, with full knowledge of the '554 Patent, Enplas has intentionally and knowingly encouraged the direct infringement of the '554 Patent by its direct and indirect customers by performing the activities set forth above. Furthermore, Enplas has continued to market and sell the Enplas lenses for use in backlights for flat panel displays, in the hopes of encouraging third parties to purchase and use the Enplas lenses in infringing products, notwithstanding Enplas's knowledge of the '554 Patent and knowledge of the direct infringement of the '554 Patent by third parties whose products incorporate the Enplas lenses.

45.    As a result, by actively inducing and/or contributing to the direct infringement by its customers, Enplas has been and still is infringing one or more claims of the '554 Patent under 35 U.S.C. § 271(b) and/or (c).

46.    Enplas has continued its infringing activities after receiving notice of the '554 Patent and, therefore, such infringement is willful, entitling SSC to the recovery of increased damages under 35 U.S.C. § 284.

47.    Unless enjoined, Enplas will continue to infringe the '554 Patent, and SSC will suffer irreparable injury as a direct and proximate result of Enplas's conduct.

48.    SSC has complied with the notice and/or marking requirements of 35 U.S.C. § 287(a) with respect to the '554 Patent.

49.    SSC has been damaged by Enplas's conduct, and until an injunction issues, will continue to be damaged in an amount yet to be determined.

/

/

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

13

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

## COUNT II

### Infringement Of '209 Patent

50.     The allegations in the foregoing paragraphs of these Counterclaims are incorporated by reference herein as if restated and set forth in full.

51.     With knowledge of the '209 Patent, Enplas has been and now is directly infringing and/or indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '209 Patent in the State of California, in this judicial District, and elsewhere in the United States by manufacturing, using, selling, offering to sell, importing and/or causing to be imported Enplas lenses for use with LEDs, including lenses for use in LED backlights for LCD televisions and monitors.  Enplas is thus liable for infringement of the '209 Patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c).

52.     Enplas has been and now is indirectly infringing the '209 Patent by way of inducing infringement and/or contributing to the infringement of the '209 Patent by manufacturing, using, selling, offering to sell, importing, causing to be imported and/or instructing others how to use products that are covered by one or more claims of the '209 Patent and/or which are knowingly made especially for infringing use and have no substantial non-infringing uses, such products including, but not limited to, Enplas lenses for use with LEDs, including lenses for use in LED backlights for LCD televisions and monitors.

53.     Enplas had knowledge of the '209 Patent no later than October 16, 2013, when SSC sent notice letters to Enplas.

54.     No later than October 16, 2013, Enplas had knowledge that infringing end products that incorporate Enplas lenses have been imported into, used, offered for sale and/or sold in the United States.

55.     On information and belief, Enplas has manufactured, offered for sale and sold Enplas lenses after gaining knowledge of the '209 Patent and after gaining knowledge that products that incorporate Enplas lenses and utilize the Patented technology of the '209 Patent have been imported into, used, offered for sale, sold and/or imported in the United States.

/

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

14

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

56.     One or more direct and indirect customers of Enplas have directly infringed the '209 Patent by making, using, importing, offering to sell, and/or selling infringing products that incorporate Enplas lenses in the United States.  Such direct and indirect customers of Enplas include AmTRAN Video Corporation; AmTRAN Technology Co., Ltd.; Seiki, LLC; Seiki Digital, Inc.; TongFang Global, Inc.; TongFang Global, Ltd.; Shenyang TongFang Multimedia Technology Co., Ltd.; Sanyo North America Corp.; Sanyo Manufacturing Corp.; Sanyo Electric Co., Ltd. and retailers of LED-LCD televisions manufactured and sold by these companies. Enplas knows that this activity by its direct and indirect customers directly infringes the '209 Patent, or is willfully blind to the fact that this activity by its customers directly infringes the '209 Patent.

57.     End users of the infringing products that contain the Enplas lenses have also directly infringed the '209 Patent by using these products in the United States.  Enplas knows that this activity by end users directly infringes the '209 Patent or is willfully blind to the fact that this activity by end users directly infringes the '209 Patent.

