NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (pro hac vice)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (pro hac vice)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (pro hac vice)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile: 650-242-1547

Attorneys for Plaintiffs-Counterclaim Defendants
*Enplas Display Device Corporation; Enplas Tech Solutions, Inc.; and Enplas (U.S.A.), Inc.*

LATHAM & WATKINS LLP
Ryan R. Owens (Bar No. 269370)
*ryan.owens@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

LATHAM & WATKINS LLP
Bob Steinberg (Bar No. 126407)
*bob.steinberg@lw.com*
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

LATHAM & WATKINS LLP
Lawrence J. Gotts (*pro hac vice*)
*lawrence.gotts@lw.com*
Elizabeth M. Roesel (*pro hac vice*)
*elizabeth.roesel@lw.com*
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Attorneys for Defendant-Counterclaim Plaintiff
*Seoul Semiconductor Co., Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>Defendant and Counterclaim-Plaintiff. | CASE NO. 3:13-CV-05038-NC<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

LATHAM&WATKINS LLP    DC\3208147.1
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. 3:13-cv-05039-NC
STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. Unless otherwise ordered by the Court or agreed by the parties, each party will bear its own costs for ESI discovery. As in all cases, however, the Court may order that costs be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

8. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

9. Each requesting party shall limit its email production requests to a total of five

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3208147.1

2

Case No. 3:13-cv-05039-NC
STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

1  custodians per producing party for all such requests. The parties may jointly agree to modify this
2  limit without the Court's leave. The Court shall consider contested requests for additional
3  custodians, upon showing a distinct need based on the size, complexity, and issues of this
4  specific case. Cost-shifting may be considered as part of any such request.

5        10.     Each requesting party shall limit its email production requests to a total of five
6  search terms per custodian per party. The parties may jointly agree to modify this limit without
7  the Court's leave. The Court shall consider contested requests for additional search terms per
8  custodian, upon showing a distinct need based on the size, complexity, and issues of this specific
9  case. The Court encourages the parties to confer on a process to test the efficacy of the search
10 terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such
11 as the producing company's name or its product name, are inappropriate unless combined with
12 narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive
13 combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search
14 and shall count as a single search term. A disjunctive combination of multiple words or phrases
15 (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a
16 separate search term unless they are variants of the same word. Use of narrowing search criteria
17 (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered
18 when determining whether to shift costs for disproportionate discovery. Should a party serve
19 email production requests with search terms beyond the limits agreed to by the parties or granted
20 by the Court pursuant to this paragraph, this shall be considered in determining whether any
21 party shall bear all reasonable costs caused by such additional discovery.

22       11.     Nothing in this Order prevents the parties from agreeing to use technology
23 assisted review and other techniques insofar as their use improves the efficacy of discovery,
24 provided that a party proposing to use predictive coding or other computer-implemented
25 technique to identify documents responsive to another party's discovery requests shall meet and
26 confer with the requesting party to reach agreement regarding a protocol for such review. Such
27 topics should be discussed pursuant to the District's E-Discovery Guidelines.
28

LATHAM&WATKINS<sup>LLP</sup> DC\3208147.1
ATTORNEYS AT LAW
ORANGE COUNTY

3

Case No. 3:13-cv-05039-NC
STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  May 14, 2014                     NAGASHIMA & HASHIMOTO

/s/ Marc Labgold
Marc Labgold

Attorneys for Plaintiffs-Counterclaim Defendants
*Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*

Dated:  May 14, 2014                     LATHAM & WATKINS LLP

/s/ Ryan R. Owens
Ryan R. Owens

Attorneys for Defendant-Counterclaim Plaintiff
*Seoul Semiconductor Co., Ltd.*

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5.1, I, Ryan R. Owens, hereby attest that concurrence in the filing of the this document from the signatory listed above.

Dated:  May 14, 2014                     LATHAM & WATKINS LLP

/s/ Ryan R. Owens
Ryan R. Owens
Attorneys for Defendant-Counterclaim Plaintiff
*Seoul Semiconductor Co., Ltd.*

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  _____              _____
                                         Hon. Nathanael Cousins
                                         United States Magistrate Judge

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3208147.1

4

Case No. 3:13-cv-05039-NC
STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION