| | |
|---|---|
| NAGASHIMA & HASHIMOTO<br>MARC R. LABGOLD (pro hac vice)<br>mlabgold@labgoldlaw.com<br>PATRICK J. HOEFFNER (pro hac vice)<br>phoeffner@labgoldlaw.com<br>12007 Sunrise Valley Drive, Suite 110<br>Reston, Virginia 20191<br>Telephone: 877-401-8855<br>Facsimile: 877-401-8855<br><br>NAGASHIMA & HASHIMOTO<br>TAKAAKI NAGASHIMA (pro hac vice)<br>nagashima@nandhlaw.com<br>Hirakawa-cho, KS Bldg., 2nd Floor<br>2-4-14, Hirakawa-cho, Chiyoda-ku<br>Tokyo 102-0098 Japan<br>Telephone: +81-3-3239-5750<br>Facsimile: +81-3-3239-8538<br><br>MAKMAN & MATZ LLP<br>DAVID A. MAKMAN (SBN 178195)<br>ROBERT C. MATZ (SBN 217822)<br>655 Mariner's Island Blvd. Suite 306<br>San Mateo, California 94404<br>Telephone: 650-242-1560<br>Facsimile: 650-242-1547<br><br>Attorneys for Plaintiffs-Counterclaim Defendants<br>*Enplas Display Device Corporation; Enplas Tech Solutions, Inc.; and Enplas (U.S.A.), Inc.* | LATHAM & WATKINS LLP<br>Ryan R. Owens (Bar No. 269370)<br>*ryan.owens@lw.com*<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, California  92626-1925<br>Telephone:  +1.714.540.1235<br>Facsimile:  +1.714.755.8290<br><br>LATHAM & WATKINS LLP<br>Bob Steinberg (Bar No. 126407)<br>*bob.steinberg@lw.com*<br>355 South Grand Avenue<br>Los Angeles, CA 90071-1560<br>Telephone: +1.213.485.1234<br>Facsimile: +1.213.891.8763<br><br>LATHAM & WATKINS LLP<br>Lawrence J. Gotts (*pro hac vice*)<br>*lawrence.gotts@lw.com*<br>Elizabeth M. Roesel (*pro hac vice*)<br>*elizabeth.roesel@lw.com*<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C. 20004-1304<br>Telephone: +1.202.637.2200<br>Facsimile: +1.202.637.2201<br><br>Attorneys for Defendant-Counterclaim Plaintiff<br>*Seoul Semiconductor Co., Ltd.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,<br><br>    Plaintiffs and Counter-Defendants,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>    Defendant and Counterclaim-Plaintiff. | CASE NO. 3:13-CV-05038-NC<br><br>**STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

LATHAM&WATKINS LLP   DC\3208147.1
ATTORNEYS AT LAW
ORANGE COUNTY

Case No. 3:13-cv-05039-NC
STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. Unless otherwise ordered by the Court or agreed by the parties, each party will bear its own costs for ESI discovery. As in all cases, however, the Court may order that costs be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

6. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

7. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

8. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

9. Each requesting party shall limit its email production requests to a total of five

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3208147.1

2

Case No. 3:13-cv-05039-NC
STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

10. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

11. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery, provided that a party proposing to use predictive coding or other computer-implemented technique to identify documents responsive to another party's discovery requests shall meet and confer with the requesting party to reach agreement regarding a protocol for such review.  Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3208147.1

3

Case No. 3:13-cv-05039-NC
STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1  **IT IS SO STIPULATED**, through Counsel of Record.

2

3  Dated: May 14, 2014                          NAGASHIMA & HASHIMOTO

4                                               /s/ Marc Labgold
                                                Marc Labgold
5

6                                               Attorneys for Plaintiffs-Counterclaim
                                                Defendants
7                                               *Enplas Display Device Corporation, Enplas
                                                Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*
8

9  Dated: May 14, 2014                          LATHAM & WATKINS LLP

10                                              /s/ Ryan R. Owens
                                                Ryan R. Owens
11

12                                              Attorneys for Defendant-Counterclaim
                                                Plaintiff
13                                              *Seoul Semiconductor Co., Ltd.*

14                        **SIGNATURE ATTESTATION**

15   Pursuant to Civil L.R. 5.1, I, Ryan R. Owens, hereby attest that concurrence in the filing
of the this document from the signatory listed above.
16

17  Dated: May 14, 2014                          LATHAM & WATKINS LLP

18

19                                              /s/ Ryan R. Owens
                                                Ryan R. Owens
20                                              Attorneys for Defendant-Counterclaim
                                                Plaintiff
21                                              *Seoul Semiconductor Co., Ltd.*

22

23  **IT IS ORDERED** that the forgoing Agreement is approved.

24  Dated:   May 21, 2013

25                                              Hon. Nathanael Cousins
                                                United States Magistrate Judge
26

27

28

**GRANTED**
Judge Nathanael M. Cousins

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3208147.1

4

Case No. 3:13-cv-05039-NC
STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION