UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>Defendant and Counterclaim Plaintiff. | CASE NO. 3:13-CV-05038-NC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER AS MODIFIED**<br><br>Date: May 21, 2014<br>Time: 10:00 am<br>Courtroom: A, 15th Floor<br>Judge: Hon. Nathanael Cousins<br><br>JURY TRIAL DEMANDED |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, General Order No. 64 – Attachment C, and Patent L.R. 2-1(a), Plaintiffs Enplas Display Device Corporation, Enplas Tech Solutions, Inc., and Enplas (U.S.A.), Inc. (collectively, "Plaintiffs" or "Enplas") and Defendant Seoul Semiconductor Co., Ltd. ("Defendant" or "SSC") hereby submit the following Joint Case Management Statement and [Proposed] Case Management Order.

**1. Jurisdiction And Service**

This dispute arises under the Patent Laws of the United States, 35 U.S.C. § 1, et seq. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. The parties agree that this Court has personal jurisdiction over the parties and that venue is proper in this Court. SSC agreed to waive formal service of the First Amended Complaint.

**2. Facts**

On October 16, 2013, SSC sent through its counsel, letters to each of the Plaintiffs identifying two patents owned by SSC – U.S. Patent No. 6,473,554 ("the '554 patent") and U.S. Patent No. 6,007,209 ("the '209 patent"). SSC's October 16, 2013 letters to Plaintiffs asserted that the '554 and '209 patents are "highly relevant to products that Enplas is making and selling to third parties" and demanded that Enplas "immediately cease and desist from all conduct infringing SSC's patents, including the '554 and '209 patents."

The '554 patent relates to a lighting apparatus that is useful as a backlight for illuminating a display, such as a liquid crystal display. The '209 patent relates to an apparatus and methods for backlighting a display panel. The accused products include lenses for use with light emitting diodes (LEDs).

Plaintiffs filed their Complaint on October 29, 2013, quoting from SSC's October 16, 2013 letters and seeking a declaratory judgment that the '554 and '209 patents are not infringed and are invalid. On January 16, 2014, Plaintiffs filed a First Amended Complaint, which omits the exhibits attached to the original Complaint but is otherwise identical. On April 22, 2014, SSC filed its Answer and Counterclaims, alleging direct and/or indirect infringement of the '554 and '209 patents.

3. **Legal Issues**

The central legal issues in this case are:

a) Claim construction of disputed claim terms;

b) Whether Plaintiffs have directly and/or indirectly infringed the asserted claims of the '554 and '209 patents;

c) Whether the asserted claims of the '554 and '209 patents are invalid;

d) If the '554 and '209 patents are infringed and not invalid, the amount of damages;

e) If the '554 and '209 patents are infringed and not invalid, whether an injunction is appropriate;

f) If the '554 and '209 patents are infringed and not invalid, whether the infringement is willful;

g) Whether this case is exceptional under 35 U.S.C. § 285 such that attorneys' fees are appropriate.

4. **Motions**

There are no pending motions.

a) Enplas presently intends to file early dispositive motions on the following grounds:

1. Enplas Display Device Corporation, Enplas Tech Solutions, Inc., and Enplas (U.S.A.), Inc. intend to move for dismissal / summary determination of non-infringement under 35 U.S.C. § 271(a) on the grounds none of these entities make, use, sell, offer for sale or import into the United States the accused products. As such, Enplas contends that SSC's claims of direct infringement under 35 U.S.C § 271(a) must be dismissed with judgment being entered for Enplas.

2. Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc. intend to move for dismissal / summary determination of non-infringement under 35 U.S.C. §§ 271(b) and (c) on the grounds neither of these entities have any business activities relating to the accused products. As such, Enplas contends that SSC's claims of indirect infringement under 35 U.S.C § 271 (b) and (c) must

     be dismissed with judgment being entered for Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.

  3. Enplas Display Device Corporation intends to move for dismissal / summary determination of non-infringement under 35 U.S.C. § 271(c) on the grounds it does not sell, offer for sale or import into the United States a component of a patented machine, manufacture, combination or composition, or material or apparatus for use in practicing a patented process constituting a material part of the subject matter claimed in the patents-in-suit. As such, Enplas contends that SSC's claims of indirect infringement under 35 U.S.C § 271(c) must be dismissed with judgment being entered for Enplas.

 b) SSC does not anticipate filing any early dispositive motions at this time.

**5.** **Amendment of Pleadings**

The parties do not presently anticipate any amendments to the pleadings, but recognize that amendments may be warranted by information uncovered in discovery.

