**LATHAM&WATKINS**LLP

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

June 4, 2014

Hon. Nathanael Cousins
Magistrate Judge
United States District Court
Northern District of California
San Francisco Courthouse
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

    Re:  *Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd.*
       Case No. 3:13-cv-05038-NC

Dear Judge Cousins:

   Pursuant to this Court's May 21, 2014 Order (Dkt. No. 41), Plaintiffs Enplas Display Device Corporation ("EDD"), Enplas Tech Solutions, Inc., ("ETS") and Enplas (U.S.A.) Inc. ("Enplas USA"), and Defendant Seoul Semiconductor Co., Ltd. ("SSC") submit this joint letter brief regarding whether certain depositions should take place in the United States rather than in Japan or Korea.  The parties hereby certify that, pursuant to this Court's Civil Standing Order, they met and conferred on this issue in preparing the Joint Case Management Statement, but were unable to resolve the dispute.

## I.  THE NATURE AND STATUS OF THE DISPUTE

   SSC seeks an Order requiring that any witness who may testify at trial, including from Enplas entities that are not party to this litigation, and any 30(b)(6) witness, be made available for deposition in the Northern District of California or, upon agreement of the parties, another location within the continental United States.  EDD objects to producing its witnesses in the United States, and instead proposes that depositions of Japanese entities or witnesses take place in Japan.  The parties addressed this dispute in the Joint Case Management Statement, filed May 14, 2014 (Dkt. No. 32), and at the Case Management Conference held on May 21, 2014.  After considering the parties' positions, the Court requested the instant briefing on the issue.  (*See* Minute Entry (Dkt. No. 41).)

LATHAM&WATKINS LLP

## II.    THE PARTIES' POSITIONS

### A.    SSC's Position

SSC provides an expanded discovery plan for the Court, attached as Exhibit A.  This discovery plan outlines the types of discovery that SSC presently expects to conduct in this litigation.  As shown in the discovery plan, SSC anticipates deposing certain Enplas officers and employees who are based outside the United States, in particular Japan.  SSC also anticipates that Enplas may depose SSC officers and employees that are based in Korea.   Given the logistical burden and expense of conducting depositions in foreign countries, especially Japan, SSC proposes that two categories of witnesses be made available for deposition in the Northern District of California or, upon agreement of the parties, another location within the continental United States:

(i)    all witnesses designated by a party to give testimony under Federal Rule of Civil Procedure 30(b)(6), and

(ii)    all witnesses noticed during the discovery period who may or will be called as a fact or expert witness  at trial.[1]

SSC proposes that, in the event a party fails to produce a noticed witness in the continental United States during the discovery period, such party should be precluded from calling such witness live at trial for the reasons discussed in more detail below.

District courts have wide discretion to set the location of depositions.  *Fausto v. Credigy Serv's Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. June 13, 2008) ("[D]istrict courts have wide discretion to establish the time and place of depositions."); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (finding no abuse of discretion where Hong Kong-based corporate representatives were ordered to appear for deposition in San Francisco).   In exercising this discretion, the following factors are relevant: (1) the expense involved in conducting depositions outside the district, (2) the location of counsel for the parties, (3) the number of representatives a party seeks to depose, (4) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court, and (5) the equities with regard to the nature of the claim and the parties' relationship.  *See In re Transpacific Passenger*, 2013 WL 6730165, at *2 (N.D. Cal. Dec. 20, 2013) (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005)).  As set forth more fully below, the high costs and logistical difficulties of taking depositions overseas, together with the inability of the Court to oversee discovery occurring half way around the globe and other equities, strongly favor mandating that depositions occur in this

---

[1] We note that Enplas' Initial Disclosures (see Exhibit E) list at least two persons with knowledge that are officers or employees of Enplas entities that are not parties to the case. Although, the relief SSC is requesting focuses primarily on officers or employees of the Enplas entities that are parties to the case, to the extent the party Enplas entities have control, and can bring to trial in this District, officers or employees of non-party Enplas entities, these deponents should also be made available in the United States.

LATHAM&WATKINS LLP

District, especially here, where Enplas – the party resisting depositions in the U.S. -- chose to bring suit in this district.

