1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10
SAN FRANCISCO DIVISION

11

12
ENPLAS DISPLAY DEVICE CORP., and
others,

13

14
              Plaintiffs and
              Counterdefendants,

15
      v.

16
SEOUL SEMICONDUCTOR CO., LTD.,

17
              Defendant and
              Counterclaimant.

18

Case No. 13-cv-05038 NC

**ORDER RESOLVING DISPUTE
OVER DEPOSITION LOCATIONS
AND LIMITS**

Re: Dkt. 46

19

20
     In this declaratory judgment action between foreign companies concerning two

21
patents for LED (light-emitting diode) technology, the parties disagree about the location of

22
anticipated depositions. To resolve the dispute and to encourage the efficient administration

23
of justice, the Court orders: (1) limits on the number and duration of non-expert party

24
depositions; and (2) that the depositions must be taken in the Northern District of California

25
unless otherwise ordered.

26
                      **I. BACKGROUND**

27
     Defendant Seoul Semiconductor Co., Ltd. (SSC), manufactures LED products and

28
asserts that it owns more than 10,000 LED patents worldwide, including the two patents at

issue in this case, U.S. Patents Nos. 6,473,554 (the "'554 patent") for "Lighting Apparatus Having Low Profile" and 6,007,209 (the "'209 patent") for "Light Source For Backlighting." SSC is organized and headquartered in the Republic of Korea. Plaintiff Enplas Display Device Corp. (EDD) manufactures products that SSC asserts infringe and contribute to the infringement of the '554 and '209 patents. EDD is organized and headquartered in Japan. Plaintiff Enplas Tech Solutions, Inc. (ETS) is a California corporation with its principal place of business in Sunnyvale, California. Finally, plaintiff Enplas (U.S.A.), Inc. (Enplas USA) is organized and headquartered in the State of Georgia.

According to the allegations in the First Amended Complaint, in October 2013 counsel for SSC sent a demand letter to EDD and ETA asserting that Enplas was "inducing and contributing to the infringement of the '554 and '209 patents" in LEDs containing Enplas lenses. Dkt. 7, First Am. Compl. ¶ 20. In response, the Enplas parties filed this declaratory judgment action seeking a judgment of invalidity and non-infringement against SSC as to the '554 and '209 patents.

SSC answered the First Amended Complaint and filed a Counterclaim against the Enplas parties asserting that Enplas manufactured and sold lenses that utilize the technology in the '554 and '209 patents. Dkt. 11. SSC seeks a declaration that Enplas directly and indirectly infringed those patents. *Id.*

The Court held its initial case management conference on May 21, 2014, and then issued a case management order. Dkt. 44. The parties have consented to the jurisdiction of a magistrate judge. Dkt. 10, 24.

At the case management conference, the parties presented a dispute over the location of depositions anticipated in the case. The Court requested further briefing and the parties submitted a joint letter brief setting forth the dispute and their proposed solutions. Dkt. 46, filed 6/4/2014. Enplas urges that the attorneys should travel to where the witnesses reside: EDD witnesses in Japan should be deposed in Japan, and SSC witnesses in Korea should be deposed in Korea. SSC, on the other hand, urges that the witnesses who are designated to testify under Rule 30(b)(6) or who might be called as witnesses at trial, should travel to the

1  Northern District of California because this is the district where the lawsuit was filed and

2  the discovery will be less expensive to conduct here.

3       This order resolves the dispute and also sets limits on the number, length, and

4  location of non-expert party depositions in the case.

5                              **II. LEGAL STANDARD**

6       The Federal Rules of Civil Procedure grant trial courts wide discretion to set

7  discovery limits, including limits on the time and place of depositions.  *Hyde & Drath v.*

8  *Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).  When it comes to oral depositions, Rule 30 sets

9  presumptive limits: no more than ten per side, with each deposition limited to one day of

10 seven hours.  Under Rule 26(b)(2)(C), however, the Court "must limit the frequency or

11 extent of discovery otherwise allowed by these rules or by local rule" if it determines that:

12      (i) the discovery sought is unreasonably cumulative or duplicative, or can be

13 obtained from some other source that is more convenient, less burdensome, or less

14 expensive;

15      (ii) the party seeking discovery has had ample opportunity to obtain the information

16 by discovery in the action; or

17      (iii) the burden or expense of the proposed discovery outweighs its likely benefit,

18 considering the needs of the case, the amount in controversy, the parties' resources, the

19 importance of the issues at stake in the action, and the importance of the discovery in

20 resolving the issues.

