NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile: 650-242-1547

Attorneys for Plaintiffs Enplas Display
Device Corporation; Enplas Tech
Solutions, Inc.; and Enplas (U.S.A.), Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC., <br><br> Plaintiffs, <br><br> v. <br><br> SEOUL SEMICONDUCTOR CO., LTD; <br><br> Defendant. | Case No. 3:13-CV-05038-NC <br><br> **PLAINTIFF ENPLAS (U.S.A), INC.'S ANSWER TO SSC'S COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Enplas (U.S.A.), Inc. ("EUSA"), by and through its undersigned counsel, hereby submits this Answer to SSC's Counterclaim (Dkt. No. 11) only as to EUSA unless otherwise indicated. To the extent not explicitly admitted, all allegations in SSC's Answer and Counterclaim are denied.

**NATURE OF THE ACTION**[1]

1. EUSA admits that the United States Patent & Trademark Office ("USPTO") assignment records indicate that United States Patent No. 6,473,554 ("the '554 Patent") and United States Patent No. 6,007,209 ("the '209 Patent") (collectively, the "Patents-in-Suit") are assigned to SSC.

2. Paragraph 2 of SSC's Counterclaim states legal conclusions to which no responses are required. EUSA denies it has infringed and/or willfully infringed the Patents-in-Suit.

3. Admitted.

**THE PARTIES**

4. Upon information and belief, SSC is a company organized and existing under the laws of the Republic of Korea, having its principle place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5. Admitted.

6. Admitted.

7. Admitted.

8. Paragraph 8 of SSC's Counterclaim does not require any response. To the extent a response is required, EUSA admits that Paragraph 8 states that the terms "Counterclaim Defendant Enplas" and "Enplas" are intended to refer to EDD, ETS and Enplas USA collectively.

**JURISDICTION AND VENUE**

9. Paragraph 9 of SSC's Counterclaim states legal conclusions to which no responses are required. To the extent any response is required, EUSA denies this action is intended to redress infringement of the Patents-in-Suit owned by SSC because no such infringement has

---

[1] The headings track those employed by SSC in its Counterclaim and are solely for the purpose of ease of reference.

occurred.

10. Admitted.

11. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of SSC's Counterclaim, and on that basis denies each and every such allegation.

12. Paragraph 12 contains legal conclusions to which no answer is required. To the extent a response is required, EUSA does not contest personal jurisdiction by this Court for purposes of this action regarding the products accused in SSC's September 2013 and October 2013 letters only. EUSA denies the remaining allegations contained in Paragraph 12 of SSC's Counterclaim as to EUSA and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of SSC's Counterclaim with respect to the other plaintiffs, and on that basis denies each and every such allegation.

## FACTUAL BACKGROUND

13. EUSA is without knowledge or information sufficient to form a belief about the truth of the first sentence of Paragraph 13 of SSC's Counterclaim. The remaining allegations in Paragraph 13 of SSC's Counterclaim are statements of opinion to which no response is required. To the extent a response is required, EUSA is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of SSC's Counterclaim and on that basis denies those allegations.

14. EUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of SSC's Counterclaim, and on that basis denies each and every such allegation.

15. EUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of SSC's Counterclaim, and on that basis denies each and every such allegation.

16. EUSA does not dispute that the '554 Patent is entitled "Lighting Apparatus Having Low Profile" and indicates on its face that it was issued on October 29, 2002. EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 16 of SSC's Counterclaim, and on that basis denies each and every such allegation.

17. Paragraph 17 of SSC's Counterclaim is an attempt to characterize the contents of a document that speaks for itself and to which no response is required. To the extent Paragraph 17 of SSC's Counterclaim states a legal conclusion, no response is required.

18. EUSA admits that the USPTO assignment records indicate that the '554 Patent was assigned to SSC. To the extent Paragraph 18 of SSC's Counterclaim states a legal conclusion, no response is required. EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of SSC's Counterclaim, and on that basis denies each and every such allegation.

19. EUSA does not dispute that the '209 Patent is entitled "Light Source For Backlighting" and indicates on its face that it was issued on December 28, 1999. EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of SSC's Counterclaim, and on that basis denies each and every such allegation.

20. Paragraph 20 of SSC's Counterclaim is an attempt to characterize the contents of a document that speaks for itself and to which no response is required. To the extent Paragraph 20 of SSC's Counterclaim states a legal conclusion, no response is required.

