NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

MAKMAN & MATZ LLP
DAVID A. MAKMAN (SBN 178195)
ROBERT C. MATZ (SBN 217822)
655 Mariner's Island Blvd. Suite 306
San Mateo, California 94404
Telephone: 650-242-1560
Facsimile: 650-242-1547

Attorneys for Plaintiffs Enplas Display
Device Corporation; Enplas Tech
Solutions, Inc.; and Enplas (U.S.A.), Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC., <br><br> Plaintiffs, <br><br> v. <br><br> SEOUL SEMICONDUCTOR CO., LTD; <br><br> Defendant. | Case No. 3:13-CV-05038-NC <br><br> **PLAINTIFF ENPLAS DISPLAY DEVICE CORPORATION'S ANSWER TO SSC'S COUNTERCLAIM** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Enplas Display Device Corporation ("EDD"), by and through its undersigned counsel, hereby submits this Answer to SSC's Counterclaims (Dkt. No. 11) only as to EDD unless otherwise indicated. EDD denies each allegation of SSC's Answer and Counterclaim that is not expressly admitted.

## NATURE OF THE ACTION[1]

1. EDD admits that the United States Patent & Trademark Office ("USPTO") assignment records indicate that United States Patent No. 6,473,554 ("the '554 Patent") and United States Patent No. 6,007,209 ("the '209 Patent") (collectively, the "Patents-in-Suit") are assigned to SSC.

2. Paragraph 2 of SSC's Counterclaim states a legal conclusion to which no response is required. EDD denies it has infringed and/or willfully infringed the Patents-in-Suit.

3. Admitted.

## THE PARTIES

4. Upon information and belief, SSC is a company organized and existing under the laws of the Republic of Korea, having its principle place of business at 1B-25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5. Admitted.

6. Admitted.

7. Admitted.

8. Paragraph 8 of SSC's Counterclaim does not require any response. To the extent a response is required, EDD admits that Paragraph 8 states that the terms "Counterclaim Defendant Enplas" and "Enplas" are intended to refer to EDD, ETS and Enplas USA collectively.

## JURISDICTION AND VENUE

9. Paragraph 9 of SSC's Counterclaim states legal conclusions to which no responses are required. To the extent any response is required, EDD denies this action is intended to redress infringement of the Patents-in-Suit because no such infringement has occurred.

---

[1] The headings track those employed by SSC in its Counterclaim and are solely for the purpose of ease of reference.

10. Admitted.

11. Denied.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, EDD does not contest personal jurisdiction by this Court for purposes of this action regarding the products accused in SSC's September 2013 and October 2013 letters only. EDD does not contest that ETS is a California corporation with its principal place of business in this District. EDD denies the remaining allegations contained in Paragraph 12 of SSC's Counterclaim.

**FACTUAL BACKGROUND**

13. EDD admits that an LED is a semiconductor device that converts electrical energy into light, and that LEDs are used as light sources in a variety of products. The remaining allegations in Paragraph 13 of SSC's Counterclaim are statements of opinion to which no response is required. To the extent a response is required, EDD is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of SSC's Counterclaim and on that basis denies those allegations.

14. EDD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of SSC's Counterclaim, and on that basis denies each and every such allegation.

15. EDD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of SSC's Counterclaim, and on that basis denies that allegation.

16. EDD does not dispute that the '554 Patent is entitled "Lighting Apparatus Having Low Profile" and indicates on its face that it was issued on October 29, 2002. EDD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of SSC's Counterclaim, and on that basis denies each and every such allegation.

17. Paragraph 17 of SSC's Counterclaim is an attempt to characterize the contents of a document that speaks for itself and to which no response is required. To the extent Paragraph 17

1  of SSC's Counterclaim states a legal conclusion, no response is required. If a response is
2  required, EDD denies the allegations in Paragraph 17 of SSC's Counterclaim.

3        18.    EDD admits that the USPTO assignment records indicate that the '554 Patent was
4  assigned to SSC. To the extent Paragraph 18 of SSC's Counterclaim states a legal conclusion, no
5  response is required. EDD is without knowledge or information sufficient to form a belief as to
6  the truth of the remaining allegations contained in Paragraph 18 of SSC's Counterclaim, and on
7  that basis denies each and every such allegation.

8        19.    EDD does not dispute that the '209 Patent is entitled "Light Source For
9  Backlighting" and indicates on its face that it was issued on December 28, 1999. EDD is without
10 knowledge or information sufficient to form a belief as to the truth of the remaining allegations
11 contained in Paragraph 19 of SSC's Counterclaim, and on that basis denies each and every such
12 allegation.

13       20.    Paragraph 20 of SSC's Counterclaim is an attempt to characterize the contents of a
14 document that speaks for itself and to which no response is required. To the extent Paragraph 20
15 of SSC's Counterclaim states a legal conclusion, no response is required. If a response is
16 required, EDD denies the allegations in Paragraph 20 of SSC's Counterclaim.

17       21.    EDD admits that the USPTO assignment records indicate that the '209 Patent was
18 assigned to SSC. To the extent Paragraph 21 of SSC's Counterclaim states a legal conclusion, no
19 response is required. EDD is without knowledge or information sufficient to form a belief as to
20 the truth of the remaining allegations contained in Paragraph 21 of SSC's Counterclaim, and on
21 that basis denies each and every such allegation.

