NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (pro hac vice)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (pro hac vice)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile:  877-401-8855

SEILER EPSTEIN ZIEGLER &
  APPLEGATE LLP
George M. Lee (SBN 172982)
gml@sezalaw.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 979-0500
Facsimile: (415) 979-0511

Attorneys for Plaintiffs *Enplas Display
Device Corporation and Enplas (U.S.A.), Inc.*

LATHAM & WATKINS LLP
Ryan R. Owens (Bar No. 269370)
ryan.owens@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

LATHAM & WATKINS LLP
Lawrence J. Gotts (pro hac vice)
lawrence.gotts@lw.com
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Attorneys for Defendant-Counterclaim
Plaintiff *Seoul Semiconductor Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SEOUL SEMICONDUCTOR CO., LTD; <br><br> Defendant/Counterclaim Plaintiff. | **CASE NO. 3:13-CV-05038-NC** <br><br> **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Amended Case Management Scheduling Order (Dkt. No. 72), and the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9, Plaintiffs Enplas Display Device Corporation and Enplas (U.S.A.), Inc.

Page **1** of **10**

(collectively, "Plaintiffs" or "Enplas") and Defendant Seoul Semiconductor Co., Ltd. ("Defendant" or "SSC") hereby submit the following Supplemental Joint Case Management Statement.

1. <u>Jurisdiction & Service</u>

This dispute arises under the Patent Laws of the United States, 35 U.S.C. § 1, et seq. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. The parties agree that this Court has personal jurisdiction over the parties and that venue is proper in this Court.

2. <u>Facts</u>

Since the last case management conference on May 21, 2014:

The Court entered a stipulated electronic discovery plan and a stipulated protective order (Dkt. Nos. 42, 57), and issued a ruling on the parties' dispute regarding the location of depositions (Dkt. No. 52). The parties reached agreement on the dismissal of Enplas Tech Solutions, Inc., leaving two Enplas entities in the case. (Dkt. Nos. 61, 62). The Court issued an amended case scheduling order on September 22, 2014 (Dkt. No. 72), extending pre-trial and trial dates. The parties have completed claim construction briefing, and there is a case management conference and claim construction hearing set for December 22, 2014. Fact discovery is ongoing, as set forth in more detail below. Trial is set for September 21, 2015.

See also, Joint Case Management Statement filed on May 14, 2014 (Dkt. No. 32).

3. <u>Legal Issues</u>

The central legal issues in this case are:

a) Claim construction of disputed claim terms;

b) Whether Plaintiffs have directly and/or indirectly infringed the asserted claims of the

'554 and '209 patents;

c) Whether the asserted claims of the '554 and '209 patents are invalid;

d) If the '554 and '209 patents are infringed and not invalid, the amount of damages;

e) If the '554 and '209 patents are infringed and not invalid, whether an injunction is appropriate;

f) If the '554 and '209 patents are infringed and not invalid, whether the infringement is willful;

g) Whether this case is exceptional under 35 U.S.C. § 285 such that attorneys' fees are appropriate.

4. <u>Motions</u>

There are no pending motions.

Enplas presently intends to file dispositive motions on the following grounds:[1]

Enplas (U.S.A.), Inc. ("EUSA") intends to move for dismissal / summary determination of non-infringement under 35 U.S.C. §§ 271(b) and (c) on the grounds that EUSA has no business activities relating to the largest category of accused products.  As such, EUSA contends that SSC's claims of indirect infringement under 35 U.S.C § 271 (b) and (c) must be dismissed with judgment being entered for EUSA.

Enplas Display Device Corporation  ("EDD") intends to move for dismissal / summary determination of non-infringement under 35 U.S.C. § 271(c) with regard to the largest category of accused products on the grounds it does not sell, offer for sale or import into the United States a component of a patented machine, manufacture, combination or composition, or material or apparatus for use in practicing a patented process constituting a material part of the subject

---

[1]   A previously contemplated motion for summary judgment was resolved by the parties, resulting in the dismissal of all assertions of infringement by Enplas Tech Solutions, Inc. (Dkt. No. 61).

matter claimed in the patents-in-suit. As such, Enplas contends that SSC's claims of indirect infringement under 35 U.S.C § 271(c) must be dismissed with judgment being entered for EDD.

5.   Amendment of Pleadings

The deadline to amend pleadings was July 11, 2014. Enplas filed an amended complaint on January 16, 2014, to which SSC responded. There have been no other amendments to the pleadings.

6.   Evidence Preservation

Both parties reviewed the Guidelines For The Discovery Of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. In particular, SSC and Enplas have each taken steps to preserve evidence relevant to the issues reasonably evident in this action. These steps include instituting a litigation hold for both hardcopy and electronic documents in the possession of individuals likely to have relevant documents.

7.   Disclosures

The parties exchanged initial disclosures on May 14, 2014, in accordance with Fed. R. Civ. P. 26(a). Each party reserves the right to amend such disclosures as discovery progresses.

8.   Discovery

The parties have served disclosures pursuant to the Patent Local Rules, and have served and responded to written discovery. SSC has begun a rolling production of documents in response to Enplas' document requests. Enplas plans on beginning a rolling production of

documents in response to SSC's document requests this week.  The deadline for substantial

completion of document production is January 6, 2015 but the parties contemplate that additional

production of email pursuant to the Stipulation and Order Re: Discovery of Electronically Stored

Information (Dkt. No. 42) will occur after that date.  The parties have not yet taken any

depositions.  The fact discovery deadline is March 23, 2015.


