UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORP., and others,<br><br>　　　　　Plaintiffs and Counterdefendants,<br><br>　　v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>　　　　　Defendant and Counterclaimant. | Case No. 13-cv-05038 NC<br><br>**ORDER REQUESTING RESPONSIVE DECLARATION**<br><br>Re: Dkt. No. 82 |

On March 13, 2015, SSC filed a motion to seal two exhibits and portions of a joint discovery letter brief, on the ground that they contain or discuss highly confidential business information of Enplas because Enplas has designated those documents as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the Stipulated Protective Order in this case. Dkt. No. 82.

The Local Rules provide that "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). "Reference to a stipulation or protective order that allows a party

Case No. 13-cv-05038 NC
ORDER REQUESTING
RESPONSIVE DECLARATION

to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A).  Civil Local Rule 79-5(e)(1) further requires that, "[i]f the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order," the designating party "must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable" within four days of the filing of the motion to file under seal.  "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

Here, more than four days have passed since SSC filed its motion to seal, but Enplas has not filed a responsive declaration in accordance with Rule 79-5(e).  If Enplas does not file such a responsive declaration by March 25, 2015, and the Court denies the motion to seal, SSC may file in the public record, as permitted by Rule 79-5(e)(2), the portions of the joint letter brief and exhibits currently sought to be sealed.

IT IS SO ORDERED.

Date: March 20, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge