# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORP., and others,<br><br>　　　　Plaintiffs and Counterdefendants,<br><br>　　v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>　　　　Defendant and Counterclaimant. | Case No. 13-cv-05038 NC<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 83 |

The parties have filed a joint letter brief regarding their dispute as to whether SSC is entitled to discovery on Enplas lens products other than those lenses specifically identified by part number in SSC's Patent L.R. 3-1 infringement contentions. Dkt. No. 83. The deadline for completion of fact discovery is March 23, 2015. Dkt. No. 72. The Court held a hearing on this discovery matter on March 18, 2015. This order now resolves the dispute.

"Primarily" by taking apart LCD televisions purchased in the United States, SSC specifically identified seven representative part numbers for accused Enplas lenses in SSC's infringement contentions. Dkt. No. 83. SSC's infringement contentions define the "Accused Enplas Lenses" as these seven lenses "and lenses having a shape similar to one or more of these lenses." Dkt. No. 83-1 at 5. SSC subsequently served both interrogatories

1  and requests for production seeking discovery on the seven specifically accused Enplas
2  lenses "and lenses having a shape similar to one or more of these lenses." Dkt. No. 83-1 at
3  23-27.

4      Enplas has taken the position that it need not provide discovery on any Enplas lens
5  other than those specifically identified in SSC's infringement contentions. Dkt. No. 83. As
6  a proposed compromise, Enplas offers to provide additional discovery if SSC (1) identifies
7  with particularity any directly infringing products sold in the United States that contain an
8  Enplas lens that SSC contends infringes, (2) produces all documentation in its possession
9  relating to same, and (3) provides a verified statement stating when SSC became aware of
10 the alleged infringement. *Id.*

11     SSC, on the other hand, seeks an order requiring Enplas to provide discovery on
12 "each Enplas lens that has a dimple or indention in the center of the lens or that is designed
13 for use in backlighting" unless Enplas can show for any type of Enplas lens that it would
14 not have made its way in any product into the United States. SSC has not demonstrated that
15 it is entitled to such broad discovery. *Id.*

16     The Patent Local Rules require a party claiming infringement to identify as
17 specifically as possible for each asserted claim, each accused apparatus, product, device,
18 process, method, act, or other instrumentality of which the party is aware. Patent L.R. 3-
19 1(b). "Each product, device, and apparatus shall be identified by name or model number, if
20 known." *Id.* "The Rules place the burden of specifically identifying all accused devices on
21 the plaintiff." *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341 YGR
22 (JSC), 2013 WL 588760, at *1 (N.D. Cal. Feb. 13, 2013) (internal quotation marks and
23 citations omitted). They require "specific identification of particular accused products" and
24 do "not tolerate broad categorical identifications or the use of mere representative
25 examples." *Id.* (internal quotation marks and citations omitted). Further, if a party wishes
26 to amend its infringement contentions to add additional accused products, it may only do so
27 "by order of the Court upon a timely showing of good cause" such as by showing of a
28 "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was

Case No. 13-cv-05038 NC
ORDER ON DISCOVERY DISPUTE     2

not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6.

SSC asserts that it recently discovered during the review of documents produced by Enplas that "there are at least twenty-one additional Enplas lenses in the same product family as the accused lenses for which Enplas is not providing complete discovery." Dkt. No. 83. SSC further asserts that Enplas does not publicly provide a complete list of the part numbers for its lenses, and thus, in order to determine the full range of Enplas lenses that may infringe SSC's patents, SSC must either obtain discovery from Enplas or reverse engineer samples of every LCD display sold in the United States. *Id.*

However, the information that Enplas does not publicly provide a list of all lens part numbers is something that SSC should have been aware at the outset of this litigation. Yet, SSC has not offered a persuasive justification for the delay in raising this issue. The Court is not convinced that SSC has been diligent in seeking to ascertain the universe of potentially infringing products. For example, SSC has not demonstrated that it has been diligent in investigating through depositions or otherwise whether the specifically accused seven lenses belong to a product family, whether there are additional models in the same family, and what are the distinctions between such different models. The broad discovery requested by SSC here would put the burden of identifying the accused products on Enplas and would turn Rule 3-1 on its head. *See Mediatek, 2013 WL 588760*, at *2 ("To require Freescale to produce voluminous discovery related to every product which Freescale determines contains any particular feature eviscerates the goal of the Patent Local Rules to streamline discovery by requiring the party claiming infringement to identify with particularity how each accused product infringes the patents-in-suit."). Accordingly, SSC's request for discovery on "each Enplas lens that has a dimple or indention in the center of the lens or that is designed for use in backlighting," unless Enplas can show for any type of Enplas lens that it would not have made its way in any product into the United States, is DENIED.

At the discovery hearing held by the Court, the parties informed the Court that they

wish to request an extension of the March 23 discovery cut-off. By March 27, 2015, the parties must meet and confer and file either a stipulated proposed case schedule that contains all of the dates that the parties are proposing to extend, or their competing proposals.

IT IS SO ORDERED.

Date: March 20, 2015

_____
Nathanael M. Cousins
United States Magistrate Judge