NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12005 Sunrise Valley Drive, Suite 203
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

SHAW KELLER LLP
JOHN W. SHAW (*pro hac vice*)
jshaw@shawkeller.com
JEFFREY CASTELLANO (*pro hac vice*)
jcastellano@shawkeller.com
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
Telephone: 302-298-0700

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
MARK W. EPSTEIN (SBN 143202)
GEORGE M. LEE (SBN 172982)
gml@sezalaw.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415-979-0500
Facsimile: 415-979-0511

*Attorneys for Plaintiffs Enplas Display Device Corp. Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,

Plaintiffs/Counterclaim Defendants,

v.

SEOUL SEMICONDUCTOR CO., LTD.,

Defendant/Counterclaim Plaintiff.

**CASE NO. 3:13-cv-05038-NC**

**JURY TRIAL DEMANDED**

**DECLARATION OF PATRICK J. HOEFFNER IN SUPPORT OF EDD'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Date: November 18, 2015
Time: 1:00 PM
Court: San Jose Courthouse, Courtroom 7 - 4th Floor
Judge: Honorable Nathanael Cousins

I, Patrick J. Hoeffner, hereby declare under penalty of perjury:

1. I am Of Counsel with Nagashima & Hashimoto, and represent Enplas Display Device Corporation in the above-captioned action. I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, would be competent to testify thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of an email dated June 22, 2015 from Ryan Owens to Marc R. Labgold identifying the claims of the '209 and '554 patents that were still being asserted by SSC.

3. Attached hereto as Exhibit 2 is a true and correct copy of an email dated June 23, 2015 from Ryan Owens to Patrick J. Hoeffner confirming SSC's assertion of Claim 39 of the '554 patent.

4. Attached hereto as Exhibit 3 is a true and correct copy of an email dated August 18, 2015 from Ryan Owens to Marc R. Labgold identifying the claims of the '209 and '554 patents that are still being asserted by SSC.

5. Attached hereto as Exhibit 4 is a true and correct copy of an email dated August 31, 2015 from Marc R. Labgold to Ryan Owens requesting a meet and confer regarding the dismissal of SSC's infringement assertions under § 271(a) and SSC's assertion that lens #9827 infringes.

6. Attached hereto as Exhibit 5 is a true and correct copy of an email dated September 11, 2015 from Ryan Owens to Marc R. Labgold withdrawing SSC's infringement allegations against the #9827 lens.

7. Attached hereto as Exhibit 6 is a true and correct copy of an email dated September 16, 2015 from Ryan Owens to Marc R. Labgold withdrawing SSC's § 271(a) claim.

8. Attached hereto as Exhibit 7 is a true and correct copy of an email dated September 25, 2015 from Ryan Owens to Marc R. Labgold withdrawing SSC's infringement allegations against the #4922 lens with respect to the '554 patent.

9. I have indicated above that these are true and correct copies of the documents, however, all have been highlighted for ease of review in connection with this motion.

I declare under penalty of perjury that the foregoing is true and correct. Signed by me this 30th day of September (2015) in Chester County, Pennsylvania.

By: /s/ *Patrick. J. Hoeffner*
Patrick J. Hoeffner

Attorneys for Plaintiffs/Counterclaim Defendants *Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*

# EXHIBIT 1

**From:** Ryan.Owens@lw.com
**Subject:** SSC - Asserted Claims
**Date:** June 22, 2015 at 11:38 AM
**To:** mlabgold@labgoldlaw.com, phoeffner@labgoldlaw.com, nagashima@nandhlaw.com, jshaw@shawkeller.com
**Cc:** Lawrence.Gotts@lw.com, Michelle.Woodhouse@lw.com, Bradley.Hyde@lw.com, Brent.Brandon@lw.com

R

Dear Counsel,

For your information, SSC will only be asserting claim 20 of the '209 patent in this case against Enplas products. Also, SSC will not be asserting claims 7-9, 11-13, 19, 20, or 23 of the '554 patent against Enplas products in this case. SSC will still be asserting claims 1, 2, 3, 4, 6, 30, 31, 33-37, 38, 41-43, and 45-48 of the '554 patent against Enplas products.

