1 | LATHAM & WATKINS LLP
    Ryan R. Owens (Bar No. 269370)
2 | *ryan.owens@lw.com*
    650 Town Center Drive, 20th Floor
3 | Costa Mesa, California 92626-1925
    Telephone: (714) 540-1235
4 | Facsimile: (714) 755-8290

5 | LATHAM & WATKINS LLP
    Lawrence J. Gotts (*pro hac vice*)
6 | *lawrence.gotts@lw.com*
    555 Eleventh Street, N.W. Suite 1000
7 | Washington, D.C. 2004-1304
    Telephone: (202) 637-2200
8 | Facsimile: (202) 637-2201

9 | LATHAM & WATKINS LLP
    S. Giri Pathmanaban (Bar No. 284802)
10 | *giri.pathmanaban@lw.com*
     Michelle P. Woodhouse (Bar No. 260669)
11 | *michelle.woodhosue@lw.com*
     140 Scott Drive
12 | Menlo Park, California 94025
     Telephone: (650) 328-4600
13 | Facsimile: (650) 463-2600

14 | Attorneys for Defendant
     SEOUL SEMICONDUCTOR CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC., | CASE NO. 3:13-CV-05038-NC |
|---|---|
| Plaintiff and Counterclaim Defendants, | **NOTICE OF MOTION AND MOTION TO DISMISS (1) SSC'S COUNTERCLAIMS AGAINST ENPLAS (U.S.A.) AND (2) ENPLAS (U.S.A.) INC.'S AND ENPLAS TECH SOLUTIONS INC.'S DECLARATORY JUDGMENT CLAIMS** |
| v. | Assigned to Hon. Nathanael M. Cousins |
| SEOUL SEMICONDUCTOR CO., LTD., | Date: November 18, 2015 |
| Defendant and Counterclaim Plaintiff. | Time: 1:00 p.m.<br>Location: Courtroom 7, 4th Floor, San Jose |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

LATHAM&WATKINS LLP DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

**NOTICE OF MOTION TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 18, 2015, at 1:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Nathanael M. Cousins, located at 280 South 1st Street, Courtroom 7, 4th Floor, San Jose, California 95113, Defendant Seoul Semiconductor Co. LTD ("SSC"), will move this Court for an Order to dismiss with prejudice SSC's claims against Enplas (U.S.A.) Inc. ("EUSA") as well as the declaratory judgment claims of EUSA and Enplas Tech Solutions, Inc. ("ETS") against SSC.

This Motion is made pursuant to Fed. R. Civ. P. 41(a)(2) and 12(b)(1), and the authorities cited in the supporting memorandum. This motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, the supporting Declaration of Ryan R. Owens and all exhibits thereto, other documents filed in this action, any other matters of which the Court may take judicial notice, and upon such other and further matters as the Court deems appropriate.

Dated: October 14, 2015            LATHAM & WATKINS LLP

By: /s/ Ryan R. Owens

Ryan R. Owens
Attorneys for Defendant-Counterclaim Plaintiff

*Seoul Semiconductor Co., Ltd.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................... 1

II. BACKGROUND ....................................................................................................................... 1

III. LEGAL STANDARD................................................................................................................ 3

IV. SSC REQUESTS THAT THE COURT DISMISS ITS PATENT INFRINGEMENT CLAIMS AGAINST EUSA ................................................................ 4

V. SSC'S AGREEMENT TO DISMISS ITS COUNTERCLAIMS OF INFRINGEMENT AGAINST EUSA AND ETS AND ITS COVENANTS NOT TO SUE COMPEL DISMISSAL OF ETS'S AND EUSA'S DECLARATORY JUDGMENT CLAIMS ...................................................................... 5

VI. CONCLUSION.......................................................................................................................... 6

LATHAM&WATKINS[LLP] DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

i

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
   495 F.3d 1340 (Fed. Cir. 2007) ..................................................................................................4

*Crossbow Tech., Inc. v. YH Tech.*,
   531 F. Supp. 2d 1117 (N.D. Cal. 2007) ..................................................................................4, 6

*Furminator, Inc. v. Ontel Prods. Corp.*,
   246 F.R.D. 579 (E.D. Mo. 2007) ...............................................................................................4

*Kern Oil Refining Co. v. Tenneco Oil Co.*,
   792 F.2d 1380 (9th Cir. 1986) ...................................................................................................3

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) ..........................................................3

*Osorio v. Tran*,
   2009 U.S. Dist. LEXIS 75753 (N.D. Cal. Aug. 12, 2009) ........................................................5

*Smith v. Lenches*,
   263 F.3d 972 (9th Cir. 2001) .....................................................................................................5

*Steffel v. Thompson*,
   415 U.S. 452, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) ............................................................4

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (Fed. Cir. 1995) ................................................................................................4, 6

### **STATUTES**

28 U.S.C. § 2201(a) .........................................................................................................................3

### **RULES**

Fed. R. Civ. P. 12(b)(1) ...................................................................................................................6

Fed. R. Civ. P. 41(a)(1)(A)(ii) .........................................................................................................3

Fed. R. Civ. P. 41(a)(2) ................................................................................................................3, 5

Fed. R. Civ. P. 41(c) ........................................................................................................................3

LATHAM&WATKINS LLP   DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

ii

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

SSC covenants in this motion not to sue Enplas (U.S.A.) Inc. ("EUSA") and Enplas Tech Solutions Inc.'s ("ETS") on the patents-in-suit.  Thus, there is no current case or controversy, and this Court now lacks subject matter jurisdiction over the declaratory judgment claims of EUSA and ETS.  For this reason, these claims should be dismissed with prejudice.  SSC's claims of infringement against ETS were dismissed from this case in July 2014.  And in light of facts revealed at the close of discovery as well as the minimal potential damages, SSC has already informed EUSA that SSC has withdrawn its infringement allegations against EUSA and sought a stipulated dismissal of these claims.  Enplas refused to agree to this stipulated dismissal, and instead sought a consent judgment for not only SSC's claims against EUSA, but for its previous and dismissed claims against ETS—the same claims that were dismissed more than fifteen months ago.  SSC met and conferred with Enplas, and indicated that it would be addressing alternatives to Enplas' proposal.  But before SSC could respond, EUSA and ETS filed Motions for Summary Judgment seeking a court order that they do not infringe the patents-in-suit.  (D.I. 130, D.I. 132.)  To obviate the need for summary adjudication, SSC requests through this Motion that the Court dismiss with prejudice SSC's patent infringement counterclaims against EUSA, as SSC has already informed EUSA it would do, and in turn dismiss EUSA's and ETS's declaratory judgment claims against SSC in view of the absence subject matter jurisdiction in view of SSC's covenants not to sue.

## II.  BACKGROUND

On October 29, 2013, Enplas Display Device ("EDD"), EUSA, and ETS (collectively, "Enplas") brought this action seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 6,473,554 ("the '554 Patent") and United States Patent No. 6,007,209 (" the '209 patent") (and collectively, the "patents-in-suit").  On April 21, 2014, SSC filed its Answer and Counterclaim denying Enplas' allegations that the patents-in-suit were invalid and that Enplas did not infringe, and counterclaiming for infringement of the patents-in-suit.  On June 11, 2014, EDD, EUSA, and ETS filed its Answer to SSC's Counterclaims.  (D.I.

LATHAM&WATKINS LLP  DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

1

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

53, 54, and 55.)

On July 8, 2014, shortly after answering SSC's counterclaim, ETS provided a declaration from its Vice President, John Lakoski, providing sworn testimony that ETS has had no relevant involvement with the products accused of infringement.  On July 22, 2014, based upon this declaration, SSC and Enplas filed a joint stipulation dismissing SSC's claims against ETS.  (D.I. 61.)  On July 24, 2014, the Court granted the parties' stipulation dismissing SSC's counterclaims of patent infringement against ETS with prejudice.  (D.I. 64.)  At this point ETS, nearly 15 months ago, was effectively removed from the case, and was not mentioned again by either party.

SSC proceeded with discovery from EUSA.                                    REDACTED

In light of this testimony, SSC made the decision not to pursue infringement claims against EUSA.  On September 11, 2015, SSC informed Enplas that it would withdraw its infringement claims against EUSA.  (Hoeffner Decl. , Ex. 2, ECF No. 131.)  Enplas did not

---

[1] All references to "Ex.___" refer to the declaration of Ryan R. Owens In Support of In Support of SSC's Motion To Dismiss SSC's Counterclaims Against Enplas (U.S.A.) and (2) Enplas (U.S.A.) Inc.'s and Enplas Tech Solutions Inc.'s Declaratory Judgment Counterclaims ("Owens Decl.") unless otherwise noted.

LATHAM&WATKINS LLP  DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

2

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

1  object to SSC's proposed withdrawal or assert that SSC's withdrawal was in any way improper
2  or prejudicial.  Rather, Enplas provided SSC with a proposed consent judgment that explicitly
3  stated that EUSA did not infringe the patents-in-suit.  (Ex. D.)  SSC responded that the consent
4  judgment was unnecessary and instead proposed the parties enter into a stipulated dismissal
5  stating that "[p]ursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii) and 41(c) and subject
6  to the approval of this Court, that SSC's counterclaims of patent infringement against EUSA are
7  dismissed with prejudice," as it had previously done with respect to ETS.  (Ex. E.)  Enplas
8  declined SSC's request to enter the stipulation and continued to insist that a consent judgment
9  was necessary not only for SSC's claims against EUSA, but also SSC's claims against ETS,
10 which the parties agreed to dismiss more than 15 months ago.  On September 23, 2015, the
11 parties met and conferred on the issue and SSC agreed to further consider the appropriate vehicle
12 to fully dismiss all claims, regarding ETS and EUSA, and agreed to get back to Enplas.  Owens
13 Decl. at ¶ 8.  On October 2, 2015, while SSC was still trying to work through the issues and
14 without further warning, EUSA and ETS filed motions for summary judgment of non-
15 infringement.  (D.I. 130, D.I. 132.) [2] [3]

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court…." *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986).

To entertain a declaratory judgment action under 28 U.S.C. § 2201(a), a court must find that there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007).  This requirement remains constant at

---

[2]   EDD filed similar motions for non-infringement based upon claims that SSC has already agreed not to assert.  (D.I. 128, and D.I. 134.)

[3]   SSC will file separate oppositions to these motions.

LATHAM&WATKINS LLP  DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

3

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

1  all stages of review, not merely at the time the complaint was filed.  *Benitec Australia, Ltd. v.*
2  *Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007) (*citing Steffel v. Thompson*, 415 U.S. 452,
3  459 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974)).  The parties claiming declaratory judgment
4  jurisdiction bear the burden of proving that a substantial controversy still exists.  *Steffel*, 415 U.S.
5  at 459 n.10 (it is the burden of the party "claiming declaratory judgment jurisdiction to establish
6  that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has
7  continued since.").  A covenant not to sue is sufficient to divest a trial court of subject matter
8  jurisdiction.  *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir.
9  1995); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1121 (N.D. Cal. 2007)
10  (analyzing the Federal Circuit's decision in *Super Sack* in light of the Supreme Court's decision
11  in *MedImmune*); *see also Furminator, Inc. v. Ontel Prods. Corp.,* 246 F.R.D. 579, 581 (E.D. Mo.
12  2007) (a covenant not to sue provided to the sellers by the patent holder destroyed subject matter
13  jurisdiction over the sellers' declaratory judgment counterclaims as there was no longer a case of
14  actual controversy, thereby rendering the sellers' motion for summary judgment on their
15  counterclaim for a declaratory judgment of invalidity moot).

16  **IV.  SSC REQUESTS THAT THE COURT DISMISS ITS PATENT INFRINGEMENT CLAIMS AGAINST EUSA**

18  REDACTED

21  Accordingly, SSC has decided not to pursue claims against
22  EUSA and has already informed EUSA that it is no longer asserting claims that EUSA infringes
23  the patents-in-suit.  SSC sought a joint dismissal of its claims.  EUSA, however, has refused to
24  stipulate to a joint dismal and has instead insisted on a consent judgment.  But a judgment is
25  neither appropriate nor necessary.  As such, SSC respectfully requests that the Court dismiss its
26  patent infringement claims against EUSA with prejudice.  In further support of its requested
27  dismissal, SSC hereby agrees (consistent with its previous communications with Enplas) to the
28  following covenant not to sue:

LATHAM&WATKINS LLP  DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY
4
Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

- SSC hereby unconditionally agrees not to sue Enplas (U.S.A.), Inc. for infringement as to any claim of United States Patent No. 6,473,554 and United States Patent No. 6,007,209 based upon Enplas (U.S.A.) Inc.'s manufacture, development, design, importation, marketing, licensing, distributing, offering for sale, or selling the Light Enhancer Cap™ lenses as they exist today or have existed in the past. For the purpose of this covenant not to sue, Light Enhancer Cap™ expressly includes Enplas part numbers:       REDACTED                                                                 , and any other lens sold under the Light Enhancer Cap™ brand name.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. The Court should grant SSC's request for dismissal of its patent infringement claims because EUSA cannot show that it will suffer legal prejudice as a result of the dismissal. SSC has agreed to dismiss its claims *with prejudice*, and the above covenant not to sue provides assurances that EUSA will not be subject to infringement suits based on the current or previous Light Enhancer Cap™ lenses. *See Osorio v. Tran*, 2009 U.S. Dist. LEXIS 75753, *8 (N.D. Cal. Aug. 12, 2009) ("Although court-ordered voluntary dismissals are usually without prejudice, here, plaintiffs have specifically requested a dismissal with prejudice. This difference is not mere semantics. A dismissal with prejudice means that plaintiffs' claims in this suit have been resolved."). The lack of prejudice to EUSA is further evidenced by the fact that at no point did EUSA raise an objection to SSC's proposed dismissal— EUSA has only objected to the form of the dismissal. Accordingly, EUSA cannot show that it will suffer legal prejudice and the Court should therefore grant SSC's Rule 41(a)(2) motion for voluntary dismissal.

V. **SSC'S AGREEMENT TO DISMISS ITS COUNTERCLAIMS OF INFRINGEMENT AGAINST EUSA AND ETS AND ITS COVENANTS NOT TO SUE COMPEL DISMISSAL OF ETS'S AND EUSA'S DECLARATORY JUDGMENT CLAIMS**

The Court has already dismissed SSC's counterclaims that ETS infringes the patents-in-suit with prejudice (D.I. 64), and by this motion SSC has requested that the Court dismiss its claims against EUSA. As stated above, SSC has provided an express covenant not to sue either EUSA with regard to current or past conduct. SSC provides the same covenant with respect to

LATHAM&WATKINS LLP  DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

5

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

ETS:

- SSC hereby unconditionally agrees not to sue Enplas Tech Solutions, Inc. for infringement as to any claim of United States Patent No. 6,473,554 and United States Patent No. 6,007,209 based upon Enplas Tech Solutions, Inc. manufacture, development, design, importation, marketing, licensing, distributing, offering for sale, or selling the Light Enhancer Cap™ lenses as they exist today or have existed in the past. For the purpose of this covenant not to sue, Light Enhancer Cap™ expressly includes Enplas part numbers:  REDACTED , and any other lens sold under the Light Enhancer Cap™ brand name.

These covenants and the stipulated dismissals provide ETS and EUSA with assurances that they will not face infringement allegations with respect to current or previous products that they make, use, offer to sell, sell, or import or previously made, used, offered to sell, sold, or imported. This covenant eliminates any actual case or controversy between SSC and either ETS or EUSA, and as such, the Court lacks subject matter jurisdiction over the declaratory judgment claims of ETS and EUSA. Thus, these claims must be dismissed under Rule 12(b)(1). *See e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995) (Super Sack's unconditional agreement to not "sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase" was sufficient to divest the court of jurisdiction over Chase's counterclaims of non-infringement, invalidity, and unenforceability); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117 (N.D. Cal. 2007) (dismissing defendant's counterclaims of invalidity and non-infringement for lack of subject matter jurisdiction based on the plaintiff's covenant not to sue and motion to dismiss its claims with prejudice, finding that the covenant "weighs strongly against the existence of a 'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment'").

## VI.   CONCLUSION

For the foregoing reasons, SSC respectfully requests that the Court (1) dismiss with prejudice SSC's counterclaims against EUSA, and (2) dismiss with prejudice ETS and EUSA's declaratory judgment claims.[4]

---

[4]   This motion and the covenants granted herein, do not and are not intended to release, forgive, license, covenant or exhaust any claims SSC has against Enplas Display Device

LATHAM&WATKINS LLP DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

6

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS

| | |
|---|---|
| Dated: October 14, 2015 | LATHAM & WATKINS LLP |
| | By: */s/ Ryan R. Owens* |
| | Ryan R. Owens<br>Attorneys for Defendant-Counterclaim Plaintiff |
| | *Seoul Semiconductor Co., Ltd.* |

---

Corporation ("EDD"). Such claims will be separately addressed in SSC's opposition to EDD's motion for summary judgment.

LATHAM&WATKINS LLP DC\4057386.9
ATTORNEYS AT LAW
ORANGE COUNTY

7

Case Number: 3:13-cv-05038-NC
MOTION TO DISMISS COUNTERCLAIMS AND
DECLARATORY JUDGMENT CLAIMS