LATHAM & WATKINS LLP
  Ryan R. Owens (Bar No. 269370)
*ryan.owens@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

LATHAM & WATKINS LLP
  Lawrence J. Gotts (*pro hac vice*)
*lawrence.gotts@lw.com*
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 2004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

LATHAM & WATKINS LLP
  S. Giri Pathmanaban (Bar No. 284802)
*giri.pathmanaban@lw.com*
  Michelle P. Woodhouse (Bar No. 260669)
*michelle.woodhosue@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendant
SEOUL SEMICONDUCTOR CO., LTD.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,<br><br>Plaintiff and Counterclaim Defendants,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>Defendant and Counterclaim Plaintiff. | CASE NO. 3:13-CV-05038-NC<br><br>**SSC'S OPPOSITION TO ETS'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>Assigned to Hon. Nathanael M. Cousins<br><br>Date: November 18, 2015<br>Time: 1:00 p.m.<br>Location: Courtroom 7, 4th Floor, San Jose |

LATHAM&WATKINS LLP DC\4080402.5
ATTORNEYS AT LAW
ORANGE COUNTY

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO ETS'S MOTION
FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

|     |                                                                                                                                                              | Page |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------ | ---- |
| I.  | INTRODUCTION                                                                                                                                                 | 1    |
| II. | BACKGROUND                                                                                                                                                   | 1    |
| III.| LEGAL STANDARD                                                                                                                                               | 2    |
| IV. | THE COURT HAS DISMISSED SSC'S CLAIMS OF INFRINGEMENT AGAINST ETS AND ETS'S DECLARATORY JUDGMENT CLAIMS ARE MOOT                                               | 3    |
| V.  | CONCLUSION                                                                                                                                                   | 5    |

LATHAM&WATKINS LLP DC\4080402.5
ATTORNEYS AT LAW
ORANGE COUNTY

i

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO ETS'S MOTION
FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
　495 F.3d 1340 (Fed. Cir. 2007) ................................................................................................2

*Crossbow Tech., Inc. v. YH Tech.*,
　531 F. Supp. 2d 1117 (N.D. Cal. 2007) .................................................................................2, 3

*Furminator, Inc. v. Ontel Prods. Corp.*,
　246 F.R.D. 579 (E.D. Mo. 2007) ............................................................................................3, 4

*Intel Corp. v. Wi-Lan, Inc.*,
　case no. 08-04555-JW (N.D. Cal. October 21, 2010) .................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
　549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) ............................................................2

*Radware, Ltd. v. A10 Networks, Inc.*,
　2014 WL 2738538 (N.D. Cal. June 11, 2014) ...........................................................................4

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
　556 F. 3d 1294 (Fed. Cir. 2009) .................................................................................................4

*Steffel v. Thompson*,
　415 U.S. 452, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) .............................................................2

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
　57 F.3d 1054 (Fed. Cir. 1995) ...................................................................................................3

**Statutes**

28 U.S.C. § 2201(a) .........................................................................................................................2

LATHAM&WATKINS LLP DC\4080402.5
ATTORNEYS AT LAW
ORANGE COUNTY

ii

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO ETS'S MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This Court has already dismissed with prejudice, and at SSC's request, SSC's patent infringement counterclaims against Enplas Tech Solutions ("ETS"). Knowing that SSC can no longer assert these claims, ETS nevertheless seeks to burden Court with a summary judgment motion—one of which the Court has no jurisdiction to decide. Accordingly, SSC respectfully requests the Court to deny ETS's Motion for Summary Judgment. (D.I. 132.)

## II. BACKGROUND

On October 29, 2013, Enplas Display Device ("EDD"), Enplas (U.S.A.), Inc. ("EUSA"), and ETS (collectively, "Enplas") brought this action seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 6,473,554 ("the '554 Patent") and United States Patent No. 6,007,209 (" the '209 patent") (and collectively, the "patents-in-suit"). On April 21, 2014, SSC filed its Answer and Counterclaim denying Enplas' allegations that the patents-in-suit were invalid and that Enplas did not infringe and counterclaiming for infringement of the patents-in-suit. On June 11, 2014, EDD, EUSA, and ETS filed its Answer to SSC's Counterclaims. (D.I. 53, 54, and 55.)

On July 8, 2014, shortly after answering SSC's counterclaim, ETS provided a declaration from its Vice President, John Lakoski, providing sworn testimony that ETS has had no relevant involvement with the products accused of infringement. On July 22, 2014, in light of this declaration, SSC and Enplas filed a joint stipulation dismissing SSC's claims against ETS, which was subject to confirmation of the facts resented in Mr. Lakoski's declaration. (D.I. 61.) On July 24, 2014, the Court granted the parties' stipulation dismissing SSC's counterclaims of patent infringement against ETS with prejudice. (D.I. 64.)

On September 15, 2015, more than a year after the dismissal and no additional mention of ETS, Enplas provided SSC with a proposed consent judgment seeking a declaration that ETS "has not and does not infringe directly or indirectly, U.S. Patent No. 6,473,554" and "Enplas Tech Solutions, Inc. has not and does not infringe, directly or indirectly, U.S. Patent No. 6,007,209." (D.I. 139-4.) On September 23, 2015, the parties met and conferred on the issue and SSC agreed to further consider the appropriate vehicle to fully dismiss all claims, from both

LATHAM&WATKINS LLP DC\4080402.5
ATTORNEYS AT LAW
ORANGE COUNTY

1

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO ETS'S MOTION
FOR SUMMARY JUDGMENT

parties, regarding ETS and EUSA, and agreed to get back to Enplas. (D.I. 139, ¶ 8.) On October 2, 2015, ETS filed the present motion for summary judgment of non-infringement an order from the Court that:

1. Enplas Tech Solutions, Inc. has not and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, U.S. Patent No. 6,473,554;

2. Enplas Tech Solutions, Inc. has not and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, U.S. Patent No. 6,007,209; and

3. All claims and counterclaims by Seoul Semiconductor Co., Ltd. against Enplas Tech Solutions, Inc. are dismissed with prejudice with Seoul Semiconductor Co., Ltd. taking nothing on its claims.

(D.I. 132-1.)[1]

## III. LEGAL STANDARD

To entertain a declaratory judgment action under 28 U.S.C. § 2201(a), a court must find that there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007). This requirement remains constant at all stages of review, not merely at the time the complaint was filed. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007) (citing *Steffel v. Thompson*, 415 U.S. 452, 459 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974)). The party claiming declaratory judgment jurisdiction bears the burden of proving that a substantial controversy still exists. *Steffel*, 415 U.S. at 459 n.10 (it is the burden of the party "claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and

---

[1] EUSA and EDD filed similar motions for non-infringement based upon claims that SSC has already agreed not to assert. (D.I. 128, D.I. 130, D.I. 134.) SSC has also opposed these motions based on lack of jurisdiction. Additionally, SSC has moved to dismiss its claims against EUSA pursuant to Federal Rule of Civil Procedure 41(1)(2) and has further moved to dismiss EUSA's and ETS's declaratory judgment claims pursuant to Federal Rule of Civil Procedure 12(b)(1). (D.I. 138.) Nothing in SSC's oppositions to these motions for summary judgment or in its motion to dismiss (D.I. 138) should be deemed to waive, exhaust, release, license or covenant against suit with respect to SSC's remaining asserted claims against EDD under the '554 and '209 patents.

LATHAM&WATKINS LLP DC\4080402.5
ATTORNEYS AT LAW
ORANGE COUNTY

2

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO ETS'S MOTION
FOR SUMMARY JUDGMENT

that it has continued since."). A covenant not to sue is sufficient to divest a trial court of subject matter jurisdiction. *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1121 (N.D. Cal. 2007); *see also Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 581 (E.D. Mo. 2007) (covenant not to sue destroyed subject matter jurisdiction over the declaratory judgment counterclaims of invalidity and denying motion for summary judgment of invalidity as moot).

## IV. THE COURT HAS DISMISSED SSC'S CLAIMS OF INFRINGEMENT AGAINST ETS AND ETS'S DECLARATORY JUDGMENT CLAIMS ARE MOOT

The Court has already dismissed SSC's claims that ETS infringes the patents-in-suit with prejudice. (D.I. 64.) SSC can no longer assert the patent-in-suit against ETS. To be sure, SSC hereby reaffirms its withdrawal of these allegations under the following covenant not to sue:

- SSC hereby unconditionally agrees not to sue Enplas Tech Solutions, Inc. for infringement as to any claim of United States Patent No. 6,473,554 and United States Patent No. 6,007,209 based upon Enplas Tech Solutions, Inc.'s manufacture, development, design, importation, marketing, licensing, distributing, offering for sale, or selling the Light Enhancer Cap™ lenses as they exist today or have existed in the past. For the purpose of this covenant not to sue, Light Enhancer Cap™ expressly includes Enplas part numbers: REDACTED , and any other lens sold under the Light Enhancer Cap™ brand name.

To the extent there was any remaining controversy left between SSC and ETS after the Court's dismissal of SSC's claims of infringement, which there was not, this covenant eliminates it and the Court therefore lacks subject matter jurisdiction over ETS's reciprocal declaratory judgment claims. *See e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995) (finding unconditional agreement to not sue for infringement of any claim of the patents-in-suit divested the court of jurisdiction over counterclaims); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117 (N.D. Cal. 2007) (dismissing counterclaims of invalidity and non-infringement for lack of subject matter jurisdiction based on the plaintiff's covenant not to sue and motion to dismiss).

Court's addressing this situation have provided the exact request that SSC seeks. For example, in *Furminator, Inc. v. Ontel Prods. Corp.*, in response to Defendant's motion for summary judgment of invalidity Plaintiff filed a motion to voluntarily dismiss all claims,

LATHAM&WATKINS<sup>LLP</sup> DC\4080402.5
ATTORNEYS AT LAW
ORANGE COUNTY

3

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO ETS'S MOTION
FOR SUMMARY JUDGMENT

provided a covenant not to sue, and moved to dismiss Defendant's declaratory judgment counterclaims arguing the release and covenant not to sue divested the court of subject matter jurisdiction over the counterclaims. *Furminator, Inc.,* 246 F.R.D. at 582. The court agreed and found that as a result of the covenant not to sue, Defendants had no potential liability under the asserted patents. *Id.* at 589. Accordingly, there was no case and controversy, subject matter jurisdiction was destroyed, and defendant's motion for summary judgment was denied as moot. *Id.* at 592. Just like the *Furminator* court found, in light of SSC's covenant not to sue, there is no case and controversy with respect to ETS and any claim of the patents-in-suit. As such, the Court lacks subject matter jurisdiction over ETS's counterclaims and ETS's summary judgment motion should be denied as moot.

The cases cited by ETS in support of its motion are inapposite. For example, in *Radware, Ltd. v. A10 Networks, Inc.*, Plaintiff argued that there is no longer a controversy between the parties when it silently removed claims from its infringement contentions and it would be estopped from asserting these claims future patent litigation. The court however found that "some covenants not to sue do not eliminate declaratory judgment jurisdiction, [and] the justiciable controversy did not end when **Radware silently abandoned some claims**[.]" 2014 WL 2738538, at *9 (N.D. Cal. June 11, 2014) (emphasis added). Unlike the Plaintiff in *Radware,* SSC withdrawal was not silent, but express. SSC stipulated to the dismissal of ETS with prejudice. (D.I. 64.) ETS admits as much. (D.I. 132 at 4.) Moreover, unlike Plaintiff in *Radware,* SSC provided a comprehensive covenant not to sue.

Similarly, in *Intel Corp. v. Wi-Lan*, *Inc.*, the court retained jurisdiction because Plaintiff's covenant not to sue excluded two products and therefore did not include a complete and unequivocal covenant withdrawing the claims at issue. *Intel Corp. v. Wi-Lan*, *Inc.*, case no. 08-04555-JW, Dkt. No. 303, Order Denying Defendants' Partial Motion To Dismiss; Granting Plaintiff's Motion for Partial Summary Judgment, at 3 (N.D. Cal. October 21, 2010). Here, SSC's covenant not to sue is complete and unequivocal as to ETS.

Finally, and as ETS's brief recognizes, the Federal Circuit's decision in *Revolution Eyewear, Inc. v. Aspex* focused on the sufficiency of the covenant not to sue and found it failed

LATHAM&WATKINS LLP DC\4080402.5
ATTORNEYS AT LAW
ORANGE COUNTY

4

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO ETS'S MOTION
FOR SUMMARY JUDGMENT

to cover current products and therefore did not remove subject matter jurisdiction. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F. 3d 1294, 1300 (Fed. Cir. 2009). In this case, unlike that in *Revolution Eyewear*, SSC has provided ETS with a complete and comprehensive covenant not to sue and therefore the Court lacks jurisdiction to rule on EUSA's declaratory judgment action for noninfringement.

Moreover, ETS has continually asserted that "ETS has had no relevant involvement with the products accused of infringement in SSC's Countercomplaint." (D.I. 64.) Therefore there can be no reasonable apprehension of a future lawsuit that would allow the Court to retain jurisdiction over ETS's counterclaims.

## V. CONCLUSION

For the foregoing reasons, SSC respectfully requests that the Court deny ETS's Motion For Summary Judgment Of Non-infringement. (D.I. 132.)

Dated: October 16, 2015

LATHAM & WATKINS LLP

By: */s/ Ryan R. Owens*

Ryan R. Owens
Attorneys for Defendant-Counterclaim Plaintiff

*Seoul Semiconductor Co., Ltd.*

LATHAM & WATKINS LLP DC\4080402.5
ATTORNEYS AT LAW
ORANGE COUNTY

5

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO ETS'S MOTION
FOR SUMMARY JUDGMENT