LATHAM & WATKINS LLP
  Ryan R. Owens (Bar No. 269370)
*ryan.owens@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

LATHAM & WATKINS LLP
  Lawrence J. Gotts (*pro hac vice*)
*lawrence.gotts@lw.com*
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 2004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

LATHAM & WATKINS LLP
  S. Giri Pathmanaban (Bar No. 284802)
*giri.pathmanaban@lw.com*
  Michelle P. Woodhouse (Bar No. 260669)
*michelle.woodhosue@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendant
SEOUL SEMICONDUCTOR CO., LTD.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,<br><br>Plaintiff and Counterclaim Defendants,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>Defendant and Counterclaim Plaintiff. | CASE NO. 3:13-CV-05038-NC<br><br>**SSC'S OPPOSITION TO EUSA'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>Assigned to Hon. Nathanael M. Cousins<br><br>Date: November 18, 2015<br>Time: 1:00 p.m.<br>Location: Courtroom 7, 4th Floor, San Jose |

LATHAM&WATKINS LLP DC\4080403.5
ATTORNEYS AT LAW
ORANGE COUNTY

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO EUSA'S MOTION
FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

|      |      | Page |
|------|------|------|
| I.   | INTRODUCTION | 1 |
| II.  | BACKGROUND | 1 |
| III. | LEGAL STANDARD | 3 |
| IV.  | SSC'S WITHDRAWAL OF ITS CLAIMS AGAINST EUSA MOOTS EUSA'S DECLARATORY JUDGMENT CLAIMS | 3 |
| V.   | CONCLUSION | 5 |

LATHAM&WATKINS LLP DC\4080403.5
ATTORNEYS AT LAW
ORANGE COUNTY

i

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO EUSA'S MOTION
FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007) ................................................................................................3

*Crossbow Tech., Inc. v. YH Tech.*,
  531 F. Supp. 2d 1117 (N.D. Cal. 2007) .................................................................................3, 4

*Furminator, Inc. v. Ontel Prods. Corp.*,
  246 F.R.D. 579 (E.D. Mo. 2007) ............................................................................................3, 4

*Intel Corp. v. Wi-Lan*, *Inc.*,
  case no. 08-04555-JW, (N.D. Cal. October 21, 2010) ................................................................5

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) ............................................................3

*Radware, Ltd. v. A10 Networks, Inc.*,
  2014 WL 2738538 (N.D. Cal. June 11, 2014) ....................................................................... 4-5

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
  556 F. 3d 1294 (Fed. Cir. 2009) .................................................................................................5

*Steffel v. Thompson*,
  415 U.S. 452, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974) ..............................................................3

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
  57 F.3d 1054 (Fed. Cir. 1995) ....................................................................................................4

**Statutes**

28 U.S.C. § 2201(a) ..........................................................................................................................3

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................................3

Federal Rule of Civil Procedure 41(1)(2) ........................................................................................2

LATHAM&WATKINS LLP DC\4080403.5
ATTORNEYS AT LAW
ORANGE COUNTY

ii

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO EUSA'S MOTION
FOR SUMMARY JUDGMENT

## I. INTRODUCTION

SSC has unequivocally withdrawn its claims of infringement of United States Patent No. 6,473,554 ("the '554 Patent") and United States Patent No. 6,007,209 (" the '209 patent") against Enplas (U.S.A.), Inc. ("EUSA"). Knowing that SSC can no longer assert these claims, EUSA nevertheless seeks to burden Court with a summary judgment motion—one of which the Court has no jurisdiction to decide. Accordingly, SSC respectfully requests the Court deny EUSA's Motion for Summary Judgment. (D.I. 130.)

## II. BACKGROUND

On October 29, 2013, Enplas Display Device ("EDD"), EUSA, and Enplas Tech Solutions, Inc. ("ETS", and collectively, "Enplas") brought this action seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 6,473,554 ("the '554 Patent") and United States Patent No. 6,007,209 ("the '209 patent") (and collectively, the "patents-in-suit"). On April 21, 2014, SSC filed its Answer and Counterclaim denying Enplas' allegations that the patents-in-suit were invalid and that Enplas did not infringe, and counterclaiming for infringement of the patents-in-suit. On June 11, 2014, EDD, EUSA, and ETS filed its Answer to SSC's Counterclaims. (D.I. 53, 54, and 55.)

SSC proceeded with discovery from EUSA.     REDACTED

LATHAM&WATKINS<sup>LLP</sup> DC\4080403.5
ATTORNEYS AT LAW
ORANGE COUNTY

1

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO EUSA'S MOTION
FOR SUMMARY JUDGMENT

REDACTED

In connection with SSC's opening expert reports, SSC evaluated the discovery provided with respect to EUSA and based on minimal damages available, it made the decision not to pursue infringement claims against EUSA. On September 11, 2015, SSC informed Enplas that it would withdraw its infringement claims against EUSA. (D.I. 131, Ex. 2.) Enplas did not object to SSC's proposed withdrawal or assert that SSC's withdrawal was in any way improper or prejudicial. Rather, Enplas provided SSC with a proposed consent judgment, which explicitly stated that EUSA did not infringe the patents-in-suit. (D.I. 139-4.) SSC responded that the consent judgment was unnecessary and instead proposed the parties enter into a stipulated dismissal stating that "[p]ursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii) and 41(c) and subject to the approval of this Court, that SSC's counterclaims of patent infringement against EUSA are dismissed with prejudice," as it had previously done with respect to ETS. (D.I. 139-5.) On September 23, 2015, the parties met and conferred on the issue and SSC agreed to further consider the appropriate vehicle to fully dismiss all claims, from both parties, regarding ETS and EUSA, and agreed to get back to Enplas. (D.I. 139, ¶ 8.) On October 2, 2015 while SSC was trying to work through the issues, and without further warning, EUSA filed the present motion for summary judgment of non-infringement seeking an order from the Court that:

1. Enplas (U.S.A.), Inc. has not and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, U.S. Patent No. 6,473,554;

2. Enplas (U.S.A.), Inc. has not and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, U.S. Patent No. 6,007,209; and

3. All claims and counterclaims by Seoul Semiconductor Co., Ltd. against Enplas (U.S.A.), Inc. are dismissed with prejudice with Seoul Semiconductor Co., Ltd. taking nothing on its claims.

(D.I. 130-1.)[1]

---

[1] EDD and ETS filed similar motions for non-infringement based upon claims that SSC has already agreed not to assert and claims the Court has already dismissed. (D.I. 128, D.I. 132, D.I. 134.) SSC has also opposed these motions based on lack of jurisdiction. Additionally, SSC has moved to dismiss its claims against EUSA pursuant to Federal Rule of Civil Procedure

LATHAM&WATKINS LLP DC\4080403.5
ATTORNEYS AT LAW
ORANGE COUNTY

2

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO EUSA'S MOTION
FOR SUMMARY JUDGMENT

## III. LEGAL STANDARD

To entertain a declaratory judgment action under 28 U.S.C. § 2201(a), a court must find that there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant relief." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007). This requirement remains constant at all stages of review, not merely at the time the complaint was filed. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007) (*citing Steffel v. Thompson*, 415 U.S. 452, 459 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974)). The party claiming declaratory judgment jurisdiction bears the burden of proving that a substantial controversy still exists. *Steffel*, 415 U.S. at 459 n.10 (it is the burden of the party "claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since."). A covenant not to sue is sufficient to divest a trial court of subject matter jurisdiction over a party. *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1121 (N.D. Cal. 2007); *see also Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 581 (E.D. Mo. 2007) (covenant not to sue destroyed subject matter jurisdiction over the declaratory judgment counterclaims of invalidity and denying motion for summary judgment of invalidity as moot).

## IV. SSC'S WITHDRAWAL OF ITS CLAIMS AGAINST EUSA MOOTS EUSA'S DECLARATORY JUDGMENT CLAIMS

It is undisputed that SSC has affirmatively stated that it has withdrawn its infringement allegations against EUSA with respect to the '554 patent and the '209 patent. SSC can no longer assert the patents-in-suit against EUSA. To be sure, SSC hereby reaffirms its withdrawal of these allegations under the following covenant not to sue:

- SSC hereby unconditionally agrees not to sue Enplas (U.S.A.), Inc. for infringement as to any claim of United States Patent No. 6,473,554 and United States Patent No. 6,007,209

---

41(1)(2) and has further moved to dismiss EUSA's declaratory judgment claims pursuant to Federal Rule of Civil Procedure 12(b)(1). (D.I. 138.) Nothing in SSC's response to those motions (D.I. 128, D.I. 132, D.I. 134) or in its motion to dismiss (D.I. 138) should be deemed to waive, exhaust, release, license or covenant against suit with respect to SSC's remaining asserted claims against EDD under the '554 and '209 patents.

LATHAM&WATKINS LLP DC\4080403.5
ATTORNEYS AT LAW
ORANGE COUNTY

3

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO EUSA'S MOTION
FOR SUMMARY JUDGMENT

based upon Enplas (U.S.A.), Inc.'s manufacture, development, design, importation, marketing, licensing, distributing, offering for sale, or selling the Light Enhancer Cap™ lenses as they exist today or have existed in the past. For the purpose of this covenant not to sue, Light Enhancer Cap™ expressly includes Enplas part numbers: REDACTED
, and any other lens sold under the Light Enhancer Cap™ brand name.

To the extent there was any remaining controversy left between SSC and EUSA this covenant eliminates it and the Court therefore lacks subject matter jurisdiction over EUSA's reciprocal declaratory judgment claims. *See e.g., Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995) (finding unconditional agreement to not sue for infringement of any claim of the patents-in-suit divested the court of jurisdiction over counterclaims); *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117 (N.D. Cal. 2007) (dismissing counterclaims of invalidity and non-infringement for lack of subject matter jurisdiction based on the plaintiff's covenant not to sue and motion to dismiss).

Court's addressing this situation have provided the exact request that SSC seeks. For example, in *Furminator, Inc. v. Ontel Prods. Corp.*, in response to Defendant's motion for summary judgment of invalidity Plaintiff filed a motion to voluntarily dismiss all claims, provided a covenant not to sue, and moved to dismiss Defendant's declaratory judgment counterclaims arguing the release and covenant not to sue divested the court of subject matter jurisdiction over the counterclaims. *Furminator, Inc.,* 246 F.R.D. at 582. The court agreed and found that as a result of the covenant not to sue, defendants had no potential liability under the asserted patents. *Id.* at 589. Accordingly, there was no case and controversy, subject matter was destroyed, and Defendant's motion for summary judgment was denied as moot. *Id.* at 592. Just like the *Furminator* court found, in light of SSC's covenant not to sue there is no case and controversy with respect to EUSA and any claim of the patents-in-suit. As such, the Court lacks subject matter jurisdiction over EUSA's counterclaims and EUSA's summary judgment motions should be denied as moot.

The cases cited by EUSA in support of its motions are inapposite. For example, in *Radware, Ltd. v. A10 Networks, Inc.*, Plaintiff argued that there is no longer a controversy between the parties when it silently removed claims from its infringement contentions and it

LATHAM&WATKINS LLP DC\4080403.5
ATTORNEYS AT LAW
ORANGE COUNTY

4

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO EUSA'S MOTION
FOR SUMMARY JUDGMENT

would be estopped from asserting these claims future patent litigation. The court however found that "some covenants not to sue do not eliminate declaratory judgment jurisdiction, [and] the justiciable controversy did not end when **Radware silently abandoned some claims**[.]" 2014 WL 2738538, at *9 (N.D. Cal. June 11, 2014) (emphasis added). Unlike the Plaintiff in *Radware,* as EUSA admits, SSC's withdrawal was not silent. ((D.I. 130 at 4 ("SSC . . . unequivocally withdrew its allegations of infringement against EUSA").) Moreover, unlike Plaintiff in *Radware,* SSC provided a comprehensive covenant not to sue.

Similarly, in *Intel Corp. v. Wi-Lan*, *Inc.*, the court retained jurisdiction because Plaintiff's covenant not to sue excluded two products and therefore did not include a complete and unequivocal covenant withdrawing the claims at issue. *Intel Corp. v. Wi-Lan*, *Inc.*, case no. 08-04555-JW, Dkt. No. 303, Order Denying Defendants' Partial Motion To Dismiss; Granting Plaintiff's Motion for Partial Summary Judgment, at 3 (N.D. Cal. October 21, 2010). Here, SSC's covenant not to sue is complete and unequivocal as to EUSA.

Finally, and as EUSA's brief recognizes, the Federal Circuit's decision in *Revolution Eyewear, Inc. v. Aspex* focused on the sufficiency of the covenant not to sue. *Revolution Eyewear, Inc.*, 556 F. 3d at 1300. In this case, unlike that in *Revolution Eyewear*, SSC has provided EUSA with a "a complete and comprehensive covenant not to sue" and therefore the Court lacks jurisdiction to rule on EUSA's declaratory judgment action for noninfringement. ((D.I. 130 at 4) (citing *Revolution Eyewear*, 556 F. 3d 1294 at 1300).)

V. **CONCLUSION**

For the foregoing reasons, SSC respectfully requests that the Court deny as moot EUSA's Motion For Summary Judgment of Non-infringement. (D.I. 130.)

Dated: October 16, 2015                LATHAM & WATKINS LLP

By: */s/ Ryan R. Owens*

Ryan R. Owens
Attorneys for Defendant-Counterclaim Plaintiff

*Seoul Semiconductor Co., Ltd.*

LATHAM&WATKINS LLP DC\4080403.5
ATTORNEYS AT LAW
ORANGE COUNTY

5

CASE NO.: 3:13-cv-05038-NC
SSC'S OPP. TO EUSA'S MOTION
FOR SUMMARY JUDGMENT