| | |
|---|---|
| NAGASHIMA & HASHIMOTO | SHAW KELLER LLP |
| MARC R. LABGOLD (*pro hac vice*) | JOHN W. SHAW (*pro hac vice*) |
| mlabgold@labgoldlaw.com | jshaw@shawkeller.com |
| PATRICK J. HOEFFNER (*pro hac vice*) | JEFFREY CASTELLANO (*pro hac vice*) |
| phoeffner@labgoldlaw.com | jcastellano@shawkeller.com |
| 12005 Sunrise Valley Drive, Suite 203 | 300 Delaware Avenue, Suite 1120 |
| Reston, Virginia 20191 | Wilmington, Delaware 19801 |
| Telephone: 877-401-8855 | Telephone: 302-298-0700 |
| Facsimile: 877-401-8855 | |
| | SEILER EPSTEIN ZIEGLER & APPLEGATE LLP |
| NAGASHIMA & HASHIMOTO | MARK W. EPSTEIN (SBN 143202) |
| TAKAAKI NAGASHIMA (*pro hac vice*) | GEORGE M. LEE (SBN 172982) |
| nagashima@nandhlaw.com | gml@sezalaw.com |
| Hirakawa-cho, KS Bldg., 2nd Floor | 601 Montgomery Street, Suite 2000 |
| 2-4-14, Hirakawa-cho, Chiyoda-ku | San Francisco, California 94111 |
| Tokyo 102-0098 Japan | Telephone: 415-979-0500 |
| Telephone: +81-3-3239-5750 | Facsimile: 415-979-0511 |
| Facsimile: +81-3-3239-8538 | |

*Attorneys for Plaintiffs Enplas Display Device Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SEOUL SEMICONDUCTOR CO., LTD; <br><br> Defendant/Counterclaim Plaintiff. | **CASE NO. 3:13-CV-05038-NC** <br><br> **JURY TRIAL DEMANDED** <br><br><br> **PLAINTIFF ENPLAS DISPLAY DEVICE CORPORATION'S REPLY IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT** <br><br><br> Hearing Date: November 18, 2015 <br> Time: 1:00 p.m. <br> Honorable Nathanael Cousins <br> San Jose Courthouse, <br> Courtroom 7 - 4th Floor |

Patent-owner Seoul Semiconductor Co., Ltd.'s ("SSC") attempt to avoid judgment on claims that it has pursued for nearly two years not only ignores the great burdens SSC imposed on the Court and defendant Enplas Display Device Corporation ("EDD"), but also its own affirmative infringement claims. Even assuming, *arguendo*, that SSC's covenants not to sue are sufficient to moot EDD's declaratory judgment claims (which they are not), SSC's covenants do not resolve SSC's own affirmative infringement claims. Further, the Federal Rules do not permit a litigant to simply announce that it is "withdraw[ing]" its own claims that it actively pursued through discovery, just to avoid an adverse judgment. Put simply, regardless of the ultimate disposition of EDD's declaratory judgment claims, EDD remains entitled to a favorable judgment on the patent claims SSC actively pursued for nearly two years.

**A.   SSC Actively Litigated All of the Claims It Now Seeks to Drop.**

This dispute began when SSC accused EDD of infringement of all claims of U.S. Patent Nos. 6,473,554 and 6,007,209 (the "'554 patent" and the "'209 patent") in October 2013. (D.I. 1, Exh. C at 1-2). EDD then brought an action seeking a declaratory judgment that it did not infringe any claim of these two patents and that all of the claims of each patent were invalid. (Dkt. 1 at ¶¶ 27-38). SSC counterclaimed, affirmatively asserting that EDD infringed each patent, directly under 35 U.S.C. § 271(a) and indirectly under 35 U.S.C. §§ 271(b) and (c). (Dkt. 11 at ¶¶ 36, 45, 51, 60). EDD's complaint was not limited to any specific claims or specific EDD lenses, and SSC's counterclaims were similarly unlimited, broadly asserting that EDD "infringed" both patents. (*Id.* at ¶¶ 36, 51).

In its infringement contentions, SSC then specifically asserted claims 1, 2-4, 6-9, 11-13, 19-20, 23, 30-31, 33-37, 38, 39, 41-43 and 45-48 of the '554 patent and claims 1, 5, 6, 20, 22 of the '209 patent. (Exh. B[1] at 3). SSC maintained all of its assertions of direct infringement under 35 U.S.C. § 271(a) and indirect infringement under 35 U.S.C. §§ 271(b) and (c). (*Id.* at 7-13). It specifically identified seven lenses that allegedly infringed, including #9827 and #4922. (*Id.* at

---

[1]  Unless otherwise specified, references to "Exh." refer to exhibits to the Declaration of Marc R. Labgold, Ph.D. in Support of Plaintiffs/Counterclaim Defendants' Motions for Summary Judgment, filed concurrently herewith.

4). SSC then took discovery on all of its claims—including each of the claims at issue in these motions—including 63 document requests, the maximum permitted number of interrogatories, 62 requests for admission, and 9 depositions. Even as late as the close of fact discovery, SSC served contentions that focused on all of these claims. (*See* Exh. E).

**B.  The Court Must Resolve SSC's Affirmative Infringement Claims, Regardless of Anything Else that Happens in the Litigation.**

As described above, SSC actively litigated each of the claims at issue in this motion for summary judgment. SSC threatened infringement of these claims in its initial letter, it asserted these claims in its answer, and it pursued the claims throughout discovery. It was unable to develop proofs to support any of these claims, and it now concedes that it cannot prevail on them.

Under these circumstances, the Federal Rules fully support entry of judgment in EDD's favor ***on these portions of SSC's infringement claims***, regardless of the existence of EDD's declaratory judgment action. Rule 56(a) expressly contemplates that judgment ***must*** be entered on any claim or defense on which summary judgment is sought where there is no genuine dispute of material fact. The rule does not exempt claims a litigant once pursued with vigor, but—after invoking the power of the court and imposing significant costs on EDD (through discovery and lost business resources) and the public (through the Court's adjudication of claim construction)—it now wants to surrender. Indeed, the Federal Circuit is clear that even a fully effective covenant not to sue fails to deprive a district court of its power to hear a litigant's affirmative claims of patent infringement (as well as those arising under 35 U.S.C. § 285). *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006) (holding that a covenant not to sue does not deprive a court of jurisdiction over a plaintiff's affirmative patent infringement claims and claims under § 285); *see also Cooper Notification, Inc. v. Twitter, Inc.*, 545 F. App'x 959, 967 (Fed. Cir. 2013) ("[A] district court retains jurisdiction over claims in a patent suit for purposes of Federal Rule of Civil Procedure Rule 41 even if the patentee offers a covenant not to sue.").

Further, SSC cannot simply announce that it is "withdrawing" its own, actively litigated claims and make them disappear. Moving forward with summary judgment is, instead, the

appropriate course of action. *Ramirez v. Miami-Dade Cnty.*, 846 F. Supp. 2d 1308, 1313 (S.D. Fla. 2012) (granting summary judgment on claims the plaintiff sought to "withdraw"), *aff'd* 509 F. App'x 896 (11th Cir. 2013); *Sherick v. Battelle Energy Alliance, LLC*, No. CV-07-307-S-BLW, 2009 WL 453768, at *2 (D. Idaho Feb. 20, 2009) (same).

SSC's reference to *VirnetX Inc. v. Apple Inc.*, 2013 WL 692652 (E.D. Tex. Feb. 26, 2013), does not aid its cause. In *VirnetX*, the party seeking preclusion was the patent holder, and the claims at issue were invalidity defenses that corresponded to patent claims the parties had mutually agreed would not be tried to the jury. 2013 WL 692652 at *25. In those circumstances, the court understandably did not want to foreclose the accused infringer from pursuing its invalidity defenses in the future if the patent-holder brought future litigation. *Id*. Here, the facts are significantly different. The accused infringer, EDD, is moving for entry of judgment on patent claims the patent-holder SSC cannot or does not want to prove. SSC pursued these claims actively for nearly two years, involved the Court heavily in claim construction on them, and then sought to "withdraw[]" them shortly before EDD filed this motion. Nor does *VirnetX* represent a widely held rule in favor of allowing litigants to drop claims after full discovery without consequences. Indeed, the general rule is to the contrary. 8 *Moore's Federal Practice* § 41.40[7][b] at 41-157 (Rel. 172-12/2011) ("A motion for voluntary dismissal should generally be denied when the purpose is to avoid an adverse determination on the merits of an action."); *see Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008) ("A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling."); *Bollinger v. Lilley*, No. 3:06-CV-0392LRHVPC, 2007 WL 2406786, at *2 (D. Nev. Aug. 17, 2007) (denying Rule 41 motion to dismiss where plaintiff sought dismissal to avoid a pending summary judgment motion, after forcing defendant to "proceed[] through a motion to dismiss and all of the discovery process"); *BP W. Coast Products LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (denying Rule 41 motion to dismiss filed "nearly a year and a half after the counterclaims were initially brought").

Finally, SSC objects to EDD's motion on policy grounds, suggesting that EDD's motion penalizes SSC for withdrawing claims. (Dkt. No. 145 at 8). That is not so. EDD seeks a substantive determination on the claims at issue because the parties have heavily litigated the claims, many all the way through burdensome fact discovery.

**C. SSC's Covenants Not to Sue Do Not Bar Entry of Judgment on EDD's Declaratory Judgment Claims.**

Partial covenants not sue—like those SSC included in its answer paper—do not divest the Court of jurisdiction in a case like this one where SSC put the entirety of its patents at issue. SSC's partial covenant not to sue is insufficient for two reasons. First, it covers only certain claims, while attempting to preserve liability as to others. Second, it does not release EDD from infringement by "using" the accused products.

**1. SSC's Covenant Not to Sue is Insufficient as a Matter of Law Because It Does Not Encompass All of SSC's Claims**

The Federal Circuit Court of Appeals has held that attempts to covenant away some but not all forms of infringement under 35 U.S.C. § 271 are not effective. In *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368 (Fed. Cir. 2011), the patent holder attempted to eliminate declaratory judgment jurisdiction over a complaint on several grounds, including by promising not to sue for direct infringement under 35 U.S.C. § 271(a) or contributory infringement under 35 U.S.C. § 271(c). 639 F.3d 1368 at 1380-81. The patentee refused, however, to promise not to sue for induced infringement under 35 U.S.C. § 271(b). *Id.* The court found that this refusal not only served to keep alive declaratory judgment claims on induced infringement, but the declaratory judgment claims on contributory infringement as well. *Id.* The same thing has happened here.

The same principle is illustrated by a separate line precedent dealing with covenants not to sue on some but not all asserted claims. In this circumstance, where a patentee has alleged infringement of "all claims" of a patent, a covenant not to sue that does not encompass all claims does not destroy subject matter jurisdiction, even as to the claims that the covenant does encompass. *See Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.*, 528 F. Supp. 2d 654, 674

(E.D. Mich. 2007); *cf. Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 624 (Fed. Cir. 1984) (holding that a plaintiff's voluntary dismissal of allegations of infringement of a patent claim could not "unilaterally remove" defendant's counterclaim of invalidity as to that claim). In *Lear*, the patentee had alleged infringement of all claims of the asserted patent, and then offered a covenant not to sue as to only some of the asserted claims. *Lear*, 528 F. Supp. 2d 654 at 669-70. The Court held that such a limited covenant did not destroy subject matter jurisdiction over the claims. *Id.* at 672-74. Other courts have come to the same conclusion. *See, e.g.*, *F.B. Leopold Co., Inc. v. Roberts Filter Mfg. Co., Inc.*, Civil Action No. 92–2427, 1995 WL 776945, *1-2 (W.D. Pa. Aug. 2, 1995) (retaining jurisdiction despite patentee's abandonment of some but not all claims); *Syngenta Seeds, Inc. v. Monsanto Co.*, C.A. No. 02-1331-SLR, 2004 WL 2790498, at *1 n.1 (D. Del. Nov. 22, 2004) (holding that a patentee's decision to not to assert certain "discrete claims" did not divest the court of subject matter jurisdiction over counterclaims involving the validity of those claims).

### 2. SSC's Covenant Not to Sue Does Not Resolve EDD's Declaratory Judgment Claims

While SSC's covenant not to sue properly encompasses EDD's "manufacture, development, design, importation, marketing, licensing, distributing, offering for sale, or selling [of] any . . . lens sold under the Light Enhancer Cap™ brand name," conspicuously absent from SSC's covenant is any conveyance of the right to "make" or "use" products that practice the patents-in-suit.[2] (*See* Dkt. No. 145 at 6:18-22). Yet these activities are among those prohibited by 35 U.S.C. § 271(a), which states, in relevant part, that "whoever without authority ***makes***, ***uses***, offers to sell, or sells any patented invention . . . infringes the patent."

After meeting and conferring as to whether it was SSC's intent to exclude "making" and "using" from its covenant not to sue, SSC's counsel confirmed by e-mail[3] on October 23, 2015

---

[2] EDD acknowledges that SSC's covenant not to sue, even though deficient, was effective to the extent of the covenant as to the time SSC filed its covenant with the Court. *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, 708 F. Supp. 2d 527, 535-38 (D. Md. 2010).

[3] A covenant not to sue is effective when made. *See Higher One, Inc. v. TouchNet Info. Sys., Inc.*, Civil No. 3:10CV1435(AWT), 2014 WL 4798546, *1-2 (D. Conn. Sept. 26, 2014) (treating as effective a covenant not to sue that was sent via e-mail).

that the covenant not to sue should be read "to include making and using," and represented that SSC could "update the covenants expressly to include this language." (Exh. G).

Even as amended, however, the covenant does not divest the Court of jurisdiction.[4] The Federal Circuit has held that "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Where the covenant at issue encompasses less than all of the parties' disputes, courts have consistently held that subject matter jurisdiction remains. *See id.* at 1300 (reversing grant of motion to dismiss, where the "covenant did not extend to future sales of the same product as was previously sold."); *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011) (finding that promising not to sue for direct or contributory infringement, but refusing to make a similar promise regarding inducement, did not divest the court of declaratory judgment jurisdiction of patentee's *contributory* infringement claims); *Intel Corp. v. Wi-LAN, et al.*, C.A. No 08-04555 JW, Dkt. No. 303, at *2 (N.D. Cal. Oct. 21, 2010) (denying motion to dismiss where the covenant not to sue did not encompass every product).

Here, it is undisputed that SSC continues to accuse EDD of inducing infringement under 35 U.S.C. § 271(b). As such, SSC's covenant not to sue does not resolve all disputes between the parties, and is plainly insufficient to destroy subject matter jurisdiction in this action. *See, Arris*, 639 F.3d at 1381; *Revolution*, 556 F.3d at 1300.

**D. Conclusion**

Accordingly, for the reasons set for in its opening brief and above, EDD is entitled to entry of judgment of no infringement as a matter of law.

//

//

//

//

---

[4] EDD does not waive any argument, or make any representation, regarding the scope of the covenant.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: October 23, 2015 | NAGASHIMA & HASHIMOTO |
| 3 | | |
| 4 | | */s/ Marc R. Labgold*<br>Marc R. Labgold, Ph.D. |
| 5 | | |
| 6 | | Attorneys for Plaintiffs / Counterclaim Defendant *Enplas Display Device Corporation* |