NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12005 Sunrise Valley Drive, Suite 203
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

SHAW KELLER LLP
JOHN W. SHAW (*pro hac vice*)
jshaw@shawkeller.com
JEFFREY CASTELLANO (*pro hac vice*)
jcastellano@shawkeller.com
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
Telephone: 302-298-0700

SEILER EPSTEIN ZIEGLER &
  APPLEGATE LLP
MARK W. EPSTEIN (SBN 143202)
GEORGE M. LEE (SBN 172982)
gml@sezalaw.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415-979-0500
Facsimile: 415-979-0511

*Attorneys for Plaintiffs*
*Enplas (U.S.A.), Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SEOUL SEMICONDUCTOR CO., LTD; <br><br> Defendant/Counterclaim Plaintiff. | **CASE NO. 3:13-CV-05038-NC** <br><br> **JURY TRIAL DEMANDED** <br><br> **PLAINTIFF ENPLAS (U.S.A.), INC.'S REPLY IN SUPPORT OF ITS MOTIONS FOR SUMMARY JUDGMENT** <br><br><br> Hearing Date: November 18, 2015 <br> Time: 1:00 p.m. <br> Honorable Nathanael Cousins <br> San Jose Courthouse, <br> Courtroom 7 - 4th Floor |

Seoul Semiconductor Co., Ltd. ("SSC") has pursued its claims of patent infringement against Enplas (U.S.A.), Inc. ("EUSA") for nearly two years. SSC propounded interrogatories on EUSA, demanded document production from EUSA, sought admissions from EUSA, and took depositions of EUSA. SSC then affirmed its allegations of infringement against EUSA in supplemental interrogatories served on the *last day of fact discovery*. (Exh. E).[1]

SSC now claims it had a change of heart about its case against EUSA on September 11, 2015. Undisputedly, SSC's change of heart only came after EUSA asked SSC to consent to entry of judgment for failure of proof on the merits on all of the claims SSC had raised. (Exh. A at 3).[2] Indeed, SSC stated that it would not, *under any circumstances*, enter into any form of judgment that was not limited to any of the seven lenses. (Reply Declaration of Marc R. Labgold, Ph.D., ¶ 17).[3] SSC never offered a covenant not to sue. (*Id.* at ¶ 16). This motion followed.

SSC responds now by "withdraw[ing]" its claims and proffering a never before mentioned covenant not to sue on *both* the seven expressly accused lenses *and* "any other lens sold under the Light Enhancer Cap™ brand name" (Dkt. No. 143 at 3:22-4:4), all in an attempt to avoid an "adverse ruling" on the merits, (Dkt. No. 145 at 1:7-8). But SSC's strategy is unsupported and improper on several grounds.

<u>First</u>, EUSA's Motion for Summary Judgment seeks summary judgment on SSC's affirmative claims for infringement against EUSA, not just on EUSA's declaratory judgment claims. The Court's jurisdiction over SSC's infringement claims is not affected by the covenant not to sue; SSC's infringement claims remain in SSC's pleading, and the Court has not dismissed

---

[1] Unless otherwise specified, references to "Exh." refer to exhibits to the Declaration of Marc R. Labgold, Ph.D. in Support of Plaintiffs/Counterclaim Defendants' Motions for Summary Judgment ("Labgold Decl."), filed concurrently herewith.

[2] SSC asserts—with no support—that economic reasons motivate its change of heart; however, if true, SSC could have simply agreed to the consent judgment. EUSA sought SSC's consent to enter into a judgment because EUSA was preparing substantive motions on SSC's failures of proof under all of its infringement claims such that, based on the factual record developed in this litigation, these motions would have been granted on the merits.

[3] SSC's recounting of the facts preceding the filing of the instant motion mischaracterizes the facts and omits significant details.

3:13-cv-05038-NC    1    **PLAINTIFF ENPLAS (U.S.A.) INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

1 those claims, which means that EUSA remains entitled to a summary judgment of non-infringement for the reasons set forth in its opening brief. SSC cannot now simply withdraw those claims after forcing EUSA to perform extended and burdensome fact discovery, all in an admitted attempt to avoid an adverse judgment on EUSA's summary judgment motion.

Second, SSC's attempt to avoid an "adverse ruling" is futile. The outcome of granting EUSA's Motion for Summary Judgment is exactly the same as granting the SSC's later-filed motion for dismissal with prejudice: either way, EUSA is entitled to an entry of judgment in its favor on SSC's claims.

Last, SSC's covenant not to sue is insufficient as a matter of law because it does not resolve all of the issues between the parties. Specifically, SSC's covenant not to sue does not encompass the "use" of products covered by the patents-in-suit.

Ultimately, SSC's opposition offers no substantive argument against EUSA's Motion for Summary Judgment, and as such, the motion should be granted and judgment should be entered against SSC on SSC's affirmative claims of infringement, and on EUSA's claims for a declaratory judgment of non-infringement.

**A. SSC Cannot Simply Announce that It Wants to "Withdraw" Claims in Its Own Pleadings to Avoid an "Adverse Judgment"**

Even if, *arguendo*, SSC's covenant deprives the Court of jurisdiction over EUSA's declaratory judgment action, the Court's jurisdiction ***over SSC's affirmative claim of infringement*** is not affected by the covenant not to sue. *See Cooper Notification, Inc. v. Twitter, Inc.*, 545 F. App'x 959, 967 (Fed. Cir. 2013) ("[A] district court retains jurisdiction over claims in a patent suit for purposes of Federal Rule of Civil Procedure Rule 41 even if the patentee offers a covenant not to sue."); *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006) (holding that a covenant not to sue does not deprive a court of jurisdiction over a plaintiff's affirmative patent infringement claims).

SSC's affirmative assertions of patent infringement require resolution. EUSA's motion sought entry of summary judgment on SSC's affirmative claim for infringement, not just on EUSA's declaratory judgment claims of non-infringement. (Dkt. No. 130, at 2:11-13, 4:5-8,

attachment 1 (proposed order seeking "dismissal with prejudice" of "[a]ll claims and counterclaims by [SSC] against [EUSA]."); *see* Dkt. No. 11 (SSC's Answer to Amended Complaint and Counterclaims, asserting counterclaims of patent infringement against EUSA)). SSC asserts that it has "withdrawn" its own affirmative claims (Dkt. No. 143 at 3:22-4:4), but a litigant cannot simply make that announcement and escape entry of judgment. *See*, *e.g.*, *Ramirez v. Miami-Dade Cnty.*, 846 F. Supp. 2d 1308, 1313 (S.D. Fla. 2012) (rejecting plaintiff's attempt to "withdraw" two of its claims, and granting summary judgment on those claims and against the plaintiff), *aff'd* 509 F. App'x 896 (11th Cir. 2013); *Sherick v. Battelle Energy Alliance, LLC*, No. CV-07-307-S-BLW, 2009 WL 453768, at *2 (D. Idaho Feb. 20, 2009) (same).

Nor does SSC's just-filed motion to dismiss its own claims against EUSA prevent entry of summary judgment in EUSA's favor. Those claims remain live until they are dismissed, and SSC identifies no rule or policy that requires the Court to dismiss SSC's claims against EUSA rather than grant EUSA's motion for summary judgment. *Cf. Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (recognizing that "[d]istrict courts have inherent power to control their dockets."). Indeed, SSC expressly states in its opposition to Enplas Display Device Corporation's Motion for Summary Judgment that its motivation is to avoid an adverse ruling. (Dkt. No. 145 at 1:7-8). While the facts and circumstances of Rule 41 motions to voluntarily dismiss vary widely, "[a] motion for voluntary dismissal should generally be denied when the purpose is to avoid an adverse determination on the merits of an action." 8 *Moore's Federal Practice & Procedure* § 41.40[7][b] at 41-157 (Rel. 172-12/2011); *see also Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008) ("A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling."); *BP W. Coast Products LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (denying Rule 41 motion to dismiss filed "nearly a year and a half after the counterclaims were initially brought"); *Bollinger v. Lilley*, No. 3:06-CV-0392LRHVPC, 2007 WL 2406786, at *2 (D. Nev. Aug. 17, 2007) (denying Rule 41 motion to dismiss where plaintiff sought dismissal to avoid a pending summary judgment motion, after forcing defendant to "proceed[] through a motion to dismiss and all of the discovery process").

SSC has offered no substantive response to EUSA's summary judgment arguments. SSC bears the burden of proof on its causes of action for infringement, and it has failed to identify any claim infringed by EUSA or any alleged liability for any alleged infringement by EUSA. (Dkt No. 143). SSC does not dispute this, and goes so far as to "reaffirm" that it has withdrawn its allegations. (*Id.*). In these circumstances Rule 56 requires entry of judgment in favor of EUSA on SSC's affirmative claims of patent infringement, as set forth in EUSA's opening brief. (Dkt. No. 130 at 2-4).

This outcome is also supported by *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 WL 2738538 (N.D. Cal. June 11, 2014). (*See* Dkt. No. 130 at 3). In that case, the Court granted summary judgment not just on the accused infringer's declaratory judgment counterclaims, but also on the patentee's affirmative infringement claims—even though the patentee had silently withdrawn the pertinent allegations of infringement. *Radware*, 2014 WL 2738538 at *9. SSC attempts to distinguish *Radware* by asserting that SSC's withdrawal of claims was not "silent," and focusing attention on its covenant not to sue. But SSC never explains why *explicitly* withdrawing claims is somehow more meaningful than *silently* withdrawing them. Indeed, the underlying concerns of *Radware* apply even more strongly to explicitly withdrawn claims, because there can be no dispute that the claims have been withdrawn. *See id.* at *9. And as set forth above, SSC's covenant not to sue is not "comprehensive"—that covenant is relevant only to the declaratory judgment claims, not to SSC's affirmative claims. Simply put, SSC has the burden of proving infringement, and it has failed to meet that burden. As such, judgment to that effect is proper and required in response to EUSA's motion.

SSC's reliance on *Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579 (E.D. Mo. 2007), fails to aid SSC's admitted attempt to avoid an adverse ruling. (*See* Dkt. No. 143 at 4:13-25). *Furminator* recognizes that a covenant not to sue does not deprive the Court of jurisdiction over SSC's affirmative claims of patent infringement. 246 F.R.D. at 592. *Furminator* further recognizes that a Rule 41 dismissal should not be granted to enable a litigant to avoid an adverse judgment. *Id.* at 493. And significantly, *Furminator* recognized that the stage of the proceedings

can play a large role in whether to grant summary judgment or to dismiss the claims. *Id.* at 591-92. In *Furminator* no general fact discovery had yet occurred, but here, unlike in *Furminator*, the proceedings are advanced, full discovery has been conducted, and trial looms. Perhaps most telling on the advanced nature of this litigation is that SSC concedes that any dismissal under Rule 41 should be with prejudice. (Dkt. No. 136 at 1-2, 4).

Indeed, EUSA's motion is the result of a long and contentious discovery period in which SSC sought discovery even though it knew, or should have known, that its claims against EUSA were baseless, and yet it still refused to dismiss those claims. For example, the product that SSC focused on with relation to EUSA was Enplas Lens #9827. (Exh. B, at 7 (referring to "Accused Enplas Lens #9827) & Exh. M; Exh. E at 4-5). SSC has had that product in its possession since 2014. (Exh. B, at Ex. B (showing photos of the #9827 lens, served June 4, 2014)). The company SSC retained to analyze the lenses had the #9827 lens since at least **September 2014** (*See* Exhs. C-D). Nonetheless, SSC offered no expert testimony regarding infringement by the #9827 lens, essentially admitting that the lens does not infringe. (*See* Labgold Decl., ¶ 12).[4]

Despite having the non-infringing #9827 lens in its possession for over a year, and even though the #9827 lens does not infringe, SSC nonetheless sought extensive discovery from EUSA, including numerous interrogatories, document requests, requests for admissions, and depositions. SSC even reaffirmed its allegations of infringement against EUSA in supplemental interrogatory responses served on the ***last day of fact discovery***. (Exh. E; *see* Dkt. No. 97 (setting a deadline for completion of fact discovery of June 26, 2015)). Ultimately, SSC's expert report lacked any allegations of infringement by the #9827 lens, or any allegations of infringement by EUSA whatsoever. (*See* Labgold Decl., ¶ 12). In other words, SSC forced EUSA to expend the costs of collecting and producing documents and in interviewing, preparing, and providing its business people for deposition, all while SSC lacked *any* evidence of infringement by EUSA. SSC cannot now hide its complete lack of evidence of infringement to avoid the resulting adverse

---

[4] This omission prompted the meet and confer with respect to the #9827 lens. (Exh. A at 5).

consequences by simply dropping its claims against EUSA at the last second, after EUSA moved for summary judgment on those claims.

In these circumstances the courts recognize the legal prejudice to defendants and err in favor of granting summary judgment. *See*, *e.g.*, *BP W. Coast Products LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (granting summary judgment on defendant's counterclaims despite pending motion to voluntarily dismiss because Defendant had been dilatory in moving for dismissal, waiting until failure on the merits was "near-certain"); *Bollinger v. Lilley*, No. 3:06-CV-0392LRHVPC, 2007 WL 2406786, at *2 (D. Nev. Aug. 17, 2007) (finding "plain legal prejudice" would result from dismissal and granting summary judgment because the "costs incurred and the time spent [in the discovery process] have likely been great").

Here, SSC's attempt to deflect this motion by adding a motion to dismiss to the Court's docket represents a bare attempt to manipulate the Court's procedures in order to evade a judgment on its unsupported claims. EUSA's motion should, therefore, be granted.

**B.  SSC Has Needlessly Complicated the Proceedings**

SSC's procedural maneuver in moving to dismiss its own claims to avoid an "adverse judgment" is pointless, and serves only to burden the Court with additional issues to decide. SSC's motion concedes that dismissal of its claims under Rule 41 should be with prejudice. (Dkt. No. 136 at 1-2, 4). The outcome of either granting a motion to dismiss with prejudice under Rule 41(a)(2) or granting EUSA's motion for summary judgment is exactly the same—the Court must enter a judgment against SSC and in favor of EUSA under Federal Rules of Civil Procedure 54 and 58. *See*, *e.g.*, *Reiffin v. Microsoft Corp.*, No. C 00-2221 VRW, 2001 WL 637453, at *1 (N.D. Cal. May 23, 2001) (directing the clerk to "enter judgment in favor of defendants" following dismissal of plaintiff's patent infringement claims), *aff'd*, 42 F. App'x 464 (Fed. Cir. 2002); Fed. R. Civ. P. Form 71 (setting forth the form of a judgment by the Court without a jury).

**D.  SSC's Covenant Not to Sue Does Not Resolve EUSA's Declaratory Judgment Claims**

While SSC's proffered covenant not to sue properly encompasses EUSA's "manufacture, development, design, importation, marketing, licensing, distributing, offering for sale, or selling

[of] any . . . lens sold under the Light Enhancer Cap™ brand name," conspicuously absent is any conveyance of the right to "make" or "use" products that practice the patents-in-suit.[5] Yet these activities are among those prohibited by 35 U.S.C. § 271(a), which states, in relevant part, that "whoever without authority ***makes***, ***uses***, offers to sell, or sells any patented invention . . . infringes the patent."

After meeting and conferring as to whether it was SSC's intent to exclude "making" and "using" from its covenant not to sue, SSC's counsel confirmed by e-mail on October 23, 2015 that the covenant not to sue should be read "to include making and using," and represented that SSC could "update the covenants expressly to include this language." (Exh. G). Even though a covenant not to sue is effective when made, *see Higher One, Inc. v. TouchNet Info. Sys., Inc.*, Civil No. 3:10CV1435(AWT), 2014 WL 4798546, *1-2 (D. Conn. Sept. 26, 2014) (treating as effective a covenant not to sue that was sent via e-mail), out of an abundance of caution, and because SSC has not yet updated the covenant to expressly include this language, EUSA includes the argument below regarding the scope of the original covenant. EUSA does not waive any argument, or make any representation, regarding whether the updated covenant would divest the Court of jurisdiction until it is seen by EUSA.

As to SSC's covenant not to sue as presented in its answering papers, the Federal Circuit has held that "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Where the covenant at issue encompasses less than all of the parties' disputes, courts have consistently held that subject matter jurisdiction remains. *See id.* at 1300 (reversing grant of motion to dismiss, where the "covenant did not extend to future sales of the same product as was previously sold."); *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011) (finding that promising not to sue for direct or contributory infringement, but refusing to make a similar promise regarding inducement, did not divest the

---

[5] EUSA acknowledges that SSC's covenant not to sue, even though deficient, was effective to the extent of the covenant as to the time SSC filed its covenant with the Court. *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, 708 F. Supp. 2d 527, 535-38 (D. Md. 2010).

court of declaratory judgment jurisdiction of patentee's *contributory* infringement claims); *Intel Corp. v. Wi-LAN, et al.*, C.A. No 08-04555 JW, Dkt. No. 303 (N.D. Cal. Oct. 21, 2010) (denying motion to dismiss where the covenant not to sue did not encompass every product).

Here, it is undisputed that SSC accused EUSA of using the accused products, (*see, e.g.*, Dkt. No. 11 at 11, ¶ 36 and 14, ¶ 51),[6] and this alleged use was described in SSC's infringement contentions. (Exh. B, at 7 (SSC's Infringement Contentions, alleging that EUSA used Enplas lenses in a "trade show booth advertising [the] 'Light Enhancer Cap . . . lens solution'")). Moreover, the subject matter jurisdiction of EUSA's declaratory judgment claim arises from SSC's letter alleging infringement and SSC's affirmative allegations of infringement in its pleading. SSC's letter to EUSA did not exclude the "use" of the products; instead, it demanded that EUSA "immediately cease and desist from ***all conduct*** infringing SSC's patents, including [U.S. Pat. Nos. 6,473,554 and 6,007,209]." (*See* Dkt. No. 1, Exh. E (emphasis added)). As such, SSC's covenant not to sue does not resolve all disputes between the parties, and is plainly insufficient to deprive the Court of subject matter jurisdiction in this action. *See Revolution*, 556 F.3d at 1300.

**D.     Conclusion**

Accordingly, for the reasons set for in its opening brief and above, EUSA is entitled to entry of judgment of no infringement as a matter of law.

Respectfully submitted,

Dated: October 23, 2015      NAGASHIMA & HASHIMOTO


*/s/ Marc R. Labgold*
Marc R. Labgold, Ph.D.

Attorneys for Plaintiffs / Counterclaim
Defendant *Enplas (U.S.A.), Inc.*

---

[6] In SSC's Answer and Counterclaims, "EDD, ETS, and Enplas USA are referred to [] collectively as Counterclaim Defendant Enplas or Enplas." *Id*. at 6, ¶8.