| | |
|---|---|
| NAGASHIMA & HASHIMOTO<br>MARC R. LABGOLD (*pro hac vice*)<br>mlabgold@labgoldlaw.com<br>PATRICK J. HOEFFNER (*pro hac vice*)<br>phoeffner@labgoldlaw.com<br>12005 Sunrise Valley Drive, Suite 203<br>Reston, Virginia 20191<br>Telephone: 877-401-8855<br>Facsimile: 877-401-8855<br><br>NAGASHIMA & HASHIMOTO<br>TAKAAKI NAGASHIMA (*pro hac vice*)<br>nagashima@nandhlaw.com<br>Hirakawa-cho, KS Bldg., 2nd Floor<br>2-4-14, Hirakawa-cho, Chiyoda-ku<br>Tokyo 102-0098 Japan<br>Telephone: +81-3-3239-5750<br>Facsimile: +81-3-3239-8538<br><br>*Attorneys for Plaintiffs Enplas Tech Solutions, Inc.* | SHAW KELLER LLP<br>JOHN W. SHAW (*pro hac vice*)<br>jshaw@shawkeller.com<br>JEFFREY CASTELLANO (*pro hac vice*)<br>jcastellano@shawkeller.com<br>300 Delaware Avenue, Suite 1120<br>Wilmington, Delaware 19801<br>Telephone: 302-298-0700<br><br>SEILER EPSTEIN ZIEGLER &<br>  APPLEGATE LLP<br>MARK W. EPSTEIN (SBN 143202)<br>GEORGE M. LEE (SBN 172982)<br>gml@sezalaw.com<br>601 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: 415-979-0500<br>Facsimile: 415-979-0511 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION;<br>ENPLAS TECH SOLUTIONS, INC.; and<br>ENPLAS (U.S.A.), INC.,<br><br>        Plaintiffs/Counterclaim<br>        Defendants,<br><br>        v.<br><br>SEOUL SEMICONDUCTOR CO., LTD;<br><br>        Defendant/Counterclaim<br>        Plaintiff. | **CASE NO. 3:13-CV-05038-NC**<br><br>**JURY TRIAL DEMANDED**<br><br>**PLAINTIFF ENPLAS TECH SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: November 18, 2015<br>Time: 1:00 p.m.<br>Honorable Nathanael Cousins<br>San Jose Courthouse,<br>Courtroom 7 - 4th Floor |

Enplas Tech Solutions, Inc.'s ("ETS") motion was neither improper nor unwarranted. When Seoul Semiconductor Co., Ltd. ("SSC") conditionally dismissed its affirmative claims against ETS in 2014, the parties did not disturb the declaratory judgment claims brought by ETS, and for good reason—SSC conditioned its "dismissal" on not finding any contrary information in discovery about ETS's involvement in the conduct that SSC alleged was infringing. (Dkt. No. 61 at 1:11-12).

ETS filed its motion after the close of fact discovery and the exchange of opening expert reports—which included SSC's expert report on its claims of infringement. There being no issues raised against ETS, the condition to SSC's dismissal was obviated and ETS's declaratory judgment claims became ripe for adjudication.

Rather than face its failure of proof—illustrating quite vividly the recklessness in SSC's original assertion that ETS had anything to do with any Enplas Light Enhancer Cap lens—SSC has resorted to granting ETS a broad covenant not to sue, forever promising that SSC will never again sue ETS for any claims of infringing either U.S. Patent Nos. 6,473,554 or 6,007,209 based on any "lens sold under the Light Enhancer Cap™ brand name." (Dkt. No. 147 at 6:11-12). SSC, of course, had never mentioned granting a covenant not to sue during the meet and confers about ETS (nor the other plaintiffs' claims), and SSC had refused to accept any form of judgment that extended beyond the seven lens models SSC had identified in its infringement contentions.[1] (Declaration of Marc R. Labgold, Ph.D. in Support of Plaintiffs/Counterclaim Defendants' Motions for Summary Judgment, filed concurrently herewith ("Labgold Decl."), ¶ 16).

Unlike the motions filed by EUSA and EDD, no affirmative claims of infringement by SSC against ETS are pending; SSC had, as noted above, dismissed those claims with prejudice, albeit conditionally, in 2014. (Dkt. No. 61 at 1). SSC's covenant not to sue could, therefore, eliminate ETS's declaratory judgment claims, ***provided*** it covers all claims previously made against ETS.

---

[1] SSC's counsel indicated that SSC might be willing to consider a broader release with respect to ETS; but that even with ETS, for which there has never been any evidence of involvement with any lenses, it was unlikely since SSC felt they had been deprived access to discovery.

1   SSC's covenant not to sue is inadequate in that regard.  While SSC's covenant properly encompasses the "manufacture, development, design, importation, marketing, licensing, distributing, offering for sale, or selling [of] any . . . lens sold under the Light Enhancer Cap™ brand name," conspicuously absent from SSC's covenant is any conveyance of the right to "make" or "use" products that practice the patents-in-suit. (Dkt. No. 147 at 3:12-16).  Yet these activities are among those prohibited by 35 U.S.C. § 271(a), which states, in relevant part, that "whoever without authority *makes*, *uses*, offers to sell, or sells any patented invention . . . infringes the patent" (emphasis added).

After meeting and conferring as to whether it was SSC's intent to exclude "making" and "using" from its covenant not to sue, SSC's counsel confirmed by e-mail on October 23, 2015 that the covenant not to sue should be read "to include making and using," and represented that SSC could "update the covenants expressly to include this language." (Labgold Decl., Exh. G). Even though a covenant not to sue is effective when made, *see Higher One, Inc. v. TouchNet Info. Sys., Inc.*, Civil No. 3:10CV1435(AWT), 2014 WL 4798546, *1-2 (D. Conn. Sept. 26, 2014) (treating as effective a covenant not to sue that was sent via e-mail), out of an abundance of caution, and because SSC has not yet updated the covenant to expressly include this language, ETS includes the argument below regarding the scope of the original covenant. ETS does not waive any argument, or make any representation, regarding whether the updated covenant would divest the Court of jurisdiction until it is seen by ETS.

As to SSC's covenant not to sue as presented in its answering papers, the Federal Circuit has held that "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Where the covenant at issue encompasses less than all of the parties' disputes, courts have consistently held that subject matter jurisdiction remains. *See id.* at 1300 (reversing grant of motion to dismiss, where the "covenant did not extend to future sales of the same product as was previously sold."); *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011) (finding that granting a covenant not to sue for direct

infringement, but refusing to issue a similar covenant for inducement, did not divest the court of declaratory judgment jurisdiction); *Intel Corp. v. Wi-LAN, et al.*, C.A. No 08-04555 JW, Dkt. No. 303 at 2 (N.D. Cal. Oct. 21, 2010) (denying motion to dismiss where the covenant not to sue did not encompass every product).

Here, it is undisputed that SSC has accused ETS of "use" of the accused products. (*See, e.g.*, Dkt. No. 11 at 11, ¶ 36 and 14, ¶ 51).[2] As such, SSC's proffered covenant does not destroy subject matter jurisdiction in this action. *See Revolution*, 556 F.3d at 1300.

Apart from this defect in the covenant not to sue, at this point judgment should be entered on SSC's previously withdrawn claims as a matter of law. Discovery has been completed without SSC discovering any evidence to contradict ETS's factual representations which led to the conditional dismissal. When judgment is entered, it should, therefore, be with prejudice, in ETS's favor, and without conditions. *See, e.g.*, *Reiffin v. Microsoft Corp.*, No. C 00-2221 VRW, 2001 WL 637453, at *1 (N.D. Cal. May 23, 2001) (directing the clerk to "enter judgment in favor of defendants" following dismissal of plaintiff's patent infringement claims), *aff'd*, 42 F. App'x 464 (Fed. Cir. 2002); Fed. R. Civ. P. Form 71 (setting forth the form of a judgment by the Court without a jury).

Accordingly, for the reasons set for in its opening brief and above, ETS is entitled to entry of judgment of no infringement as a matter of law.

Respectfully submitted,

Dated: October 23, 2015                NAGASHIMA & HASHIMOTO

*/s/ Marc R. Labgold*
Marc R. Labgold, Ph.D.

Attorneys for Plaintiffs / Counterclaim
Defendant *Enplas Tech Solutions, Inc.*

---

[2] In SSC's Answer and Counterclaims, "EDD, ETS, and Enplas USA are referred to [] collectively as Counterclaim Defendant Enplas or Enplas." *Id*. at 6, ¶8.