NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12005 Sunrise Valley Drive, Suite 203
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

SHAW KELLER LLP
JOHN W. SHAW (*pro hac vice*)
jshaw@shawkeller.com
JEFFREY CASTELLANO (*pro hac vice*)
jcastellano@shawkeller.com
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
Telephone: 302-298-0700

SEILER EPSTEIN ZIEGLER & APPLEGATE LLP
MARK W. EPSTEIN (SBN 143202)
GEORGE M. LEE (SBN 172982)
gml@sezalaw.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415-979-0500
Facsimile: 415-979-0511

*Attorneys for Plaintiffs Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,

Plaintiffs/Counterclaim Defendants,

v.

SEOUL SEMICONDUCTOR CO., LTD.,

Defendant/Counterclaim Plaintiff.

**CASE NO. 3:13-cv-05038-NC**

**JURY TRIAL DEMANDED**

**DECLARATION OF MARC R. LABGOLD, PH.D. IN SUPPORT OF PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

I, Marc R. Labgold, declare:

1. I am of counsel with the law firm of Nagashima & Hashimoto, counsel for Plaintiffs Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc. (collectively "Enplas" or "Plaintiffs") in the above-captioned matter. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would competently testify to the statements made herein.

2. Attached hereto as Exhibit A is a true and correct copy of an e-mail dated September 15, 2015 from Ryan Owens to Marc R. Labgold.

3. Attached hereto as Exhibit B is a true and correct copy of Seoul Semiconductor Co., Ltd.'s Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent Local Rules 3-1 and 3-2, and Exhibits B and M thereto.

4. Attached hereto as Exhibit C is a true and correct copy of an e-mail dated September 17, 2015 from Ryan Owens to Marc R. Labgold.

5. Attached hereto as Exhibit D is a true and correct copy of the document produced by SSC as SSC0045769, which shows that SSC and its consultants were in possession of a #9827 lens at least as early as September 7, 2014. Exhibit E shows a lens labeled "CE", which SSC later confirmed was a reference to "ceiling" and the #9827 lens, as stated in Exhibit D to this declaration.

6. Attached hereto as Exhibit E is a true and correct copy of Seoul Semiconductor Co., Ltd's Supplemental Responses and Objections to Enplas's Interrogatories (Nos. 4, 7, 9, 11, 13).

7. Attached hereto as Exhibit F is a true and correct copy of an e-mail dated September 18, 2015 from Ryan Owens to Marc R. Labgold.

8. Attached hereto as Exhibit G is a true and correct copy of an e-mail dated October 23, 2015 from John Shaw to Ryan Owens.

9. I participated in a series of negotiations with counsel for SSC concerning SSC's claims against ETS and EUSA, and ETS' and EUSA's declaratory judgment claims against SSC.

10. During those negotiations, SSC's counsel insisted he could not agree to a dismissal (or judgment) that extended beyond the seven lenses SSC had expressly accused in this litigation (*e.g.*, model numbers #4922, #9827, #9845, #9849, #9853A, #9854D, #9854E, #9879).

11. This occurred both in live conversations, and in emails between the parties, as illustrated in the September 18, 2015 email from Ryan Owens.

12. On August 28, 2015, the parties exchanged opening expert reports. SSC's expert report with respect to its infringement claims appeared devoid of any reference to EUSA or any conduct previously attributed to EUSA. I contacted counsel for SSC via e-mail on August 31, 2015, requesting a meet and confer concerning these points. (Exh. A at 5). During that meet and confer, SSC's counsel indicated they would likely withdraw their allegations against EUSA early the following week and that the first three issues identified in my August 31, 2015 email, were all tied together. In addition to the four items identified in my email, I also raised the issue of lens #4922 during the meet and confer, having realized there was no assertion in its expert's report concerning this lens allegedly infringing the '554 Patent. SSC's counsel confirmed they were no longer asserting the #4922 lens infringes the '554 Patent.

13. After a week had passed without any word on the issue, I wrote again requesting an answer since the time for responsive reports was running. (Exh. A at 4). SSC's counsel responded it was still unable to confirm it was dropping certain claims. (Exh. A at 3).

14. Once SSC confirmed its intentions, consent judgments were prepared and forwarded to SSC for each of the claims it indicated it was withdrawing.

15. Counsel for SSC responded with the email attached hereto as Exhibit G.

16. SSC's description of the September 23, 2015 meet and confer is incomplete and inaccurate. In that meet and confer, SSC firmly stated that it would not enter into any form of judgment that was not limited to the seven lenses. At no point during the discussions, including the September 23rd meet and confer, did SSC ever offer a covenant not to sue, even as directed toward the seven accused lenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct. Signed by me this 23rd day of October, 2015 in the Commonwealth of Virginia.

By: /s/ *Marc R. Labgold*
Marc R. Labgold, Ph.D.

Attorneys for Plaintiffs/Counterclaim Defendants *Enplas Display Device Corporation, Enplas Tech Solutions, Inc. and Enplas (U.S.A.), Inc.*