1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12005 Sunrise Valley Drive, Suite 203
Reston, Virginia 20191
Telephone:  877-401-8855
Facsimile:  877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone:  +81-3-3239-5750
Facsimile:  +81-3-3239-8538

*Attorneys for Plaintiffs Enplas Display
Device Corporation, Enplas Tech
Solutions, Inc. and Enplas (U.S.A.), Inc.*

SHAW KELLER LLP
JOHN W. SHAW (*pro hac vice*)
jshaw@shawkeller.com
JEFFREY CASTELLANO (*pro hac vice*)
jcastellano@shawkeller.com
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
Telephone:  302-298-0700

SEILER EPSTEIN ZIEGLER &
  APPLEGATE LLP
MARK W. EPSTEIN (SBN 143202)
GEORGE M. LEE (SBN 172982)
gml@sezalaw.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415-979-0500
Facsimile:  415-979-0511

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ENPLAS DISPLAY DEVICE CORPORATION;
ENPLAS TECH SOLUTIONS, INC.; and
ENPLAS (U.S.A.), INC.,

                Plaintiffs/Counterclaim
                Defendants,

        v.

SEOUL SEMICONDUCTOR CO., LTD;

                Defendant/Counterclaim
                Plaintiff.

**CASE NO. 3:13-cv-05038-NC**

**JURY TRIAL DEMANDED**

**PLAINTIFFS ENPLAS (U.S.A.) INC.
AND ENPLAS TECH SOLUTIONS
INC.'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO
DISMISS**

Hearing Date: November 18, 2015
Time: 1:00 p.m.
Honorable Nathanael Cousins
San Jose Courthouse,
Courtroom 7 - 4th Floor

3:13-cv-05038-NC

PLAINTIFFS' BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

1

**A.      Introduction**

2          Seoul Semiconductor Co., Ltd. ("SSC") has pursued its claims of patent infringement

3    against Enplas (U.S.A.) Inc. ("EUSA") for nearly two years.  SSC propounded interrogatories on

4    EUSA, demanded document production from EUSA, sought admissions from EUSA, and took

5    depositions of EUSA.  SSC then affirmed its allegations of infringement against EUSA in

6    supplemental interrogatories served on the ***last day of fact discovery***.  (Exh. E).[1]

7          SSC now claims it had a change of heart about its case against EUSA on September 11,

8    2015.  Undisputedly, SSC's change of heart only came after EUSA asked SSC to consent to entry

9    of judgment for failure of proof on the merits on all of the claims SSC had raised.  (Exh. A at 3).[2]

10   Indeed, SSC stated that it would not, ***under any circumstances***, enter into any form of judgment

11   that was not limited to the seven lenses at issue.  (Dkt. No. 157 at ¶ 16).[3]  SSC never offered a

12   covenant not to sue.  (*Id.*).  EUSA then moved for summary judgment on its claims.  (*See* Dkt.

13   No. 130).

14         Similarly, in July 2014, SSC conceded that it lacked any evidence of infringement by

15   Enplas Tech Solutions Inc. ("ETS") when it stipulated to the dismissal of its counterclaims of

16   infringement with prejudice, (Dkt. No. 61).  That dismissal, however, was conditional and did not

17   affect SSC's free-standing declaratory judgment claims.  Fact discovery has now closed, expert

18   reports have been exchanged, and SSC has presented no evidence or even any allegation of

19   wrongdoing by ETS.  ETS thus moved for summary judgment on its remaining claims.  (*See* Dkt.

20   No. 132).

21

22

---

[1]    All references to exhibits in this motion, unless otherwise noted, are references to the
23   Declaration of Marc R. Labgold, Ph.d. in Support of Plaintiffs/Counterclaim Defendants' Motions
     for Summary Judgment, (Dkt. No. 157).
24

[2]    SSC asserts—with no support—that economic reasons motivate its change of heart; however,
25   if true, SSC could have simply agreed to the consent judgment.  EUSA sought SSC's consent to
     enter into a judgment because EUSA was preparing substantive motions on SSC's failures of
26   proof under all of its infringement claims such that, based on the factual record developed in this
     litigation, these motions would have been granted on the merits.
27

[3]    SSC's recounting of the facts preceding the filing of the instant motion mischaracterizes the
28   facts and omits significant details.

---

3:13-cv-05038-NC                              1                    PLAINTIFFS' BRIEF IN OPPOSITION
                                                                   TO DEFENDANT'S MOTION TO DISMISS

1    Faced with two well-supported summary judgment motions, and having no evidence

2    whatsoever to offer in opposition, SSC now seeks to "withdraw" its claims, and proffers a never

3    before mentioned covenant not to sue on **both** the seven expressly accused lenses **and** "any other

4    lens sold under the Light Enhancer Cap™ brand name" (Dkt. No. 136 at 4-6), as to both EUSA

5    and ETS, all in an attempt to avoid an "adverse ruling" on the merits, (Dkt. No. 145 at 1:7-8).

6    But SSC's strategy is unsupported and improper on several grounds.

7    First, under similar circumstances, courts in the Ninth Circuit have denied motions for

8    voluntary dismissal, and have instead granted the pending summary judgment motions.  That is

9    the appropriate resolution here, particularly in light of the fact that SSC has forced EUSA to

10   perform extensive discovery despite SSC's lack of sufficient evidence to support an allegation of

11   infringement against EUSA.

12   Second, SSC's covenants not to sue as offered in its initial brief were insufficient as a

13   matter of law as to both EUSA and ETS because they did not resolve all of the issues between the

14   parties.  Specifically, SSC's covenants not to sue did not encompass the "use" of products

15   covered by the patents-in-suit.  SSC subsequently amended its covenants not to sue to include the

16   "use" of those products, but EUSA and ETS reserve their rights to the extent that the amended

17   covenants are later deemed to be ineffective.

18   Last, SSC's proposed order on EUSA's and ETS' declaratory judgment claims is flawed.

19   If the Court were to determine that SSC's covenants not to sue do extinguish declaratory

20   judgment jurisdiction, then EUSA's and ETS' declaratory judgment claims should be dismissed

21   for lack of subject matter jurisdiction.  SSC's proposed order, in contrast, wrongly seeks to

22   dismiss those claims with prejudice.[4]

23

24

25

26

27   [4]   Note that the arguments presented herein are drawn largely from EUSA and ETS' replies in
     support of their motions for summary judgment, (Dkt. Nos. 154 & 155), which involved many of
28   the same issues.

---

**B.      Argument**

> **1.      SSC's Motion to Dismiss Should Be Denied Because SSC Cannot Simply Announce that It Wants to "Withdraw" Claims in Its Own Pleadings to Avoid an "Adverse Judgment"**

SSC's Motion to Dismiss was filed in response to EUSA's and ETS' motions for summary judgment. (Dkt. No. 130, 132). Those motions remain pending, and SSC's Motion to Dismiss represents an attempt to evade an "adverse ruling" on those motions. But SSC identifies no rule or policy that requires the Court to dismiss SSC's claims against EUSA and ETS rather than granting EUSA and ETS' motions for summary judgment. *Cf. Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (recognizing that "[d]istrict courts have inherent power to control their dockets."). Moreover, SSC expressly states in its opposition to Enplas Display Device Corporation's Motion for Summary Judgment that its motivation in offering covenants not to sue is to avoid an "adverse ruling." (Dkt. No. 145 at 1:7-8). While the facts and circumstances of Rule 41 motions to voluntarily dismiss vary widely, "[a] motion for voluntary dismissal should generally be denied when the purpose is to avoid an adverse determination on the merits of an action." 8 *Moore's Federal Practice & Procedure* § 41.40[7][b] at 41-157 (Rel. 172-12/2011); *see also Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 F. App'x 664, 666 (9th Cir. 2008) ("A district court may consider whether the plaintiff is requesting a voluntary dismissal only to avoid a near-certain adverse ruling."); *BP W. Coast Products LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (denying Rule 41 motion to dismiss filed "nearly a year and a half after the counterclaims were initially brought"); *Bollinger v. Lilley*, No. 3:06-CV-0392LRHVPC, 2007 WL 2406786, at *2 (D. Nev. Aug. 17, 2007) (denying Rule 41 motion to dismiss where plaintiff sought dismissal to avoid a pending summary judgment motion, after forcing defendant to "proceed[] through a motion to dismiss and all of the discovery process").

Indeed, SSC's motion to dismiss comes after a long and contentious discovery period in which SSC sought discovery even though it knew, or should have known, that its claims against EUSA were baseless, and yet it still refused to dismiss those claims. For example, the product that SSC focused on with relation to EUSA was Enplas Lens #9827. (Exh. B, at 7 (referring to

1   "Accused Enplas Lens #9827) & Exh. M; Exh. E at 4-5).   SSC has had that product in its

2   possession since 2014.   (Exh. B, at Ex. B (showing photos of the #9827 lens, served June 4,

3   2014)).   The company SSC retained to analyze the lenses had the #9827 lens since at least

4   **September 2014** (*See* Exhs. C-D).   Nonetheless, SSC offered no expert testimony regarding

5   infringement by the #9827 lens, essentially admitting that the lens does not infringe.   (*See* Dkt.

6   No. 157 at ¶ 12).[5]

7   Despite having the non-infringing #9827 lens in its possession for over a year, and even

8   though the #9827 lens does not infringe, SSC nonetheless sought extensive discovery from

9   EUSA, including numerous interrogatories, document requests, requests for admissions, and

10   depositions.   SSC even reaffirmed its allegations of infringement against EUSA in supplemental

11   interrogatory responses served on the ***last day of fact discovery***.   (Exh. E; *see* Dkt. No. 97 (setting

12   a deadline for completion of fact discovery of June 26, 2015)).   Ultimately, SSC's expert report

13   lacked any allegations of infringement by the #9827 lens, or any allegations of infringement by

14   EUSA whatsoever.   (*See* Dkt. No. 157 at ¶ 12).   In other words, SSC forced EUSA to expend the

15   costs of collecting and producing documents and in interviewing, preparing, and providing its

16   business people for deposition, all while SSC lacked ***any*** evidence of infringement by EUSA.

17   SSC should not be permitted to hide its complete lack of evidence of infringement to avoid the

18   resulting adverse consequences by simply dropping its claims against EUSA at the last second,

19   after EUSA moved for summary judgment on those claims.

20   In these circumstances, the courts recognize the legal prejudice to defendants and err in

21   favor of granting summary judgment, rather than dismissing the claims.   *See*, *e.g.*, *BP W. Coast*

22   *Products LLC v. SKR Inc.*, 989 F. Supp. 2d 1109, 1116 (W.D. Wash. 2013) (granting summary

23   judgment on defendant's counterclaims despite pending motion to voluntarily dismiss because

24   defendant had been dilatory in moving for dismissal, waiting until failure on the merits was

25   "near-certain"); *Bollinger v. Lilley*, No. 3:06-CV-0392LRHVPC, 2007 WL 2406786, at *2 (D.

26   Nev. Aug. 17, 2007) (finding "plain legal prejudice" would result from dismissal and granting

27

28   [5]   This omission prompted the meet and confer with respect to the #9827 lens.   (Exh. A at 5).

1   summary judgment because the "costs incurred and the time spent [in the discovery process] have

2   likely been great").

3        Here, SSC's attempt to deflect EUSA and ETS' summary judgment motions by adding a

4   motion to dismiss to the Court's docket represents a bare attempt to manipulate the Court's

5   procedures in order to evade a judgment on its unsupported claims.   SSC's motion should,

6   therefore, be denied.

7        **2.    SSC's Covenant as Set Forth in its Opening Brief is Insufficient to Destroy**
          **Subject Matter Jurisdiction**

8

9        SSC has granted EUSA and ETS broad covenants not to sue, forever promising that SSC

10  will never again sue EUSA or ETS for any claims of infringing either U.S. Patent Nos. 6,473,554

11  or 6,007,209 based on any "lens sold under the Light Enhancer Cap™ brand name."  (Dkt. No.

12  147 at 3:15-16; Dkt No. 148 at 4:3-4).  SSC, of course, had never mentioned granting a covenant

13  not to sue during the meet and confers about EUSA or ETS, and SSC had refused to accept any

14  form of judgment that extended beyond the seven lens models SSC had identified in its

15  infringement contentions.[6]  (Dkt. No. 157, ¶ 16).

16       While SSC's proffered covenant not to sue properly encompasses ETS' and EUSA's

17  "manufacture, development, design, importation, marketing, licensing, distributing, offering for

18  sale, or selling [of] any . . . lens sold under the Light Enhancer Cap™ brand name,"  conspicuously

19  absent is any conveyance of the right to "make" or "use" products that practice the patents-in-

20  suit.[7]  (Dkt. No. 143 at 4:1-4; Dkt. No. 144 at 3:11-16).   Yet these activities are among those

21  prohibited by 35 U.S.C. § 271(a), which states, in relevant part, that "whoever without

22  authority *makes*, *uses*, offers to sell, or sells any patented invention . . . infringes the patent."

23       After meeting and conferring as to whether it was SSC's intent to exclude "making" and

24  "using" from its covenant not to sue, SSC's counsel confirmed by e-mail on October 23, 2015

25  ────────────

    [6]   SSC's counsel indicated that SSC might be willing to consider a broader release with respect
26  to ETS; but that even with ETS, for which there has never been any evidence of involvement with
    any lenses, it was unlikely since SSC felt they had been deprived access to discovery.

27  [7]   EUSA acknowledges that SSC's covenant not to sue, even though deficient, was effective to
    the extent of the covenant as to the time SSC filed its covenant with the Court.  *Mike's Train*
28  *House, Inc. v. Broadway Ltd. Imports, LLC*, 708 F. Supp. 2d 527, 535-38 (D. Md. 2010).

1     that the covenants not to sue should be read "to include making and using," and represented that

2     SSC could "update the covenants expressly to include this language." (Exh. G).  Even though a

3     covenant not to sue is effective when made, *see Higher One, Inc. v. TouchNet Info. Sys., Inc.*,

4     Civil No. 3:10CV1435(AWT), 2014 WL 4798546, *1-2 (D. Conn. Sept. 26, 2014) (treating as

5     effective a covenant not to sue that was sent via e-mail), out of an abundance of caution, and

6     because SSC has not yet updated the covenant to expressly include this language, EUSA and ETS

7     include the argument below regarding the scope of the original covenant.  EUSA and ETS do not

8     waive any argument, or make any representation, regarding whether the updated covenant would

9     divest the Court of jurisdiction until it is seen by EUSA and ETS.

10          As to SSC's covenant not to sue as presented in its opening brief, the Federal Circuit has

11     held that "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on

12     what is covered by the covenant."  *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d

13     1294, 1297 (Fed. Cir. 2009).  Where the covenant at issue encompasses less than all of the

14     parties' disputes, courts have consistently held that subject matter jurisdiction remains.  *See id.* at

15     1300 (reversing grant of motion to dismiss, where the "covenant did not extend to future sales of

16     the same product as was previously sold."); *Arris Grp., Inc. v. British Telecommunications PLC*,

17     639 F.3d 1368, 1381 (Fed. Cir. 2011) (finding that granting a covenant not to sue for direct

18     infringement, but refusing to issue a similar covenant for inducement, did not divest the court of

19     declaratory judgment jurisdiction); *Intel Corp. v. Wi-LAN, et al.*, C.A. No 08-04555 JW, Dkt. No.

20     303 at 2 (N.D. Cal. Oct. 21, 2010) (denying motion to dismiss where the covenant not to sue did

21     not encompass every product).

22          Here, it is undisputed that SSC has accused EUSA and ETS of "use" of the accused

23     products. (*See, e.g.*, Dkt. No. 11 at 11, ¶ 36 and 14, ¶ 51).[8]  With regard to EUSA, this alleged use

24     was described in SSC's infringement contentions.  (Exh. B, at 7 (SSC's Infringement

25     Contentions, alleging that EUSA used Enplas lenses in a "trade show booth advertising [the]

26     'Light Enhancer Cap . . . lens solution'")).  Moreover, the subject matter jurisdiction of ETS and

27

28     [8]   In SSC's Answer and Counterclaims, "EDD, ETS, and Enplas USA are referred to []
collectively as Counterclaim Defendant Enplas or Enplas."  *Id*. at 6, ¶ 8.

1    EUSA's declaratory judgment claim arises from SSC's letters alleging infringement and SSC's

2    affirmative allegations of infringement in its pleading.  SSC's letters did not exclude the "use" of

3    the products; instead, they demanded that ETS and EUSA "immediately cease and desist from ***all***

4    ***conduct*** infringing SSC's patents, including [U.S. Pat. Nos. 6,473,554 and 6,007,209]."   (*See*

5    Dkt. No. 1, Exhs. D, E (emphasis added)).  As such, SSC's covenants not to sue as set forth in

6    their opening brief do not resolve all disputes between the parties, and are plainly insufficient to

7    deprive the Court of subject matter jurisdiction in this action.  *See Revolution*, 556 F.3d at 1300.

8  9    **3.      The Dismissal of EUSA's and ETS' Declaratory Judgment Claims Cannot Be "With Prejudice"**

10    Finally, SSC seeks dismissal of EUSA's and ETS' declaratory judgment claims "with

11    prejudice." (Dkt. No. 136 at 6).  But because the dismissal would be due to lack of subject matter

12    jurisdiction, and without adjudication on the merits, any dismissal should be without prejudice.

13    *See Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc*., 479 F.3d 1330, 1342

14    (Fed. Cir. 2007) (noting that a dismissal for lack of subject matter jurisdiction is without

15    prejudice, and listing cases); *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)

16    ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without

17    prejudice so that a plaintiff may reassert his claims in a competent court."); *Cepheid v. Roche*

18    *Molecular Sys., Inc.*, No. C-12-4411 EMC, 2013 WL 184125, at *13 (N.D. Cal. Jan. 17, 2013)

19    (dismissing declaratory judgment claims without prejudice following a finding of no subject

20    matter jurisdiction); *Sharper Image Corp. v. Honeywell Int'l, Inc.*, No. C 02-4860 CW, 2005 WL

21    2176903, at *2-3 (N.D. Cal. Aug. 31, 2005) (dismissing declaratory judgment counterclaims

22    without prejudice following a covenant not to sue); *ATMI, Inc. v. Innovative Eng'g Solutions,*

23    *Inc.*, No. C 01-1729 SI, 2002 WL 826794, at *2 (N.D. Cal. Apr. 29, 2002) (dismissing

24    declaratory judgment claim without prejudice following a finding of a lack of case or

25    controversy).  This is especially important here because, even with the covenants that SSC

26    provided, ***future*** EUSA and ETS products could potentially be subject to suit if they do not meet

27    the conditions set forth in SSC's covenants.  A dismissal with prejudice of the declaratory

28    judgment counts for invalidity might thus prevent ETS and EUSA from raising patent invalidity

1    as a defense in a future action. There is no reason to bar this defense, however, as it is SSC that is

2    attempting to destroy declaratory judgment jurisdiction. Therefore, EUSA and ETS respectfully

3    request that any dismissal of their declaratory judgment claims be for lack of subject matter

4    jurisdiction and without prejudice.

5    **C.    Conclusion**

6         Accordingly, for the reasons set forth above, SSC's Motion to Dismiss should be denied.

7                                                  Respectfully submitted,

8

9    Dated:  October 28, 2015                      NAGASHIMA & HASHIMOTO

10

11                                                 */s/ Marc R. Labgold*
                                                   Marc R. Labgold, Ph.D.

12                                                 Attorneys for Plaintiffs/Counterclaim
                                                   Defendants *Enplas Display Device*
13                                                 *Corporation, Enplas Tech Solutions, Inc.*
                                                   *and Enplas (U.S.A.), Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28