1  LATHAM & WATKINS LLP
   Ryan R. Owens (Bar No. 269370)
2  *ryan.owens@lw.com*
   650 Town Center Drive, 20th Floor
3  Costa Mesa, California  92626-1925
   Telephone:  (714) 540-1235
4  Facsimile:  (714) 755-8290

5  LATHAM & WATKINS LLP
   Lawrence J. Gotts (*pro hac vice*)
6  *lawrence.gotts@lw.com*
   555 Eleventh Street, N.W. Suite 1000
7  Washington, D.C. 2004-1304
   Telephone: (202) 637-2200
8  Facsimile: (202) 637-2201

9  LATHAM & WATKINS LLP
   Michelle P. Woodhouse (260669)
10 *michelle.woodhouse@lw.com*
   140 Scott Drive
11 Menlo Park, California  94025
   Telephone: (650) 328-4600
12 Facsimile: (650) 463-2600

13 Attorneys for Defendant
   SEOUL SEMICONDUCTOR CO., LTD.
14

   LATHAM & WATKINS LLP
   Charles H. Sanders (*pro hac vice*)
   *charles.sanders@lw.com*
   John Hancock Tower, 27th Floor
   200 Clarendon Street
   Boston, Massachusetts 02116
   Telephone: (617) 948-6000
   Facsimile: (617) 948-6001

15         UNITED STATES DISTRICT COURT

16        NORTHERN DISTRICT OF CALIFORNIA

17          SAN FRANCISCO DIVISION

18

19 ENPLAS DISPLAY DEVICE
   CORPORATION; ENPLAS TECH
20 SOLUTIONS, INC.; and ENPLAS (U.S.A.),
   INC.,
21
        Plaintiff and Counterclaim
22         Defendants,

23    v.

24 SEOUL SEMICONDUCTOR CO., LTD.,

25         Defendant and Counterclaim
        Plaintiff.
26

27

28

CASE NO. 3:13-CV-05038-NC

**SSC'S OPPOSITION TO ENPLAS'S
MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY OF CLAIMS 1, 2, 30, 31, 33-39,
41-43 AND 45-48 OF THE '554 PATENT AS
ANTICIPATED UNDER § 102(B)**

Assigned to Hon. Nathanael M. Cousins

Date:  December 9, 2015
Time:  1:00 p.m.
Location: Courtroom 7, 4th Floor, San Jose

LATHAM&WATKINS LLP DC\4139021.2
ATTORNEYS AT LAW
ORANGE COUNTY

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. COUNTER STATEMENT OF THE FACTS.................................................... 3

    A. The Display Illumination Backlight Of The '554 Patent........................... 3

    B. The Light-Emitting Diode Of Stanley ...................................................... 3

    C. The Light-Emitting Device Of Johnson.................................................... 4

III. LEGAL STANDARD......................................................................................... 5

    A. Summary Judgment .................................................................................. 5

    B. Anticipation.............................................................................................. 5

IV. ARGUMENT ...................................................................................................... 6

    A. Stanley Does Not Anticipate Any Claim Of The '554 Patent ................. 6

        1. Claim 30:  There Is A Genuine Issue Of Fact As To Whether Stanley Discloses An LED Mounted At A Predetermined Location *Beneath* The Optical Element........................... 6

        2. Claim 38:  If Considered, There Is A Genuine Disputed Issue Of Fact As To Whether Stanley Discloses An "Interface Being Shaped And Positioned Relative To Said LED To Reflect A Substantial Portion Of Light From Said LED In A Direction Transverse To Said Axis" ...................................... 10

    B. Johnson Does Not Anticipate Any Claim Of The '554 Patent ........................ 13

        1. Claim 1:  There Are Multiple Genuine Disputed Issues Of Fact Regarding Anticipation Of Claim 1 By Johnson ............................ 13

            a. Enplas's Summary Judgment Position On Claim 1 Should Be Denied Since It Is Based Purely On Attorney Argument .................................................... 13

            b. Enplas Offers Inconsistent Argument (And No Evidence) Regarding Its Identification Of A Purported Waveguide In Johnson ................................. 14

            c. If Johnson Is Interpreted Such That Element 17 Alone Is The Waveguide, It Lacks The Recited "Generally Parallel Top … Surface[]" Of Claim 1 ..................... 16

            d. If The Waveguide Is Interpreted To Include The Planar Light Guide 20, It Is Disputed Whether The Waveguide Has An "Embedded" Illumination Coupler........................................................................ 17

LATHAM&WATKINS LLP DC\4139021.2
ATTORNEYS AT LAW
ORANGE COUNTY

i

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

e.      There Are Disputed Issues Of Fact Regarding The Presence Of An Illumination Coupler In Johnson ...................... 18

2.      <u>Claim 30</u>: There Is A Genuine Dispute Of Fact As To Whether Johnson Discloses An LED Mounted At A Predetermined Location *Beneath* A Central Portion Of The Optical Element .................................................................... 21

3.      <u>Claims 33 And 38</u>:  There Is A Genuine Disputed Issue Of Fact As To Whether Johnson Discloses A Leaky TIR Surface As Required By Claims 33 And 38 ............................................ 22

V.      CONCLUSION.................................................................................................... 24

LATHAM&WATKINS LLP DC\4139021.2
ATTORNEYS AT LAW
ORANGE COUNTY

ii

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................................................5

*Brilliant Instruments, Inc. v. GuideTech, LLC*,
707 F.3d 1342 (Fed. Cir. 2013)..............................................................................9

*Carrier Corp. v. Goodman Global, Inc.*,
64 F. Supp. 3d 602 (D. Del. 2014)..............................................................7, 14, 18

*Charles O. Bradley Trust v. Zenith Capital LLC*,
2008 WL 3400340 (N.D. Cal. Aug. 11, 2008) ......................................................13

*Elcommerce.com, Inc. v. SAP AG*,
745 F.3d 490 (Fed. Cir. 2014)................................................................................13

*Enzo Biochem, Inc. v. Gen-Probe Inc.*,
424 F.3d 1276 (Fed. Cir. 2005)................................................................................6

*Finnigan Corp. v. Int'l Trade Comm'n*,
180 F.3d 1354 (Fed. Cir. 1999)..................................................................6, 18, 24

*Flexi-Mat Corp. v. Dallas Manufacturing Co.*,
2006 U.S. Dist. LEXIS 19528 (D. Mass. April 11, 2006) ....................................12

*General Elec. Co. v. Nintendo Co., Ltd.*,
179 F.3d 1350 (Fed. Cir. 1999)........................................................................5, 23

*Hologic, Inc. v. Senorx, Inc.*,
639 F.3d 1329 (Fed. Cir. 2011)........................................................................5, 24

*Invitrogen Corp. v. Clontech Labs*,
429 F.3d 1052 (Fed. Cir. 2005)..................................................................6, 14, 18

*Joyal Products, Inc. v. Johnson Elec. N. Am., Inc.*,
2008 WL 4630500 (D.N.J. Oct. 17, 2008)................................................6, 14, 18

*Key Pharms. v. Hereon Labs Corp.*,
161 F.3d 709 (Fed. Cir. 1998)..................................................................................5

*Leslie v. Grupo ICA*,
198 F.3d 1152 (9th Cir. 1999) ..................................................................................5

LATHAM&WATKINS LLP DC\4139021.2
ATTORNEYS AT LAW
ORANGE COUNTY

iii

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

*In re Morgan*,
   87 Fed. App'x 746 (Fed. Cir., Feb. 5, 2004) (unpublished) ....................................................12

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) ...................................................................12, 19

*Provenz v. Miller*,
   102 F.3d 1478 (9th Cir. 1996) ........................................................................................9

*Renishaw PLC v. Marposs Societa' per Azioni*,
   158 F.3d 1243 (Fed. Cir. 1998)......................................................................................12

*Retractable Techs., Inc. v. Becton, Dickinson & Co.*,
   653 F.3d 1296 (Fed. Cir. 2011).......................................................................................13

*Schumer v. Lab. Comp. Sys., Inc.*,
   308 F.3d 1304 (Fed. Cir. 2002)..............................................................................6, 19, 24

*TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*,
   529 F.3d 1364 (Fed. Cir. 2008)......................................................................................11

*Tishcon Corp. v. Soundview Communications, Inc.*,
   2005 WL 6038743 (N.D. Ga. Feb. 15, 2005) .................................................................13

*Trintec Indus., Inc. v. Top-USA Corp.*,
   295 F.3d 1292 (Fed. Cir. 2002).........................................................................................5

*Vivid Technologies, Inc. v. American Science & Engineering, Inc.*,
   200 F.3d 795 (Fed. Cir. 1999).................................................................................14, 18

*Vivus, Inc. v. Kercso*,
   977 F. Supp. 1004 (N.D. Cal. 1997) .................................................................................5

**STATUTES**

35 U.S.C. § 282.............................................................................................................5

**RULES**

Fed. R. Civ. P. 56...........................................................................................................5

LATHAM&WATKINS℠
ATTORNEYS AT LAW
ORANGE COUNTY

DC\4139021.2

iv

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Enplas's motion for summary judgment falls far short of establishing invalidity of U.S. Patent No. 6,473,554 ("the '554 patent") as a matter of law based upon the undisputed facts.  To the contrary, as to most of the claim elements Enplas relies on attorney argument, not evidence let alone evidence of how one skilled in the art would apply the Court's claim constructions to the prior art.  Enplas also takes liberties with the claims and the prior art, glossing over the claim language without explicitly stating what new constructions apply, or why such implicit claim constructions are warranted.  Enplas offers virtually no expert testimony to support its technical arguments, and where it does rely on SSC's expert, distorts his testimony creating factual disputes.  Summary judgment should be denied for these reasons alone.

Moreover, even if this Court were inclined to tease out Enplas's implied constructions and consider Enplas's unsupported attorney-assertions about the technical content of the prior art, Enplas has not met its burden of showing, under a clear and convincing standard, that no reasonable jury could find for SSC.  This is a high burden, and Enplas falls far short.  At the very least, there are genuine issues of material fact with regard to anticipation as to each claim in Enplas's motion.

With regard to independent claim 30, both Stanley and Johnson show LEDs surrounded on all sides by the optical element, rather than beneath a central portion of it as the claim requires.  This deficiency is apparent from the figures in Stanley (Japanese Utility Model Appl. Publ. No. H6-11365) and Johnson (U.S. Patent No. 3,774,021), and a reasonable jury could find against Enplas on this basis.  Enplas's only purported evidence is the testimony of SSC's technical expert, Dr. Moore, regarding the location of the claimed cusp, which Enplas misrepresents as identifying the central portion.  However, even under Enplas's expert's understanding of the central portion, neither Stanley nor Johnson anticipate claim 30.

SSC has covenanted not to sue Enplas on claim 38, so this Court lacks subject matter jurisdiction to address this claim, as explained in SSC's pending motion to dismiss.  (D.I. 138.) The Court should deny Enplas's motion with regard to claim 38 on this basis alone.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1    Nevertheless, summary judgment must be denied even if the Court concludes it should address

2    the substance of Enplas's anticipation argument.  The dispute regarding claim 38 centers around

3    the claim limitation "a substantial portion of light from said LED."  Claim 38 requires that the

4    interface reflect a substantial portion, but not all, of the light from the interface, such that some

5    light leaks out.  The '554 patent explains this light leakage is desirable to avoid dark spots above

6    the LEDs.  Enplas disagrees with this interpretation, but fails to state the new construction it

7    purports to apply, to support any such construction with intrinsic evidence, or to provide

8    evidence from its expert or one skilled in the art.  Stanley and Johnson have reflective surfaces

9    designed with the goal of reflecting all light and certainly do not teach the leakage required by

10   claim 38.  Enplas offers no contrary expert evidence in support of its motion.  At a minimum,

11   there is a factual dispute that precludes summary judgment with regard to alleged anticipation of

12   claim 38.

13          Enplas's anticipation of independent claim 1 is based only on Johnson, and its argument

14   is, at best, confused.  Enplas fails to establish anticipation by anything close to clear and

15   convincing evidence based upon the undisputed facts.  Enplas appears to mix and match its

16   reading of the claim, offering alternative or conflated positions – each of which is fatally flawed.

17   Enplas's attempts to read the claims on the prior art (both in its brief and in its improper 55 pages

18   of attorney argument attached as Exhibit 7 to an attorney declaration to its brief)[1] fail to establish

19   anticipation with regard to at least the "generally parallel… top surface," "embedded in an

20   interior region of said waveguide," and "illumination coupler" limitations of claim 1.  Enplas

21   improperly seeks to have this Court guess its theory and grant summary judgment without

22   offering any explanation from one skilled in the art.  Regardless of which among its confused

23   theories of anticipation Enplas is advancing, there is a genuine issue of material fact precluding

24   summary judgment.

25

26

27   [1] Enplas similarly attaches 117 pages of attorney argument as Exhibit 6 to its attorney's
     declaration.  Indeed, the Court could disregard and strike such extended arguments in Exhibits 6
28   and 7 in view of their disregard for this Court's page limits.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

2

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

## II.  COUNTER STATEMENT OF THE FACTS

### A.  The Display Illumination Backlight Of The '554 Patent

The '554 patent is directed to "a low profile lighting apparatus that is particularly advantageous for use as a backlight for illuminating a display." (Ex. A,[2] '554 Patent, Abstract.) The inventions in the '554 patent are addressed to solving the "need for an efficient backlight having a low aspect ratio that provides a substantially uniform illumination profile across the entire area of illumination." (*Id.* at 1:42-45.) To achieve this, the patent takes advantage of total internal reflection (TIR) to redirect light into the optical element. The '554 patent teaches that this TIR surface can be implemented in an illumination coupler which couples light from light sources into a waveguide. (*Id.* 3:23-34.) As described and claimed in the '554 patent, this illumination coupler is embedded in the waveguide, such as by forming it integrally with the waveguide. (*Id.* at 2:48-51, 2:64-3:23; claims 1 and 6.)

One undesirable consequence of using TIR is the appearance of dark spots above the TIR surfaces because light is internally reflected by the TIR surface, so it does not escape. (*Id.* at 14:47-15:3.) To mitigate this problem, the '554 patent describes and claims leaky TIR surfaces to facilitate a significant portion of light escaping through the TIR surface. (*Id.* & claim 38.)

### B.  The Light-Emitting Diode Of Stanley

The Stanley patent, entitled "Light Emitting Diode" (LED), is directed to an LED for "emitting light to the entire periphery in a horizontal direction." (Ex. B, Stanley, [0001].) This design is meant to overcome the problem that conventional LEDs emitted light that "converg[ed] in one direction." (*Id.*, Abstract [Purpose].) Stanley discloses an LED 2 with a "resin housing 3 comprising a refractive lens part 31a … and a reflective lens part 31b." (*Id.*, Abstract [Constitution].) This resin housing is, "for example, formed by molding transparent epoxy resin to cover an LED" as done in a "conventional" LED. (*Id.*, [0005].) The top of lens part 31b has an indented surface with the shape of a parabolic curve E to direct light horizontally. (*Id.*,

---

[2] Exhibits A-H are attached to the accompanying Declaration of Ryan R. Owens in Support of SSC's Opposition To EDD's Motion for Summary Judgment of Invalidity of Claims 1, 2, 30, 31, 33-39, 41-43 And 45-48 of the '554 Patent as Anticipated Under § 102(b).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

Abstract [Constitution].)  Consequently, "the emitted light is distributed in all circumferential

directions."  (*Id.*)  Resin housing 3 with lens parts 31a and 31b are shown in the figure below.



## C.     The Light-Emitting Device Of Johnson

The Johnson patent is similarly directed to "[a] light emitting diode module with a dome

encapsulant" that is designed to direct light horizontally "to couple the light into a planar light

guide, such as a telephone dial faceplate."  (Ex. C, Johnson, Abstract.)  Johnson discloses that the

objective is to use "a lesser number of light emitting elements" to illuminate the faceplate.  (*Id.*)

As in Stanley, "[t]he dome encapsulant 17 is molded around the lead frame and the diodes in a

conventional manner."  (*Id.* at 1:64-65.)  "The objective of this dome design is to minimize loss

of light through the [ceiling] surface."  (*Id.* at 3:26-27.)  Therefore, this surface is designed so

that "the problem rays incident on the dome of the structure … can be coupled into the guide 20

as shown."  (*Id.* at 3:31-33.)  In other words, Johnson's device is designed to "ensur[e] that all

rays, emanating from the light emitting element," are "reflected on the first pass" to have "a high

degree of probability of being coupled" into the planar light guide.  (*Id.* at 3:38-47.)

Figure 1 below shows Johnson's "light emitting device module" designed to direct light

from the LED horizontally, while Figures 3B and 3C below show the coupling of the light from

that module 17 into the planar light guide 20.  (*Id.* at 1:34-38, 3:59-62.)



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

## III.   LEGAL STANDARD

### A.   Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A fact is material if it could "affect the outcome of the case under the applicable law . . . [and a dispute] is genuine if a reasonable jury could return a verdict for the non-moving party."  *Vivus, Inc. v. Kercso*, 977 F. Supp. 1004, 1010 (N.D. Cal. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor."  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1157 (9th Cir. 1999) (emphasis added) (quoting *Anderson*, 477 U.S. at 255).

### B.   Anticipation

"A patent is presumed valid, 35 U.S.C. § 282, and this presumption can be overcome only by clear and convincing evidence to the contrary."  *Hologic, Inc. v. Senorx, Inc.*, 639 F.3d 1329, 1334 (Fed. Cir. 2011) (reversing summary judgment of anticipation).  "A judgment of invalidity for anticipation requires that a single prior art reference disclose every limitation in a patent claim."  *General Elec. Co. v. Nintendo Co., Ltd.*, 179 F.3d 1350, 1356 (Fed. Cir. 1999) (reversing summary judgment of anticipation).   An anticipation inquiry involves two steps: first, the court must construe the claims of the patent in suit and, second, the fact finder must compare the construed claims to the prior art.  *See Key Pharms. v. Hereon Labs Corp.*, 161 F.3d 709, 714 (Fed. Cir. 1998).  Any term that is not construed by the Court should be read as understood by one of ordinary skill in the art.  *See Sundance Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1361–63 (Fed. Cir. 2008) (explaining that issues of infringement and validity are "analyzed in great part from the perspective of a person of ordinary skill in the art").  Furthermore, "[a] single prior art reference anticipates a patent claim if it expressly or inherently describes each and every limitation set forth in the patent claim."  *Trintec Indus., Inc. v. Top-USA Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002) (reversing summary judgment of anticipation).  Finally, "[w]hether a prior art reference anticipates a patent claim is a question of fact."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1   *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1362 (Fed. Cir. 1999) (reversing

2   judgment of anticipation).

3       There is a "high burden of showing invalidity on summary judgment." *Schumer v. Lab.*

4   *Comp. Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002) (vacating summary judgment of

5   anticipation). "Evidence of invalidity must be clear as well as convincing. Typically, testimony

6   concerning anticipation must be testimony from one skilled in the art and must identify each

7   claim element, state the witnesses' interpretation of the claim element, and explain in detail how

8   each claim element is disclosed in the prior art reference." *Id.* "[T]he Federal Circuit has

9   repeatedly cautioned that attorney argument cannot substitute for evidence on a motion for

10  summary judgment." *Joyal Products, Inc. v. Johnson Elec. N. Am., Inc.*, 2008 WL 4630500, at

11  *4 (D.N.J. Oct. 17, 2008) (denying summary judgment of invalidity and granting dismissal of a

12  declaratory judgment counterclaim of anticipation) (citing *Invitrogen Corp. v. Clontech Labs*,

13  429 F.3d 1052, 1068 (Fed. Cir. 2005) ("Unsubstantiated attorney argument regarding the

14  meaning of technical evidence is no substitute for competent substantive expert testimony. It

15  does not, and cannot, support [defendants'] burden on summary judgment.")); *Enzo Biochem,*

16  *Inc. v. Gen-Probe Inc.*, 424 F.3d 1276, 1284 (Fed. Cir. 2005) ("Attorney argument is no

17  substitute for evidence.").

18  **IV.    ARGUMENT**

19      **A.    Stanley Does Not Anticipate Any Claim Of The '554 Patent**

20          **1.    <u>Claim 30</u>: There Is A Genuine Issue Of Fact As To Whether Stanley
    Discloses An LED Mounted At A Predetermined Location *Beneath*

21              The Optical Element**

22      At a minimum, there is a genuine issue of material fact as to whether Stanley discloses an

23  LED "mounted at a predetermined location *beneath* a central portion of said optical element," as

24  claim 30 requires. Enplas's anticipation theory demands ignoring all of Stanley's resin housing

25  below the LED, but Enplas offers no expert testimony to justify how it could be ignored. This

26  alone justifies denying summary judgment. *See Schumer*, 308 F.3d at 1315 (reversing summary

27  judgment of anticipation due to deficient testimony to sustain the judgment); *Joyal Prods.*, 2008

28  WL 4630500, at *4 (denying summary judgment based on unsupported attorney argument).

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

6

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

Rejecting the same type of unsupported argument Enplas makes here, Judge Robinson of Delaware stated:

> Despite the Federal Circuit's preference for expert testimony and although Goodman has expert reports, Goodman relies solely on attorney argument to compare the '004 patent to the prior art, Matsumoto and, without reference to expert opinion, disagrees with the opinions of Dr. Henze. From this analysis, Goodman concludes that the asserted claims are anticipated.
>
> The court respectfully disagrees with Goodman's argument that no expert opinion is needed to support its anticipation argument. The present technology involves complex technology, i.e., controlling HVAC systems using algorithms loaded into a central control. The court concludes that attorney argument is not sufficient to meet the burden of persuasion on invalidity at the summary judgment motion stage.

*Carrier Corp. v. Goodman Global, Inc.*, 64 F. Supp. 3d 602, 616 (D. Del. 2014) (denying summary judgment).

   Furthermore, Enplas attempts to gloss over the deficiency in its position by not expressly identifying the claimed "optical element" anywhere in the text of its motion. Enplas's failure to address this is sufficient grounds alone to deny summary judgment. Enplas has not even provided specific argument—let alone specific *evidence*—to support anticipation.  *See id.* Enplas (for the first time) identifies only lens part 31b while ignoring the rest of Stanley's resin housing 3. Enplas buries its identification of the "optical element," labeling it as lens part 31b in the figures from Stanley on page 6 of its motion (D.I. 164), copied below.



   Enplas must ask the Court to ignore the rest of resin housing 3 because the LED 2 is located *within* it—not *beneath* it as claim 30 requires. However, as stated in Stanley, lens parts 31a and 31b are each an integral part of the resin housing 3:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1    A light emitting diode has a lens part 31a of a **resin housing 3**
2    **comprising a refractive lens part 31a … and a reflective lens part 31b**, closely adjacent to the refractive lens part 31a, ….

3    (Ex. B, Stanley, Constitution (emphasis added).)  Whether lens parts 31a and 31b are formed of

4    the same piece of material as the remainder of resin housing 3, or those lens parts are joined

5    together as Enplas argues may be done (D.I. 164 at 6), there is no basis for Enplas selectively

6    identifying only lens part 31b as the claimed "optical element."

7        It is hardly surprising that Enplas buries its identification of lens part 31b as the optical

8    element and offers no supporting expert testimony.  Enplas's own expert, Dr. Pollock, disagrees

9    with Enplas's position.  In his expert report and declaration, which he executed under penalty of

10   perjury, Dr. Pollock identified the entire resin housing 3 as the optical element:

11       **Stanley teaches an optical element** having top and bottom
         opposing sides and an edge extending between the top and bottom
12       opposing sides. For example, Stanley discloses a lens (**an optical element in the form of housing 3**), which includes a refractive
13       lens part 31a and a reflective lens part 31b. This optical element is
         positioned to receive light from the LED 2.

14   (Ex. D, Dr. Pollock's Expert Report, Exhibit F at 30 (emphasis added).) Enplas's own expert

15   thus raises a genuine issue of material fact precluding summary judgment because the LED 2 in

16   Stanley is *not* beneath resin housing 3.  Indeed, both sides' experts agree that resin housing 3—

17   not lens part 31b—corresponds to the claimed "optical element."  (Ex. 1,[3] Expert Report

18   Rebuttal of Dr. Moore, at 56.)  As Dr. Moore illustrated (attached as Ex. 1 to his declaration filed

19   herewith), the LED is not mounted beneath the claimed "optical element" (*i.e.*, the entire resin

20   housing 3):



21
22
23
24
25
26

27   ─────
[3] Exhibits 1-2 are attached to the accompanying Declaration of Duncan Moore in Support of
SSC's Opposition To EDD's Motion for Summary Judgment of Invalidity of Claims 1, 2, 30, 31,
28   33-39, 41-43 And 45-48 of the '554 Patent as Anticipated Under § 102(b).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

8

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1   (*Id.*)  Thus, there also is a related factual dispute about whether the claimed "bottom side" of the

2   optical element maps to the bottom of element lens part 31b, as Enplas asserts, or maps to the

3   bottom surface of resin housing 3.  Lens part 31b is not depicted as having a bottom surface in

4   Stanley.

5        Summary judgment should be denied because Dr. Pollack's and Dr. Moore's testimony,

6   at the very least, raise genuine issues of material fact as to how one skilled in the art would

7   understand Stanley and its purported application to claim 30 of the '554 patent.  *See, e.g.*,

8   *Brilliant Instruments, Inc. v. GuideTech, LLC*, 707 F.3d 1342, 1346 (Fed. Cir. 2013) (affirming

9   denial of summary judgment because expert testimony raised a genuine issue of material fact);

10   *see also Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996) ("As a general rule, summary

11   judgment is inappropriate where an expert's testimony supports the non-moving party's case.").

12        The only expert testimony that Enplas cites is Dr. Moore's deposition testimony, which it

13   misrepresents.  Enplas states: "During his deposition, SSC's expert, Dr. Moore, identified the

14   'central portion' of the optical element shown in Figure 16A of the '554 Patent by circling it as

15   shown below":

16
17
18   
19
20

21   (D.I. 164 at 7.)  Enplas mischaracterizes Dr. Moore's testimony.  As Dr. Moore's actual

22   testimony (not quoted in Enplas's brief) makes clear, Dr. Moore was asked to identify and circle

23   the *cusp* or location where the curved surfaces of the optical element converge, which is a

24   different claim element from the "central portion":

25        Q. So that the curves have to be curving  to form a cusp, correct?
     As the Court's interpreted "cusp."

26

27        A. My understanding is that the Court interpreted the cusp as
     where two curves meet.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1      Q. Right. So … looking at figure 16, you're saying that that's
2  representative, so you're equating that curved surface **with what the patent defines as a cusp.  Correct**?

3      A. The curved surface is 80.
    …
4

5      Q. That the curved surface is converging to a location?

6      A. **Yes**.

7      Q. **Can you -- going back to figure 16-A, can you just circle that location**?

8  (Ex. E, October 23, 2015 Deposition of Duncan T. Moore, at 63:14-64:24 (emphasis added)

9  (objection omitted).)  While Dr. Moore later acknowledged that the curves converge in a central

10  portion of the optical element (*id*. at 65:5-6), that is not what he was asked to circle or identify in

11  the above figure.

12      Furthermore, Dr. Pollock acknowledged that the claimed "central portion" of the optical

13  element is defined by a cylinder extending vertically through the entire optical element.  (Ex. F,

14  October 21, 2015 Deposition of Clifford Pollock, at 239:2-9 ("To me the central portion is again

15  the cylinder which is defined by that vortex shape."); *see also* Ex. 2, Expert Report of Dr. Moore

16  on Infringement, Exhibit D at 20-22.)  As shown above, the LED 2 in Stanley is not below a

17  cylinder extending vertically through the entire resin housing 3, but rather is in the middle of it.

18      In sum, Enplas has presented no evidence that the LED in Stanley is mounted beneath the

19  central portion of the optical element, and there is ample contrary evidence.  Enplas has not met

20  its high burden of proving anticipation of independent claim 30 at the summary judgment stage.

21  Accordingly, Enplas likewise has not met its burden as to dependent claims 31 and 36, which

22  include all of the limitations of independent claim 30.

23      **2.**     <u>**Claim 38**</u>**:  If Considered, There Is A Genuine Disputed Issue Of Fact
24  As To Whether Stanley Discloses An "Interface Being Shaped And
Positioned Relative To Said LED To Reflect A Substantial Portion Of
25  Light From Said LED In A Direction Transverse To Said Axis"**

26      This Court lacks subject matter jurisdiction to address claim 38 because SSC has

27  covenanted not to sue Enplas on this claim, as detailed in the briefing on SSC's motion to

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

10

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1    dismiss.  (D.I. 138.)  Nevertheless, in the event the Court determines it should still reach the

2    substance of Enplas's motion as to claim 38, SSC responds briefly below.

3        Enplas's anticipation argument is premised on its incorrect interpretation of "a substantial

4    portion of light" as including "all light."  (D.I. 164 at 11.)  Enplas did not ask the Court to

5    construe this term, and there is no reason to do so now.  If the Court were inclined to construe it,

6    the proper construction would be "a large portion that is less than all the light such that dark

7    spots are avoided."  Enplas has failed to offer any evidence that Stanley discloses reflection of

8    less than all incident light, or that dark spots are avoided in Stanley, and therefore Enplas's

9    anticipation argument fails under this proper construction.

10       The '554 patent differentiates between reflecting *all* the light and reflecting *substantially*

11   *all* the light, and explains why reflecting less than all the light can be desirable.  In some

12   embodiments, such as the Figure 3 embodiment that may be "utilized as a taillight for an

13   automobile," "the top surface 56 will reflect *all* of such light [from LED 44 incident on top

14   surface 56] back into the waveguide 42."  (Ex. A, '554 patent, at 7:43-46 (emphasis added).)

15   Claim 38, however, is not directed to this embodiment. Figure 3 does not have the structure

16   required by claim 38.  *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1375

17   (Fed. Cir. 2008) ("claims need not be construed to encompass all disclosed embodiments when

18   the claim language is clearly limited to one or more embodiments.").

19       Claim 38 is directed to other embodiments, such as those in Figures 15-16, which have

20   the required structure of a curved interface symmetrical about an axis 83 where a substantial

21   portion of the light is reflected transversely to the axis.  Those embodiments are designed to

22   reflect substantially all the light, *while also allowing sufficient light to leak through* in order to

23   avoid dark spots above the cusp regions 76 and thereby achieve the desired uniform illumination:

> Because the TIR cusp regions 76 of FIGS. 15-18 reflect
> substantially all light incident thereon, **these regions 76 will
> appear dark** relative to portions of the waveguide outside the TIR
> regions 76. In situations where such dark spots are objectionable,
> **the surface 80 should be contoured to be a less than perfect
> internal reflector so that a significant portion of the incident
> light leaks through the surface 80**. The amount of leakage should
> preferably be no more than is necessary to substantially eliminate
> the dark spots, and provide an intensity in the TIR regions

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

substantially equal to that of the surrounding region. **Such leaky TIR regions thus provide substantially uniform output illumination** across the entire output region of the waveguide.

(Ex. A, '554 patent, at 14:58-15:3 (emphasis added).)  As Dr. Moore discussed, the claims of the '554 patent at issue here are directed at solving illumination uniformity problems, particularly those arising from "dark spots" which occur in lenses with TIR surfaces.  (*See, e.g.*, Ex. 1, Dr. Moore's Expert Rebuttal Report on Invalidity, at 3, 7-8, 26, 28.)

Thus, the construction of "a substantial portion of light" that most naturally aligns with the patent's description and the claim language is "a large portion that is less than all the light such that dark spots are avoided."  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (*en banc*) ("The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction.") (quoting *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998).)  Courts have routinely construed "substantially" to mean less than all.  *See, e.g.*, *Flexi-Mat Corp. v. Dallas Manufacturing Co., et a*l., 2006 U.S. Dist. LEXIS 19528 (D. Mass., April 11, 2006) (construing "substantially all" to mean "largely, **but not wholly**, the totality of the bolster.") (emphasis added); *In re Morgan*, 87 Fed. App'x 746 (Fed. Cir., Feb. 5, 2004) (unpublished) (construing "substantially smooth" to mean "mostly, **but not wholly**, smooth.") (emphasis added).

Enplas does not address this intrinsic evidence.  Enplas refers to the doctrine of claim differentiation without even identifying the claims to be differentiated, or attempting to explain why this doctrine supports its position.[4]  (D.I. 164 at 11.)  However, it is well-established that "the doctrine of claim differentiation 'will be overcome by a contrary construction dictated by

---

[4] Enplas may be arguing that independent claim 38 must have broader scope than dependent claim 42, but this does not support Enplas's position.  Claim 42 recites that the "cusp is contoured to permit leakage of light through said central portion of said refractive index interface."  The distinction between claim 42 and claim 38 is that claim 42 specifically requires the cusp to be contoured to permit light leakage, as opposed to accomplishing light leakage in some other way (*e.g.*, adjusting the shape of the surface in the region around the cusp).  The '554 patent broadly teaches that any part of the surface can be contoured to permit leakage of the light.  (Ex. A, '554 patent, at 14:61-64.)  Thus, claim 42 does not suggest that claim 38 embraces reflecting all the light by virtue of claim differentiation, even if applied here.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

12

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1  the written description or prosecution history.'" *Retractable Techs., Inc. v. Becton, Dickinson &*

2  *Co.,* 653 F.3d 1296,  1305 (Fed. Cir. 2011) (citation omitted).

3        In conclusion, even if the Court were to reach claim 38, summary judgment should be

4  denied because Enplas has offered no evidence that Stanley reflects less than all the light, as

5  required under a proper claim construction.  Because Enplas has not met its high burden as to

6  independent claim 38, Enplas likewise has not met its burden as to dependent claims 39, 41, 46,

7  and 48.

8        **B.      Johnson Does Not Anticipate Any Claim Of The '554 Patent**

9              **1.      Claim 1:  There Are Multiple Genuine Disputed Issues Of Fact**
                        **Regarding Anticipation Of Claim 1 By Johnson**

10

11                    **a.      Enplas's Summary Judgment Position On Claim 1 Should Be**
                             **Denied Since It Is Based Purely On Attorney Argument**

12        As discussed above, Enplas's summary judgment motion should be denied because it is

13  based almost exclusively on attorney argument (presented in its brief and over 170 pages of

14  Exhibits 6 and 7 to its attorney's declaration).  Moreover, Enplas's failure to offer expert

15  evidence as to claim 1 is particularly problematic because its position is, at best, vague and

16  confused.  Indeed, Enplas's positions in its brief do not align with those in Exhibit 7 to its

17  attorney's declaration.  Enplas cites nothing other than Johnson in support of its argument

18  against claim 1.  Enplas effectively asks the Court to credit its attorney argument on all technical

19  issues, and to take on the role of fact-finder with regard to such arguments.  This is improper.[5]

20        Attorney argument alone cannot suffice in the face of contrary evidence, and there is

21  ample contrary evidence as discussed below.  *See, e.g., Elcommerce.com, Inc. v. SAP AG*, 745

22  F.3d 490, 506 (Fed. Cir. 2014) ("The burden was on SAP to prove its case, and in the absence of

23

24  [5] Furthermore, it would be improper to allow Enplas to add new evidence or to attempt to
    convert its attorney argument into expert evidence to support these new theories in reply to this
    opposition.  *See, e.g., Charles O. Bradley Trust v. Zenith Capital LLC*, 2008 WL 3400340, at *6

25  n.2 (N.D. Cal. Aug. 11, 2008) (noting defendant's introduction of new evidence "creates a
    dispute of fact" precluding summary judgment); *see also Tishcon Corp. v. Soundview*

26  *Communications, Inc.*, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005) ("Justice is not served
    by allowing a moving party to unfairly surprise and prejudice the non-movant by producing

27  evidence of new, substantive facts at the last minute when there is no opportunity for the non-
    movant to respond.  This is precisely the kind of trial by ambush that the federal rules summarily

28  reject.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

13

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1   evidence provided by technical experts who meet the *Daubert* criteria there is a failure of proof.

2   Attorney argument is not evidence."); *Invitrogen Corp.*, 429 F.3d 1052, 1068 (Fed. Cir. 2005)

3   ("Unsubstantiated attorney argument regarding the meaning of technical evidence is no

4   substitute for competent substantive expert testimony.  It does not, and cannot, support

5   [defendants'] burden on summary judgment."); *Vivid Technologies, Inc. v. American Science &*

6   *Engineering, Inc*., 200 F.3d 795, 812 (Fed. Cir. 1999) (reversing summary judgment where

7   district court erroneously resolved material factual disputes regarding technological aspects

8   against the nonmovant, stating, "The truth of a disputed material fact cannot be established on

9   attorney statement alone."); *Carrier Corp.*, 64 F. Supp. 3d at 612-13; *Joyal*, 2008 WL 4630500,

10  at *4.

11       SSC is forced to respond to a moving target because Enplas has chosen to advance its

12  own views of technical issues, untethered by any expert opinion.  To make matters worse,

13  Enplas's attorney argument is itself inconsistent, confused and conclusory.

14       **b.     Enplas Offers Inconsistent Argument (And No Evidence)
             Regarding Its Identification Of A Purported Waveguide In
15           Johnson**

16       It is unclear what element Enplas contends to be the claimed "waveguide" and

17  "illumination coupler" in Johnson.  As discussed in the Counter Statement of Facts, above,

18  Figure 1 in Johnson shows the "light emitting device module" 17, while Figures 3B and 3C show

19  the coupling of the light from that module 17 into the light guide 20.  (*Id.* at 1:34-38, 3:10-11

20  ("The relevant portion of the light guide is indicated by 20 …."); 3:59-62.)



(Ex. C, Johnson, Figs. 1, 3B-3C.)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

14

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1      Enplas's Exhibit 7 seems to suggest that Figure 1 alone in Johnson discloses the claimed

2  waveguide having an illumination coupler, but also extraneously quotes from the Abstract in

3  Johnson identifying a different component—the planar light guide shown above in Figures 3B

4  and 3C but not Figure 1:

5

6          Using the court's construction of the term "waveguide" ("an
        optical device that redirects light propagating between its

7          surfaces"), **Fig. 1 below clearly shows the device described in
        '021 is a waveguide having an illumination coupler**. Further, the

8          specification explicitly teaches a waveguide having an illumination
        coupler:

9

10         The module is adapted to couple light into a **planar light guide**….

11     '021 Patent Abstract….

12 (Exhibit 7 of Enplas's Summary Judgment Motion, at 1-2.)  While unclear, Enplas's attorney's

13 Exhibit 7 seems to argue that Figure 1's element 17 alone anticipates claim 1.

14     However, Enplas's attorney argument in its brief seems to suggest a different

15 interpretation.  In its brief, Enplas copies and annotates Figures 4 and 5 of Johnson, apparently

16 asserting that the planar light guide 20 combined with element 17 is the claimed "waveguide"

17 and that the entirety of element 17 is the embedded illumination coupler of recited by the claims,

18 as shown here:

19

20 

21

22

23

24

25

26 (D.I. 164 at 14-15.)

27     It is unclear (and certainly not clear and convincing) whether Enplas now contends that

28 the waveguide (a) is element 17 alone; or (b) the planar light guide of Figures 3B, 3C and 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

15

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

(alone or in combination with element 17).  Enplas offers no expert testimony or other evidence

on this.  Enplas's motion should be denied for this failure alone.  Enplas has not identified what

it reads as the claimed "waveguide and "illumination coupler" in Johnson with clear and

convincing evidence.  In any event, as discussed below, under either attempted read of Johnson

on claim 1, there are disputed issues of fact.

  **c.**  **If Johnson Is Interpreted Such That Element 17 Alone Is The Waveguide, It Lacks The Recited "Generally Parallel Top … Surface[]" Of Claim 1**

   If element 17 (as shown in Figure 1) is alone interpreted as the claimed waveguide in

Johnson, Johnson fails to meet the claim.  Claim 1 requires that the waveguide have an

illumination coupler.  That waveguide must have "generally parallel top and bottom surfaces,"

and a "refractive index interface which is inclined relative to at least one [of] said top and bottom

surfaces."  (Ex. A, '554 patent, Claim 1.)   Enplas identifies the surface of the refractive index

interface in yellow at page 6 of its attorney's Exhibit 7 as shown below:



*FIG. 1*

(D.I. 165-1, Exhibit 7, at 6.)  Thus, as identified by Enplas, the refractive index interface is the

entirety of the inclined (*i.e. ,*not parallel), curved top surface of element 17.

   Claim 1 further requires the illumination coupler to direct light between the "generally

parallel top and bottom surfaces" of the claimed "waveguide."  Enplas's Exhibit 7 identifies the

generally parallel top surface by a red line that Enplas's counsel has inserted on top of element

17.



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1   (D.I. 165-1, Exhibit 7, at 4.)  However, that line does not represent any surface at all, and indeed

2   overlays the surface that Enplas identifies as the refractive index interface at page 6 of Exhibit 17

3   (highlighted in yellow above).

4           Simply stated, Enplas's attorney's annotations of element 17 fail to identify any

5   "generally parallel top…surface" of the waveguide.  The entirety of the top surface of element 17

6   is inclined, as highlighted at page 6 of Exhibit 17, and is identified as the refractive index

7   interface.  That surface cannot be both parallel and inclined, and cannot be both the refractive

8   index interface and the generally parallel top surface.  Apparently recognizing this defect, Enplas

9   also points to the light guide of Figure 5 on page 5 of Exhibit 7.  However, to the extent the light

10  guide is necessary, Enplas's interpretation of Figure 1's element 17 alone as the waveguide fails.

11  There is a genuine dispute as to whether the claimed "generally parallel top…surface" is present

12  in element 17, compelling denial of summary judgment with respect to independent claim 1 and

13  its dependent claims.

### d.    If The Waveguide Is Interpreted To Include The Planar Light Guide 20, It Is Disputed Whether The Waveguide Has An "Embedded" Illumination Coupler

16          Although it is unclear, as noted above, Enplas may be attempting to mask or cure the lack

17  of a "generally parallel top…surface[]" in element 17 by identifying light guide 20 as the

18  claimed "waveguide" as illustrated in Enplas's annotated figure in its brief (but not in Exhibit 7):



19  (D.I. 164 at 14 (citing Johnson, Figs. 4-5) (annotations added by Enplas).)  Enplas offers no

27  expert testimony to support this new identification of the entirety of element 17 as the

28  "illumination coupler."  This alone is sufficient reason to deny summary judgment.  *See, e.g.*,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

17

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1  *Invitrogen Corp.*, 429 F.3d at 1068; *Vivid Technologies, Inc.*, 200 F.3d at 812; *Carrier Corp.*, 64

2  F. Supp. 3d at 612-13; *Joyal*, 2008 WL 4630500, at *4.

3          Moreover, even under Enplas's apparent new theory (which does not even appear in its

4  Exhibit 7), there are disputed issues of material fact.  Enplas has failed to provide any evidence

5  that element 17 is "embedded in an interior region of said waveguide," as claim 1 requires.  To

6  the contrary, Figures 3 and 5 of Johnson (below) show a separation between the element 17 and

7  the planar lightguide 20.  Enplas fails to address this gap or spacing between these elements, or

8  to provide any expert testimony supporting that element 17 is "embedded" in light guide 20 (as

9  opposed to merely inserted with a space or gap as clearly shown in Johnson Figures 3b and 3c).



Air gap between dome encapsulant 17 and lightguide.

18  (Ex. C, Johnson, Figs. 3, 5 (annotations added).)  Because the Court already has determined that

19  an "illumination coupler embedded in an interior region of said waveguide" needs no

20  construction (D.I. 81 at 14), the question of whether Johnson discloses this claim limitation is a

21  question of disputed fact for the jury to resolve.  *See Finnigan Corp.*, 180 F.3d at 1362.  Such a

22  disputed fact compels denial of summary judgment with respect to independent claim 1 and its

23  dependent claims.

24          **e.      There Are Disputed Issues Of Fact Regarding The Presence Of**
          **An Illumination Coupler In Johnson**

25

26          Under either of Enplas's disputed reads of Johnson on claim 1, there are also disputed

27  issues of fact regarding the presence of an illumination coupler, as that term would have been

28  understood by one skilled in the art based upon the '554 patent.  In its *Markman* ruling, the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

18

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1   Court found it unnecessary to construe the phrase "illumination coupler embedded in an interior

2   region of said waveguide." (D.I. 81 at 14.)  Accordingly, this term should be applied as it would

3   be understood by one skilled in the art based upon review of the '554 patent. *See Phillips*, 415

4   F.3d at 1313.  Enplas offers no expert evidence regarding how one skilled in the art would

5   understand the "illumination coupler" of claim 1, and its attorney argument is imprecise as to

6   what Enplas believes this term means and why or how Johnson satisfies it.  This alone is a

7   sufficient basis to deny summary judgment. *See Schumer*, 308 F.3d at 1315-16.

8   　　　　SSC's technical expert, Dr. Moore, disputes that all or any portion of element 17

9   constitutes the claimed "illumination coupler."  He explained at length that element 17 is not an

10  illumination coupler because it lacks a bottom coupling lens element and a top TIR coupling

11  element. (Ex. 1, Dr. Moore's Expert Rebuttal Report on Invalidity, at 9-14.)  His opinion is

12  consistent with the description of the illumination coupler in the '554 patent.  In describing the

13  Figure 24 embodiment (copied below), the '554 patent explains that the optical lens element of

14  the illumination coupler utilizes the air gap between the LED 140 and the waveguide 132 to aid

15  in refraction, and that this lens element 90 of the illumination coupler may be convex or concave:

16  　　　　In this embodiment of the waveguide 132, the transparent optical
           coupling agent and the material of the LED 140 preferably all have
17         an index of refraction of about 1.5. An air gap around the LED
           140 defines a volume with a refractive index of about 1.0 to cause
18         refraction of light. The lens element 90 may optionally be either
           convex or concave.

19  (Ex. A, '554 Patent, 16:33-38.)

20



*Fig. 24*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

19

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

(Ex. A, '554 Patent, Fig. 24.)  In fact, Enplas's own technical expert, Dr. Pollock, similarly identified the bottom coupling lens element as the illumination coupler, or part of the coupler, in his analysis of other prior art:



(Ex. G, Dr. Pollock's Expert Report on Invalidity, Exhibit B at 2-3 (citing Koito, Fig. 2) (annotations added showing bottom and top coupling elements).)

(Ex. H, Dr. Pollock's Expert Report on Invalidity, Exhibit E at 2.) (citing JP '161, Fig. 7.) (annotations added by Dr. Pollock, pointing to the bottom cavity as the illumination coupler.).)

Element 17 of Johnson includes no such bottom coupling lens element or air gap.  As the Court has already decided that this term requires no construction (D.I. 81 at 14.), whether an illumination coupler is present in Johnson is a disputed fact for the jury to decide.

Material issues of fact thus exist regarding the presence of an illumination coupler in Johnson, under any of Enplas's differing theories.  For this additional reason, Enplas also has not met its burden as to independent claim 1 or its dependent claims.[6]

---

[6] Enplas's new argument that claim 2 of the '554 patent is indefinite (similar to Enplas's other arguments with Johnson) is not supported by expert evidence.  Dr. Pelka's testimony does not cure this deficiency.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

20

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1

2

2.   **Claim 30**: There Is A Genuine Dispute Of Fact As To Whether
Johnson Discloses An LED Mounted At A Predetermined Location
*Beneath* A Central Portion Of The Optical Element

3

With regard to claim 30, Enplas's argument based on Johnson fails for the same reason as

4

its argument based on Stanley:  the LED is not "mounted at a predetermined location *beneath* a

5

central portion of said optical element," as claim 30 requires.  Figure 1 from Johnson, as

6

annotated by Enplas, is copied below.

7

8

9

10

11

12

13



14

As in Stanley, the LEDs are not located "*beneath* a central portion of said optical element" but

15

rather right in the middle of it.  Enplas effectively concedes that the entirety of element 17 in

16

Johnson constitutes the claimed "optical element."  (D.I. 164 at 16 (Enplas's labels "Top

17

opposing side" and "Bottom opposing side" are intended to indicate the claimed "top and bottom

18

opposing sides" of the optical element).)

19

Enplas again relies on Dr. Moore's testimony to try to limit the central portion of the

20

optical element to the region of the cusp, but as explained above, Dr. Moore's testimony

21

identified the cusp or curved surfaces—not the central portion.  (*See supra* at 9-10.)  Also, as

22

stated above, Dr. Pollock concedes that the claimed "central portion" is defined by a cylinder

23

extending vertically through the entire optical element.  (Ex. F, October 21, 2015 Deposition of

24

Clifford Pollock, at 239:2-9 ("To me the central portion is again the cylinder which is defined by

25

that vortex shape.").)  The LEDs in Johnson are in the middle of this cylinder, not below it.

26

Furthermore, there is another problem with Enplas's anticipation theory with respect to

27

claim 30.  As shown above, the LEDs in Johnson are located off the central axis, and Dr. Pollock

28

admitted that LEDs mounted to the right or left of that central axis would not satisfy claim 30:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

21

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

Q. And why is the LED 44 in that diagram beneath the central portion of the LED?

A. Because the claim says the LED is mounted at a predetermined location beneath the central portion. **I guess you could mount the LED off to the right. But that would not satisfy Claim 30.** The LED needs to be beneath.

(Ex. F, October 21, 2015 Deposition of Clifford Pollock, at 241:19-242:3 (emphasis added).)

Therefore, Johnson cannot satisfy claim 30 for the additional reason that the LEDs are mounted to the left and right of the central portion—not beneath it.

Summary judgment as to claim 30 based on Johnson should thus be denied for the same reasons set forth for Stanley and the additional reason that there is a factual dispute as to whether the LEDs are mounted beneath the central portion because they are mounted to left and right of center.  Since Enplas has not met its burden as to independent claim 30, Enplas likewise has not met its burden as to dependent claims 31 and 33-37.

> **3.     Claims 33 And 38**:  There Is A Genuine Disputed Issue Of Fact As To Whether Johnson Discloses A Leaky TIR Surface As Required By Claims 33 And 38

Enplas's arguments based on Johnson against independent claim 38 and dependent claim 33 fail for the same reasons as its arguments against claim 38 based on Stanley.  The Court does not have subject matter jurisdiction to address claim 38 because SSC covenanted not to sue Enplas on this claim.  (*See* D.I. 138.)  However, even if the Court determines that it should address the merits of Enplas's motion with regard to claim 38, this claim requires that the interface be designed to "reflect a substantial portion of light from [the] LED in a direction transverse to said axis."  Claim 33, in addition to including all of the elements of claim 30, requires that the "TIR surface is leaky such that some light emitted by the LED is transmitted therethrough."  As discussed above, these limitations are directed at the concept that some light is allowed to leak through in order to avoid dark spots above the cusp regions.

Johnson does not disclose designing the TIR surface to allow some light to leak through, but rather strives to reflect all light to the extent physics will permit.  Johnson discloses that the "desired result" "is most easily expressed as ensuring that **all** rays, emanating from the light emitting element, strike the top edge of the light guide, where it interfaces with the internally

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

22

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

reflecting dome of the light emitting element, at an angle greater than the critical angle and are thereby reflected on the first pass." (Ex. C, Johnson, 3:37-43 (emphasis added).)  Nevertheless, Johnson recognizes that there are physical limits to achieving this desired result and therefore did not claim reflecting all light rays.  Johnson's claims reflect the physical reality that, at the very apex of the curvature, the physics of the Johnson device will not permit reflection of all the light because the curvature is changing from steep in one direction to steep in another direction, and thus necessarily must pass through angles less than the critical angle.  (Ex. C, Johnson, 4:61-63 ("an apex angle such that all of the light incident on the dome except that essentially at the apex will be internally reflected").)  Due to this physical limitation and others, e.g., "fabrication considerations" (*Id.* at 2:33-38), Johnson disclosed that the "predominant portion of the light" emitted from each diode is directed into the horizontal plane of the light guide.  (*Id.*at 1:23-27; 1:33-37.)

Johnson does not teach or disclose that the unavoidable, trivial leakage of his device serves to avoid the dark spots discussed in the '554 patent.  Johnson suggests nothing regarding the '554 patent's concept of a leaky TIR surface to leak light as "necessary to substantially eliminate the dark spots." (Ex. A, '554 patent, 14:65-15:3)  Thus, claims 33 and 38 of the '554 patent are distinct from the approach disclosed in Johnson because, rather than claiming reflection of all light to the limits of physics, those claims require leakage of additional light to avoid dark spots.  Johnson does not even recognize the problem of dark spots, let alone attempt to solve it.

In other words, Enplas relies on the mere technicality that the cusp above the LED in Johnson may never perfectly reflect every single light ray.  This falls far short of disclosing the counterintuitive approach of designing a surface meant for total internal reflection to leak some additional light for the purpose of avoiding dark spots, as would be required to satisfy claims 33 and 38.  *See General Elec. Co.*, 179 F.3d at 1356 ("A judgment of invalidity for anticipation requires that a single prior art reference disclose every limitation in a patent claim.").  Enplas offers no expert testimony to support its anticipation argument on this technical issue, and

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
ORANGE COUNTY

23

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT

1   summary judgment is appropriately denied on that basis alone.  *See Schumer*, 308 F.3d at 1315-

2   16.

3          At a minimum, Enplas has failed to show that a reasonable jury could not find that Enplas

4   failed to prove anticipation of claims 33[7] and 38 based on Johnson by clear and convincing

5   evidence, as required to obtain summary judgment.  *See Hologic*, 639 F.3d at 1334 (reversing

6   summary judgment of anticipation); *Finnigan*, 180 F.3d at 1362 (reversing judgment of

7   anticipation).  Because Enplas has not met its burden as to claim 38, Enplas likewise has not met

8   its burden as to dependent claims 39, 41-43, and 48.

9   **V.      CONCLUSION**

10          For the foregoing reasons, SSC respectfully requests that the Court deny Enplas's Motion

11   for Summary Judgment of Invalidity of Claims 1, 2, 30, 31, 33-39, 41-43 and 45-48 of the '554

12   Patent as Anticipated under § 102(b).

13

14   Dated:  November 16, 2015                         LATHAM & WATKINS LLP

15                                                      By: */s/  Ryan R. Owen*s

16                                                          Ryan R. Owens
                                                            Attorneys for Defendant-Counterclaim
17                                                          Plaintiff

18                                                          *Seoul Semiconductor Co., Ltd.*

19

20

21

22

23

24

25

26

27   _____

28   [7]  Claim 33 depends on claim 30 and is therefore also not anticipated by Johnson for each of the
     reasons noted above with respect to claim 30.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

24

CASE NO.: 3:13-cv-05038-NC
SSC'S OPPOSITION TO EDD'S MSJ OF
INVALIDITY CLAIMS OF THE '554 PATENT