UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,<br><br>Plaintiffs and counterdefendants,<br><br>v.<br><br>SEOUL SEMICONDUCTOR COMPANY, LTD.,<br><br>Defendant and counterclaimant. | Case No. 13-cv-05038 NC<br><br>**ORDER RE: SSC'S MOTION TO DISMISS AND ENPLAS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 128, 130, 132, 134, 138 |

The Court considers the effect of (1) defendant SSC's motion to dismiss its patent infringement counterclaims against plaintiffs ETS and EUSA, and (2) SSC's covenant not to sue EDD on certain infringement claims. Enplas moved for summary judgment on the infringement claims that SSC intended to drop. In response, SSC covenanted not to sue on those claims. Now, the Court GRANTS SSC's motion to dismiss, and finds that SSC's dismissal covers all causes of action against ETS and EUSA. The Court finds that SSC's covenants not to sue do not divest the Court of jurisdiction to rule on EDD's motions for summary judgment because the covenants do not cover the entirety of SSC's infringement claims. Because no genuine dispute of material facts exist as to those claims, the Court GRANTS EDD's motions for summary judgment.

/

Case No. 13-cv-05038 NC

## I. BACKGROUND

Defendant Seoul Semiconductor Co., Ltd. ("SSC"), manufactures light-emitting diode ("LED") products and asserts that it owns more than 10,000 LED patents worldwide, including the two patents at issue in this case, U.S. Patents Nos. 6,473,554 (the "'554 patent") for "Lighting Apparatus Having Low Profile" and 6,007,209 (the "'209 patent") for "Light Source For Backlighting." Dkt. No. 11. The '554 patent relates to a lighting apparatus that is useful as a backlight for illuminating a display, such as a liquid crystal display ("LCD"). Dkt. No. 70-1. The '209 patent relates to an apparatus and methods for backlighting a display panel. Dkt. No. 70-2.

SSC asserts that plaintiffs Enplas Display Device Corporation ("EDD"), Enplas Tech Solutions, Inc. ("ETS"), and Enplas (U.S.A.) Inc. ("EUSA") (collectively, "Enplas") infringe the '554 and '209 patents by manufacturing and supplying lenses for use with LEDs, including lenses for use in LED backlights for LCD televisions and monitors. Dkt. No. 11.

Enplas filed its complaint on October 29, 2013, seeking a declaratory judgment that the '554 and '209 patents are not infringed and are invalid. Dkt. No. 1. On January 16, 2014, Enplas filed a first amended complaint. Dkt. No. 7. On April 21, 2014, SSC filed its answer and counterclaims, alleging infringement of the '554 and '209 patents against EDD, ETS, and EUSA, on all patent claims. Dkt. No. 11. Based on a declaration provided by ETS that it has had no relevant involvement with the products accused of infringement, the Court dismissed with prejudice SSC's patent infringement counterclaims against ETS as stipulated by the parties. Dkt. No. 62. Now, Enplas moves for summary judgment, and SSC moves to dismiss some infringement claims in the case. Dkt. Nos. 128, 130, 132, 134, 138.

## II. DISCUSSION

The Court is faced with an unusual procedural posture and will resolve all motions regarding SSC's dropped claims together. After the fact discovery deadline passed in this case, Enplas observed that SSC had not presented any factual information on many of its

Case No. 13-cv-05038 NC                 2

infringement claims. Enplas asked SSC whether it intended to pursue those claims to summary judgment and beyond. SSC responded that it did not, and that it would dismiss the claims.

At that point, the parties engaged in negotiations to determine the method for removing the claims from litigation. Enplas argued that it was entitled to a judgment on the claims and requested that SSC agree to a consent judgment. SSC disagreed and believed that a covenant not to sue was sufficient to remove the claims from the litigation entirely. Without reaching a stipulation, Enplas moved for the Court to grant summary judgment on the "dropped" claims, arguing that SSC provided no evidence to support those claims. In its oppositions, SSC provided covenants not to sue, and argued that Enplas's motions are moot as a result. Then, SSC filed a motion for voluntary dismissal of SSC's infringement counterclaims as to EUSA and ETS. Additionally, SSC covenants not to sue on some EDD claims on both the '554 and '209 patents, as well as on some lens numbers.[1] A full list of relevant claims is included in the chart attached to this order. EDD moves for summary judgment on the same claims.

The Court considers (A) the appropriate controlling law for each issue; (B) SSC's motion to dismiss; (C) the effect of SSC's covenants not to sue on Enplas' claims; (D) whether SSC's covenants moot Enplas' claims or causes of action; and (E) Enplas' summary judgment motions.

**A.  Choice of Law**

Federal Circuit law applies to issues "unique to patent law and regional circuit law to issues unrelated to patent law." *Atlas IP, LLC v. Medtronic, Inc.*, No. 2015-1071, 2015 WL 6550622, at *4 (Fed. Cir. Oct. 29, 2015). Generally, procedural issues are governed by regional circuit law. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356,

---

[1] The relevant claims with respect to EDD are SSC's (1) infringement allegations concerning claims 1-19, 21-22 of the '209 patent; (2) claims 4-5, 7-29, 32, 38-48 of the '554 patent; (3) all claims of direct infringement under 35 U.S.C. § 271(a); (4) all claims that EDD lens #9827 infringes patents in suit, and lens #4922 infringes the '554 patent.; and (5) infringement under 35 U.S.C. § 271(c).

Case No. 13-cv-05038 NC              3

1359 (Fed. Cir. 1999). Here, the parties agree that Ninth Circuit law governs the procedural standard for granting a motion to dismiss under Rule 41(a)(2), or a motion for summary judgment. However, the effect of a covenant not to sue is governed by Federal Circuit law. *Id.* (noting that the Federal Circuit applies its own law to deciding "whether there is a sufficient controversy between the parties to permit the accused infringer to bring an action seeking a declaratory judgment of noninfringement or invalidity").

### B. Motion to Dismiss

Federal Rule of Civil Procedure 41(b) permits a party to voluntarily dismiss a claim by court order, "on terms that the court considers proper." "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Here, SSC seeks dismissal of its infringement causes of action against ETS and EUSA with prejudice. "Where, as here, a plaintiff seeks to dismiss its case, with prejudice, many courts have held that unless a third party's rights are affected, a court lacks discretion and has little choice but to dismiss." *California Sportfishing Prot. All. v. Matheson Tri-Gas, Inc.*, No. 11-cv-01456 MCE, 2013 WL 687041, at *2 (E.D. Cal. Feb. 25, 2013) (collecting cases). Enplas does not argue that it would suffer plain legal prejudice if the Court dismisses the claims. Therefore, the Court GRANTS SSC's motion to dismiss its causes of action against ETS and EUSA with prejudice.

### C. Effect of SSC's Covenants Not To Sue

A party has standing to bring an action under the Declaratory Judgment Act if an "actual controversy" exists. 28 U.S.C. § 2201(a). The "actual controversy" requirement is the same as the Article III case or controversy requirement. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). In *MedImmune, Inc v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), the Supreme Court clarified the relevant standard for "actual controversy"

as it applies to patent cases: "the facts alleged, under all circumstances, show there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," such that the dispute is "real and substantial" and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*; *accord Arris Group, Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1373 (9th Cir. 2011). "[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where the party contends that it has the right to engage in the accused activity without a license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Here, SSC threatened Enplas with litigation for infringement of the '554 and '209 patents, so Enplas sought declaratory judgment of noninfringement and invalidity of the patents. Dkt. No. 1. Subsequently, SSC filed a counterclaim for infringement against Enplas. Dkt. No. 11. Thus, at the start of the litigation, a "real and substantial" dispute existed between the parties.

An actual controversy must be present at all times in the litigation. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). When a defendant in a patent infringement declaratory judgment action covenants not to sue, generally, the defendant removes the possibility that the parties have adverse legal interests. As a result, a covenant not to sue can divest the Court of jurisdiction to adjudicate the plaintiff's claims. "In a line of cases beginning with *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995), we have held that a patentee's grant of a covenant not to sue a supplier for infringement can eliminate the supplier's standing to bring a declaratory judgment action." *Arris Group*, 639 F.3d at 1380.

However, a covenant not to sue does not always divest the trial court of jurisdiction

Case No. 13-cv-05038 NC        5

over the case. Rather, "[w]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc.*, 556 F.3d at 1297. Thus, the Court analyzes SSC's motion to dismiss and the covenants not to sue individually to determine whether they divest the Court of jurisdiction to rule on Enplas' summary judgment motions.

### D. Mootness of Enplas' Claims

SSC argues that Enplas' motions for summary judgment are necessarily mooted by SSC's covenants not to sue on the same infringement claims.

#### 1. ETS and EUSA

As to ETS and EUSA, the Court granted SSC's request to dismiss all of its causes of action with prejudice. The Court notes that it previously dismissed with prejudice SSC's causes of action against ETS. Dkt. No. 62. Now, the Court finds that SSC's dismissal covers all infringement claims it asserted against ETS and EUSA, so there is no controversy remaining. No issues remain that implicate plaintiffs' legal rights. Therefore, ETS and EUSA's claims against SSC are moot.

However, all parties acknowledge that SSC's dismissal of its causes of action against ETS and EUSA does not cover future infringement. The parties agree that the Court should dismiss ETS and EUSA causes of action without prejudice. The Court agrees and DISMISSES ETS and EUSA's claims of noninfringement and invalidity of the '554 and '209 patents without prejudice.

#### 2. EDD

As to EDD, Enplas argues that SSC's covenant not to sue on some, but not all, infringement claims is insufficient to divest this Court of jurisdiction. The Court has reviewed the case law cited by the parties and finds that no case directly addressing this issue of a partial covenant not to sue.

The most comprehensive Federal Circuit case on the effect of a covenant not to sue is *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294 (Fed. Cir. 2009). In that case, defendant Revolution covenanted not to sue plaintiff Aspex for past and current

Case No. 13-cv-05038 NC           6

infringement, but the covenant was silent on future infringement. *Id.* at 1296. The Federal Circuit noted that, "Revolution's covenant does not protect Aspex from suit should Aspex embark on future marketing of its bottom-mounted eyewear products." *Id.* Because Aspex specifically sought declaratory judgment on future infringement, the Federal Circuit held that the covenant did not divest the trial court of jurisdiction to declare noninfringement and invalidity. *Id.*

The Federal Circuit reasoned, "[t]he issue 'touch[es] the legal relations of parties having adverse legal interest,' for it affects whether Aspex can return to this market without risking treble damages should the challenge eventually fail, and the dispute is amendable to 'specific relief through a decree of a conclusive character' because the resolution of the counterclaims for validity and enforceability of the '913 patent will conclusively determine the issue. The case thus satisfies the requirements stated in *MedImmune*." *Revolution Eyewear*, 556 F.3d at 1299 (quoting *MedImmune*, 549 U.S. at 127). Thus, the relevant inquiry is whether the covenant not to sue relieves plaintiff of the possibility of suit, such that no legal interests are implicated.

The law is not, as SSC suggests, that a covenant not to sue automatically moots a plaintiff's claims. Instead, a factual inquiry is required, and the Court should consider the entirety of the circumstances in evaluating whether a controversy remains. *Revolution Eyewear*, 556 F.3d at 1299. For example, in *Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1121 (N.D. Cal. 2007), Judge Illston dismissed plaintiff's declaratory judgment case because "the covenant in this case is exhaustive of all potentially infringing products that Crossbow may sue for." In contrast, Judge Whyte determined that a silent withdrawal, without a covenant not to sue, did not moot declaratory judgment claims. *Radware, Ltd. v. A10 Networks, Inc.*, No 13-cv-02021 RMW, 2014 WL 2738538 (N.D. Cal. June 11, 2014).

In *Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006), the Federal Circuit advised, "A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment

Case No. 13-cv-05038 NC            7

defendant may have against the declaratory judgment plaintiff." The Court continued, quoting *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007):

> "The concepts of 'adverse legal rights' and 'legal risk,' used in [prior] cases to describe the standard for jurisdiction require that there be an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff has preempted it. Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction."

*Id.*

Further, the Court has not found, and the parties have not cited, any case that considers the effect of a defendant's covenant not to sue on some infringement claims, rather than entire causes of action. Here, the parties agree that SSC's covenants do not cover SSC's entire infringement claims on either the '554 or '209 patents. The Court disagrees with EDD's argument that *Revolution Eyewear* and *Arris Group* hold that a covenant not to sue for partial claims is ineffective. As noted above, *Revolution Eyewear* reflects the Federal Circuit's concern for a fact-intensive inquiry. 556 F.3d at 1299. *Arris Group* is factually distinguishable because the defendant did not covenant not to sue. 639 F.3d at 1380.

In this case, SSC covenants not to sue on a list of infringement claims under both patents, as well as certain of Enplas' lenses. However, SSC still pursues its overall causes of action that Enplas infringes SSC's patents. Given the continued litigation, Enplas has an immediate legal interest in protecting its right to continue producing its lenses without a license. The parties remain adverse as to whether Enplas is infringing the '554 and '209 patents. Additionally, Enplas has a legal interest in resolving whether SSC's patents are valid. The Court finds that the above cases speak to *causes of action*, and not patent claims. The test in *MedImmune* asks whether the *dispute* is real and concrete. The Supreme Court has stated, "If . . . a party has actually been charged with infringement of the patent, there is, *necessarily*, a case or controversy adequate to support jurisdiction" at

Case No. 13-cv-05038 NC        8

1  that time. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (emphasis in

2  original); *accord Nucleonics*, 495 F.3d at 1344.  Here, SSC maintains its counterclaims

3  that EDD has and continues to infringe the '554 and '209 patents.  Thus, the Court finds

4  that the covenants not to sue do not moot EDD's claims for declaratory relief of

5  noninfringement and invalidity.

### E.     Summary Judgment Motions

Enplas moves for summary judgment on: (1) noninfringement as to ETS; (2) noninfringement as to EUSA; and (3) certain SSC counterclaims against EDD.  EDD moves for summary judgment on the following SSC counterclaims against EDD: (A) infringement allegations concerning claims 1-19, 21-22 of the '209 patent; (B) claims 4-5, 7-29, 32, 38-48 of the '554 patent; (C) all claims of direct infringement under 35 U.S.C. § 271(a); (D) all claims that EDD lens #9827 infringes patents in suit and lens #4922 infringes the '554 patent; and (E) infringement under 35 U.S.C. § 271(c).

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).  All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party.  *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

As discussed above, some of Enplas' motions are necessarily mooted by SSC's covenants not to sue.  The summary judgment motions as to ETS and EUSA are DENIED AS MOOT.

1    However, the Court concluded above that SSC's covenants as to EDD do not moot
2    EDD's claims. Thus, the Court has jurisdiction to rule on EDD's summary judgment
3    motions. In the motions, EDD argued that there is no dispute of material fact and that SSC
4    cannot sustain infringement claims because no facts exist to support the claims. In
5    response, SSC provided covenants not to sue on those infringement claims. SSC did not
6    provide specific facts showing that a genuine dispute of fact exists for trial.

7    Therefore, the Court finds that there is no genuine dispute of material fact as to
8    these claims, and the claims fail as a matter of law. The Court GRANTS EDD's motions
9    for summary judgment, docket numbers 128 and 134, on SSC's counterclaims:
10   (A) infringement allegations concerning claims 1-19, 21-22 of the '209 patent; (B) claims
11   4-5, 7-29, 32, 38-48 of the '554 patent; (C) all claims of direct infringement under 35
12   U.S.C. § 271(a); (D) all claims that EDD lens #9827 infringes patents in suit and lens
13   #4922 infringes the '554 patent; and (E) infringement under 35 U.S.C. § 271(c).

## III. CONCLUSION

The Court rules as follows:

1. SSC's motion to dismiss, docket number 138, is GRANTED.
2. ETS and EUSA are DISMISSED from the case, as their causes of action are MOOT.
3. Thus, EUSA's motion for summary judgment, docket number 130, is DENIED AS MOOT.
4. ETS's motion for summary judgment, docket number 132, is DENIED AS MOOT.
5. EDD's motion for summary judgment of noninfringement of withdrawn or abandoned claims, docket number 128, is GRANTED.
6. EDD's motion for summary judgment of noninfringement under 35 U.S.C. § 271(c), docket number 134, is GRANTED.

//

1  The parties briefed additional summary judgment and *Daubert* motions, which the
2  Court will hear on December 9, 2015, at 2:00 p.m. in the San Jose Courthouse.  The Court
3  has attached a claim summary chart, summarizing the rulings made in this order.  The
4  parties should carefully review the chart and propose any corrections in writing by
5  December 8, 2015, at noon.  This chart will be used to prepare the final judgment in the
6  case.

**IT IS SO ORDERED.**

Dated:  December 3, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

*Enplas Display Device Corp., et al. v. Seoul Semiconductor Co., Ltd.*
Case No. 13-cv-5038

# The Asserted Patents and Claims Chart

**PLAINTIFF:  Enplas (U.S.A.), Inc. –** *PARTY DISMISSED 12/3/15*
**PATENT:    '209 and '554 Patents**

| No. | Party Asserting Claim | Claim or Theory | Claim Asserted Against | Court Ruling |
|---|---|---|---|---|
| (1) | EUSA | DJ of non-infringement of all claims of the '209 and '554 Patents and defense of noninfringement as to all SSC infringement claims | SSC | **Dismissed as moot without prejudice** |
| (2) | EUSA | DJ of invalidity of all claims of the '209 and '554 Patents and defense of invalidity to SSC infringement claims | SSC | **Dismissed as moot without prejudice** |
| (3) | SSC | Infringement of all claims of the '209 and '554 Patents | EUSA | **Dismissal with prejudice GRANTED** |

**PLAINTIFF:  Enplas Tech Solutions, Inc. –** *PARTY DISMISSED 12/3/15*
**PATENT:    '209 and '554 Patents**

| No. | Party Asserting Claim | Claim or Theory | Claim Asserted Against | Court Ruling |
|---|---|---|---|---|
| (4) | ETS | DJ of noninfringement of all claims of the '209 and '554 Patents and defense of noninfringement as to all SSC infringement claims | SSC | **Dismissed as moot without prejudice** |
| (5) | ETS | DJ of invalidity of all claims of the '209 and '554 Patents and defense of invalidity to SSC infringement claims | SSC | **Dismissed as moot without prejudice** |
| (6) | SSC | Infringement of all claims of the '209 and '554 Patents | ETS | **Dismissal with prejudice GRANTED** |

Case No. 13-cv-05038 NC                         12

**PLAINTIFF: Enplas Display Device Corp.**
**PATENT:   '209 Patent**

| No. | Party Asserting Claim | Claim or Theory | Claim Asserted Against | Court Ruling |
|---|---|---|---|---|
| **(7)** | EDD | DJ of non-infringement of '209 Patent and defense of noninfringement as to all SSC infringement claims | SSC | **Not Moot, Claim Proceeds** |
| **(8)** | EDD | DJ of invalidity of all claims of '209 patent and defense of invalidity as to all SSC infringement claims | SSC | **Not Moot, Claim Proceeds** |
| *(8a)* | EDD | Invalidity of claim 20 as anticipated under §102 by the '354 Patent ("Gleckman") | SSC | Contested in EDD MSJ (Dkt. No. 166) |
| *(8b)* | EDD | Invalidity of claim 20 as obvious under §103 over:<br>(a) Gleckman alone or in combination with one or more of Osawa, or Takeichi;<br>(b) Yoshida alone or in combination with one or more of Osawa, Takeichi, Gleckman, Suzuki, or Borchardt;<br>(c) Takeichi alone or in combination with one or more of Yoshida, Gleckman, Suzuki, or Borchardt; and/or<br>(d) Osawa alone or in combination with one or more of Gleckman, Yoshida, Suzuki, or Borchardt. | SSC | Moot if EDD MSJ (Dkt. No. 166) granted. |
| *(8c)* | EDD | Invalidity of claims 1, 5, 6, 15, 20 and 22 under §112. | | Moot if EDD MSJ (Dkt. No. 166) granted. |
| **(9)** | EDD | Defense of unenforceability of the '209 Patent (inequitable conduct) | SSC | Contested in SSC MSJ (Dkt. No. 161) |
| **(10)** | SSC | Infringement under 35 U.S.C. § 271(a), (b), and (c) of all claims of the '209 Patent | EDD | **Not Moot, Claim Proceeds** |
| *(10a)* | SSC | Infringement under 35 U.S.C. § 271(a) and (c) of all asserted claims of the '209 Patent | EDD | **EDD MSJ GRANTED (12/3/15)** |
| *(10b)* | SSC | Infringement under 35 U.S.C. § 271(b) of claims 1-19 and 21-22 of the '209 Patent | EDD | **EDD MSJ GRANTED (12/3/15)** |

| No. | Party Asserting Claim | Claim or Theory | Claim Asserted Against | Court Ruling |
|---|---|---|---|---|
| *(10c)* | SSC | Infringement under 35 U.S.C. § 271(b) of claim 20 of the '209 Patent | EDD | No pending motion, claim proceeds |
| *(10d)* | SSC | Infringement of all claims of the '209 Patent by lenses #9827 of the '209 Patent | EDD | **EDD MSJ GRANTED (12/3/15)** |

**PLAINTIFF:  Enplas Display Device Corp.**
**PATENT:     '554 Patent**

| No. | Party Asserting Claim | Claim or Theory | Claim Asserted Against | Court Ruling |
|---|---|---|---|---|
| **(11)** | EDD | DJ of noninfringement of all claims of the '554 Patent and defense of noninfringement as to all SSC infringement claims | SSC | **Not Moot, Claim Proceeds** |
| **(12)** | EDD | DJ of invalidity of all claims of the '554 Patent and defense of invalidity as to all SSC infringement claims | SSC | **Not Moot, Claim Proceeds** |
| *(12a)* | EDD | Invalidity of 1-4, 6, 30-31, 33-39, 41-43, and 45-48 as anticipated under §102 by Johnson | SSC | Contested in EDD MSJ (Dkt. No. 166) |
| *(12b)* | EDD | Invalidity of 1-4, 6, 30-31, 33-39, 41-43, and 45-48 as anticipated under §102 by Stanley | SSC | Contested in EDD MSJ (Dkt. No. 166) |
| *(12c)* | EDD | Invalidity of claims 1-4, 6, 30-31, 33-39, 41-43, and 45-48 as anticipated under §102 by:<br>(a) Koito;<br>(b) Sharp;<br>(c) Althaus;<br>(d) JP '161;<br>(e) Hayashi; and<br>(f) Parkyn | SSC | Contested in EDD MSJ (Dkt. No. 166) |
| *(12d)* | EDD | Invalidity of claims 1-4, 6, 30-31, 33-39, 41-43, and 45-48 as obvious under §103 over:<br><br>(a) Johnson alone or in combination with one or more of Hayashi, Koito, Stanley and Althaus;<br>(b) Koito alone or in combination with one or more of Hayashi, Sharp, Stanley, Johnson, Althaus, Popovich and Parkyn;<br>(c) Sharp alone or in combination with one or more of Koito, Hayashi, Johnson, Parkyn, Popovich and | SSC | Contested in EDD MSJ (Dkt. No. 166) |

Case No. 13-cv-05038 NC           14

| No. | Party Asserting Claim | Claim or Theory | Claim Asserted Against | Court Ruling |
|---|---|---|---|---|
| | | Rohm;<br>(d) Althaus alone or in combination with one or more of Koito, Sharp, Stanley, Hayashi, Johnson, Parkyn, Popovich and Lyons;<br>(e) JP '161 alone or in combination with one or more of Hayashi, Koito, Parkyn, Johnson and Rohm;<br>(f) Stanley alone or in combination with one or more of Koito, Hayashi, Rohm, Johnson, Parkyn and Popovich;<br>(g) Hayashi alone or in combination with one or more of Johnson, Parkyn and Popovich; and<br>(h) Parkyn | | |
| *(12e)* | EDD | Invalidity of claim 2 under §112, ¶4 | SSC | Contested in EDD MSJ (Dkt. No. 164) |
| *(12f)* | EDD | Invalidity of claims 1-27, 30-48 under §112 | SSC | Partial covenant not to sue |
| **(13)** | SSC | Infringement under 35 U.S.C. §271(a), (b), and (c) of all claims of the '554 Patent | EDD | **Not Moot, Claim Proceeds** |
| *(13a)* | SSC | Infringement under 35 U.S.C. § 271(a) and (c) of all claims of the '554 Patent | EDD | **EDD MSJ GRANTED (12/3/15)** |
| *(13b)* | SSC | Infringement of claims 4-5, 7-29, 32, and 38-48 of the '554 Patent | EDD | **EDD MSJ GRANTED (12/3/15)** |
| *(13c)* | SSC | Infringement under 35 U.S.C. § 271(b) of claims 1, 2, 6, 30-31, 33-37 of the '554 Patent | EDD | Contested in EDD MSJ (Dkt. No. 166) |
| *(13d)* | SSC | Infringement of all claims of the '554 Patent by lenses #9827 and #4922 | EDD | **EDD MSJ GRANTED (12/3/15)** |