UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEOUL SEMICONDUCTOR COMPANY, LTD.,<br><br>Defendant. | Case No. 13-cv-05038 NC<br><br>**ORDER DENYING MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS**<br><br>Re: Dkt. No. 225 |

In this patent infringement case, plaintiff Enplas Display Device ("Enplas") asks the Court to strike the supplemental expert reports of defendants Seoul Semiconductor Company, Ltd. ("SSC") for untimely disclosure.

On August 28, 2015, SSC's infringement expert, Dr. Moore, submitted his opening expert report to Enplas. During Moore's deposition, Enplas pointed out that all of the lenses modeled by Moore appeared to be of a similar shape. On October 29, SSC's counsel wrote to Enplas that they had investigated Enplas' concern, and discovered that BRO, a third-party research organization involved in creating the lens simulations, had "mistakenly failed to update a single parameter" in the spacing between the top and bottom curves of the lenses. Dkt. No. 253 at 8. At that time, SSC's counsel informed Enplas that SSC would supplement the expert reports to correct the error, and offered to stipulate to an extension of the summary judgment and *Daubert* motion deadlines. Dkt. No. 226 at Exh.

Case No. 13-cv-05038 NC

1   7. SSC also offered to make Moore available for deposition in Washington D.C. at SSC's
2   expense. *Id.* Julie Davis, SSC's damages expert, also supplemented her report to amend
3   those aspects of her report dependent on Moore's incorrect opinions.

4   Enplas moves to strike Moore and Davis' supplemental reports as untimely. Enplas
5   argues that Moore substantially changes his infringement opinions. As a result, the
6   changes are not supplemental, and permitting the changes would be prejudicial to Enplas
7   because they necessitate additional discovery. SSC argues that the reports are purely
8   "supplemental" because they do not change Moore's conclusions that Enplas is infringing
9   the patents-in-suit. SSC also argues that supplementing reports is required under Federal
10  Rule of Civil Procedure 26(e)(2), so the supplements are timely.

11  Federal Rule of Civil Procedure 26(e)(2) provides, "For an expert whose report
12  must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to
13  information included in the report and to information given during the expert's deposition.
14  Any additions or changes to this information must be disclosed by the time the party's
15  pretrial disclosures under Rule 26(a)(3) are due." Federal Rule of Civil Procedure 26(a)(3)
16  states that the timing for pretrial disclosures is "at least 30 days before trial."

17  The Court agrees with SSC that BRO and Moore made a data entry error that
18  changed Moore's opinion on one lens, but did not affect his methodology or conclusions
19  on the other lenses. Rule 26(e)(2) clearly envisions the possibility that an error could be
20  made in an expert report that would come to light only after the expert's deposition. The
21  Court finds that SSC's error was one warranting supplementation of the expert reports.
22  Because the expert reports were supplemented more than 30 days before trial, the reports
23  were timely.

24  As to Enplas' concern that it is prejudiced by the supplemental reports, SSC has
25  offered to permit an additional deposition at its expense. The Court is amenable to
26  permitting limited scope additional discovery for Dr. Moore's deposition, provided at
27  SSC's expense. The parties must meet and confer, and stipulate to or request the necessary
28  additional discovery by January 6, 2016. The Court does not intend to move the pretrial

Case No. 13-cv-05038 NC          2

1  conference date or trial date, so any additional deposition should occur by February 10,
2  2016 when pretrial motions will be due.
3  **IT IS SO ORDERED.**

5  Dated: December 21, 2015                                    _____
                                                               NATHANAEL M. COUSINS
                                                               United States Magistrate Judge

Case No. 13-cv-05038 NC            3