UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEOUL SEMICONDUCTOR COMPANY, LTD.,<br><br>Defendant. | Case No. 13-cv-05038 NC<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON INVALIDITY OF '209 PATENT; GRANTING SSC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 166 |

In this patent infringement suit, plaintiff Enplas moves for summary judgment of invalidity of defendant SSC's '209 patent. Enplas argues that the '209 patent is both expressly and inherently anticipated by the Gleckman patent. Both patents are related to backlighting for LCD panels, such as a virtual reality headset (Gleckman) and a notebook computer ('209 patent). The key difference between the patents is that Gleckman's figures and specifications refer to lights on the perimeter of the panel cavity, while the '209 patent claim 20 refers to lights on both the perimeter and the back of the panel cavity.

After giving notice to both parties, the Court converts SSC's opposition into a cross-motion for summary judgment. The Court finds that, even drawing all inferences in the light most favorable to Enplas, a reasonable jury could not find by clear and convincing evidence that the Gleckman patent anticipates the '209 patent. Enplas' motion for summary judgment is DENIED. SSC's cross-motion for summary judgment is GRANTED.

Case No. 13-cv-05038 NC

## I. BACKGROUND

### A. Gleckman Patent

The Gleckman patent (No. 5,684,354) issued on November 4, 1997, as a continuation-in-part of the '197 patent. The Gleckman patent is entitled, "Backlighting Apparatus For Uniformly Illuminating A Display Panel." The invention relates to a "backlighting apparatus for displays, particularly for small-area liquid-crystal displays (LCDs), such as utilized in virtual reality headsets." The figures in the Gleckman patent show a light source mounted on the side walls of the cavity, generally outside the "viewing aperture portion" (the portion of the cavity that lies directly beneath the aperture). The specification discusses the lamp placement: "Placement of the lamp outside the viewing aperture portion prevents most of the light rays emanating from the lamp from reaching the aperture without first being reflected off the surface of the cavity . . . this arrangement allows the intensity distribution of light emerging from the aperture to be relatively uniform." '354 patent at 7:4-7:13.

### B. '209 Patent

Dr. Pelka's patent (No. 6,007,209) issued on December 28, 1999. The '209 patent is entitled a "Light Source for Backlighting." The invention relates to "a light source for a display panel of the type used in notebook computers." Figures 3 and 4 of the '209 patent are substantially similar to figures 12 and 13 of the Gleckman patent, but the '209 patent has light sources on the bottom of the cavity in addition to the side walls. The specification discusses the LED placement: "the LEDs that are mounted around the periphery of the aperture serve to illuminate the perimeter area of the aperture, at least 2" inward, while the LEDs that lie within the viewing aperture portion illuminate the interior portion of the aperture that is not illuminated by the LEDs." '209 patent at 5:66-6:4.

### C. Procedural History

Enplas brings this declaratory judgment action, alleging non-infringement of the '209 and '554 patents, invalidity of both patents as anticipated, and a defense of inequitable conduct, among others. SSC alleges that certain Enplas lenses infringe the

1    '554 patent and that Enplas' LCD screens infringe the '209 patent. Shortly after the fact
2 discovery cutoff, Enplas moved for summary judgment of non-infringement on most of the
3 '209 patent claims because SSC indicated that it would not pursue those claims. SSC
4 covenanted not to sue on the claims, but the Court found that Enplas was entitled to
5 summary judgment of non-infringement as to those claims. Dkt. No. 282. The only claim
6 in the '209 patent that remains is claim 20.

7      Enplas now moves for summary judgment of invalidity, arguing that there is no
8 dispute of fact that Enplas can prove by clear and convincing evidence that the Gleckman
9 patent anticipates claim 20 of the '209 patent. In opposition, SSC argues that Enplas
10 cannot meet its burden as a matter of law to demonstrate invalidity by clear and convincing
11 evidence. The Court notified the parties of its intent to convert SSC's opposition into a
12 motion for summary judgment and gave the parties an opportunity to object. Dkt. No. 310.
13 Enplas responded by filing a brief, detailing its factual support as to why the Court should
14 not grant SSC's motion for summary judgment. SSC stated it did not object. The Court
15 provided SSC an opportunity to respond to Enplas' brief. Now, the Court considers all the
16 briefs presented on the invalidity of the '209 patent.

## II. LEGAL STANDARD

18      Summary judgment may be granted only when, drawing all inferences and
19 resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any
20 material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014);
21 *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under
22 governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty*
23 *Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the
24 evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*
25 Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of*
26 *L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

27      The moving party bears the burden of identifying those portions of the pleadings,
28 discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.

Case No. 13-cv-05038 NC        3

1  *Celotex*, 477 U.S. at 323.  Once the moving party meets its initial burden, the nonmoving
2  party must go beyond the pleadings, and, by its own affidavits or discovery, set forth
3  specific facts showing that a genuine issue of fact exists for trial.  Fed. R. Civ. P. 56(c);
4  *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v.
5  Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)).  All justifiable inferences, however,
6  must be drawn in the light most favorable to the nonmoving party.  *Tolan*, 134 S. Ct. at
7  1863 (citing *Liberty Lobby*, 477 U.S. at 255).

## III.  DISCUSSION

Enplas moved for summary judgment of invalidity of claim 20 of the '209 patent under theories of express and inherent anticipation.  In its opposition, SSC argued that the Court should grant summary judgment against Enplas, finding that Enplas could not demonstrate that a reasonable jury could find by clear and convincing evidence that the '209 patent is anticipated.  SSC does not argue that there are material disputes of fact.

Federal Rule of Civil Procedure 56(f) allows a Court to grant summary judgment for a nonmovant, or consider summary judgment on its own after identifying material facts that may not be genuinely in dispute.  "District courts unquestionably possess the power to enter summary judgment sua sponte."  *Norse v. City of Santa Cruz*, 629 F.3d 966, 971 (9th Cir. 2010).  "Sua sponte grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue."  *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008).

Here, the Court finds that Enplas had adequate notice, as SSC's opposition asked the Court to grant summary judgment against Enplas.  Additionally, in moving for summary judgment on invalidity, Enplas argued that (1) there was no dispute of fact, and (2) even taking the facts in light most favorable to SSC, Enplas still proved by clear and convincing evidence that the '209 patent is invalid.  Thus, Enplas placed before the Court its best legal and factual argument on its motion for summary judgment.  Finally, the Court informed the parties that it intended to convert SSC's opposition into a cross-motion for

1  summary judgment and gave the parties an opportunity to object. The Court now converts
2  SSC's opposition to a cross-motion for summary judgment and considers (1) SSC's
3  objection to Dr. Pollock's testimony; (2) Enplas' motion for summary judgment of
4  invalidity; and (3) SSC's cross-motion for summary judgment.

### A.  Admissibility of Dr. Pelka's Testimony

Dr. Pelka is the named inventor of the '209 patent, and Enplas submits his testimony to demonstrate that Dr. Pelka understood the Gleckman patent to encompass all of the elements of his own claim 20 (of the '209 patent). SSC argues that Dr. Pelka's testimony is not admissible because Dr. Pelka is not an expert in this case, and Dr. Pelka's personal knowledge only extends to his own patent (the '209 patent). Therefore, Dr. Pelka's opinions as to the Gleckman patent are not relevant under Federal Rule of Evidence 401 and 403. Enplas responds: "[I]t is Dr. Pelka's very status as a non-inventor of the prior art '354 Patent that makes his testimony not only admissible, but particularly probative as to this issue." Dkt. No. 230 at 1. Enplas argues that it can rely on testimony of a person of ordinary skill in the art to support its inherent anticipation argument, citing *Shering Corp. v. Geneva Pharm.*, 339 F.3d 1373, 1377-78 (Fed. Cir. 2003) ("a court may consult artisans of ordinary skill to ascertain their understanding about subject matter disclosed by the prior art, including features inherent in the prior art").

The Court finds that Dr. Pelka has not been disclosed as an expert witness, so his testimony may only be used as a fact witness. For purposes of summary judgment, the Court considers Dr. Pelka's testimony as a fact witness, in as much as it is relevant to the determination of the questions presented. However, SSC may renew its objections to the admissibility of Dr. Pelka's testimony at trial as a motion in limine.

### B.  Enplas' Motion for Summary Judgment of Invalidity

Enplas moves for summary judgment of invalidity of the '209 patent, arguing that the '209 patent should be unenforceable because it is not novel. The Court addresses (1) the legal standard; (2) express anticipation; and (3) inherent anticipation.

/

### 1. Legal Standard for Invalidity

Generally, a patent is presumed valid. 35 U.S.C. § 282. While this presumption can be rebutted, the party challenging validity must meet the "high burden" of proving invalidity by "clear and convincing evidence." *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012). "[A] moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." *Eli Lilly v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001) (citing *Anderson*, 477 U.S. at 248). Generally, the invalidity argument of anticipation, which attacks the novelty of the patent-in-suit, is a question of fact. *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1362 (Fed. Cir. 1999). "Although considered a question of fact, anticipation is appropriate for summary judgment if no genuine issue of material fact exists." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 03-cv-1431 SBA, 2006 WL 1343648, at *15 (N.D. Cal. May 16, 2006) (citing *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1327 (Fed. Cir. 2001).

Enplas argues that the '209 patent is invalid under the theory of anticipation. If the claimed invention was "described in a printed publication" either before the date of invention, or more than one year before the U.S. patent application was filed, then that prior art anticipates the patent, rendering it invalid and unenforceable. 35 U.S.C. § 102 (a)-(b). The anticipation inquiry proceeds on a claim-by-claim basis. *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). The Court must first construe the claims, then the fact finder must compare the construed claims to the prior art. *Key Pharms. v. Hereon Labs Corp.*, 161 F.3d 709, 714 (Fed. Cir. 1998). "To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation" arranged as in the claim. *Finisar*, 523 F.3d at 1334.

Here, the Court already held a *Markman* hearing and construed the necessary claims. Additionally, SSC does not dispute that the Gleckman patent constitutes prior art. Enplas argues both express and inherent anticipation.

/

**2. Express Anticipation**

The only claim in the '209 patent still at issue is claim 20. Enplas argues that claim 20 is substantially the same as claim 16 of the Gleckman patent, and that figures 3 and 4 of the '209 patent were copied from figures 12 and 13 of the Gleckman patent. A comparison of the claims reveals that there are two differences between claim 20 of the '209 patent and claim 16 of the Gleckman patent:

|   | **Claim 16 of Gleckman Patent** | **Claim 20 of '209 Patent** |
|---|---|---|
| a | A method of backlighting a display panel, compromising: | A method of backlighting a display panel, compromising: |
| b | Producing illumination from a substantially lambertian light source comprising | Producing illumination from a substantially lambertian light source comprising |
| c | a cavity with **internal walls** and an aperture | a cavity with **internal side walls, an internal bottom wall,** and an aperture |
| d | said step of producing illumination comprising the step of directing light rays **from** the perimeter of the aperture into the cavity | said step of producing illumination comprising the step of directing light rays **emitted by plural light sources mounted on said internal bottom wall and around** the perimeter of the aperture into the cavity |
| e | such that the light exiting the aperture is substantially uniform in intensity and color; | such that the light exiting the aperture is substantially uniform in intensity and color; |
| f | using a diffuser to diffuse light from said substantially lambertian light source; | using a diffuser to diffuse light from said substantially lambertian light source; |
| g | using a brightness enhancing film to concentrate the diffused light into a predetermined angular range without significantly reducing the uniformity of the diffused light; and | using a brightness enhancing film to concentrate the diffused light into a predetermined angular range without significantly reducing the uniformity of the diffused light; and |
| h | directing the concentrated, diffused light onto said display panel. | directing the concentrated, diffused light onto said display panel. |

Case No. 13-cv-05038 NC            7

The primary issue is whether the Gleckman patent expressly discloses that light sources could be mounted on an internal bottom wall. Enplas argues that Gleckman expressly anticipates the '209 patent by disclosing that lights could be mounted on an internal bottom wall, but Enplas does not point to any part of the Gleckman patent that expressly states that. SSC argues that neither the figures, text of the specification, nor claims of the Gleckman patent disclose light sources mounted on an internal bottom wall. After reviewing the Gleckman patent, the Court agrees that the phrase "internal bottom wall" is not present in the Gleckman patent, and the figures demonstrate that light sources should be mounted on the side and top walls of the cavity. Therefore, the Gleckman patent does not expressly anticipate the '209 patent.

### 3. Inherent Anticipation

When a prior art reference does not expressly disclose all elements of a claim, it may still anticipate "if that missing characteristic is necessarily present, or inherent, in the single anticipating reference." *Schering*, 339 F.3d at 1377 (citing *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1268 (Fed. Cir. 1991)). This is referred to as inherent anticipation, which requires "that the missing descriptive material is 'necessarily present,' not merely probably or possibly present, in the prior art." *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002). To determine what features are inherent in the prior art, the Court may consult persons of ordinary skill in the art to assess their understating about the subject matter disclosed by the prior art. *Schering*, 339 F.3d at 1377-78.

Enplas argues that the Gleckman patent inherently anticipates the '209 patent because (1) the location for lights in the cavity is a limited series, so the Gleckman patent necessarily discloses lights on the bottom; and (2) a person having ordinary skill in the art would know that the Gleckman patent discloses lights mounted on the bottom of the cavity.

First, Enplas relies on a line of cases that hold when a prior art reference encompasses a discrete series of possibilities, each limitation in that series is inherently

present in the prior art. Thus, the prior art anticipates the later patent that claims one limitation in the series. *Application of Schaumann*, 572 F.2d 312 (C.C.P.A. 1978); *Application of Petering*, 301 F.2d 676, 678 (C.C.P.A. 1962). In *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 471 F.3d 1369, 1376 (Fed. Cir. 2006), the Federal Circuit clarified that prior art anticipated when the patent "expressly spelled out a definite and limited class of compounds that enabled a person of ordinary skill in the art to at once envisage each member of this limited class."

For example, in *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1362 (Fed. Cir. 2012), the prior art reference identified that three "particularly preferred" cooling agents could be used in combination with menthol to create an ideal gum flavor. The Federal Circuit found a later patent that identified only one of the cooling agents and menthol as anticipated because it was part of the same grouping or series identified in the prior art. *Id.* Thus, when a prior art refers to and expressly spells out a discrete series, the Court can read into that discrete series each of its limitations. However, the Federal Circuit has cautioned that inherency "may not be established by probabilities or possibilities." *Bettcher Indus., Inc. v. Bunzl USA, Inc.*, 661 F.3d 629, 639 (Fed. Cir. 2011). Thus, "[t]he mere fact that a certain thing may result from a given set of circumstances is not sufficient." *Id.* (citing *In re Oelrich*, 666 F.2d 578, 581 (C.C.P.A. 1981)).

Here, Enplas argues that the Gleckman patent discloses lights in the cavity, and that the cavity of a backlighting display necessarily only contains three possible locations: the side, the back, and the perimeter. This is an oversimplification, and not analogous to the above cases where there was a definite and limited class. All of the above cases referred to a limited number of closely related chemical compounds, and specifically described the claimed compound. *Accord Eli Lilly*, 471 F.3d at 1376. Here, the LCD cavity is not a chemical compound, and there are an infinite number of locations that the lights could be placed, with varying effect. Also, some figures of the Gleckman patent demonstrate that the cavity could have curved walls, in which case, there would be no distinct side wall. The Gleckman patent's reference to a cavity does not "spell out a definite and limited

Case No. 13-cv-05038 NC            9

class" of locations where lights in an LCD screen could be placed.

Second, Enplas argues that a person of ordinary skill in the art would know that the Gleckman patent discloses lights mounted on the bottom of the cavity. In support of this, Enplas points to Dr. Pelka's testimony and relies on its own expert, Dr. Pollock's expert report. The relevant part of Dr. Pollock's expert report reads:

> When asked about Figures 3 and 4 of the '209 Patent, and in particular the placement of light sources (elements 12), Dr. Pelka confirmed that the placement in the figure was only exemplary and that they could also be placed on the side wall of the cavity or the bottom wall of the cavity. Similarly, Dr. Pelka confirmed that Gleckman did not exclude mounting the plurality of light sources (elements 12), on the top (as shown) or on the side wall or the bottom wall of the cavity. . . .
>
> Dr. Pelka testified that the "light rays from the perimeter of the aperture" of Gleckman could be produced by light sources around the perimeter on either the top, side, or bottom walls. The plain language of claim 20 of the '209 Patent likewise covers an embodiment in which the light rays can be emitted by light sources around the perimeter on the bottom wall.

Pollock Expert Report at ¶¶ 127, 134 (citing Pelka Tr. at 26-27; 59-60). According to Dr. Pollock, Dr. Pelka's relevant testimony is that Gleckman *did not exclude* mounting lights on the bottom wall of the cavity, and that Gleckman *could be* produced by light sources on the bottom walls. Dr. Pollock's opinion relies on Dr. Pelka's testimony about the possibility that Gleckman could have lights on the bottom wall of the cavity. These statements are not sufficient to establish that the Gleckman patent inherently discloses lights mounted on the bottom of the cavity. Inherency "may not be established by probabilities or possibilities." *Bettcher*, 661 F.3d at 639. A person of ordinary skill in the art must understand that lights on the internal bottom wall of the cavity is necessarily present in the Gleckman patent. Thus, taking the facts in the light most favorable to SSC, Enplas is not entitled to summary judgment on its invalidity defense as to the '209 patent.

## C. Summary Judgment Against Enplas

The Court must analyze each motion for summary judgment separately and evaluate the evidence presented in the light most favorable to the nonmoving party. *Tolan*, 134 S.

Case No. 13-cv-05038 NC          10

1   Ct. at 1863.  Even though both parties argue that there is no dispute of fact, the Court

2   should still consider the factual evidence presented and determine whether material issues

3   of fact remain.  *United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978).

4   The Court must now considers the above evidence in the light most favorable to Enplas

5   and determines whether a reasonable jury could find by clear and convincing evidence that

6   the Gleckman patent anticipates the '209 patent.

7   "A moving party seeking to have a patent held not invalid must show that the

8   nonmoving party, who bears the burden of proof at trial, failed to produce clear and

9   convincing evidence on an essential element of a defense upon which a reasonable jury

10  could invalidate the patent."  *Eli Lilly v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir.

11  2001) (citing *Anderson*, 477 U.S. at 248).

12  As to express anticipation, the Court finds that no facts support Enplas' position that

13  the Gleckman patent expressly discloses lights mounted on the internal bottom wall of the

14  cavity.

15  As to inherent anticipation, the Court disagrees with Enplas' interpretation of the

16  law on inherent anticipation of limited series, and finds that the term cavity does not create

17  a limited series of locations where lights could be placed, as discussed above.  Second, the

18  Court considers whether taking the evidence in the light most favorable to Enplas, a person

19  of ordinary skill in the art would find the lights on the bottom of the cavity is "necessarily

20  present" in the Gleckman patent.  Neither Dr. Pelka nor Dr. Pollock state unequivocally

21  that a person of ordinary skill in the art would understand that the Gleckman patent

22  necessarily discloses lights mounted on the internal bottom wall of the cavity.  Based on

23  the above testimony of Dr. Pelka and Dr. Pollock, the Court concludes that a reasonable

24  jury could not find that Enplas could meet the clear and convincing threshold for

25  invalidity.

26  The Court GRANTS SSC's cross-motion for summary judgment on invalidity of

27  the '209 patent.

28  /

## IV. CONCLUSION

The Court DENIES Enplas' motion for summary judgment, and GRANTS SSC's motion for summary judgment as to Enplas' defense of invalidity of the '209 patent.

**IT IS SO ORDERED.**

Dated: February 5, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge