[COUNSEL LISTED ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>SEOUL SEMICONDUCTOR CO., LTD.,<br><br>Defendant/Counterclaim Plaintiff. | **CASE NO. 3:13-cv-05038-NC**<br><br>**JURY TRIAL DEMANDED**<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT** |

Pursuant to the Court's Trial Preparation Standing Order, Plaintiff and Counterclaim Defendant Enplas Display Device Corporation ("EDD") and Defendant and Counterclaim Plaintiff Seoul Semiconductor Co., Ltd. ("SSC") submit the following Joint Pretrial Conference Statement.

## I. DESCRIPTIONS OF THE ISSUES TO BE DECIDED[1]

### A. Plaintiff's Statement

1. Whether SSC can prove direct infringement in the United States of claims 1, 2, 6, 30, 31, 33, 34, 35, 36, or 37 of U.S. Patent No. 6,473,554 (the "'554 patent") under 35 U.S.C. § 271(a) – *i.e.*, a requisite predicate act for a finding of inducement for each of the remaining accused EDD lenses accused of infringing the '554 patent: #9854D, #9854E and #9879.

2. For each claim of the '554 patent that SSC proves was directly infringed, the identification of the direct infringer and whether SSC can prove that EDD actively induced the preceding predicate act(s) of direct infringement under 35 U.S.C. § 271(b).

3. Whether SSC can prove direct infringement in the United States of claim 20 of U.S. Patent No. 6,007,209 (the "'209 patent") under 35 U.S.C. § 271(a) – *i.e.*, a requisite predicate act for a finding of inducement for each of the remaining accused EDD lenses accused of infringing the '209 patent: #4922, #9853A, #9854D, #9854E and #9879.

4. If SSC proves that claim 20 of the '209 patent was directly infringed, whether SSC can prove that EDD induced the preceding predicate act(s) of direct infringement of claim 20 under 35 U.S.C. § 271(b).

5. Whether EDD is licensed to practice the patents-in-suit with regard to the lenses that it manufactured for SSC.

6. Whether claims 1, 2, 6, 30, 31, 33-39, 41-43, and 45-48 of the '554 patent are invalid as anticipated under 35 U.S.C. § 102 (pre-AIA).[2]

---

[1] The parties agree that the inclusion of an issue in any one of the sections of this document will preserve and not waive that parties rights to present it at trial, even if that issue is inadvertently omitted from other sections herein.

7. Whether claims 1, 2, 6, 30, 31, 33-39, 41-43, and 45-48 of the '554 patent are invalid as obvious under 35 U.S.C. § 103 (pre-AIA).

8. Whether claim 20 of the '209 patent is invalid as obvious under 35 U.S.C. § 103 (pre-AIA).

9. Whether claims 1-2, 6, 30, 31, 33-39, 41-43 and 45-48 are invalid as indefinite under 35 U.S.C. § 112, ¶ 2 (pre-AIA).

10. Whether claims 2, 33, 34, 35, and 45 are invalid for improper dependency under 35 U.S.C. § 112, ¶ 4 (pre-AIA).

11. Whether claims 38 and 45 of the '554 patent are invalid for lack of antecedent basis.

12. Whether the '209 patent is unenforceable due to inequitable conduct.

13. Whether SSC is entitled to any damages for the alleged infringement of the '554 patent.

14. Whether SSC is entitled to any damages for the alleged infringement of the '209 patent.

15. If SSC is entitled to damages for infringement, the amount of the one-time lump-sum paid-up reasonable royalty.

16. Whether EDD is entitled to damages pursuant to 35 U.S.C. § 285.

17. Whether SSC is entitled to a permanent injunction if judgment is entered in favor of SSC.

**B. <u>Defendant's Statement</u>**

1. Whether EDD has induced infringement of claims 1, 2, 6, 30, 31, 33, 34, 35, 36, and/or 37 of United States Patent 6,473,554 ("the '554 patent").

---

[2] The specific prior art that EDD intends to rely upon for anticipation and/or obviousness of the patents-in-suit is set forth in: the Opening Expert Report of Clifford R. Pollock, Ph.D. Regarding Invalidity; EDD's 35 U.S.C. § 282 notice (which is incorporated herein by reference); and EDD's Invalidity Contentions and Document Production Pursuant to Local Patent Rules 3-3 and 3-4, served July 21, 2014.

2. Whether claims 1, 2, 6, 30, 31, 33, 34, 35, 36, and/or 37[3] of the '554 patent are anticipated by any of the prior art.

3. Whether claims 1, 2, 6, 30, 31, 33, 34, 35, 36, and/or 37 of the '554 patent would have been obvious in view of the prior art.

4. Whether claims 1, 2, 3, 6, 30, 31, and /or 33-37 are invalid as indefinite under 35 U.S.C. § 112, ¶ 2 (pre-AIA).[4]

5. Whether claims 33, 34, and/or 35 of the '554 patent are invalid for improper dependency under 35 U.S.C. § 112 (pre–AIA)[5].

6. Whether EDD has induced infringement of claim 20 of United States Patent 6,007,209 ("the '209 patent").

7. Whether claim 20 of the '209 patent would have been obvious in view of the prior art.

8. Whether the '209 patent is unenforceable for inequitable conduct.[6]

9. If infringement of a valid claim of the '554 patent is found, what damages is SSC entitled to receive for EDD's induced infringement of the '554 patent.

---

[3] EDD improperly seeks anticipation and obviousness of claims of the '554 patent that are not asserted against EDD and are no longer in the case. SSC has withdrawn infringement allegations with respect to these claims, and the Court has granted summary judgment in EDD's favor. (D.I. 244.) These include independent claim 38 and its dependent claims 39, 41-43, and 45-48. SSC further objects to any asserted invalidity defenses not addressed in Dr. Pollock's expert report.

[4] As noted above, EDD seeks an invalidity opinion regarding claims that are no longer at issue in this case. SSC has withdrawn its infringement allegations with respect to claims 37-39, 41, 43 and 45-48, and the Court has granted summary judgment in EDD's favor. (D.I. 244.) Accordingly the Court should not rule on § 112 issues relating to this claims.

[5] SSC has withdrawn its infringement allegations with respect to claim 45, and the Court has granted summary judgment in EDD's favor with respect to this claim (D.I. 244.) Accordingly the Court should not rule on § 112 issues regarding this claim. Additionally, EDD failed to preserve its claim of improper dependency with respect to claims 2, 30, and 31, which were not identified in EDD's invalidity contentions or expert report. EDD has also raised § 112 defenses for lack of antecedent basis with regard to claims 38 and 45. However, SSC respectfully submits, as noted above, that these issues should not be before the Court.

[6] As detailed below, the parties agree that inequitable conduct should be separately tried to the Court after the jury trial.

10. If infringement of a valid and enforceable claim of the ’209 patent is found, what damages is SSC entitled to receive for EDD’s induced infringement of the ’209 patent.

11. If infringement of a valid claim of the ’554 patent is found, whether that infringement was willful.

12. If infringement of a valid and enforceable claim of the ’209 patent is found, whether that infringement was willful.

13. If infringement of a valid claim of the ’554 patent and/or ’209 patent is found, whether SSC is entitled to enhanced damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to 35 U.S.C. § 285.

14. If infringement of a valid claim of the ’554 patent and/or ’209 patent is found, whether SSC is entitled to a permanent injunction against further infringement.

## II. DESCRIPTION OF THE RELIEF SOUGHT AND THE EVIDENTIARY MATERIAL TO BE PRESENTED IN SUPPORT OF SUCH RELIEF

### A. Plaintiff’s Statement[7]

1. EDD seeks a judgment that it has not induced infringement of any claim of the ‘554 and ‘209 patents. In addition to SSC’s failure of proof, EDD intends to present evidence including, but not limited to: the patents-in-suit themselves and their prosecution histories; EDD documents regarding accused lenses; the EDD lenses that have been accused of infringement; the information, data and other materials included and/or referenced in the Rebuttal Expert Report of Dr. Clifford R. Pollock Regarding Non-Infringement and the Supplemental Rebuttal Expert Report of Clifford R. Pollock, Ph.D. Regarding Non-Infringement; admissions by SSC made in pleadings filed in *Seoul Semiconductor Co., Ltd. v. Craig Electronics, Inc.*, 14–CV–22728–RNS (S.D. Fla.), admissions by SSC made in its pre-suit threat letters, and SSC’s counsel’s admissions

[7] EDD does not waive any argument for the exclusion of any of the evidentiary material or categories identified in this section, as set forth elsewhere in this pretrial order, in its objections to SSC’s exhibits, discovery designations and deposition designations, or in its motions *in limine*. A more complete listing of the testimony and evidence EDD intends to present is in EDD’s exhibit and witness lists and deposition designations submitted herewith. The summaries in this section are not intended to narrow or waive the detailed listing and descriptions provided in EDD’s exhibit and witness lists and deposition designations.

in the March 2015 hearing. EDD also intends to rely upon the anticipated testimony of Dr. Clifford R. Pollock, Dr. Duncan Moore, Dr. David Pelka, Mr. Koji Akiyama, Mr. Masao Yamaguchi, Mr. Takanobu Miura, Mr. Takeshi Murano, SSC (Mr. Won Cheol Seo designated witness pursuant to Rule 30(b)(6)), Mr. Won il Kim, Dr. Kibum Nam, Mr. Seung-Ryeol Ryu and/or Mr. Yukihiko Ohnuki.[8]

2. EDD seeks a judgment that EDD is licensed to practice the patents-in-suit with regard to the lenses that it manufactured for SSC, and intends to present evidence including, but not limited to, documents regarding SSC's procurement of lenses from EDD. EDD also intends to rely upon the anticipated testimony of Mr. Akiyama, Mr. Yamaguchi, Mr. Miura, Mr. Murano, Dr. Nam, SSC (Mr. Seo), Mr. Kim, Mr. Ryu, and/or Mr. Ohnuki.

3. EDD seeks a judgment that the '554 patent is invalid as anticipated and/or obvious and that the '209 patent is invalid as obvious and intends to present evidence including, but not limited to: the patents-in-suit themselves and their prosecution histories; the expert reports of Dr. Pollock and Dr. Moore; the prior art references included in EDD's 35 U.S.C. § 282 notice; and the patents of Dr. Gleckman and the prosecution histories of those patents. EDD also intends to rely upon the anticipated testimony of Dr. Pollock, Dr. Moore, and Dr. Pelka.

4. EDD seeks a judgment that the patents-in-suit are invalid under one or more sections of 35 U.S.C. § 112 and intends to present evidence including, but not limited to: the patents-in-suit themselves and their prosecution histories; and the expert reports of Dr. Pollock and Dr. Moore. EDD also intends to rely upon the anticipated testimony of Dr. Pollock, Dr. Moore, and Dr. Pelka.

5. EDD seeks a judgment that the '209 patent is unenforceable due to inequitable conduct, and intends to present evidence including, but not limited to: the '209 patent and its prosecution history; the expert reports of Dr. Pollock and Dr. Moore; the patents of Dr. Gleckman and the prosecution histories of those patents; the patents of Dr. Pelka and the prosecution

---

[8] For all topics in this section, in addition to the evidence listed, EDD will present witnesses as to the topics described in the attached witness list. EDD also may call the witnesses identified on its "may call" list, live or by deposition, as necessary and appropriate.

histories of those patents; and the prior art references included in EDD's 35 U.S.C. § 282 notice. EDD also intends to rely upon the anticipated testimony of Dr. Pelka, Dr. Pollock and Dr. Moore.

6. EDD seeks a judgment that SSC is not entitled to any damages for any alleged infringement of the patents-in-suit and intends to present evidence including, but not limited to: documents produced by SSC, EDD, and IHS regarding sales of the accused products; and the expert report of Julie L. Davis. EDD also intends to rely upon the anticipated testimony of Ms. Davis, Mr. Takeshi Murano, SSC (Mr. Won Cheol Seo designated witness pursuant to Rule 30(b)(6)), Mr. Won il Kim, Dr. Kibum Nam, Mr. Seung-Ryeol Ryu and/or Mr. Yukihiko Ohnuki.

7. EDD seeks a judgment of non-infringement of the '554 patent by the #9853A lens, based on the testimony of Dr. Moore and admissions of SSC.

8. EDD seeks a finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and that EDD, EUSA, and ETS are entitled to their attorneys' fees, costs, and expenses.[9]

9. If judgment is entered for SSC with respect to the infringement of any valid claim of the patents-in-suit, EDD seeks judgment that SSC is not entitled to a permanent injunction and intends to present evidence including, but not limited to: SSC's failure to seek a preliminary injunction; the lack of any irreparable harm to SSC; the fact that the '554 Patent will expire on December 12, 2016 and the '209 Patent will expire on Marcy 19, 2017; testimony of Ms. Davis, Mr. Takeshi Murano, SSC (Mr. Won Cheol Seo designated witness pursuant to Rule 30(b)(6)), Mr. Won il Kim, Dr. Kibum Nam, Mr. Seung-Ryeol Ryu and/or Mr. Yukihiko Ohnuki.

---

[9] The parties have agreed that the fact that neither party includes specific bases for a finding of an exceptional case under 35 U.S.C. § 285 does not in any way constitute a waiver of the arguments they would make in support of that finding. EDD respectfully submits that this issue is not to be tried to the jury, but instead, is properly the subject of post-trial briefing as are SSC's allegations and request for attorney fees.

### B. Defendant's Statement[10]

1. SSC seeks a finding that EDD has induced infringement of claims 1, 2, 6, 30, 31, 33, 34, 35, 36, and/or 37 of the '554 patent and claim 20 of the '209 patent. SSC intends to present evidence including, but not limited to, testimony and exhibits to accompany testimony from: SSC's technical expert, Dr. Duncan Moore; its fact witnesses Messrs. Kibum Nam and Seung-Ryeol Ryu; EDD's fact witnesses Messrs. Takeshi Murano and Koji Akiyama; and one of the inventors, Dr. David Pelka. SSC also may call the witnesses identified on its "may call" list, live or by deposition, as necessary and appropriate.

2. SSC seeks a finding that claims 1, 2, 6, 30, 31, 33, 34, 35, 36 and/or 37 of the '554 patent are not invalid.[11] SSC intends to present evidence including, but not limited to, testimony and exhibits to accompany testimony from Drs. Duncan Moore and David Pelka, as well as factual testimony from the foregoing witnesses identified in paragraph 1 above.

3. SSC seeks a finding that claim 20 of the '209 patent is not invalid or unenforceable. SSC intends to present evidence including, but not limited to, testimony and exhibits to accompany testimony from Dr. Duncan Moore and Dr. David Pelka, as well as factual testimony from the foregoing witnesses identified in paragraph 1 above.

4. SSC seeks a finding that EDD has willfully infringed the '554 and '209 patents. SSC intends to present evidence including, but not limited to, testimony and exhibits to accompany testimony from Messrs. Kibum Nam, Seung-Ryeol Ryu, Takeshi Murano and Koji

---

[10] SSC does not waive any argument for the exclusion of any of the evidentiary material or categories identified in this section, as set forth elsewhere in this pretrial order, in its objections to EDD's exhibits, discovery designations and deposition designations, or in its motions in limine. A more complete listing of the testimony and evidence SSC intends to present is in SSC's exhibit and witness lists and deposition designations submitted herewith. The summaries in this section are not intended to narrow or waive the detailed listing and descriptions provided in SSC's exhibit and witness lists and deposition designations. SSC specifically objects to the admissibility of statements of counsel, including at discovery hearings, at the jury trial.

[11] As discussed above, if the Court permits EDD to try to a jury the invalidity of '554 patent claims that are not asserted against EDD, including independent claim 38 and its dependent claims 39, 41-43, and 45-48, then SSC would revise this paragraph to include all claims as to which invalidity is at issue.

Akiyama, as well as factual testimony from the foregoing witnesses identified in paragraph 1 above.

5. Whether claims 1, 2, 3, 6, 30, 31, and/or 33-37 are invalid as indefinite under 35 U.S.C. § 112, ¶ 2 (pre-AIA).[12]

6. Whether claims 33, 34, and/or 35 of the '554 patent are invalid for improper dependency under 35 U.S.C. § 112 (pre–AIA). [13]

7. SSC seeks damages, pursuant to 35 U.S.C. § 284 and as set forth in its expert reports, as compensation for EDD's alleged past infringement and either an injunction against or damages to compensate for any continuing and future infringement of the patents-in-suit. SSC intends to present evidence including, but not limited to, testimony and exhibits to accompany testimony from Ms. Julie Davis, Dr. Duncan Moore, and Messrs. Kibum Nam and Seung-Ryeol Ryu, as well as factual testimony from the foregoing witnesses identified in paragraph 1, above.

8. SSC will further seek an award of prejudgment and post-judgment interest.

9. SSC will further seek an award of enhanced damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to 35 U.S.C. § 285, and interests, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Fed. R. Civ. P. 54.[14]

10. SSC will seek a permanent injunction in the event damages in the amount of a paid-up, lump sum royalty for all potential future infringement are not awarded. SSC intends to

---

[12] As noted above, EDD seeks an invalidity opinion regarding claims that are no longer at issue in this case. SSC has withdrawn its infringement allegations with respect to claims 37-39, 41, 43 and 45-48, and the Court has granted summary judgment in EDD's favor. (D.I. 244.) Accordingly the Court should not rule on § 112 issues relating to this claims.

[13] SSC has withdrawn its infringement allegations with respect to claim 45, and the Court has granted summary judgment in EDD's favor with respect to these claims (D.I. 244.) Accordingly the Court should not rule on § 112 issues related to claim 45. Additionally, EDD failed to preserve its claim of improper dependency with respect to claims 2, 30, and 31, which were not identified in EDD's invalidity contentions or expert report. EDD has also raised § 112 defenses for lack of antecedent basis with regard to claims 38 and 45. However, SSC respectfully submits, as noted above, that these issues should not be before the Court.

[14] The parties have agreed that the fact that neither party includes specific bases for a finding of an exceptional case under 35 U.S.C. § 285 does not in any way constitute a waiver of the arguments they would make in support of that finding.

present evidence including, but not limited to, testimony from Messrs. Kibum Nam and Seung-Ryeol Ryu.

## III. STATEMENT OF ALL UNDISPUTED AND STIPULATED FACTS

1. EDD is a corporation organized and existing under the laws of Japan, having its principal place of business at 2–30–1, Namiki, Kawaguchi City, Saitama 332–0034 Japan.

2. SSC is a company organized and existing under the laws of the Republic of Korea, having its principal place of business at 1B–25, 727, Wonsi-dong, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

3. SSC is the assignee of the entire right, title and interest in the ’554 patent, entitled “Lighting Apparatus Having Low Profile,” which issued on October 29, 2002, and was assigned to SSC on August 27, 2009.

4. The named inventors of the ’554 patent are David Pelka and John Popovich.

5. SSC is the assignee of the entire right, title and interest in the ’209 patent, entitled “Light Source For Backlighting,” which issued on December 28, 1999, and was assigned to SSC on September 26, 2013.

6. The named inventor of the ’209 Patent is David Pelka.

7. SSC is asserting claims 1, 2, 6, 30, 31, and 33-37 of the ’554 patent.

8. SSC is asserting claim 20 of the ’209 patent.

9. EDD has been aware of the ’554 patent since it was formed on April 2, 2012.

10. EDD has been aware of the ’209 Patent since October 16, 2013.

11. SSC accuses EDD of inducing infringement of the ’554 patent.

12. SSC accuses EDD of inducing infringement of the ’209 patent.

13. The critical date for the ’554 patent is September 24, 1996.

14. The critical date for the ’209 patent is March 19, 1996.

## IV. LIST OF ALL FACTUAL ISSUES TO BE TRIED

### A. Plaintiff’s List

1. To the extent that EDD’s statement of legal issues to be tried contains issues of fact, EDD incorporates them herein by reference.

2. Whether EDD has actively induced the direct infringement of claims 1, 2, 6, 30, 31, 33, 34, 35, 36, or 37 of the '554 patent under 35 U.S.C. § 271(b).[15]

3. Whether EDD has actively induced the direct infringement of claim 20 of the '209 patent under 35 U.S.C. § 271(b).

4. EDD lens #9854D, with an LED or other components and used in a backlighting unit (BLU), LCD television or monitor, does not infringe any asserted claims of the '554 patent.

5. EDD lens #9854E, with an LED or other components and used in a backlighting unit (BLU), LCD television or monitor, does not infringe any asserted claims of the '554 patent.

6. EDD lens #9879, with an LED or other components and used in a backlighting unit (BLU), LCD television or monitor, does not infringe any asserted claims of the '554 patent.

7. EDD lens #4922, alone or in combination with an LED or other components and used in a backlighting unit (BLU), LCD television or monitor, does not infringe any asserted claims of the '209 patent.

8. EDD lens #9853A, alone or in combination with an LED or other components and used in a backlighting unit (BLU), LCD television or monitor, does not infringe any asserted claims of the '209 patent.

9. EDD lens #9854D, alone or in combination with an LED or other components and used in a backlighting unit (BLU), LCD television or monitor, does not infringe any asserted claims of the '209 patent.

10. EDD lens #9854E, alone or in combination with an LED or other components and used in a backlighting unit (BLU), LCD television or monitor, does not infringe any asserted claims of the '209 patent.

11. EDD lens #9879, alone or in combination with an LED or other components and used in a backlighting unit (BLU), LCD television or monitor, does not infringe any asserted claims of the '209 patent.

---

[15] The parties have agreed that not including specific elements of proof in this document does not constitute a waiver with respect to any claim or defense.

12. Claims 1, 2, 6, 30, 31, 33-39, 41-43 and 45-48 of the '554 patent are invalid as anticipated under 35 U.S.C. § 102 (pre–AIA).

13. Claims 1, 2, 6, 30, 31, 33-39, 41-43 and 45-48 of the '554 patent are invalid as obvious under U.S.C. § 103 (pre–AIA).

14. Claim 20 of the '209 patent is invalid as obvious under 35 U.S.C. § 103 (pre–AIA).

15. A person of ordinary skill in the art of the '554 patent, at the time of its critical date would be someone with at least a Master's degree in physics, optics or electrical engineering and five years of experience in waveguide research or design; or a Ph.D. in physics, optics or electrical engineering and three years of experience in waveguide research or design.

16. A person of ordinary skill in the art of the '209 patent, at the time of its critical date, would be someone with at least a Master's degree in optics, electrical engineering, or physics with at least three years of relevant experience in design of optical systems.

17. The Gleckman '354 patent was material to the prosecution of the '209 patent.

18. Dr. Pelka was aware of the Gleckman '354 patent during the prosecution of the '209 patent.

19. Dr. Pelka recognized the materiality of the Gleckman '354 patent to the prosecution of the '209 patent.

20. Dr. Pelka intentionally withheld the Gleckman '354 patent from the United States Patent Office during prosecution of the '209 patent.

21. If SSC is entitled to damages for infringement of the '554 patent, the amount of the one-time lump-sum paid-up reasonable royalty.

22. If SSC is entitled to damages for infringement of the '209 patent, the amount of the one-time lump-sum paid-up reasonable royalty.

23. SSC has not been irreparably harmed by the alleged infringement by EDD.

24. SSC can be adequately compensated for the alleged infringement by EDD with money damages.

25. The balance of hardships favors EDD.

26. The public interest weighs against an injunction.

**B. <u>Defendant's List</u>**

1. To the extent that SSC's statement of legal issues to be tried contains issues of fact, SSC incorporates them herein by reference.

2. Whether EDD has infringed claims 1, 2, 6, 30, 31, 33, 34, 35, 36 and/or 37 of the '554 patent under 35 U.S.C. § 271(b).

3. Whether EDD has infringed claim 20 of the '209 patent under 35 U.S.C. § 271(b).

4. Whether claims 1, 2, 6, 30, 31, 33, 34, 35, 36 and/or 37 of the '554 patent are anticipated in view of the prior art identified as allegedly anticipating these claims in Dr. Pollock's rebuttal expert report.[16]

5. The underlying factual issues bearing on whether claims 1, 2, 6, 30, 31, 33, 34, 35, 36 and/or 37 of the '554 patent would have been obvious in view of the prior art identified as allegedly rendering this claim obvious in Dr. Pollock's rebuttal expert report, including the level of ordinary skill in the art, the scope and content of the prior art, and objective indicia of non-obviousness.

6. The underlying factual issues bearing on whether claim 20 of the '209 patent would have been obvious in view of the prior art identified as allegedly rendering this claim obvious in Dr. Pollock's rebuttal expert report, including the level of ordinary skill in the art, the scope and content of the prior art, and objective indicia of non-obviousness.

7. The amount of damages if any caused by EDD's alleged infringement of the '554 and '209 patents.

8. If EDD is found to infringe the '554 and/or the '209 Patent, whether this infringement was willful.

---

[16] As discussed above, if the Court permits EDD to try to a jury the invalidity of '554 patent claims that are not asserted against EDD, including independent claim 38 and its dependent claims 39, 41-43, and 45-48, then SSC would revise this paragraph to include all claims as to which invalidity is at issue.

9. To the extent not covered by past and future damages, whether a permanent injunction should issue. Any such injunction issues should be separately tried to the Court following the jury trial.

10. Issues underlying EDD's '209 patent inequitable conduct defense, which issues should be separately tried to the Court following the jury trial.

## V. LIST OF PROPOSED STIPULATIONS

1. The parties do not dispute that the prior art referenced in footnote 2, *supra.*, qualifies as prior art under patent statute, Title 35 U.S.C. (pre-AIA), and SSC accordingly stipulates that EDD need not further establish that such references qualify as prior art.

2. Each party's exhibit list identifies all exhibits that a party intends to present at trial other than solely for impeachment, rebuttal, and demonstrative evidence. With the exception of those exhibits used solely for impeachment and/or rebuttal, exhibits not listed on a party's exhibit list or on the opposing party's exhibit list will not be admitted into evidence unless good cause is shown.

3. All exhibits to be admitted must be formally moved into evidence by exhibit number. Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

4. Any exhibit, once admitted at trial, may be used equally by either party for any proper purpose in accordance with the Federal Rules of Evidence, unless expressly admitted with conditional relevance.

5. Any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document or any other listed document.

6. A party may replace poor print or digital quality copies of exhibits with improved or higher quality copies.

7. Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. The

listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit should the opposing party attempt to offer it into evidence.

8. For documents produced in Japanese or Korean, the parties agree to the following exhibit format: The original exhibit and a certified translation will be numbered as a single exhibit.

9. Legible copies of exhibits may be offered into evidence in lieu of originals, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the copy. The parties will exchange replacement versions and/or native versions of exhibits prior to use in trial. With regard to spreadsheets, the parties will not offer the native version or printed versions of spreadsheets into evidence as exhibits, and will instead enter screen captures of the spreadsheets as presented at trial. Any portions or sorts of such spreadsheets that either party intends to publish to the jury during direct examination or adverse direct examination shall be exchanged along with the disclosure of demonstratives to be used with such witness in the form of screen captures or other printed versions.

10. Legible copies of United States patents and patent applications, including the Asserted Patents, and their file histories may be offered into evidence in lieu of certified copies thereof, subject to all other objections.

11. The list of the counter-designations for each witness testifying by deposition shall be deemed to include all deposition designations of the opposing party, subject to such objections as the designating party may have.

12. The parties agree that the demonstrative exhibits they intend to use at trial do not need to be included on their respective list of trial exhibits.

13. The parties shall disclose each witness it expects to call live or via deposition by 7:00 p.m.[17] two days before the witness is expected to testify, including witness order where multiple witnesses are expected to testify on the same day. If a witness is to be called by deposition, the party disclosing the witness shall identify the deposition testimony it intends to present. At the time of disclosure, the parties shall additionally disclose a list of exhibits to be used with each witness on direct (other than for impeachment), or will make available for inspection any physical exhibits to be used. By way of example, if a party wishes to present a witness on a Monday, the witness will be disclosed, along with the list of exhibits to be used with that witness, by 7:00 p.m. on the preceding Saturday. Any objections to the materials disclosed, aside from deposition designations, shall be provided by 7:00 p.m. the following day, one day prior to their anticipated use. The parties shall meet and confer at or before 11:00 p.m. that evening to attempt to resolve any objections.

14. If a party wishes to perform an adverse direct of any witness identified by a sponsoring party the previous day, the non-sponsoring party will disclose this, along with the exhibits and demonstratives it intends to use in the examination, by 7:00 p.m. the day after the witness is disclosed by the sponsoring party.

15. The parties will provide copies of demonstrative exhibits expected to be used during the direct examination of a witness by 7:00 p.m. the night before their intended use, and objections will be provided no later than 10:00 p.m. the night before their intended use. The parties shall meet and confer at or before 11:00 p.m. that evening to attempt to resolve any objections. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

16. The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking

[17] Throughout this section the parties have indicated specific times for exchanges. While the parties agree to make a good faith effort to meet these exchanges, should circumstances arise requiring adjustments, the parties agree to promptly notify each other and work in good faith to make reasonable accommodations.

to use the demonstrative will provide it to the other side via FTP, on a DVD or CD, or other format that allows for prompt viewing of the video or animations. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation of it in PDF format or make them available for inspection.

17. The following types of demonstrative exhibits need not be exchanged: demonstrative exhibits that are merely excerpts, enlargements, or highlights of trial exhibits; and demonstratives created during testimony. The underlying exhibits, however, need to be exchanged.

18. The parties will identify exhibits, deposition testimony and exchange copies of demonstratives to be used in opening statements by 5:00 p.m. the day before opening statements. For instance, if opening statements are scheduled to occur on a Monday, then the parties will exchange copies of demonstratives to be used in opening statements by 5:00 p.m. on Sunday. The parties will provide any objections to such disclosures by 8:00 p.m. on the day before opening statements. The parties shall meet and confer to resolve any objections to the disclosures.

19. Reasonable, non-substantive edits or corrections of typographical, formatting and similar errors to demonstrative exhibits may be made to such exhibits before use. Corrected copies will be provided to opposing counsel prior to use.

20. Each party shall disclose the portions of the deposition transcript it intends to introduce when disclosing the witness and the matter of introduction, e.g., video or read-in.

21. If a party designates deposition testimony to be played or read on a given day, the opposing party shall, by no later than 10:00 p.m. of the evening that such testimony is disclosed, provide its counter-designations of particular portions of the transcript, by page and line number, the party selects to be read or played along with its opponent's designations. The parties shall meet and confer at or before 11:00 p.m. that evening to attempt to resolve any objections to the witness or testimony.

22. For those depositions that have been videotaped, a party may introduce the deposition excerpt by videotape instead of or in addition to, by read in transcript. If a party opts

to introduce deposition testimony by videotape, any counter-designation of that same witness's deposition testimony must also be included in the videotape. When deposition designation excerpts are introduced, all admissible counter-designation excerpts, whether offered by videotape or read in, will be introduced simultaneously in the sequence in which the testimony was originally given. All irrelevant or redundant material such as attorney objections and colloquy between counsel will be removed when the deposition is read or played at trial, unless specifically identified by the designating party, subject to the Court's ruling on any objection thereto. Each party will be charged for the time taken to read or play its designations, as measured by the proportion of lines of testimony for its designations to the total number of lines of testimony read, or for video clips, the actual time for testimony that is played for each party's designations. Final video will be provided no later than 8:00 p.m. the evening prior to its presentation.

23. If there are objections to deposition testimony that remain to be resolved, the party calling the witness by deposition shall, no later than one (1) calendar day before the witness is to be called at trial, submit, on behalf of both parties: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it.

24. The parties may not add new deposition designations or counter-designations, or provide new objections to listed designations or counter-designations, except for good cause shown or by agreement of the parties.

25. Any deposition testimony not specifically identified on a party's deposition designation list may still be used at trial for the purpose of impeachment, if otherwise competent for that purpose.

26. Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations. The parties shall promptly meet and confer concerning the amount of time

attributable to each party's designations and counter-designations and shall inform the Court of the allocation of the time.

27. The parties agree that their witness lists will include a notation indicating any witnesses that will be testifying via translation.

28. The parties agree that while EDD is the plaintiff in this action, SSC will present its case-in-chief first at trial. EDD will then present evidence in support of its case-in-chief as well as its evidence to rebut SSC's case-in-chief. SSC will then present any rebuttal evidence in support of its case in chief, as well as its evidence to rebut EDD's case-in-chief. Finally, EDD will present any rebuttal evidence in support of its case-in-chief.

29. If good faith efforts to resolve objections to demonstratives and exhibits to be used in opening statements fail, the objecting party must bring its objections to the Court's attention before the opening statement. Neither party shall quote or publish any exhibit or quote or excerpt of a deposition testimony, pleading, or alleged admission during opening statement unless such exhibit, deposition testimony, pleading or alleged admission is not subject to any objection by the other party or the objection has been overruled by the Court.

**B. Experts**

1. The parties agree that the Court should consider Dr. Duncan Moore, Dr. Clifford Pollock and Ms. Julie Davis, tendered for their identified subject matter and ask that the Court accept the tenders without further need for qualification. Nothing in this stipulation limits the testimony of the expert regarding his/her background or qualifications. Nothing in this stipulation waives any objection the parties may have with respect to the witness' testimony.

## VI. CONCISE STATEMENT BY EACH PARTY OF EACH DISPUTED POINT OF LAW CONCERNING LIABILITY OR RELIEF

**A. Plaintiff's List**

1. To the extent that EDD's statement of factual issues to be tried contains issues of law, EDD incorporates them herein by reference.

2. Whether EDD has actively induced the direct infringement of claims 1, 2, 6, 30, 31, 33, 34, 35, 36, or 37 of the '554 patent under 35 U.S.C. § 271(b). [18]

3. Whether EDD has actively induced the direct infringement of claim 20 of the '209 patent under 35 U.S.C. § 271(b). [19]

4. Whether SSC is estopped from arguing that EDD has indirectly infringed based on the factual findings and holding of *Nichia Corp. v. Seoul Semiconductor Co.*, No. C–06–0162 MMC, 2007 WL 2428040, at *4 (N.D. Cal. Aug. 22, 2007), *as amended* (Sept. 25, 2007), where SSC successfully relied upon the same supply chain at issue in this case, and the fact that SSC took no action to encourage or to induce direct infringement in the United States, to defeat a claim of inducement.

5. Whether EDD acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

6. Whether, assuming the objective prong is satisfied, EDD knew or should have known of the objectively defined risk.

7. Whether claims 1, 2, 6, 30, 31, 33-39, 41-43 and/or 45, 46-48 of the '554 patent are invalid as anticipated under 35 U.S.C. § 102 (pre–AIA).

8. Whether claims 1, 2, 6, 30, 31, 33-39, 41-43 and/or 45, 46-48 of the '554 patent are invalid as obvious under 35 U.S.C. § 103 (pre–AIA).

9. Whether claim 20 of the '209 patent is invalid as obvious under 35 U.S.C. § 103 (pre–AIA).

10. Whether claims 1, 2, 3, 6, 30, 31, 33-39, 41-43 and 45-48 are invalid as indefinite under 35 U.S.C. § 112, ¶ 2 (pre-AIA).

11. Whether claims 2, 33, 34, 35, and 45 of the '554 patent are invalid for improper dependency under 35 U.S.C. § 112 (pre–AIA).

---

[18] The parties have agreed that the omission of specific elements of proof herein does not constitute a waiver with respect to any claim or defense.

[19] The parties have agreed that not including specific elements of proof in this document does not constitute a waiver with respect to any claim or defense.

12. Whether claims 38 and 45 of the ‘554 patent are invalid for lack of antecedent basis.

13. Whether, based on the factual findings concerning Dr. Pelka’s knowledge of the prior art Gleckman ‘354 patent, his contemporaneous recognition of its materiality, and his intentional withholding of that prior art from the USPTO, the ‘554 patent is unenforceable due to inequitable conduct under applicable law, including *Therasense*.

14. The royalty rate SSC’s damages expert has proposed for licensing of the ‘554 patent is not reasonable.

15. The royalty rate SSC’s damages expert has proposed for licensing of the ‘209 patent is not reasonable.

16. SSC has failed to mark its products that it sold that allegedly practice one or more of the patents–in–suit under 35 U.S.C. § 287.

17. Non–infringing products may not be included in the royalty base for the ‘554 patent.

18. Non–infringing products may not be included in the royalty base for the ‘209 patent.

19. SSC cannot base a hypothetical negotiation on a freedom to operate license.

20. SSC cannot prove that it is entitled to an injunction, at least because it cannot establish irreparable harm arising from the alleged infringement of the patents–in–suit, because any harm is compensable with money damages, because the balance of hardships favors EDD, and because the public interest does not favor an injunction.

**B. <u>Defendant’s List</u>**

1. To the extent that SSC’s statement of factual issues to be tried contains issues of law, SSC incorporates them by reference herein.

2. Whether claims 1, 2, 6, 30, 31, 33, 34, 35, 36 and/or 37 of the ’554 patent would have been obvious in view of the prior art identified as allegedly rendering this claim obvious in Dr. Pollock’s rebuttal expert report.

3. Whether claim 20 of the '209 patent would have been obvious in view of the prior art identified as allegedly rendering this claim obvious in Dr. Pollock's rebuttal expert report.

4. Whether claims 1, 2, 3, 6, 30, 31, and/or 33-37 are invalid as indefinite under 35 U.S.C. § 112, ¶ 2 (pre-AIA). [20]

5. Whether claims 33, 34, and/or 35 of the '554 patent are invalid for improper dependency under 35 U.S.C. § 112 (pre–AIA). [21]

6. Whether claims 38 and/or 45 of the '554 patent are invalid for lack of antecedent basis.

7. Whether the '209 patent is unenforceable for inequitable conduct.

8. Whether EDD can raise an estoppel argument based on an unrelated litigation, when it never pled estoppel as a defense, or raised otherwise, no discovery was conducted into the other litigation(s) and the alleged similarities in the supply chain, and no expert has provided any opinion.

9. Whether SSC is entitled to enhanced damages under 35 U.S.C. §284 and attorney fees pursuant to 35 U.S.C. § 285.

10. Whether SSC is entitled to an injunction as a result of EDD's infringement of the '209 and/or '554 patents with regard to any EDD past or present infringement that is not subject to a damages award.

## VII. <u>WITNESS LISTS</u>

### A. <u>Plaintiff's Witness List</u>

*See* Exhibit A, hereto.

---

[20] As noted above, EDD seeks an invalidity opinion regarding claims that are no longer at issue in this case. SSC has withdrawn its infringement allegations with respect to claims 37-39, 41, 43, and 45-48, and the Court has granted summary judgment in EDD's favor. (D.I. 244.) Accordingly the Court should not rule on § 112 issues relating to this claims.

[21] SSC has withdrawn its infringement allegations with respect to claim 45, and the Court has granted summary judgment in EDD's favor with respect to these claims. (D.I. 244.) Accordingly the Court should not rule on § 112 issues related to claim 45. Additionally, EDD failed to preserve its claim of improper dependency with respect to claims 2, 30, and 31, which were not identified in EDD's invalidity contentions or expert report.

**B. Defendant's Witness List**

*See* Exhibit B, hereto.

## VIII. EXHIBIT LISTS

The parties' respective lists of exhibits and objections thereto are attached hereto as Exhibit C (EDD) and Exhibit D (SSC). The parties have agreed to continue to meet and confer regarding the Exhibit lists, including but not limited to, identifying and attempting to resolve objections to exhibits, narrowing the lists of exhibits, and creating a list of those exhibits the parties have agreed may be received into evidence without objection.

The parties agree that the fact that an exhibit is listed on one party's exhibit list is not an admission that the exhibit is relevant or otherwise admissible. The parties further agree that each party may offer at trial any exhibit listed on the opposing party's exhibit list, subject to any objections concerning the document's admissibility.

The parties also reserve the right to use at trial certain demonstratives and graphics that will be used solely for illustrative purposes and that they will not seek to admit into evidence. The parties further reserve the right to use large drawing pads, ELMO devices, electronic markups, iPads and other aides for illustrative purposes to facilitate the presentation and understanding of the evidence, and reserve the right to create demonstrative exhibits in Court for illustrative purposes.

These lists do not include all exhibits that the parties may use at trial for the purposes of impeachment. The parties reserve the right to use at trial any document (whether listed or not) for the purposes of impeachment, in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure.

## IX. ESTIMATED NUMBER OF COURT DAYS

The Court has ordered that each side has 15 hours to present its case, inclusive of opening statements and closing arguments. Plaintiff and Defendant expect to need the full time allotted.

## X. LIST OF OUTSTANDING MOTIONS

Currently pending motions include:

1. EDD's Motion for Summary Judgment of Invalidity of Claims 1, 2, 30, 21, 33-39, 41-43, and 45-48 of the '554 Patent as Anticipated Under § 102(b).

2. The parties' motions *in limine* filed on February 10, 2016.

## XI. STATUS OF SETTLEMENT NEGOTIATIONS

The parties attended a mediation in front of Daniel Bergeson on December 10, 2015. The parties were unable to reach an agreement.

## XII. STATEMENTS CONCERNING BIFURCATION AND POST-TRIAL PROCEEDINGS AND EVIDENCE

### A. Plaintiff's Statement

EDD does not request bifurcation. With respect to the issue of inequitable conduct, EDD submits that the only testimony relevant to this issue is that of Dr. Pelka. His testimony is also highly relevant to the issue of invalidity including in particular obviousness under 35 U.S.C. § 103. The testimony concerning obviousness is virtually inclusive of any testimony relevant to the issue of materiality. However, to the extent the Court deems it necessary and appropriate to have the remaining evidence presented outside of the presence of the jury, the parties respectfully request that a separate evidentiary hearing be held following after the conclusion of the trial at a time to be set by the Court based upon availability of the Court, the parties, Dr. Pelka and expert witnesses (if any). Any remaining evidentiary issues can be addressed at the end of the trial in the context of post-trial motion practice (*e.g.*, motion pursuant to 35 U.S.C. § 285, motion for attorney fees, Fed. R. Civ. P. Rule 50, etc.).

### B. Defendant's Statement

SSC contends that the Court should bifurcate EDD's claim of inequitable conduct consistent with this Court's order (D.I. 233), which should be tried to the Court at a date after the conclusion of the jury trial. Inequitable conduct does not require a jury determination and is potentially highly prejudicial to the patentee. As such, courts regularly bifurcate inequitable conduct issues from the jury portions of patent infringement trials. *See, e.g., Fujifilm Corporation v. Motorola Mobility LLC*, No. 2015 U.S. Dist. LEXIS 35236, *6-*7, No. 12-cv-03587-WHO, (N.D. Cal. March 19, 2015) (citing *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, No. 02-cv-03378-EDL, 2007 WL 607792, at *4 (N.D. Cal. Feb. 23, 2007) ("To the extent that evidence of inequitable conduct is separate from other issues, such evidence shall not be presented during the first phase of trial and shall be reserved for the Court.")); *S.O.I.Tec*

*Silicon On Insulator Technologies, S.A. v. MEMC Elec. Materials, Inc.*, 745 F. Supp. 2d 489, 522 (D. Del. 2010) (noting that "[t]he court's practice is to bifurcate the issue of inequitable conduct for a bench trial following a jury trial on other issues"); *Japan Cash Mach. Co. v. MEI, Inc.*, No. 05-cv-01433, 2008 WL 5051245, at *8 (D. Nev. Nov. 20, 2008) ("[I]f the instant trial is not bifurcated and [defendant's] evidence relevant solely to inequitable conduct is presented in the jury's presence, there would be prejudice to [plaintiffs] because of the serious allegations of withholding evidence from and deceiving the PTO.").) The parties respectfully request that a separate evidentiary hearing be held after the conclusion of the trial at a time to be set by the Court based upon availability of the Court, the parties, and Dr. Pelka.

Additionally, in the event infringement is found and the jury does not award a lump sum for a fully paid-up license, SSC would request an evidentiary hearing on injunctive relief and/or post-judgment royalties.

Any remaining evidentiary issues can be addressed at the end of the trial in the context of post-trial motion practice (e.g., motions pursuant to 35 U.S.C. § 285, for attorney fees and/or enhanced damages, Fed. R. Civ. P. Rule 50, etc.)

DATED: February 10, 2016

*/s/ Marc R. Labgold*

NAGASHIMA & HASHIMOTO
MARC R. LABGOLD, PH.D. (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12007 Sunrise Valley Drive, Suite 110
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

*/s/ Ryan R. Owens*

LATHAM & WATKINS LLP
Ryan R. Owens (Bar No. 269370)
*ryan.owens@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

LATHAM & WATKINS LLP
Lawrence J. Gotts (*pro hac vice*)
*lawrence.gotts@lw.com*
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

LATHAM & WATKINS LLP
Charles H. Sanders (*pro hac vice*)
*charles.sanders@lw.com*
John Hancock Tower, 27th Floor

SHAW KELLER LLP
JOHN W. SHAW (*pro hac vice*)
jshaw@shawkeller.com
JEFFREY T. CASTELLANO (*pro hac vice*)
jcastellano@shawkeller.com
Andrew E. Russell *(pro hac vice)*
arussell@shawkeller.com
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
Telephone: 302-298-0700

Attorneys for Plaintiff
*Enplas Display Device Corporation*

200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001

LATHAM & WATKINS LLP
Michelle P. Woodhouse (260669)
*michelle.woodhouse@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Attorneys for Defendant
SEOUL SEMICONDUCTOR CO., LTD.