UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEOUL SEMICONDUCTOR COMPANY, LTD.,<br><br>Defendant. | Case No.13-cv-05038 NC<br><br>**ORDER DENYING SUMMARY JUDGMENT ON INVALIDITY OF '554 PATENT**<br><br>Re: Dkt. No. 164 |

Enplas moves for summary judgment of invalidity of the '554 patent. Because the Court finds that there is a dispute of material fact, the Court DENIES the motion.

## I. BACKGROUND

### A. The '554 Patent

The '554 patent (No. 6,473,554) is entitled Lighting Apparatus Having Low Profile. The patent discloses "a low profile lighting apparatus that is particularly advantageous for use as a backlight for illuminating a display." These backlights may be used to illuminate analog watches, automobile gauges, and liquid crystal displays (LCDs) used with cell phones, pagers, and PDAs. The invention described in the patent is intended to fill the need for a backlight that "provides a substantially uniform illumination profile across the entire area of illumination." Patent 1:43-45.

/

Case No. 13-cv-05038 NC

### B. Stanley Patent

The Stanley patent is a Japanese patent, entitled "Light Emitted Diode." The patent solves the problem that "even if a plurality of LEDs are arranged and lighted in order to display in a matrix form, each is separately observed so that display quality is deteriorated." The patent uses a resin housing to improve the luminous quality of the LED.

### C. Johnson Patent

The Johnson patent (No. 3,774,021) is entitled, "Light Emitting Device." The patent discloses "A light emitting diode module with a dome encapsulant in which the geometry is designed to maximize the light output in the plane of junction." The patent solves the problem of illuminating discrete regions of a relatively large area.

### D. Procedural History

Enplas brings this declaratory judgment action, alleging non-infringement of the '209 and '554 patents, invalidity of both patents as anticipated, and a defense of inequitable conduct, among others. SSC alleges that certain Enplas lenses infringe the '554 patent and that Enplas' LCD screens infringe the '209 patent. Shortly after the fact discovery cutoff, Enplas moved for summary judgment of non-infringement on some of the '554 patent claims because SSC indicated that it would not pursue those claims. SSC covenanted not to sue on the claims, but the Court found that Enplas was entitled to summary judgment of non-infringement as to those claims. Dkt. No. 282.

Enplas now moves for summary judgment of invalidity, arguing that there is no dispute of fact that Enplas can prove by clear and convincing evidence that the Stanley and Johnson patents anticipate all claims of the '554 patent.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under

governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

## III. DISCUSSION

Enplas moves for summary judgment of invalidity on claims 1, 2, 30, 31, 33-39, 41-43, 45-48 of the '554 patent, arguing that there is not a material dispute of fact that the '554 patent is anticipated by the Stanley and/or Johnson patents. The Court first addresses the deficiencies of Enplas' motion.

### A. Enplas' Motion

Enplas' motion asks the Court to find that there is no dispute of material fact that the '554 patent is invalid as anticipated by the Johnson and Stanley patents. As a preliminary matter, the Court finds that Enplas' motion is lacking for two reasons.

First, Enplas' motion only briefly explains its invalidity analysis, and instead, asks the Court to refer to Dr. Pollock's claim chart for a fully detailed analysis as to why the prior art anticipates the '554 patent. Dr. Pollock's claim chart is 117 pages for its analysis of the Stanley patent, and 55 pages for its analysis of the Johnson patent. Local Rule 7-2 provides that motions are not to exceed 25 pages of argument.

The Court will not sift through the additional 172 pages of argument from Enplas to evaluate its summary judgment argument. *See AAT Bioquest, Inc. v. Texas Fluorescence Labs., Inc.*, No. 14-cv-03909 DMR, 2015 WL 1738402, at *5 (N.D. Cal. Apr. 13, 2015) ("It is not the court's task to pan through these exhibits in an effort to discover TEFLabs's argument."); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. 12-cv-1971 CW, 2014 WL 3883437, at *1 (N.D. Cal. Aug. 6, 2014) ("Adobe must explain its summary judgment arguments and cannot rely on the Court to sift through the countless exhibits to manufacture a summary judgment argument."); *Lockformer Co. v. PPG Indus., Inc.*, No. 99-cv-6799, 2003 WL 1563703, at *2 n.1 (N.D. Ill. Mar. 25, 2003) *aff'd,* 138 Fed. Appx. 314 (Fed. Cir. 2005) ("It is not the Court's task to search through the record to find evidence that supports PPG's position.").

Second, Enplas relies heavily on attorney argument and conclusory statements of the patent experts. SSC objects to Enplas' use of attorney argument, and in response, Enplas argues that the Court can compare the patents on its own to determine anticipation. While the Court is not required to rely on expert testimony, evidence of invalidity should be supported by testimony from one skilled in the art, and "must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element in disclosed in the prior art reference." *Schumer v. Lab. Comp. Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002). "It is not the trial judge's burden to search through lengthy technologic documents for possible evidence," and conclusory statements of a patent's invalidity are insufficient. *Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 249 F.3d 1341, 1353 (Fed. Cir. 2001).

In this case, the Court finds that a comparison of the patents does not lead to a self-evident conclusion of anticipation without further detailed analysis and expert testimony.

Therefore, the Court only briefly considers whether SSC has submitted evidence that it could defeat Enplas' invalidity claims.

//

### B.   Invalidity Legal Standard

Generally, a patent is presumed valid. 35 U.S.C. § 282. While this presumption can be rebutted, the party challenging validity must meet the "high burden" of proving invalidity by "clear and convincing evidence." *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012). "[A] moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." *Eli Lilly v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001) (citing *Anderson*, 477 U.S. at 248). Generally, the invalidity argument of anticipation, which attacks the novelty of the patent-in-suit, is a question of fact. *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354, 1362 (Fed. Cir. 1999).

Enplas argues that the '554 patent is invalid under the theory of anticipation. If the claimed invention was "described in a printed publication" either before the date of invention, or more than one year before the U.S. patent application was filed, then that prior art anticipates the patent, rendering it invalid and unenforceable. 35 U.S.C. § 102 (a)-(b). The anticipation inquiry proceeds on a claim-by-claim basis. *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). The Court must first construe the claims, then the fact finder must compare the construed claims to the prior art. *Key Pharms. v. Hereon Labs Corp.*, 161 F.3d 709, 714 (Fed. Cir. 1998). "To anticipate a claim, a single prior art reference must expressly or inherently disclose each claim limitation" arranged as in the claim. *Finisar*, 523 F.3d at 1334.

The parties do not dispute that the Stanley and Johnson patents constitute prior art, and the Court has already done the claim construction for the '554 patent. Therefore, the Court considers whether Stanley or Johnson anticipate any of the claims of the '554 patent. Here, the independent claims are claims 1, 30, and 38. All other claims are dependent on these three, so the Court considers the three independent claims.

///

### C. Claim 1

Claim 1 reads:

> An illumination device, comprising: **a waveguide having an illumination coupler** embedded in an interior region of said waveguide, said illumination coupler adapted to receive light from a point source within said interior region, and to direct light between generally parallel top and bottom surfaces outside said interior region, said illumination coupler comprising a refractive index interface which is inclined relative to at least one of said top and bottom surfaces, said interface being configured to reflect light rays emitted by the point source which propagate along a line that forms less than the critical angle of total internal reflection with respect to a line lying in one of said top and bottom surfaces, such that light rays which would otherwise pass out of said waveguide are captured for propagation between said top and bottom surfaces.

Enplas argues that the Johnson patent anticipates claim 1. SSC responds that Enplas has not clearly identified the waveguide and illumination coupler in the Johnson patent. The Court construed the term waveguide to mean "an optical device that redirects light propagating between its surfaces." Dkt. No. 81. The Court declined to construe the term: "illumination coupler embedded in an interior region of said waveguide." *Id.*

According to SSC, "SSC's technical expert, Dr. Moore, disputes that all or any portion of element 17 constitutes the claimed 'illumination coupler.' He explained at length that element 17 is not an illumination coupler because it lacks a bottom coupling lens element and a top TIR coupling element." Dkt. No. 197 at 24.

The Court finds that there is a genuine dispute of fact as to whether the Johnson patent anticipates the '554 patent on all elements of claim 1. Therefore, the Court does not need to reach the dependent claims.

### D. Claim 30

Claim 30 reads:

> An optical apparatus, comprising: a light emitting diode (LED); an optical element having top and bottom opposing sides, said **LED mounted at a predetermined location beneath a central portion of said optical element** such that light from the LED enters the optical element, said optical element including a TIR surface spaced from said bottom side

Case No. 13-cv-05038 NC              6

>and extending from a point above the LED outwardly towards said edges, said TIR surface positioned to receive light emitted by the LED, said TIR surface curving towards the LED so as to form a cusp above the LED, the curving TIR surface totally internally reflecting light rays such that reflected light rays propagate from the TIR surface towards the edge of the optical element.

Enplas argues that both Johnson and Stanley anticipate claim 30. First, SSC argues that Enplas misidentified the "optical element," and as a result, Moore states that the LED is not mounted beneath the optical element (resin housing 3). Moore Rebuttal Report at 56. SSC argues that Stanley does not have the LED *beneath* the central portion, instead it discloses an LED located within resin housing. Additionally, Stanley does not have an optical element, only a resin housing. Finally, SSC points to a dispute about where the "central portion" is. Dkt. No. 197 at 26 (citing Pollock Dep. 239).

SSC makes the same objections to the Johnson patent, and argues that Enplas' belief that Dr. Moore (SSC's expert) agreed with Enplas' identification of the "central portion" is erroneous. The parties repeated this dispute at the motion hearing. According to SSC, the Johnson patent also does not disclose that the LEDs be centrally located because LEDs are mounted on left and right of the central portion.

The Court finds that there is a genuine dispute of fact as to whether the Johnson patent anticipates the '554 patent on all elements of claim 30. Therefore, the Court does not need to reach the dependent claims.

### E. Claim 38

Claim 38 reads:

>An optical apparatus, comprising: a light emitting diode (LED); an optical element positioned to receive light from the light emitting diode, said element comprised of a refractive index interface having a curved shape that is symmetrical about an axis and converges to a location in a central portion of the said interface being shaped and positioned relative to said LED to reflect a **substantial portion of light** from said LED in a direction transverse to said axis.

Claim 38 itself is no longer at issue in this lawsuit, but the dependent claims that rely on the text of claim 38 are in the lawsuit. The Court considers claim 38 because it is

Case No. 13-cv-05038 NC           7

necessary to the determination of claims 39-48.

According to SSC, Enplas reads "a substantial portion of light" to mean "all light." SSC argues it should be construed as "a large portion that is less than all the light such that dark spots are avoided." Dkt. No. 197 at 16. SSC argues that there is a genuine dispute of fact as to whether Johnson discloses a leaky TIR as required by the patent.

The Court finds that there is a genuine dispute of fact as to whether the Johnson patent anticipates the '554 patent on all elements of claim 38. Therefore, the Court does not need to reach the dependent claims.

## IV. CONCLUSION

The Court finds that Enplas has not established that there is no genuine dispute of fact, nor has it proven by clear and convincing evidence that the '554 patent must be found invalid as anticipated. The Court DENIES Enplas' motion.

**IT IS SO ORDERED.**

Dated: February 11, 2016 _____
NATHANAEL M. COUSINS
United States Magistrate Judge