LATHAM & WATKINS LLP
Ryan R. Owens (Bar No. 269370)
*ryan.owens@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

LATHAM & WATKINS LLP
Lawrence J. Gotts (*pro hac vice*)
*lawrence.gotts@lw.com*
555 Eleventh Street, N.W. Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

LATHAM & WATKINS LLP
Michelle P. Woodhouse (Bar No. 260669)
*michelle.woodhouse@lw.com*
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

LATHAM & WATKINS LLP
Charles H. Sanders (*pro hac vice*)
*charles.sanders@lw.com*
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 948-6000
Facsimile: (617) 948-6001

Attorneys for Defendant
SEOUL SEMICONDUCTOR CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ENPLAS DISPLAY DEVICE CORPORATION; ENPLAS TECH SOLUTIONS, INC.; and ENPLAS (U.S.A.), INC.,

Plaintiff and Counterclaim Defendants,

v.

SEOUL SEMICONDUCTOR CO., LTD.,

Defendant and Counterclaim Plaintiff.

CASE NO. 3:13-CV-05038-NC

**DECLARATION OF KEVIN GARCIA**

Assigned to Hon. Nathanael M. Cousins

Date: February 24, 2016
Time: 2 p.m.
Location: Courtroom 7, 4th Floor, San Jose

I, Dr. Kevin Garcia, state and declare as follows:

1. I am the Chief Technology Officer for Breault Research Organization, Inc. ("BRO"). I make this declaration in support of Defendant Seoul Semiconductor Co., Ltd.'s ("SSC's") authentication of specific presentations, simulations, and photographs I created, and data I received from Advanced Coordinate Technology LLC ("ACT").

2. SSC retained BRO in May 2014 to perform optical analysis on lenses and light bars extracted from tear-downs of LCDs.

3. BRO is an ISO 9001:2008 registered optical engineering services and software company located in Tucson, Arizona. BRO's two primary business units have provided optical engineering services and optical engineering simulation software to a variety of customers for over 35 years.

4. BRO specializes in optical engineering services and simulation software. A core part of its normal optical engineering business activities is performing detailed design and analysis of imaging and illumination systems for clients using its proprietary and commercially-available software ASAP ("Advanced Systems Analysis Program").

5. The optical analysis records referenced below were made in the ordinary course of business by a person whose job it is to make such records. The records were made at or near the time of the occurrence of the event which they record. Where indicated below, I personally created these records. In the case of the ACT data, discussed below, I received such data from ACT in the ordinary course of BRO's business activities at or near the time of its creation, and maintained such data in BRO's files. If called as a witness, I would testify truthfully with respect to the matters stated herein.

6. On April 24, 2014, and July 21, 2015, I received light bars and lenses from SSC's counsel.

7. Upon receipt of the light bars and lenses, I visually inspected the lenses on the LED light bars as well as individual lenses. For lenses attached to light bars, I examined the lenses microscopically, photographed the lenses, and noted the position of the lenses on the light bar. I routinely prepare photographs such as the ones prepared in this case as part of BRO's

ordinary course of business to analyze the physical characteristics of optical devices. The photographs were made at the time of my visual inspection of the lenses and light bars.

8. Attached hereto as Exhibit 1 is a true and correct copy of photographs I took of the 9854E lens.

9. Attached hereto as Exhibit 2 is a true and correct copy of photographs I took of the 9879 lens.

10. Attached hereto as Exhibit 3 is a true and correct copy of photographs I took of the 9845 lens.

11. Attached hereto as Exhibit 4 is a true and correct copy of photographs I took of the 9854D lens.

12. Attached hereto as Exhibit 5 is a true and correct copy of photographs I took of the 9853A lens.

13. Attached hereto as Exhibit 6 is a true and correct copy of photographs I took of the 9849 lens.

14. Attached hereto as Exhibit 7 is a true and correct copy of photographs I took of the 9830 lens.

15. In addition to photographing the lenses and measuring the light bars, my assistant measured the surface profile of these optics with a point source microscope. Additionally, I had the surface profile of these optics measured with a coordinate measurement machine ("CMM") by ACT. ACT provided data files for each lens based on these measurements, which data files were included in BRO's records in the ordinary course of business for use in BRO's analysis. The records were made at or near the time of the occurrence of the event which they record.

16. Attached hereto as Exhibit 8 is a true and correct copy of ACT data files for each measured lens.

17. Using this data, I generated optical simulations evaluating the path light travels through each lens, also referred to as a "ray trace." I also generated a PowerPoint presentation summarizing the measurement and simulation process. These ray traces and PowerPoints such as the one I prepared are routinely prepared as part of BRO's ordinary course of business to

analyze the physical characteristics of optical devices. The records were made at or near the time of the occurrence of the event which they record.

18. Attached hereto as Exhibit 9 is a true and correct copy of the PowerPoint presentation summarizing the measurement and simulation process.

19. Attached hereto as Exhibit 10 is a true and correct copy of ray traces I created for the #9854E lens.

20. Attached hereto as Exhibit 11 is a true and correct copy of ray traces I created for the #9879 lens.

21. Attached hereto as Exhibit 12 is a true and correct copy of ray traces I created for the #9845 lens.

22. Attached hereto as Exhibit 13 is a true and correct copy of ray traces I created for the #9854D lens.

23. Attached hereto as Exhibit 14 is a true and correct copy of ray traces I created for the #9830 lens.

24. Attached hereto as Exhibit 15 is a true and correct copy of ray traces I created for the #9849 lens.

25. Using the ray traces I generated, I created summary PowerPoint presentations for each lens in the routine format that I use for clients. PowerPoints such as the ones I prepared in this case are routinely prepared as part of BRO's ordinary course of business to analyze the physical characteristics of optical devices. The records were made at or near the time of the occurrence of the events which they record.

26. Attached hereto as Exhibits 16 and 17 are true and correct copies of the summary PowerPoints I created for the #9854E lens.

27. Attached hereto as Exhibits 18 and 19 are true and correct copies of the summary PowerPoints I created for the #9879 lens.

28. Attached hereto as Exhibits 20 and 21 are true and correct copies of the summary PowerPoints I created for the #9845 lens.

29. Attached hereto as Exhibits 22 is a true and correct copy of a summary PowerPoints I created for the #9854D lens.

30. Attached hereto as Exhibits 23 and 24 are true and correct copies of the summary PowerPoints I created for the #9830 lens.

31. Attached hereto as Exhibits 25 and 26 are true and correct copies of the summary PowerPoints I created for the #9849 lens.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed at Tucson, Arizona on February 17, 2016.

Kevin Garcia