UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEOUL SEMICONDUCTOR COMPANY, LTD.,<br><br>Defendant. | Case No. 13-cv-05038 NC<br><br>**TENTATIVE RULING ON MOTIONS IN LIMINE**<br><br>Re: Dkt. No. 327, 328 |

The Court has reviewed the parties' motions in limine and objections. The Court tentatively rules on the motions in limine below. The parties will have an opportunity to persuade the Court otherwise at the pretrial conference on February 24.

**I.    EDD's Motions in Limine**

1. Motion in limine #1 to exclude "other Enplas lenses" #9849 and #9830 is GRANTED as not relevant.

2. Motion in limine #2 to exclude to the alleged commercial success of the "other lenses" is deferred. The Court is unclear as to the relevance of the counterfeit lenses and how they will be introduced at trial.

3. Motion in limine #3 to exclude the BRO/ACT profilometry data is GRANTED. SSC represented several times to the Court that it had not produced this data to EDD because the data was "useless." Based on those

Case No. 13-cv-05038 NC

representations, and the fact that Enplas did not timely request the information after the discovery cut off, the Court concludes that the data is not relevant.

4. Motion in limine #4 to exclude the financials of non-party Enplas corporation is deferred. The Court is inclined to grant the motion because Enplas corporation's financials are not relevant to this case. However, the Court would like the parties to further address factors that Davis will use in her *Georgia-Pacific* analysis.

5. Motion in limine #5 and #6 to exclude the late disclosed witnesses Kyung Suk Woo, Kyung Hee Ye, and Kevin Garcia are granted. Rule 26 requires initial disclosure of all individuals "likely to have discoverable information . . . along with the subjects of that information," to be supplemented "in a timely manner" upon learning that the initial disclosure is incomplete or incorrect. Fed. R. Civ. P. 26(a),(e). When a party fails to timely disclose a witness, the Court must exclude that witness, unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In analyzing whether to exclude a witness for untimely disclosure, courts consider: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for [the] failure to disclose the evidence." *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011); *Pinterest, Inc. v. Pintrips, Inc.*, 13-cv-04608 HSG, 2015 WL 2268498, at *7 (N.D. Cal. May 14, 2015). Here, the witnesses were disclosed on January 22, 2016, so are not timely, and Enplas has had no opportunity to depose the witnesses.

6. Motion in limine #7 to exclude SSC's damages theory based on the "other lenses" is deferred. As noted above, the Court seeks further argument from

Case No. 13-cv-05038 NC            2

the parties as to what information Davis intends to present as to the hypothetical negotiation between the parties.

## II. SSC's Motions in Limine

SSC's motions in limine #1 as to the counterfeit lenses and #5 as to the inequitable conduct defense have been resolved by stipulation of the parties.

1. Motion in limine #2 to exclude testimony about Enplas' patents is deferred. The Court tentatively finds that Enplas' own patents are not relevant to the question of infringement. Additionally, the Court tentatively finds that presenting evidence of Enplas' patents at the infringement stage is highly prejudicial to SSC and confusing to the jury because it suggests that Enplas cannot infringe if it has its own patents. However, the Court is inclined to permit testimony about Enplas' patents as it is relevant to damages and the commercial success of Enplas' lenses.

2. Motion in limine #3 to exclude dropped claims and theories is GRANTED because these are not relevant to the lawsuit and are highly prejudicial.

3. Motion in limine #4 to exclude any claim construction testimony inconsistent with the Court's claim construction order is GRANTED.

4. Motion in limine #5 to exclude Dr. Pelka from giving expert testimony is GRANTED because Dr. Pelka was not disclosed as an expert, and has not written an expert report. FRE 702. However, the Court is unclear how this ruling would apply to Dr. Pelka's anticipated testimony, so the parties should be prepared to further address the scope of Dr. Pelka's testimony.

**IT IS SO ORDERED.**

Dated: February 22, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge