United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENPLAS DISPLAY DEVICE
CORPORATION, et al.,

Plaintiffs,

v.

SEOUL SEMICONDUCTOR
COMPANY, LTD.,

Defendant.

Case No. 13-cv-05038 NC

**ORDER ON MOTIONS IN LIMINE**

Re: Dkt. No. 327, 328

The Court held a hearing on the motions in limine on February 24.  The Court rules as follows:

**I.    EDD's Motions in Limine**

1.  Motion in limine #1 to exclude "other Enplas lenses" #9849 and #9830 is GRANTED as not relevant.  FRE 401, 403.

2.  Motion in limine #2 to exclude discussion of the alleged commercial success of the "other lenses" is GRANTED as not relevant.  FRE 401, 403.

3.  Motion in limine #3 to exclude the BRO/ACT profilometry data is GRANTED.  SSC represented several times to the Court that it had not produced this data to EDD because the data was "useless."  Based on those representations, and the fact that Enplas did not timely request the information after the discovery cut off, the Court concludes that the data is

Case No. 13-cv-05038 NC

1   not relevant.

2   4.  Motion in limine #4 to exclude the financials of non-party Enplas

3       Corporation is DENIED.  SSC may present evidence that Davis relied on

4       publicly available information about Enplas Corporation, and EDD will have

5       an opportunity to cross-examine Davis on the credibility of that information.

6   5.  Motion in limine #5 to exclude the late disclosed witnesses Kyung Suk Woo,

7       Kyung Hee Ye, and is GRANTED.  Rule 26 requires initial disclosure of all

8       individuals "likely to have discoverable information

9       . . . along with the subjects of that information," to be supplemented "in a

10      timely manner" upon learning that the initial disclosure is incomplete or

11      incorrect.  Fed. R. Civ. P. 26(a),(e).  When a party fails to timely disclose a

12      witness, the Court must exclude that witness, unless the failure was

13      "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In

14      analyzing whether to exclude a witness for untimely disclosure, courts

15      consider: "(1) the surprise to the party against whom the evidence would be

16      offered; (2) the ability of that party to cure the surprise; (3) the extent to

17      which allowing the evidence would disrupt the trial; (4) the importance of

18      the evidence, and (5) the nondisclosing party's explanation for [the] failure

19      to disclose the evidence."  *San Francisco Baykeeper v. W. Bay Sanitary

20      Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011); *Pinterest, Inc. v. Pintrips,

21      Inc.*, 13-cv-04608 HSG, 2015 WL 2268498, at *7 (N.D. Cal. May 14, 2015).

22      Here, the witnesses were disclosed on January 22, 2016, so are not timely,

23      and Enplas has had no opportunity to depose the witnesses.

24  6.  Motion in limine #6 to exclude Kevin Garcia is DENIED.  Although the

25      witness was untimely disclosed, SSC's counsel represented that Garcia was

26      identified as the individual responsible for the ray trace data, and EDD knew

27      this information.

28  /

United States District Court
Northern District of California

7.  Motion in limine #7 to exclude SSC's damages theory based on the "other lenses" is GRANTED IN PART and DENIED IN PART.  Consistent with this Court's prior rulings, Davis cannot assume that infringement can be proven for the lenses not in this case.  However, Davis may present evidence that under a lump-sum royalty negotiation, EDD would seek to cover all of its potentially infringing products.  As long as Davis' ultimate damages determination is adequately adjusted to only recover for those lenses in the case, her testimony is permitted.

## II.   SSC's Motions in Limine

SSC's motions in limine #1 as to the counterfeit lenses and #5 as to the inequitable conduct defense have been resolved by stipulation of the parties.

1.  Motion in limine #2 to exclude testimony about EDD's patents is GRANTED IN PART and DENIED IN PART.  The Court finds that EDD's own patents are not relevant to the question of infringement, and EDD agrees.  The Court will specifically instruct the jury of this.  However, EDD may present evidence of its own patents to demonstrate that EDD developed the idea of its lenses prior to SSC's involvement.

2.  Motion in limine #3 to exclude dropped claims and theories is GRANTED because these are not relevant to the lawsuit and are highly prejudicial.  The Court has asked the parties to stipulate to the specific language the parties will use in presenting dropped claims and theories.

3.  Motion in limine #4 to exclude any claim construction testimony inconsistent with the Court's claim construction order is GRANTED.  In as much as SSC argues that Pollock's underlying opinion is inconsistent with the claim construction, the Court can address this issue at trial.

4.  Motion in limine #6 to exclude Dr. Pelka from giving expert testimony is GRANTED because Dr. Pelka was not disclosed as an expert, and has not written an expert report.  FRE 702.  The Court takes under submission the

United States District Court
Northern District of California

question of what specific testimony Dr. Pelka may or may not offer and will address the impact of this motion in limine in a further order.

**IT IS SO ORDERED.**

Dated:  February 29, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California