58.     Enplas has knowingly and actively aided and abetted the direct infringement of the '209 Patent by offering for sale and selling the Enplas lenses to third parties such that those third parties or their customers can incorporate the lenses into backlights for flat panel displays that Enplas knows will be imported into, used, offered for sale, sold and/or imported in the United States in a manner that directly infringes the '209 Patent.  Enplas has engaged in affirmative acts to encourage others' direct infringement by promoting, marketing and selling Enplas lenses that utilize the patented technology of the '209 Patent for use in backlights for flat panel displays, with the knowledge and specific intent that at least a portion of the flat panel displays will be imported into, used, offered for sale, and/or sold in the United States.  Enplas encourages the use of Enplas's lenses in backlights for flat panel displays by advertising that use on its web site.  On information and belief, Enplas performs demonstrations of its lenses to its customers to encourage the use of Enplas lenses in backlights for flat panel displays, which Enplas knows will be imported into, offered for sale, and/or sold in the United States.  On information and belief, Enplas provides technical assistance to its direct and indirect customers

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

15

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

1   to help them to incorporate the Enplas lenses into backlights for flat panel displays, which Enplas

2   knows will be imported into, offered for sale, and/or sold in the United States.  Thus, Enplas

3   induces its direct and indirect customers' infringing conduct knowing that its direct and indirect

4   customers' infringing products will be made, used, imported, offered for sale, and/or sold in the

5   United States.

6          59.     Enplas possessed the specific intent to encourage the direct infringement of the

7   '209 Patent by its direct and indirect customers.  For example, with full knowledge of the '209

8   Patent, Enplas has intentionally and knowingly encouraged the direct infringement of the '209

9   Patent by its direct and indirect customers by performing the activities set forth above.

10  Furthermore, Enplas has continued to market and sell the Enplas lenses for use in backlights for

11  flat panel displays, in the hopes of encouraging third parties to purchase and use Enplas lenses in

12  infringing products, notwithstanding Enplas's knowledge of the '209 Patent and knowledge of

13  the direct infringement of the '209 Patent by third parties whose products incorporate the Enplas

14  lenses.

15         60.     As a result, by actively inducing and/or contributing to the direct infringement by

16  its customers, Enplas has been and still is infringing one or more claims of the '209 Patent under

17  35 U.S.C. § 271(b) and/or (c).

18         61.     Enplas has continued its infringing activities after receiving notice of the '209

19  Patent and, therefore, such infringement is willful, entitling SSC to the recovery of increased

20  damages under 35 U.S.C. § 284.

21         62.     Unless enjoined, Enplas will continue to infringe the '209 Patent, and SSC will

22  suffer irreparable injury as a direct and proximate result of Enplas's conduct.

23         63.     SSC has complied with the notice and/or marking requirements of 35 U.S.C.

24  § 287(a) with respect to the '209 Patent.

25         64.     SSC has been damaged by Enplas's conduct, and until an injunction issues, will

26  continue to be damaged in an amount yet to be determined.

27  /

28  /

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
DC\3190908.5
16
Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

**PRAYER FOR RELIEF**

WHEREFORE, SSC respectfully prays for judgment in favor of SSC and against Enplas, as follows:

A.      For a judicial determination and declaration that Enplas is entitled to no relief sought in its Complaint;

B.      For a judicial determination and declaration that Enplas has directly and/or indirectly infringed the '554 and '209 Patents;

C.      For a judicial determination and decree that Enplas's infringement of the '554 and '209 Patents is willful;

D.      For damages resulting from Enplas's infringement of the '554 and '209 Patents and the trebling of such damages because of the willful and deliberate nature of the infringement;

E.      For preliminary and permanent injunctive relief against further infringement of the '554 and '209 Patents by Enplas, and their respective officers, directors, shareholders, agents, servants, employees, and all other entities and individuals acting in concert with the enjoined entities or on their behalf.

F.      For a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action.

G.      For an assessment of prejudgment and post judgment interest; and

H.      Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), SSC demands a trial by jury on all of Enplas's claims and SSC's counterclaims in this action so triable.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3190908.5

17

Case No. 3:13-cv-05039-NC
SSC'S ANSWER AND COUNTERCLAIMS

1   Dated:  April 21, 2014           LATHAM & WATKINS LLP

2

3                              By /s/ Ryan R. Owens

4                                Ryan R. Owens  (Bar No. 269370)
                                Attorneys for Defendant and Counterclaim
                                Plaintiff

5                                SEOUL SEMICONDUCTOR CO., LTD.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY   DC\3190908.5                          18            Case No. 3:13-cv-05039-NC
                                                          SSC'S ANSWER AND COUNTERCLAIMS