**6.** **Evidence Preservation**

Both parties reviewed the Guidelines For The Discovery Of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. In particular, SSC and Enplas have each taken steps to preserve evidence relevant to the issues reasonably evident in this action. These steps include instituting a litigation hold for both hardcopy and electronic documents in the possession of individuals likely to have relevant documents.

**7.** **Disclosures**

The parties exchanged initial disclosures on May 14, 2014, in accordance with Fed. R. Civ. P. 26(a). Each party reserves the right to amend such disclosures as discovery progresses.

**8.** **Discovery**

 **A.** **Discovery Taken To Date**

No discovery has yet been taken to date in this case.

B.     **Scope Of Anticipated Discovery**

The parties anticipate pursuing discovery in the form of requests for production of documents and things, interrogatories, depositions of fact and expert witnesses, requests for admission and all other forms of discovery authorized by the Federal Rules.

      a.     **Enplas' Position**

Enplas presently anticipates that it will seek written and deposition discovery concerning the preparation and prosecution of the applications for patent resulting in the patents-in-suit; SSC's purchase of the patents-in-suit; the alleged basis for SSC's infringement allegations including, inter alia, the basis for its threats of suit; the invalidity of the patents-in-suit; the enforceability of the patents-in-suit; the basis of any alleged damage claim; and, potentially, discovery from third parties concerning the accused products, including technical and financial information.

Enplas reserves all rights to object to SSC's proposed scope of discovery, including but not limited to, objections based on relevance, undue burden, attorney-client privilege and attorney work product.

      b.     **SSC's Position**

SSC anticipates that it will seek written and deposition discovery concerning (1) Enplas' direct and/or indirect infringement of the '554 and '209 patents, including technical information related to design, development, and production of the accused products; (2) third parties' direct infringement of the '554 and '209 patents; (3) Enplas' pre-suit knowledge of the '554 and '209 patents; (4) Enplas' pre-suit knowledge of the infringing conduct of Enplas and its direct and indirect customers; (5) Enplas' activities that aid, abet, and encourage infringement of the '554 and '209 patents, including sales and marketing information; (6) an appropriate amount of damages to compensate for that infringement (as well as any accounting related thereto), including financial information relating to sales of the accused products; and (7) information relevant to disproving any of the Plaintiffs' claims, counterclaims, or defenses.

SSC reserves all rights to object to Enplas's proposed scope of discovery, including but not limited to, objections based on relevance, undue burden, attorney-client privilege and attorney work product.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3198474.11

5

Case No. 3:13-cv-05039-NC
JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

     **C.**    **Proposed Limitations Or Modifications Of The Discovery Rules**

The parties agree that the limitations on discovery provided by the Federal Rules of Civil Procedure and the local rules of this district shall apply, except as outlined below:

    a) <u>Depositions</u>.  The parties agree that, for any deponent who testifies in a language other than English through the use of a certified translator, the duration of the deposition shall be limited to two (2) consecutive business days of seven (7) hours per day.

    **Enplas' Proposal:**  Unless otherwise agreed, witnesses will be deposed where located.  Enplas objects to being compelled to produce its witnesses in the U.S., when it has no business in the U.S. relating to the alleged infringement and/or the patents-in-suit.

    **SSC's Proposal:**  In response to Enplas's objection, SSC states that Enplas initiated this action as a plaintiff and submitted to the jurisdiction of this Court.  Therefore, SSC proposes:  Each party shall make the following categories of persons available for deposition in the Northern District of California (or other mutually agreeable location within the continental United States):  (i) any person a party designates to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6); and (ii) any person whose deposition is noticed during the discovery period and who may or will be called as a fact or expert witness at trial.  No party may call as a witness at trial any person whose deposition was noticed during the discovery period, but who was not made available for deposition in the Northern District of California or other mutually agreeable location within the continental United States.

    b) <u>Interrogatories</u>.  The parties agree that each side may serve no more than fifteen (15) interrogatories, including all discrete subparts.

    c) <u>Requests for Admission</u>.  The parties agree that each side may serve an unlimited number of requests for admission as to authenticity of documents.  The parties agree that each side may serve no more than fifty (50) additional requests for admission.

    d) <u>Electronic Service</u>.  The parties agree to accept service by e-mail.  Each counsel will

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3198474.11

6

Case No. 3:13-cv-05039-NC
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

establish an e-mail distribution list accessible through a single external e-mail address. Service by e-mail will be treated as service by hand delivery. The parties agree that service by email by 11:59 P.M. Pacific time on a given day will be treated as service by personal delivery that day. Notwithstanding the foregoing, the parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email, and that ECF filing constitutes personal service as of the date and time such document was filed, and that documents filed under seal or manually must be served by email within a reasonable time following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

e) <u>Electronically Stored Information</u>. The parties have agreed to the attached Stipulation & [Proposed] Order Re: Discovery Of Electronically Stored Information For Patent Litigation ("ESI Stipulation") based on this district's model order.

f) <u>Protective Order</u>. The parties agree that a protective order will be necessary in light of the sensitive and proprietary information that will be exchanged during discovery. The parties intend to meet and confer on and submit a proposed Stipulated Protective Order to the Court.

g) <u>Privilege Logs</u>. The parties agree that privileged communications and documents covered by work product protection dated after the October 29, 2013 filing date of the Complaint need not be included in any privilege log.

h) <u>Expert Discovery</u>. The parties agree that the protections provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will equally apply to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by a testifying expert with respect to his work on this action are exempt from discovery, unless relied upon by the expert in forming his or her opinions. If an expert produces

LATHAM&WATKINS LLP DC\3198474.11
ATTORNEYS AT LAW
ORANGE COUNTY

7

Case No. 3:13-cv-05039-NC
JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

a report, the expert must produce his or her final report and all materials on which he or she relied. The parties agree that depositions of experts shall not count toward the limitation on the number of depositions pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i).

### D.  Discovery Plan

The parties' respective proposed discovery plans are outlined in subsection B above and in section 17 below.

### 9.  Class Actions

This case is not a class action.

### 10.  Related Cases

There are no related cases at this time.

### 11.  Relief

Enplas seeks the following relief:

1.  judgment declaring Plaintiffs have not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '554 Patent, and that they are in no way liable for any alleged infringement, directly or indirectly, of any valid and enforceable claim of the '544 Patent;

2.  judgment declaring Plaintiffs have not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '209 Patent, and that they are in no way liable for any alleged infringement, directly or indirectly, of any valid and enforceable claim of the '209 Patent;

3.  judgment declaring each of the claims of the '554 Patent is invalid;

4.  judgment declaring each of the claims of the '209 Patent is invalid;

5.  a declaration that this is an exceptional case and an award of attorneys' fees, costs, and expenses incurred in this action due pursuant to, *inter alia*, 35 U.S.C. § 285; and

6.  such other and further relief as this Court deems is just and proper.

SSC seeks the following relief:  (1) a judicial determination and declaration that Enplas is entitled to no relief sought in its Complaint; (2) a judicial determination and declaration that Enplas has directly and/or indirectly infringed the '554 and '209 Patents; (3) a judicial

LATHAM&WATKINS LLP DC\3198474.11
ATTORNEYS AT LAW
ORANGE COUNTY

8

Case No. 3:13-cv-05039-NC
JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

determination and decree that Enplas's infringement of the '554 and '209 Patents is willful; (4) damages resulting from Enplas's infringement of the '554 and '209 Patents and the trebling of such damages because of the willful and deliberate nature of the infringement; (5) preliminary and permanent injunctive relief against further infringement of the '554 and '209 Patents by Enplas, and their respective officers, directors, shareholders, agents, servants, employees, and all other entities and individuals acting in concert with the enjoined entities or on their behalf; (6) a declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and (7) an assessment of prejudgment and post judgment interest.

**12. Settlement and ADR**

To date, the parties have not engaged in any form of ADR. The parties propose mediation, and each side's proposed deadline for completing mediation is set forth in the schedule below.

**13. Consent to Magistrate Judge For All Purposes**

The parties have consented to the jurisdiction of Magistrate Judge Nathanael Cousins for all purposes.

**14. Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The parties agree that this Court should handle all claim construction, pretrial, and trial issues.

**15. Narrowing of Issues**

The parties have been unable to identify any issues that can be narrowed by agreement and do not currently have any suggestions to expedite the presentation of evidence at trial.

**16. Expedited Trial Procedure**

The parties agree that this case is not suitable for the Expedited Trial Procedure of General Order No. 64 Attachment A.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3198474.11

9

Case No. 3:13-cv-05039-NC
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

## 17. Scheduling

The parties have met and conferred with respect to the schedule to govern the case, including modifications of the dates in the Patent Local Rules. Agreement has been reached on some deadlines. The deadlines ordered by the Court are set forth below.

| Docket Event | Deadline |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Disclosures | May 14, 2014 |
| Initial Case Management Conference | May 21, 2014 |
| SSC's Disclosure of Asserted Claims and Infringement Contentions and Accompanying Disclosures | June 4, 2014 |
| Plaintiff's Answer to Defendants' Counterclaims | June 11, 2014 |
| Last Day To Join Parties and Amend Pleadings | July 11, 2014 |
| Enplas's Invalidity Contentions and Accompanying Disclosures | July 21, 2014 |
| Amendments to Parties' Contentions | If needed. |
| Exchange of Proposed Terms for Construction | August 4, 2014 |
| Exchange of Preliminary Claim Constructions & Extrinsic Evidence | August 25, 2014 |
| Joint Claim Construction and Prehearing Statement | September 2, 2014 |
| Completion of Claim Construction Discovery | September 16, 2014 |
| SSC's Opening Claim Construction Brief | September 19, 2014 |
| Enplas's Responsive Claim Construction Brief | October 3, 2014 |
| SSC's Reply Claim Construction Brief | October 10, 2014 |
| Further Case Management Conference | October 22, 2014 at 10:00 a.m.<br><br>Joint case |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DC\3198474.11

10

Case No. 3:13-cv-05039-NC
JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

| Docket Event | Deadline |
|---|---|
| | management statement due at least one week prior to the conference. |
| Claim Construction Tutorial | October 22, 2014 at 10:00 a.m. |
| Claim Construction Hearing | October 22, 2014 at 10:00 a.m. |
| Deadline for Substantial Completion of Document Production | November 6, 2014 |
| Completion of Fact Discovery | January 23, 2015 |
| Opening Expert Reports pursuant to Fed. R. Civ. P. 26(a)(2) | February 6, 2015 |
| Rebuttal Expert Reports pursuant to Fed. R. Civ. P. 26(a)(2) | March 6, 2015 |
| Completion of Expert Discovery | April 3, 2015 |
| Deadline for Completion of Mediation | April 24, 2015 |
| Last Day to Hear Dispositive Motions and *Daubert* Motions | May 6, 2015 |
| Pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3), including designations of excerpts from depositions, interrogatory answers and responses to requests for admissions | June 3, 2015 |
| Joint Final Pretrial Conference Statement, including proposed voir dire questions, proposed jury instructions, proposed verdict forms, and pre-trial memoranda[1] | June 10, 2015 |
| Objections pursuant to Fed. R. Civ. P. 26(a)(3) | June 17, 2015 |
| Pretrial Conference | June 24, 2015 at 2:00 p.m. |

---

[1] The remaining pretrial disclosures as set forth in Civil Local Rule 16-10 are also to be proposed in the joint final pretrial conference statement.

| Docket Event | Deadline |
|---|---|
| Trial | July 20, 2015 at 9:00 a.m. |

## 18. Trial

The case will be tried to a jury. Enplas anticipates that the trial will require ten (10) court days. SSC anticipates that the trial will require seven (7) court days.

## 19. Disclosure of Non-party Interested Entities or Persons

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

## 20. Other Matters

As required under Patent L.R. 2-1(a), the parties also address these patent related issues:

### A. Modification to the Patent Local Rules

As set forth in Section 17 above, the parties agree to modify the deadlines in the Patent Local Rules.

### B. Discovery Related to Claim Construction

The parties do not envision any limits on discovery related to claim construction other than discussed in this document or the proposed ESI Stipulation. To the extent either side relies on factual or expert testimony to support any claim construction position, that side must make that fact or expert witness available for deposition during the claim construction period and shall meet and confer with the other side to arrange a reasonable date for that deposition.

### C. Format of the Claim Construction Hearing

The parties do not currently anticipate presenting live testimony at the Claim Construction Hearing. If any party changes its position on live testimony, it will seek the Court's approval to present such evidence at the hearing.

The parties estimate that the length of the Claim Construction Hearing will be approximately three hours.

### D. Educating the Court on the Technology at Issue

The parties anticipate each side presenting a technology tutorial to educate the Court on the technology at issue in accordance with the Standing Order for Patent Cases.

| | |
|---|---|
| Dated: May 14, 2014 | NAGASHIMA & HASHIMOTO |
| | /s/ Marc R. Labgold<br>Marc R. Labgold, Ph.D. |
| | Attorneys for Plaintiffs-Counterclaim Defendants<br>*Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.* |
| Dated: May 14, 2014 | LATHAM & WATKINS LLP |
| | /s/ Ryan R. Owens<br>Ryan R. Owens |
| | Attorneys for Defendant-Counterclaim Plaintiff<br>*Seoul Semiconductor Co., Ltd.* |

## SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5.1, I, Ryan R. Owens, hereby attest that concurrence in the filing of the this document from the signatory listed above.

| | |
|---|---|
| Dated: May 14, 2014 | LATHAM & WATKINS LLP |
| | /s/ Ryan R. Owens<br>Ryan R. Owens |
| | Attorneys for Defendant-Counterclaim Plaintiff<br>*Seoul Semiconductor Co., Ltd.* |

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER AS MODIFIED is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: May 22, 2014

_____
Hon. Nathanael M. Cousins
United States Magistrate Judge

*IT IS SO ORDERED AS MODIFIED*
*Judge Nathanael M. Cousins*