**Conducting depositions overseas is logistically onerous and very expensive.** District courts have recognized that scheduling a deposition in Japan is burdensome. *See, e.g., In re Transpacific Passenger*, 2013 WL 673 WL 6730165 at *3 ("the burden of procedures required to conduct a deposition in Japan are daunting and can constitute a substantial obstacle to the smooth conduct of proceedings") (citing agreement of the parties on the issue); *Mediatek Inc. v. Sanyo Electric Co. Ltd.*, 2006 WL 5709449 at *2 (E.D. Tex. Aug. 9, 2006) ("Given the cumbersome process of taking depositions in Japan…"). In Japan, depositions must be taken at either the United States Embassy in Tokyo or the Consulate in Osaka, and there are only three deposition rooms available in the entire country of Japan. (*See* Exhibit B at 2.) As such, availability of these rooms is very limited and firm deposition dates often need to be set many months in advance. Even when a room can be secured, the rooms are available for only 6.25 or 7 hours per day—depending on which room one is able to reserve—inclusive of set-up and tear-down.[2] Thus, given that breaks must be periodically taken, it is impossible to get a full seven hours of deposition time in a single day. And given that the Court-approved case management statement provides that a deponent who testifies in a language other than English through the use of a certified translator may be deposed for two consecutive business days of seven hours each (Dkt. No. 44 at 6), deposition of a single witness could potentially take three days. Additionally, each counsel traveling to Japan would need to obtain a special deposition visa. (*See* Exhibit B at 8.) This visa requires a special Order from this Court, which cannot even be granted until after deposition dates are confirmed and rooms are reserved. (*Id.*)

Conducting depositions in Japan is also expensive. Lead counsel for all parties are located in the United States and will need to travel to Japan. It is much more cost effective, as well as practically easier, for a witness to travel to this District. *See Mediatek*, 2006 WL 5709449 at *2 ("it would be much easier for [Japan-based] witnesses to travel to California for depositions than for the gaggle of attorneys on both sides to travel to Japan"). Further, the costs and fees associated with merely obtaining a meeting space in which to take a deposition in Japan total in the thousands of dollars. For example, a deposition room at the Embassy or Consulate requires fees of $1,283/day (nonrefundable), an additional $309/hour plus expenses for consular services, and a $415 fee for certifying depositions. (*See* Exhibit B at 7.)

**This Court would be unable to oversee disputes that occur in Japan**. Given the time difference between Japan and this District, the Court cannot feasibly monitor discovery that takes place in Japan. District courts often require depositions to take place closer to the forum so that they can effectively address discovery disputes if needed. *See New Medium Tech. LLC et al. v. Barco N.V. et al.*, 242 F.R.D. 460, 467 ("Obviously, conducting depositions in Japan, over a dozen time zones away and on the other side of the International Dateline, would severely compromise—to put it mildly—the court's ability to intervene should problems arise."); *Custom*

---

[2] *See* Exhibit C at 1 (Tokyo embassy room available for 6.25 hours a day); Exhibit D at 1 (Osaka consulate room available for 7 hours a day).

LATHAM&WATKINS LLP

*Form Mfg. Inc. v. Omron Corp., et al.*, 196 F.R.D. 333, 336 ("if the depositions do take place in Japan, this court's authority to intervene, if it should become necessary, is compromised").

   **The equities favor Enplas making its witnesses available in this District**.  Enplas is the party that chose to institute this lawsuit and, as plaintiff, was solely responsible for choosing the Northern District of California.  Having chosen to avail itself of the laws, protections, and discovery procedures of this District, Enplas should expect to appear for deposition in this District.  *See Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 24 (D.D.C. May 1, 2013) ("A party that chooses to initiate litigation and invoke the legal protections of the forum should expect to appear for deposition in that jurisdiction").

   Furthermore, if Enplas can coordinate bringing a witness to this District for trial, it can certainly bring the same witness here for deposition.  SSC's proposal only applies to Rule 30(b)(6) designees and Enplas witnesses that Enplas reserves the right to bring to trial.  If Enplas does not intend to bring that witness to trial, then it would fall outside of SSC's proposal, and the deposition can occur in Japan.  Given this, Enplas has control over whether the depositions will occur in Japan or the United States.  Thus, it is fundamentally fair and equitable to require Enplas to make available in this District deponents it may or will bring to trial.  Indeed, for the reasons noted above, any such depositions can be conducted more efficiently, cost-effectively, and expeditiously, and with much more scheduling flexibility, if they proceed in this District.

   This relief is particularly warranted in this case.  As noted in the attached discovery plan, Enplas has identified a very large number of witnesses, most of whom are located in Japan and who appear to be largely duplicative, as individuals it may call upon to support its claims or defenses in this case.  It is inconceivable that Enplas would call all of these witnesses at trial, and the determination as to which of these witnesses it may or will call at trial is entirely within its control.  It would be oppressively burdensome to require SSC to depose all of these individuals in Japan, and is fair and reasonable to require Enplas to bring its Rule 30(b)(6) witnesses and any of such individuals who are or may be trial witnesses to this District for deposition.  To the extent SSC determines that it requires the deposition of other individuals not among Enplas' Rule 30(b)(6) witnesses and possible trial witnesses, it would be appropriate that SSC be required to bear the burden of pursuing those additional depositions in Japan.  Furthermore, SSC's proposal is fair and balanced, because both Plaintiffs and Defendant are foreign companies with foreign witnesses.  Many of SSC's witnesses are located in Korea, and under SSC's proposal, SSC will be required to bring its witnesses to this district for deposition, saving Enplas considerable expense and burden.

   In sum, requiring the parties to conduct the depositions of Rule 30(b)(6) witnesses and anticipated trial witnesses in this District or, upon agreement, in the continental United States would be economical for the parties, convenient for the Court, and fair given Enplas' choice of forum.

LATHAM&WATKINS LLP

**B.**     Enplas' Position

SSC created the controversy that gave rise to this litigation by sending threatening letters to the Enplas parties (including EDD) alleging infringement of the patents-in-suit.  EDD is a Japanese corporation that has no contact with this forum.  It sells no products in the U.S., and has no employees or operations in the U.S.  The **sole** reason for EDD's presence in this case is SSC's 2013 letter threatening to sue.  (Dkt. No. 1 at Exh. C).  SSC does not dispute that the letter gave rise to a justiciable controversy; in fact, SSC, the patent-holder, has now asserted baseless infringement allegations against EDD via its counterclaims.  Having dragged EDD into this dispute, despite the fact that EDD does not make, use, sell, offer for sale in the U.S., or import into the U.S. any accused products, SSC now seeks to further burden EDD by requiring all EDD witnesses to travel to the U.S. for depositions.  Furthermore, even aside from its unfairness, SSC's request is contrary to this Court's prior holdings regarding deposition locations of foreign parties.  The Court should deny SSC's request.

The "general presumption is that the depositions of a corporation through its agents should be conducted at the corporation's principal place of business."  *In re Transpacific Passenger Air Transp. Antitrust Litig.*, C-07-05634 CRB (DMR), 2013 WL 6730165, at *2-3 (N.D. Cal. Dec. 20, 2013).[3]  For a foreign party, this presumption is even stronger.  *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. Of Iowa*, 482 U.S. 522, 546 (1987) ("American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position.").  When a party seeking discovery wants to overcome the general rule regarding the presumptive deposition location, the courts evaluate their request by looking to several factors, including "(1) the location of counsel in the forum district, (2) the number of representatives a party seeks to depose, (3) the likelihood of significant discovery disputes, (4) whether the parties to be deposed often engage in travel for business purposes, and (5) the equities with regard to the nature of the claim and the parties' relationship."  *Kelora Sys.*, 2011 WL 3895303, at *1; *see also Hardin*, 2011 WL 11563217, at *5.

None of these factors overcome the presumption here.  Lead trial counsel are not located in this District.  The total number of Japanese witnesses that SSC will depose is unknown, but could be substantial depending on EDD's designations of witnesses for Rule 30(b)(6) testimony and SSC's requests for individual depositions.  As set forth below, if SSC intends to take depositions of EDD's employees, SSC is required to take those depositions in Japan.  There is no reason to believe, with experienced patent counsel on both sides, that there will be significant discovery disputes while depositions occur at the parties' principal place of business.  There is no

---

[3]  *See also Kelora Sys., LLC v. Target Corp.*, C 11-01548 CW LB, 2011 WL 3895303, at *1-2 (N.D. Cal. Aug. 29, 2011) (ordering a corporate deposition to take place at the corporation's principal place of business); *Stonebreaker v. Guardian Life Ins. Co.*, 820 F. Supp. 2d 1096, 1098 (S.D. Cal. 2011) (same); *Hardin v. Wal-Mart Stores, Inc.*, 08-CV-0617 AWI BAM, 2011 WL 11563217, at *5-6 (E.D. Cal. Dec. 2, 2011) (same).

LATHAM&WATKINS LLP

evidence of significant travel to the United States by EDD, and EDD has no employees in the U.S.  Finally, almost all of the interaction between SSC and EDD has occurred in Asia.

SSC's argument is that a plaintiff should, in fairness, be subject to depositions within the forum – but that argument does not apply here.  EDD joined this litigation solely to remove the cloud over its business and to clear its name after SCC sent its baseless letter accusing EDD of infringing United States patents.  *See Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (patent holder's assertions of infringement "created a cloud over [allegedly infringing party's] business . . . .").  Faced with assertions of infringing of U.S. patents, EDD had no choice but to bring this case in the U.S., as no other forum can clear EDD of this cloud.  *See Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 593 (S.D.N.Y. 1994) (plaintiff not required to bring witnesses to U.S. because "plaintiff had no genuine choice of forum"); *see also* Charles Wright and Arthur Miller, 8A Fed. Prac. & Proc. § 2112 (3d ed.) ("if the plaintiff had no choice of forum to begin with, there seems very little reason to give weight to the selection of the forum as against facts indicating that another place for taking the deposition would be more just.").

There are no equities in forcing a foreign corporation, who is wrongly accused of infringing conduct in the United States, to bring its witnesses to the United States for deposition solely because that foreign corporation took proactive steps to eliminate the cloud on its business.  Nor is there any equity in blindly requiring every plaintiff in appear for deposition in this district, regardless of the underlying facts and circumstances.  Where a party like EDD has no other conduct or ties to this forum or to the United States outside of this litigation, SSC should be required to take depositions in Japan, where EDD is headquartered and conducts all of its business.

SSC also asks that any individual EDD witness who "may" testify at trial be deposed here.[4]  But even if EDD were based in the U.S., SSC would not be able to take the deposition of any EDD employee simply via a deposition notice.  Charles Wright & Arthur Miller, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.) (attendance of party's employee at deposition "must be obtained by subpoena rather than by notice"); *In re Transpacific*, 2013 WL 6730165, at *2 ("If [a corporate employee] is not an officer, director, or managing agent, he or she is not subject to deposition by notice. . . . Instead, the party seeking the deposition must subpoena the witness pursuant to Rule 45."); *Finley v. Count of Martin*, C-07-5922 EMC, 2009 WL 3320263, at *1-2 (N.D. Cal. Oct. 13, 2009) (finding that because noticed witness was not party's managing agent, her attendance at deposition could not be secured by a notice and "she should have been subpoenaed.").

---

[4] SSC has not yet noticed any depositions, 30(b)(6) or otherwise.  As such, this dispute is not ripe for adjudication. See *Mahroom v. Best W. Int'l, Inc.*, C07-02351 HRL, 2007 WL 2701325, at *1 (N.D. Cal. Sept. 13, 2007) ("on the location of future depositions, the court finds that such a determination is fact-intensive and the analysis changes depending on the person being deposed.  Because this court will not issue an order in a vacuum, the motion as it pertains to location is DENIED.").

LATHAM&WATKINS LLP

SSC should not be exempted from using the normal international procedures to take testimony from any person who is not an officer, director or managing agent. *Verinata Health, Inc. v. Sequenom, Inc.*, C 12-00865 SI, 2014 WL 1878822, at *1 (N.D. Cal. May 9, 2014) ("if the [party's employee] is located overseas, the procedures of the Hague Convention or other applicable treaty must be utilized"); *In re Transpacific*, 2013 WL 6730165, at *2 (same). SSC's demand would permit SSC to exercise power it would not have even if EDD was based in this country, and should be rejected.

If SSC intends to depose EDD's officers, directors and managing agents, those depositions should go forward in Japan for the same reasons outlined above with respect to EDD's 30(b)(6) deposition.[5]

*Non-Party Enplas Corporation*

SSC is attempting to wrap all "officers/directors/employees/agents of other Enplas entities" into this dispute, including those of non-party Enplas Corporation. The Court should reject that attempt. Indeed, the supplemental Rule 26(a)(1) initial disclosures served by SSC on the Enplas parties' counsel today specifically identifies non-party Enplas Corp.'s President as "likely to have discovery information" regarding knowledge of the patents-in-suit. Enplas Corp. is not a party to this case, SSC did not threaten Enplas Corp. with infringement, and SSC has not attempted to add Enplas Corp. as a party. SSC must seek discovery from Enplas Corp. and other third parties through the appropriate third-party discovery channels and international conventions. *Verinata*, 2014 WL 1878822, at *2. Further, none of the plaintiffs have control over Enplas Corp., and they therefore cannot comply with, or ensure Enplas Corp.'s compliance with, any order directing Enplas Corp. personnel to subject themselves to discovery in a foreign dispute in which they have no involvement.

## III.   THE PARTIES' PROPOSED COMPROMISES

### A.   Enplas' Proposed Compromise(s)

Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc., as U.S. entities, will agree to produce their witnesses in this District or at another agreed-to location for the limited purpose of proving that they have not made, used, sold, offered for sale or imported any accused products. EDD witnesses, however, should be deposed in Japan. And nothing in the Court's order should be construed as permitting discovery within this District from Enplas Corporation, which is not a party to the action.

---

[5] If this Court orders depositions of EDD witnesses in the U.S., EDD requests that the Court require SSC to pay for travel and lodging. *See Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, C06-01665 PJH JCS, 2007 WL 1514876, at *2 (N.D. Cal. May 21, 2007).

**LATHAM&WATKINS** LLP

**B.**     SSC's Proposed Compromises

**1.**     SSC proposes that, in addition to the proposals set forth above requiring that certain witnesses be made available for deposition in this District or other mutually agreed location within the continental United States, the party taking the deposition of a witness who is travelling to the United States for deposition will pay the reasonable cost of round-trip coach airfare and three nights reasonable hotel accommodations.

**2.**     SSC proposes that, as a compromise to requiring witnesses to appear in the Northern District of California, such witnesses may appear in Honolulu, Hawaii, or such other location within the state of Hawaii as is mutually agreed upon by the parties.

**3.**     SSC proposes that, as a compromise to requiring Enplas witnesses to appear in the Northern District of California, such witnesses may appear in Seoul, Korea given the much less onerous deposition requirements of Korea as compared to Japan.

Respectfully submitted,

/s/ Lawrence J. Gotts

Lawrence J. Gotts
of LATHAM & WATKINS LLP

Counsel for
*Seoul Semiconductor  Co., Ltd.*

/s/ Marc R. Labgold, Ph.D.

Marc R. Labgold, Ph.D.
of NAGASHIMA & HASHIMOTO

Counsel for
*Enplas Display Device Corporation, Enplas
Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*

Attestation:  I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this efiled document.

Dated:  June 4, 2014                                   /s/ Lawrence J. Gotts
                                                                    Lawrence J. Gotts

LATHAM&WATKINS LLP

## CERTIFICATE OF SERVICE

I certify that on June 4, 2014, I caused the above document to be served via U.S. Mail upon the following:

Takaaki Nagashima
Attorney at Law
7th Floor Suite 703
New York, NY  10022

Dated June 4, 2014                    By:     /s/ Lawrence J. Gotts
                                              Lawrence J. Gotts