21      As to the location of depositions, there is a general presumption that the depositions

22 of a corporation through its agents should be conducted at the corporation's principal place

23 of business.  *In re Transpacific Passenger Air. Transp. Lit.,* No. 07-cv-05634 CRB (DMR),

24 2013 WL 6730165, at *2 (N.D. Cal. Dec. 20, 2013) (citations omitted).  When determining

25 whether a corporate defendant should be deposed somewhere other than the location of its

26 principal place of business, courts consider factors such as "the expense involved, the

27 location of counsel for the parties, the number of representatives a party seeks to depose, the

28 likelihood of significant discovery disputes arising which would necessitate resolution by

Case No. 13-cv-05038 NC
ORDER RESOLVING DISPUTE                    3
RE: DEPOSITIONS

1  the forum court, whether the persons sought to be deposed often travel for business

2  purposes, and the equities with regard to the nature of the claim and the parties'

3  relationship." *Id.* (citations omitted).

4  ### III. ANALYSIS

5  Having considered the discovery contemplated by both parties, the Court is concerned

6  that the expense of discovery in this case will outweigh its likely benefit unless

7  commonsense limitations are imposed.  The fundamental problem is one of proximity:

8  EDD and its witnesses are located in Japan; ETS and Enplas USA are located in the United

9  States; SSC and its witnesses are located in Korea; and the attorneys and the Court are

10  located in different districts in the United States.

11  Adding to the geographic distance between the parties, there are also language

12  barriers.  To address this complexity, the parties jointly propose that for any deponent not

13  testifying in English, the presumptive length of the deposition be extended to two

14  consecutive days of seven hours per day.  Dkt. 44 at 6.

15  In addition, SSC has presented information, which the Enplas entities do not contest,

16  that the cost of conducting depositions in Japan, where EDD is located, is especially

17  expensive, given the costs for meeting space at the U.S. Embassy or Consulate and the

18  administrative expenses to enter Japan and take a deposition.  Dkt. 46 at 3; *see In re*

19  *Transpacific Passenger*, 2013 WL 6730165, at *3 (party acknowledged that the burdens of

20  conducting depositions in Japan are "daunting").

21  If the Court permitted all of the discovery contemplated, the costs could be enormous

22  and might effectively prevent one or both parties from pursuing the merits.  For example,

23  SSC has so far identified 18 Enplas witnesses thought to be outside the United States and

24  fourteen deposition topics under Rule 30(b)(6) that could require depositions of witnesses

25  residing outside the United States.  This is in addition to discovery from third-parties and

26  discovery of experts.

27  To be sure, there are significant variables.  Could the depositions be grouped at one

28  time, or would the attorneys need to take 32 trips to Japan?  Would the traveling witnesses

and attorneys fly coach or first class?  Would the parties use two full days for every deposition of a non-English speaker?  Will there be legal disputes that will cause deponents to be questioned more than once?

Because of these variables, the Court cannot precisely say how much the non-expert discovery might cost.  But if both sides engaged in reciprocal scorched-earth discovery, the Court envisions fact deposition expenses alone in the many hundreds of thousands of dollars for each side.  Add written and document discovery, discovery from third parties, and expert discovery, and the discovery expenses could easily mushroom into the millions of dollars.

The parties, individually and together, have not convinced the Court that the likely benefit of this discovery outweighs the expense.

The Court therefore imposes the following limitations on non-expert party discovery:

1.      Each side (Enplas entities on one; SSC on the other) is limited to eight oral depositions of employee/officer/director witnesses of the other side, including depositions under Rule 30(b)(6), absent further court order.

2.      The Court rescinds the case management order permitting two-day depositions for deponents not testifying in English.  The ordinary limits (one day, no more than seven hours) will apply to all witnesses.

3.      The parties should consider written depositions if they need deposition discovery beyond these limits.

4.      The depositions of party witnesses will presumptively take place in the Northern District of California, even if the witnesses reside outside the United States.  The reasons for this are as follows: Enplas consented to this jurisdiction by filing suit here[1]; SSC agrees that it would be fair; it is collectively less expensive to conduct the depositions here than in Japan and Korea; and the Court will be better able to supervise the depositions here

---

[1] *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 24 (D.D.C. May 1, 2013) ("A party that chooses to initiate litigation and invoke the legal protections of the forum should expect to appear for deposition in that jurisdiction.").

than in Japan and Korea.

5.      This order does not apply to discovery from third parties and witnesses not in the control of the parties, including from Enplas Corporation, which is not a named party. To be clear, the Court at this time is not ordering any third-party witnesses to travel to the United States.

6.      This order may be modified only by further court order.

IT IS SO ORDERED.

Date: June 9, 2014

Nathanael M. Cousins
United States Magistrate Judge