21. EUSA admits that the USPTO assignment records indicate that the '209 Patent was assigned to SSC. To the extent Paragraph 21 of SSC's Counterclaim states a legal conclusion, no response is required. EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of SSC's Counterclaim, and on that basis denies each and every such allegation.

22. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of SSC's Counterclaim, and on that basis denies each and every such allegation.

23. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

1  Paragraph 23 of SSC's Counterclaim, and on that basis denies each and every such allegation.

2        24. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of SSC's Counterclaim, and on that basis denies each and every such allegation.

      25. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of SSC's Counterclaim, and on that basis denies each and every such allegation.

      26. The second, third, fourth and sixth sentences of Paragraph 26 of SSC's Counterclaim are an attempt to characterize the contents of documents that speak for themselves and to which no response is required. EUSA admits that the fifth and seventh sentences of Paragraph 26 of SSC's Counterclaim purport to attach copies of a webpage from Enplas Corporation's website and a webpage from Enplas USA's website. EUSA denies the remaining allegations of Paragraph 26 of SSC's Counterclaim as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of SSC's Counterclaim, and on that basis denies each and every such allegation.

      27. EUSA denies the first sentence of Paragraph 27 of SSC's Counterclaim. The remaining allegations of Paragraph 27 of SSC's Counterclaim are an attempt to characterize the contents of documents that speak for themselves and to which no response is required. If a response is required, EUSA denies the remaining allegations of Paragraph 27 of SSC's Counterclaim.

      28. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of SSC's Counterclaim, and on that basis denies each and every such allegation.

      29. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of SSC's Counterclaim, and on that basis denies each and every such allegation.

      30. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or

1  information sufficient to form a belief as to the truth of the remaining allegations contained in
2  Paragraph 30 of SSC's Counterclaim, and on that basis denies each and every such allegation.

3      31.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
4  information sufficient to form a belief as to the truth of the remaining allegations contained in
5  Paragraph 31 of SSC's Counterclaim, and on that basis denies each and every such allegation.

6      32.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
7  information sufficient to form a belief as to the truth of the remaining allegations contained in
8  Paragraph 32 of SSC's Counterclaim, and on that basis denies each and every such allegation.

9      33.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
10 information sufficient to form a belief as to the truth of the remaining allegations contained in
11 Paragraph 33 of SSC's Counterclaim, and on that basis denies each and every such allegation.

12     34.    To the extent Paragraph 34 of SSC's Counterclaim states a legal conclusion, no
13 response is required. The remaining allegations of Paragraph 34 of SSC's Counterclaim are an
14 attempt to characterize the contents of documents that speak for themselves and to which no
15 response is required. To the extent a response is required, EUSA admits that it received a letter
16 dated October 16, 2013, purporting to be from Lawrence J. Gotts, Esq., a partner with the firm of
17 Latham & Watkins, LLP, in his capacity as counsel for Defendant SSC, which letter was captioned
18 "Re Notice of Seoul Semiconductor Corporation's LED Patents" and alleged infringement of the
19 Patents-in-suit, and EUSA denies the remaining allegations of Paragraph 34 of SSC's
20 Counterclaim.

## ANSWER TO COUNT I

22     35.    Paragraph 35 of SSC's Counterclaim does not require any response. To the extent
23 Paragraph 35 is deemed to require a response, EUSA incorporates the responses set forth in
24 Paragraphs 1 through 34, *supra*, in their entirety.

25     36.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
26 information sufficient to form a belief as to the truth of the remaining allegations contained in
27 Paragraph 36 of SSC's Counterclaim, and on that basis denies each and every such allegation.

28     37.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or

1   information sufficient to form a belief as to the truth of the remaining allegations contained in
2   Paragraph 37 of SSC's Counterclaim, and on that basis denies each and every such allegation.

3         38.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
4   information sufficient to form a belief as to the truth of the remaining allegations contained in
5   Paragraph 38 of SSC's Counterclaim, and on that basis denies each and every such allegation.

6         39.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
7   information sufficient to form a belief as to the truth of the remaining allegations contained in
8   Paragraph 39 of SSC's Counterclaim, and on that basis denies each and every such allegation.

9         40.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
10  information sufficient to form a belief as to the truth of the remaining allegations contained in
11  Paragraph 40 of SSC's Counterclaim, and on that basis denies each and every such allegation.

12        41.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
13  information sufficient to form a belief as to the truth of the remaining allegations contained in
14  Paragraph 41 of SSC's Counterclaim, and on that basis denies each and every such allegation.

15        42.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
16  information sufficient to form a belief as to the truth of the remaining allegations contained in
17  Paragraph 42 of SSC's Counterclaim, and on that basis denies each and every such allegation.

18        43.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
19  information sufficient to form a belief as to the truth of the remaining allegations contained in
20  Paragraph 43 of SSC's Counterclaim, and on that basis denies each and every such allegation.

21        44.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
22  information sufficient to form a belief as to the truth of the remaining allegations contained in
23  Paragraph 44 of SSC's Counterclaim, and on that basis denies each and every such allegation.

24        45.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
25  information sufficient to form a belief as to the truth of the remaining allegations contained in
26  Paragraph 45 of SSC's Counterclaim, and on that basis denies each and every such allegation.

27        46.    Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or
28  information sufficient to form a belief as to the truth of the remaining allegations contained in

1   Paragraph 46 of SSC's Counterclaim, and on that basis denies each and every such allegation.

2   47. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of SSC's Counterclaim, and on that basis denies each and every such allegation.

48. To the extent Paragraph 48 of SSC's Counterclaim states a legal conclusion, no response is required. To the extent a response is required, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of SSC's Counterclaim, and on that basis denies each and every such allegation.

49. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of SSC's Counterclaim, and on that basis denies each and every such allegation.

**ANSWER TO COUNT II**

50. Paragraph 50 of SSC's Counterclaim does not require any response. To the extent Paragraph 50 is deemed to require a response, EUSA incorporates the responses set forth in Paragraphs 1 through 49, *supra*, in their entirety.

51. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 of SSC's Counterclaim, and on that basis denies each and every such allegation.

52. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 52 of SSC's Counterclaim, and on that basis denies each and every such allegation.

53. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of SSC's Counterclaim, and on that basis denies each and every such allegation.

54. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of SSC's Counterclaim, and on that basis denies each and every such allegation.

55. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of SSC's Counterclaim, and on that basis denies each and every such allegation.

56. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of SSC's Counterclaim, and on that basis denies each and every such allegation.

57. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of SSC's Counterclaim, and on that basis denies each and every such allegation.

58. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58 of SSC's Counterclaim, and on that basis denies each and every such allegation.

59. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59 of SSC's Counterclaim, and on that basis denies each and every such allegation.

60. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 of SSC's Counterclaim, and on that basis denies each and every such allegation.

61. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of SSC's Counterclaim, and on that basis denies each and every such allegation.

62. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62 of SSC's Counterclaim, and on that basis denies each and every such allegation.

63. To the extent Paragraph 63 of SSC's Counterclaim states a legal conclusion, no response is required. To the extent a response is required, EUSA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of SSC's Counterclaim, and on that basis denies each and every such allegation.

64. Denied as to EUSA. As to the other plaintiffs, EUSA is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 64 of SSC's Counterclaim, and on that basis denies each and every such allegation.

\* \* \*

EUSA denies each allegation of SSC's Answer and Counterclaim (Dkt. No. 11) that is not expressly admitted, and denies that SSC is entitled to any of the relief, including but not limited to the relief requested in its prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, EUSA prays that judgment be entered in its favor and against SSC including:

A. The relief described in the Prayer for Relief in the First Amended Complaint (Dkt. No. 7);

B. That SSC's Counterclaims be dismissed in their entirety, with SSC taking nothing thereunder;

C. That this case be declared an exceptional case pursuant to, *inter alia*, 35 U.S.C. § 285, and EUSA be awarded no less than its attorneys' fees, costs, and expenses incurred in defending itself against the baseless allegations presented by SSC in this action; and

D. Such other and further relief as this Court deems is just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), EUSA demands a trial by jury on all of EUSA's claims and SSC's counterclaims in this action so triable.

Dated: June 11, 2014                    NAGASHIMA & HASHIMOTO

*/s/ Marc R. Labgold*
_____
Marc R. Labgold, Ph.D.

Attorneys for Plaintiffs-Counterclaim Defendants
*Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*