22       22.    EDD admits that since December 2011, it has manufactured and supplied lenses to
23 SSC, which on information and belief, SSC combines with LEDs and other components for use in
24 LCD televisions and monitors. EDD denies the remaining allegations of Paragraph 22 of SSC's
25 Counterclaim, including but not limited to the allegation that said lenses utilize the patented
26 technology of the '554 Patent.

27       23.    Admitted as to EDD.
28       24.    Denied.

25. EDD admits that it has manufactured and sold lenses for use in LED backlights for LCD televisions and monitors. EDD denies that it has manufactured or sold any such lenses in the United States, or with knowledge or intent that such lenses be imported into the United States. EDD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of SSC's Counterclaim, and on that basis denies each and every such allegation.

26. The second, third, fourth and sixth sentences of Paragraph 26 of SSC's Counterclaim are an attempt to characterize the contents of documents that speak for themselves and to which no response is required. EDD admits that the fifth and seventh sentences of Paragraph 26 of SSC's Counterclaim purport to attach copies of a webpage from Enplas Corporation's website and a webpage from Enplas USA's website. EDD denies the remaining allegations of Paragraph 26 of SSC's Counterclaim.

27. EDD denies the first sentence of Paragraph 27 of SSC's Counterclaim. The remaining allegations of Paragraph 27 of SSC's Counterclaim are an attempt to characterize the contents of documents that speak for themselves and to which no response is required. If a response is required, EDD denies the remaining allegations of Paragraph 27 of SSC's Counterclaim.

28. EDD admits that it has made lenses that can be used with an LED as a light flux control member, but denies that any such activity has ever occurred within the United States. EDD denies the remaining allegations of Paragraph 28 of SSC's Counterclaim.

29. EDD admits that it has made lenses that can be used with an LED as light flux control member in conjunction with flat panel displays but denies that any such activity has ever occurred within the United States. EDD denies the remaining allegations of Paragraph 29 of SSC's Counterclaim.

30. Denied.

31. Denied.

32. Denied.

33. To the extent Paragraph 33 of SSC's Counterclaim states a legal conclusion, no

response is required. To the extent a response is required, EDD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of SSC's Counterclaim, and on that basis denies each and every such allegation.

34. To the extent Paragraph 34 of SSC's Counterclaim states a legal conclusion, no response is required. The remaining allegations of Paragraph 34 of SSC's Counterclaim are an attempt to characterize the contents of documents that speak for themselves and to which no response is required. To the extent a response is required, EDD admits that Enplas received three letters dated October 16, 2013, purporting to be from Lawrence J. Gotts, Esq., a partner with the firm of Latham & Watkins, LLP, in his capacity as counsel for Defendant SSC, which letters were captioned "Re Notice of Seoul Semiconductor Corporation's LED Patents" and alleged infringement of the Patents-in-suit, and EDD denies the remaining allegations of Paragraph 34 of SSC's Counterclaim.

## ANSWER TO COUNT I

35. Paragraph 35 of SSC's Counterclaim does not require any response. To the extent Paragraph 35 is deemed to require a response, EDD incorporates the responses set forth in Paragraphs 1 through 34, *supra*, in their entirety.

36. Denied.
37. Denied.
38. Admitted as to EDD.
39. Denied.
40. Denied.
41. Denied.
42. Denied.
43. Denied.
44. Denied.
45. Denied.
46. Denied.
47. Denied.

48. To the extent Paragraph 48 of SSC's Counterclaim states a legal conclusion, no response is required. To the extent a response is required, EDD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of SSC's Counterclaim, and on that basis denies each and every such allegation.

49. Denied.

## ANSWER TO COUNT II

50. Paragraph 50 of SSC's Counterclaim does not require any response. To the extent Paragraph 50 is deemed to require a response, EDD incorporates the responses set forth in Paragraphs 1 through 49, *supra*, in their entirety.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. To the extent Paragraph 63 of SSC's Counterclaim states a legal conclusion, no response is required. To the extent a response is required, EDD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of SSC's Counterclaim, and on that basis denies each and every such allegation.

64. Denied.

///

///

EDD denies each allegation of SSC's Answer and Counterclaim (Dkt. No. 11) that is not expressly admitted, and denies that SSC is entitled to any relief, including but not limited to the relief requested in its prayer for relief.

## **PRAYER FOR RELIEF**

WHEREFORE, EDD prays that judgment be entered in its favor and against SSC including:

    A.    The relief described in the Prayer for Relief in the First Amended Complaint (Dkt. No. 7);

    B.    That SSC's Counterclaims be dismissed in their entirety, with SSC taking nothing thereunder;

    C.    That this case be declared an exceptional case pursuant to, *inter alia*, 35 U.S.C. § 285, and EDD be awarded no less than its attorneys' fees, costs, and expenses incurred in defending itself against the baseless allegations presented by SSC in this action; and

    D.    Such other and further relief as this Court deems is just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), EDD demands a trial by jury on all of EDD's claims and SSC's counterclaims in this action so triable.

Dated: June 11, 2014　　　　　　　　　　　　NAGASHIMA & HASHIMOTO

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Marc R. Labgold*
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Marc R. Labgold, Ph.D.

　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs-Counterclaim Defendants
　　　　　　　　　　　　　　　　　　　　　　　　*Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*