9.  Class Actions

> This case is not a class action.


10.  Related Cases

> Seoul Semiconductor has asserted the patents-in-suit in the following civil actions filed

subsequent to this case:

- Seoul Semiconductor Co., Ltd. v. Curtis International Ltd., 2:14-cv-09466-MMM-VBK (C.D. Cal.) (transferred from S.D. Fla.).

- Seoul Semiconductor Co., Ltd. v. Curtis International Ltd., 14-cv-22729-CMA (S.D. Fla.) (transferred to C.D. Cal.).

- Seoul Semiconductor co., Ltd. v. Craig Electronics, Inc., 1:14-cv-22728-RNS (S.D. Fla.).


11.  Relief

> Enplas seeks the following relief:

> 1.  Judgment declaring Plaintiffs have not directly infringed, contributed to the

infringement, or actively induced infringement of any claim of the '554 Patent, and that they are

in no way liable for any alleged infringement, directly or indirectly, of any valid and enforceable

claim of the '544 Patent;

2.  Judgment declaring Plaintiffs have not directly infringed, contributed to the infringement, or actively induced infringement of any claim of the '209 Patent, and that they are in no way liable for any alleged infringement, directly or indirectly, of any valid and enforceable claim of the '209 Patent;

3.  Judgment declaring each of the claims of the '554 Patent is invalid;

4.  Judgment declaring each of the claims of the '209 Patent is invalid;

5.  A declaration that this is an exceptional case and an award of attorneys' fees, costs, and expenses incurred in this action due pursuant to, *inter alia*, 35 U.S.C. § 285; and

6.  Such other and further relief as this Court deems is just and proper.

SSC seeks the following relief:

1. A judicial determination and declaration that Enplas is entitled to no relief sought in its Complaint;

2. A judicial determination and declaration that Enplas has directly and/or indirectly infringed the '554 and '209 Patents;

3. A judicial determination and decree that Enplas's infringement of the '554 and '209 Patents is willful;

4. Damages resulting from Enplas's infringement of the '554 and '209 Patents and the trebling of such damages because of the willful and deliberate nature of the infringement;

5. Preliminary and permanent injunctive relief against further infringement of the '554 and '209 Patents by Enplas, and their respective officers, directors, shareholders, agents, servants, employees, and all other entities and individuals acting in concert with the enjoined entities or on their behalf;

6. A declaration that this is an exceptional case under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and

7. An assessment of prejudgment and post judgment interest.

Page **6** of **10**

12. Settlement and ADR

To date, the parties have not engaged in any form of ADR. The deadline for completion of mediation is June 26, 2015.

13. Consent to Magistrate Judge For All Purposes

The parties have consented to the jurisdiction of Magistrate Judge Nathanael Cousins for all purposes.

14. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The parties agree that this Court should handle all claim construction, pretrial, and trial issues.

15. Narrowing of Issues

The parties have narrowed the issues by the dismissal of all claims of infringement by ETS.  Enplas does intend to pursue additional narrowing through agreement and, if unsuccessful by agreement, by way of motions for summary judgment.

The parties do not currently have any suggestions to expedite the presentation of evidence at trial.

16. Expedited Trial Procedure

The parties agree that this case is not suitable for the Expedited Trial Procedure of General Order No. 64 Attachment A.

DC\3650465.1

17. <u>Scheduling</u>

The Court issued an Amended Case Management Scheduling Order on September 22, 2014 setting dates through trial.

18. <u>Trial</u>

The case will be tried to a jury. Enplas anticipates that the trial will require ten (10) court days. SSC anticipates that the trial will require seven (7) court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

20. <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other Matters</u>

See, Joint Case Management Statement filed on May 14, 2014 (Dkt. No. 32).

DC\3650465.1

Dated: December 15, 2014                    NAGASHIMA & HASHIMOTO

/s/ Marc R. Labgold
Marc R. Labgold, Ph.D.
Attorneys for Plaintiffs-Counterclaim
Defendants
*Enplas Display Device Corporation
and Enplas (U.S.A.), Inc.*

Dated: December 15, 2014                    LATHAM & WATKINS LLP

/s/ Ryan R. Owens
Ryan R. Owens
Attorneys for Defendant-Counterclaim
Plaintiff
*Seoul Semiconductor Co., Ltd.*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:_____

Hon. Nathaniel Cousins
UNITED STATES MAGISTRATE JUDGE

Page **9** of **10**

DC\3650465.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        Pursuant to Civil L.R. 5.1, I, Ryan Owens, hereby attest that I have obtained the

concurrence in the filing of this document from all the signatories for whom a signature is

indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records

to support this concurrence for subsequent production for the Court if so ordered or for

inspection upon request.

Dated: December 15, 2014                LATHAM & WATKINS LLP

                                        /s/ Ryan R. Owens
                                        _____
                                        Ryan R. Owens
                                        Attorneys for Defendant-Counterclaim
                                        Plaintiff
                                        *Seoul Semiconductor Co., Ltd.*