Sincerely,

**Ryan R. Owens**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

# EXHIBIT 2

**From:** Ryan.Owens@lw.com
**Subject:** RE: SSC - Asserted Claims
**Date:** June 23, 2015 at 12:15 PM
**To:** phoeffner@labgoldlaw.com
**Cc:** mlabgold@labgoldlaw.com, jcastellano@shawkeller.com, jshaw@shawkeller.com, Lawrence.Gotts@lw.com, Michelle.Woodhouse@lw.com, Bradley.Hyde@lw.com, Brent.Brandon@lw.com

R

Patrick,

We missed that one. Yes, SSC is still asserting Claim 39 of the ‘554 patent along with the other identified below.

Sincerely,

**Ryan R. Owens**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

**From:** Patrick J. Hoeffner [mailto:phoeffner@labgoldlaw.com]
**Sent:** Monday, June 22, 2015 7:43 PM
**To:** Owens, Ryan (OC)
**Cc:** Marc R. Labgold, Ph.D; Jeff Castellano; John Shaw; Gotts, Larry (DC); Woodhouse, Michelle (SV); Hyde, Bradley (OC); Brandon, Brent (OC)
**Subject:** Re: SSC - Asserted Claims

Ryan:
With respect to your email below, please confirm whether SSC is asserting Claim 39 of the `554 patent.
Thank you.
Regards,
Patrick

Patrick J. Hoeffner
Nagashima & Hashimoto
12007 Sunrise Valley Drive
Reston, VA 20191
phoeffner@labgoldlaw.com
516-984-8542

On Jun 22, 2015, at 11:38 AM, Ryan.Owens@lw.com wrote:

Dear Counsel,

For your information, SSC will only be asserting claim 20 of the ’209 patent in this case against Enplas products. Also, SSC will not be asserting claims 7-9, 11-13, 19, 20, or 23 of the ’554 patent against Enplas products in this case. SSC will still be asserting claims 1, 2, 3, 4, 6, 30, 31, 33-37, 38, 41-43, and 45-48 of the ’554 patent against Enplas products.

Sincerely,

**Ryan R. Owens**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

# EXHIBIT 3

**From:** Ryan.Owens@lw.com
**Subject:** RE: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC
**Date:** August 18, 2015 at 3:09 PM
**To:** mlabgold@labgoldlaw.com, Michelle.Woodhouse@lw.com
**Cc:** phoeffner@labgoldlaw.com, jshaw@shawkeller.com, Lawrence.Gotts@lw.com, Bradley.Hyde@lw.com, Brent.Brandon@lw.com

Dear Marc,

For purposes of the technical expert reports, SSC will be further reducing the number of asserted claims for the ’554 patent down to 10 claims. These claims will be claims 1, 2, 6, 30, 31, 33, 34, 35, 36, and 37. We will be continuing to assert claim 20 of the ’209 patent.

Also, it is taking more time than expected to address the significant changes in Enplas’s sales figures as well as your explanation from last Thursday as to why they differ. We will address those issues in a separate email, but we request that the date to serve at least the damages expert report be extended to Friday, August 28th to address your changes and explanation. If you would like to extend the other reports as well we have no objection to doing so. Also, if this necessitates changes in the date for the reply reports, we would have no objection to a reasonable extension of that deadline.

Sincerely,

**Ryan R. Owens**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

**From:** Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
**Sent:** Thursday, August 13, 2015 9:10 AM
**To:** Woodhouse, Michelle (SV)
**Cc:** Marc R. Labgold, Ph.D.; Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Owens, Ryan (OC); Hyde, Bradley (OC); Brandon, Brent (OC)
**Subject:** Re: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC

Dear Michelle,
In response to your questions below, the information provided in EDD055544 accurately reflects EDD’s sales of the accused products, with one exception. EDD055544 continues to reflect sales made by Enplas Corporation (*i.e.,* sales prior to EDD’s formation in April 2012) in order to avoid any discrepancy in the total number of sales of accused lenses #9845/9845A to SSC. The other listing of sales by Enplas Corporation (*i.e.*, line 5 of the spreadsheet reflecting sales by Enplas Corporation of lens #4922 to Sharp) was left in the chart to avoid reformatting issues that would have caused a delay in providing the updated sales figures. To be clear, the sales reflected in lines 5-7 of the spreadsheet are sales by Enplas Corporation (as indicated) – not sales by or attributable to EDD.
As to your question concerning how the data was compiled, upon receiving your July 27, 2015 email, we requested confirmation of the original data from our client and a response to your questions. Upon review of the data, it was determined that sales by EDD had been inadvertently

questions. Upon review of the data, it was determined that sales by EDD had been inadvertently omitted, while sales by EHK and EES were included. In particular, please note that each of the sales data which were added to the chart, are sales made **by EDD,** but **shipped by a third party (EES or EI)**. The prior chart (EDD023461), omitted those sales because they were mistakenly identified as **sales by third parties EES or EI**. EDD also confirmed they have never made any sales to Nissei.

The data reflected in EDD055544 has been reviewed and confirmed as accurately reflecting EDD's sales of the accused products, with the only exception being the above-noted inclusion of the sales by third party Enplas Corporation.

With best regards,
Marc

> On Aug 7, 2015, at 5:07 PM, Michelle.Woodhouse@lw.com wrote:
>
> Marc,
>
> Thank you for providing additional sales information regarding the accused lenses. As you are aware, the sales information produced at EDD055544 differs considerably from the information previously produced (e.g., EDD023461). Is EDD055544 meant to supplement EDD023461, or is it intended to be a replacement? If it is a replacement, we would appreciate an explanation as to how this data was compiled (both EDD055544 and EDD023461), and how these large reporting errors occurred. To the extent these errors occurred as a result of EDD's attempt to extract a subset of data from a more inclusive spreadsheet, SSC requests that EDD produce the unaltered version of the spreadsheet and allow SSC to confirm that EDD055544 accurately reflects EDD's sales, and that no additional errors have been made.
>
> Best Regards,
> Michelle
>
> **Michelle P. Woodhouse**
>
> **LATHAM & WATKINS LLP**
> 140 Scott Drive
> Menlo Park, CA 94025
> Direct Dial: +1.650.463.3029
> Fax: +1.650.463.2600
> Email: michelle.woodhouse@lw.com
> http://www.lw.com
>
> ---
>
> This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.
>
> Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

# EXHIBIT 4

**From:** **Marc R. Labgold, Ph.D** mlabgold@labgoldlaw.com
**Subject:** Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC
**Date:** August 31, 2015 at 5:09 PM
**To:** Ryan.Owens@lw.com
**Cc:** Marc R. Labgold, Ph.D. mlabgold@labgoldlaw.com, Michelle.Woodhouse@lw.com, Patrick Hoeffner phoeffner@labgoldlaw.com, John Shaw jshaw@shawkeller.com, Lawrence.Gotts@lw.com, Bradley.Hyde@lw.com, Brent.Brandon@lw.com, Jeff Castellano jcastellano@shawkeller.com

ML

---

Dear Ryan,

In advance of preparing and filing motions for summary determination, we request a meet and confer on the following topics:

1. Dismissal of EUSA;

2. Dismissal of SSC's infringement assertions under §271(a);

3. Dismissal of SSC's assertion that lens #9827 infringes; and

4. SSC's basis for assertion that lens #9830 is an Enplas lens?

Please advise as to your earliest availability.

# EXHIBIT 5

**From:** Ryan.Owens@lw.com
**Subject:** RE: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC
**Date:** September 11, 2015 at 4:00 AM
**To:** mlabgold@labgoldlaw.com
**Cc:** Michelle.Woodhouse@lw.com, phoeffner@labgoldlaw.com, jshaw@shawkeller.com, Lawrence.Gotts@lw.com, Bradley.Hyde@lw.com, Brent.Brandon@lw.com, jcastellano@shawkeller.com

R

Marc,

We can confirm that SSC will withdraw its infringement allegations against EUSA and the #9827 lens. SSC should be able to confirm whether it will withdraw its infringement assertions under §271(a) by Monday, Korean time.

As to the #9830 lens, we stated on last week's call that we would review the photographs and our samples of the #9830 lens to determine if this lens included an Enplas logo anywhere on the lens. We have confirmed that it does not have such a logo. SSC's basis for believing it was an Enplas lens was that it had the same general design as other Enplas lenses and was marked with numbering starting with a "98--" similar to all the other Enplas lenses used for backlighting LCD televisions. Also, it was removed from a Seiki brand television (Model SE47FY19) purchased in the United States just as the Enplas lens 9854D was also removed from a Seiki brand television (Model SE40FH03) purchased in the United States. If this lens is not an Enplas lens as you allege, then SSC does not know who manufactured it.

Your email below mischaracterizes the discussion last week. Larry made clear during the discussion that he did not know whether the #9830 lens in particular had an Enplas logo or not. That is why we stated that in light of your observation that the pictures of the #9830 lens did not have the Enplas logo in the place that all the other lenses had the logo, we would go back and review the photographs and samples of the #9830 lens to determine whether there was a logo anywhere on the lens. We have done so and provided our explanation above.

Best regards,

Ryan R. Owens

LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

-----Original Message-----
From: Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
Sent: Wednesday, September 09, 2015 12:48 PM
To: Owens, Ryan (OC)
Cc: Marc R. Labgold, Ph.D.; Woodhouse, Michelle (SV); Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Hyde, Bradley (OC); Brandon, Brent (OC); Jeff Castellano
Subject: Re: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC

Ryan,

With respect to the extension, please provide your proposal concerning the other affected dates.

With respect to the issues 1-3, is there a change in SSC's position?

With respect to issue #4, there is absolutely no reason why you have not already provided: (a) a cleaner pictures of the lens, and (b) confirmation of whether or not the lens bears an Enplas logo as Larry said it did. It has been 5 days since that information was requested and there is no reason for your failure to provide it already.

There was absolutely no hesitation or uncertainty in Larry's response to my question on Friday. Larry affirmatively stated the your basis for believing it was an Enplas lens was because it is so marked. This is a very serious allegation given the fact that, as I told you, an "Enplas" version of that lens shown in the expert report DOES NOT EXIST.

If you had not first raised the allegation concerning the so-called #9830 lens for the first time by way of expert report, we would have been able to deal with this in the ordinary course of discovery. However, we are now faced with the clock running and having to respond to an expert report that contains undecipherable information, concerning a lens which, as I told you, DOES NOT EXIST.

Your immediate attention is required.

With best regards,

Marc

Marc

On Sep 9, 2015, at 2:53 PM, <Ryan.Owens@lw.com> <Ryan.Owens@lw.com> wrote:

Marc,

We'll be able to provide a response on all of these issues tomorrow. In the meantime, could you provide us an update on whether Enplas will agree to extend the opposition expert report date to Oct. 7, 2015.

Best regards,

Ryan R. Owens

LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

-----Original Message-----
From: Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
Sent: Monday, August 31, 2015 2:09 PM
To: Owens, Ryan (OC)
Cc: Marc R. Labgold, Ph.D.; Woodhouse, Michelle (SV); Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Hyde, Bradley (OC); Brandon, Brent (OC); Jeff Castellano
Subject: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC

Dear Ryan,

In advance of preparing and filing motions for summary determination, we request a meet and confer on the following topics:

1. Dismissal of EUSA;

2. Dismissal of SSC's infringement assertions under §271(a);

3. Dismissal of SSC's assertion that lens #9827 infringes; and

4. SSC's basis for assertion that lens #9830 is an Enplas lens?

Please advise as to your earliest availability.

---------------------------------------------------------------------
-------- This email may contain material that is confidential,
privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
---------------------------------------------------------------------
--------

----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------

# EXHIBIT 6

**From:** Ryan.Owens@lw.com
**Subject:** RE: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC
**Date:** September 16, 2015 at 10:34 AM
**To:** mlabgold@labgoldlaw.com
**Cc:** Michelle.Woodhouse@lw.com, phoeffner@labgoldlaw.com, jshaw@shawkeller.com, Lawrence.Gotts@lw.com, Bradley.Hyde@lw.com, Brent.Brandon@lw.com, jcastellano@shawkeller.com

R

Marc,

SSC confirms that it is withdrawing its §271(a) claim.

Best regards,

**Ryan R. Owens**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

**From:** Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
**Sent:** Tuesday, September 15, 2015 8:04 AM
**To:** Owens, Ryan (OC)
**Cc:** Marc R. Labgold, Ph.D.; Woodhouse, Michelle (SV); Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Hyde, Bradley (OC); Brandon, Brent (OC); Jeff Castellano
**Subject:** Re: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC

Ryan,

I find it difficult to believe that the "decision-makers" have been unavailable for the past two weeks (*i.e.*, since we sent our request to meet and confer) and that this was not already decided prior to completion of SSC's expert reports.

Nonetheless, in order for us to proceed accordingly, please immediately identify the lenses which SSC contends form the basis of a claim for direct infringement against EDD.

With best regards,

Marc

> On Sep 15, 2015, at 10:21 AM, <Ryan.Owens@lw.com> <Ryan.Owens@lw.com> wrote:
>
> Marc,

We have not received final confirmation on the withdrawal of §271(a) argument from the client because the decision-makers with whom we need to confer in Korea have been unavailable due to business travel. We expected to get final confirmation last night but did not. We will let you know as soon as we get confirmation, which we hope to get within the next few days.

With best regards,

**Ryan R. Owens**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

**From:** Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
**Sent:** Monday, September 14, 2015 1:21 PM
**To:** Owens, Ryan (OC)
**Cc:** Marc R. Labgold, Ph.D.; Woodhouse, Michelle (SV); Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Hyde, Bradley (OC); Brandon, Brent (OC); Jeff Castellano
**Subject:** Re: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC

Ryan,

It is well past Monday Korean time (as referenced in your September 11 email) and after 4:00PM EDT. Are you going to respond?

With best regards,

Marc

> On Sep 12, 2015, at 9:19 AM, Ryan.Owens@lw.com wrote:
>
> Marc,
>
> We do not see how us waiting until Monday to confirm the withdrawal of the §271(a) argument would cause you to expend time and resources over the weekend. We will respond on Monday.
>
> With best regards,

**Ryan R. Owens**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

**From:** Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
**Sent:** Friday, September 11, 2015 11:48 AM
**To:** Owens, Ryan (OC)
**Cc:** Marc R. Labgold, Ph.D.; Woodhouse, Michelle (SV); Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Hyde, Bradley (OC); Brandon, Brent (OC); Jeff Castellano
**Subject:** Re: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC

Ryan,

Thank you for the confirmation that SSC withdraws its infringement allegations against EUSA and the #9827 lens. We are preparing the consent judgment and will forward it to you shortly.

However, we fail to understand your inability to tell us whether whether or not you are maintaining your allegations of infringement under §271(a), given, *inter alia*, (i) the withdrawal of the infringement allegations against both EUSA and the #9827 lens, and (ii) the lack of any other lens being identified in SSC's contentions under §271(a). Your continued delay in resolving this simple issue is causing my client to incur unnecessary expenditures. I requested the meet and confer on August 31, which you were not available for until September 4. Thus you have had approximately 2 weeks to respond on this issue. Moreover, your firm and your client clearly had to have known its position with respect to infringement under §271(a) well in advance of my August 31st email. SSC's experts' report (on the issues of infringement and damages) were devoid of any reference to the #9827 lens and, as such, you had either decided to drop the §271(a) claim prior to their submission **or** there are one or more yet unidentified lenses that you believed support a claim of direct infringement.

Given that we continue to expend time and resources during your delay, we request you at least identify **TODAY** which lenses (other than #9827), SSC contends could possibly give rise to liability by EDD under §271(a). If there are no other lenses, we would at least appreciate you telling us that **TODAY** so we can avoid incurring additional unnecessary

telling us that **TODAY** so we can avoid incurring additional unnecessary expenditures.

I will address your comments concerning the “#9830” lens in a subsequent email. In the mean time, given your admission that you have no idea what entity manufactured the “#9830” lens identified in SSC’s experts’ reports, please confirm your albeit untimely allegations of infringement are withdrawn.

With best regards,

Marc

On Sep 11, 2015, at 4:00 AM, <Ryan.Owens@lw.com> <Ryan.Owens@lw.com> wrote:

Marc,

We can confirm that SSC will withdraw its infringement allegations against EUSA and the #9827 lens. SSC should be able to confirm whether it will withdraw its infringement assertions under §271(a) by Monday, Korean time.

As to the #9830 lens, we stated on last week's call that we would review the photographs and our samples of the #9830 lens to determine if this lens included an Enplas logo anywhere on the lens. We have confirmed that it does not have such a logo. SSC's basis for believing it was an Enplas lens was that it had the same general design as other Enplas lenses and was marked with numbering starting with a "98--" similar to all the other Enplas lenses used for backlighting LCD televisions. Also, it was removed from a Seiki brand television (Model SE47FY19) purchased in the United States just as the Enplas lens 9854D was also removed from a Seiki brand television (Model SE40FH03) purchased in the United States. If this lens is not an Enplas lens as you allege, then SSC does not know who manufactured it.

Your email below mischaracterizes the discussion last week. Larry made clear during the discussion that he did not know whether the #9830 lens in particular had an Enplas logo or not. That is why we stated that in light of your observation that the pictures of the #9830 lens did not have the Enplas logo in the place that all the other lenses had the logo, we would go back and review the photographs and samples of the #9830 lens to determine whether there was a logo anywhere on the lens. We have done so and provided our explanation above.

Best regards,

Ryan R. Owens

LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

-----Original Message-----
From: Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
Sent: Wednesday, September 09, 2015 12:48 PM
To: Owens, Ryan (OC)
Cc: Marc R. Labgold, Ph.D.; Woodhouse, Michelle (SV); Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Hyde, Bradley (OC); Brandon, Brent (OC); Jeff Castellano
Subject: Re: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC

Ryan,

With respect to the extension, please provide your proposal concerning the other affected dates.

With respect to the issues 1-3, is there a change in SSC’s position?

With respect to issue #4, there is absolutely no reason why you have not already provided: (a) a cleaner pictures of the lens, and (b) confirmation of whether or not the lens bears an Enplas logo as Larry said it did. It has been 5 days since that information was requested and there is no reason for your failure to provide it already.

There was absolutely no hesitation or uncertainty in Larry’s response to my question on Friday. Larry affirmatively stated the your basis for believing it was an Enplas lens was because it is so marked. This is a very serious allegation given the fact that, as I told you, an “Enplas” version of that lens shown in the expert report DOES NOT EXIST.

If you had not first raised the allegation concerning the so-called #9830 lens for the first time by way of expert report, we would have been able

lens for the first time by way of expert report, we would have been able to deal with this in the ordinary course of discovery. However, we are now faced with the clock running and having to respond to an expert report that contains undecipherable information, concerning a lens which, as I told you, DOES NOT EXIST.

Your immediate attention is required.

With best regards,

Marc

On Sep 9, 2015, at 2:53 PM, <Ryan.Owens@lw.com> <Ryan.Owens@lw.com> wrote:

Marc,

We'll be able to provide a response on all of these issues tomorrow. In the meantime, could you provide us an update on whether Enplas will agree to extend the opposition expert report date to Oct. 7, 2015.

Best regards,

Ryan R. Owens

LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

-----Original Message-----
From: Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
Sent: Monday, August 31, 2015 2:09 PM
To: Owens, Ryan (OC)
Cc: Marc R. Labgold, Ph.D.; Woodhouse, Michelle (SV); Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Hyde, Bradley (OC); Brandon, Brent (OC); Jeff Castellano
Subject: Enplas Display Device Corp., et al. v Seoul Semiconductor

Co., Ltd, Case No. 3:13-cv-05038-NC

Dear Ryan,

In advance of preparing and filing motions for summary determination, we request a meet and confer on the following topics:

1. Dismissal of EUSA;

2. Dismissal of SSC's infringement assertions under §271(a);

3. Dismissal of SSC's assertion that lens #9827 infringes; and

4. SSC's basis for assertion that lens #9830 is an Enplas lens?

Please advise as to your earliest availability.

------------------------------------------------------------------
-------- This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
------------------------------------------------------------------
--------

--------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
--------------------------------------------------------------------------

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for

the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

# EXHIBIT 7

**From:** Ryan.Owens@lw.com
**Subject:** RE: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC
**Date:** September 25, 2015 at 1:21 PM
**To:** mlabgold@labgoldlaw.com
**Cc:** Michelle.Woodhouse@lw.com, phoeffner@labgoldlaw.com, jshaw@shawkeller.com, Lawrence.Gotts@lw.com, Bradley.Hyde@lw.com, Brent.Brandon@lw.com, jcastellano@shawkeller.com

R

Marc,

We confirm that we are not asserting that the #4922 lens infringes the '554 patent.

With best regards,

**Ryan R. Owens**

**LATHAM & WATKINS LLP**
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

**From:** Marc R. Labgold, Ph.D [mailto:mlabgold@labgoldlaw.com]
**Sent:** Friday, September 25, 2015 8:55 AM
**To:** Owens, Ryan (OC)
**Cc:** Marc R. Labgold, Ph.D.; Woodhouse, Michelle (SV); Patrick Hoeffner; John Shaw; Gotts, Larry (DC); Hyde, Bradley (OC); Brandon, Brent (OC); Jeff Castellano
**Subject:** Re: Enplas Display Device Corp., et al. v Seoul Semiconductor Co., Ltd, Case No. 3:13-cv-05038-NC

Ryan,

Thank you for your confirmation concerning the lens identified in Dr. Moore's report as #9830.

One topic we discussed during the original meet and confer, but I cannot find that it was confirmed by email, is the #4922 lens. SSC has withdrawn its assertion that the #4922 lens infringes the '554 patent, correct?

With best regards,

Marc

> On Sep 25, 2015, at 11:04 AM, Ryan.Owens@lw.com wrote:
>
> Dear Marc,
>
> As we discussed on Wednesday, based on your representations, SSC is not asserting that the lens labelled with the #9830 designation is an Enplas lens. However, we reserve the

right to rely on this lens for other purposes, such as secondary considerations.

As to the #9845 lens, it is our understanding that the sales of these lenses were excluded from the damages analysis. If you have a different view, please let us know.

Sincerely,

Ryan R. Owens

LATHAM & WATKINS LLP
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626-1925
Direct Dial: +1.714.755.2239
Fax: +1.714.755.8290
Email: ryan.owens@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP