UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPLAS DISPLAY DEVICE CORPORATION ("EDD"), | Case No. 13-cv-05038 NC |
| Plaintiff, | **PRELIMINARY JURY INSTRUCTIONS** |
| v. | |
| SEOUL SEMICONDUCTOR COMPANY, LTD. ("SSC"), | |
| Defendant. | |

## I.    Introduction

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you

Case No. 13-cv-05038 NC

United States District Court
Northern District of California

will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## II.    Summary of the Claims in this Case

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff in this case is Enplas Display Device Corporation, who may be referred to as "EDD." EDD is a Japanese company that makes a number of devices, including plastic lenses that are used with light emitting diodes, or LEDs, for backlighting LCD televisions and signs. EDD sells its lenses to other companies, for use in what you will hear referred to as light bars. Light bars are used for backlighting LCD televisions and signs.

The Defendant in this case is Seoul Semiconductor Corporation Limited, who may be referred to as "SSC." SSC is a Korean company that manufactures and sells both individual LEDs and packaged LEDs, some of which are used in light bars for LCD television backlighting units. SSC is the current owner of two United States Patents, U.S. Patent Number 6,473,554 and U.S. Patent Number 6,007,209. These patents may be referred to as "the '554 patent" and "the '209 patent."

In 2013, SSC sent a letter to EDD stating its belief that EDD was inducing infringement of the '554 and '209 patents. In response, EDD filed a lawsuit to seek a judgment that these SSC patents are invalid and not infringed. SSC thereafter filed its counterclaims seeking a judgment that these SSC patents are infringed and damages for this infringement.

I will tell you more about the details of the law you must apply, both before and after the parties present their evidence in support of their claims and defenses.

I, the parties, and their attorneys sincerely thank you for your time and attention during these proceedings.

### III.  Burden of Proof

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.  On some issues, you must decide whether something is more likely true than not.  On other issues, you must use a higher standard and decide whether it is highly probably that something is true.

You should base your decision on all of the evidence, regardless of which party presented it.

### IV.  Evidence

#### A.    Evidence You May Consider

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

#### B.    Things You May Not Consider

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed

to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### C.    Charts and Summaries Not Received in Evidence

Certain charts and summaries not received in evidence may be shown to you in order to help explain that contents of books, records, documents, or other evidence in the case.  You may hear these charts and summaries referred to as "demonstratives" or "demonstrative evidence."  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### D.    Charts and Summaries in Evidence

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### E.    Types of Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  For example, direct evidence that it was raining would be a photo showing that it was raining on a given day.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  For example, circumstantial evidence that it was raining would be testimony of a witness who said they believed it was raining, not because they saw the rain, but because they saw a person entering the building with a wet umbrella.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight

United States District Court
Northern District of California

1  to give, if any, to any evidence.

2  **F.    Use of Interrogatories of a Party**

3      Evidence may be presented to you in the form of answers of one of the parties to

4  written interrogatories submitted by the other side.  These answers were given in writing

5  and under oath, before the actual trial, in response to questions that were submitted in

6  writing under established court procedures.  You should consider the answers, insofar as

7  possible, in the same way as if they were made from the witness stand.

8  **G.    Use of Request for Admission of a Party**

9      Before trial, each party has the right to ask another party to admit in writing that

10  certain facts are true.  If the other party admits those facts, you must accept them as true

11  and conclusively proved in this case.

12  **H.    Evidence for a Limited Purpose**

13      Some evidence may be admitted for a limited purpose only.

14      When I instruct you that an item of evidence has been admitted for a limited

15  purpose, you must consider it only for that limited purpose and for no other.

16  **I.    The Court's Ruling on Objections**

17      There are rules of evidence that control what can be received into evidence.  When

18  a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side

19  thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule

20  the objection, the question may be answered or the exhibit received.  If I sustain the

21  objection, the question cannot be answered, and the exhibit cannot be received.  Whenever

22  I sustain an objection to a question, you must ignore the question and must not guess what

23  the answer might have been or what the document might have said.  My rulings are not

24  intended to influence your decision.  Your decisions must be based entirely on the

25  testimony and documents received into evidence.

26      Sometimes I may order that evidence be stricken from the record and that you

27  disregard or ignore the evidence.  That means that when you are deciding the case, you

28  must not consider the evidence that I told you to disregard.

United States District Court
Northern District of California

United States District Court
Northern District of California

## V.    Witnesses

### A.    Evaluation of Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### B.    Impeachment Evidence

The evidence that a witness lied under oath or gave different or inconsistent testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much, if any, weight to give to that witness's testimony.

### C.    English Translation

Languages other than English will be used during this trial.  Each witness has the right to testify in their native language.  In this case, some witnesses will testify in Japanese and some will testify in Korean, through the use of an official court interpreter.

When a witness testifies in a language other than English, the evidence to be considered by you is only that provided through the official court interpreters.  Although some of you may know Japanese, Korean, or other languages used in this case, it is

important that all jurors consider the same evidence.  Therefore, you must accept the English interpretation provided by the official court interpreter.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based upon their use of an interpreter to assist that witness or party.  Again, each witness is entitled to testify in their native language even if they have some understanding of English.

### D.  Expert Witnesses

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### E.  Deposition Testimony

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded by written transcript and sometimes video recording.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

If testimony is read, rather than played back from a recording, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

You will be hearing or viewing only a portion, or series of portions, of the depositions taken by the parties in this case.  Do not make any inferences about the fact that you are not hearing or seeing the deposition in its entirety or that what you are hearing or viewing has been edited.

1

### F.  Impeachment Evidence

2       The evidence that a witness lied under oath on a prior occasion may be considered,

3   along with all other evidence, in deciding whether or not to believe the witness and how

4   much weight to give to the testimony of the witness and for no other purpose.

5   ## VI.  Conduct of the Jury

6       ### A.    Prohibitions on Your Activities

7       I will now say a few words about your conduct as jurors.

8       First, keep an open mind throughout the trial, and do not decide what the verdict

9   should be until you and your fellow jurors have completed your deliberations at the end of

10  the case.

11      Second, because you must decide this case based only on the evidence received in

12  the case and on my instructions as to the law that applies, you must not be exposed to any

13  other information about the case or to the issues it involves during the course of your jury

14  duty.  Thus, until the end of the case or unless I tell you otherwise:

15      Do not communicate with anyone in any way and do not let anyone else

16  communicate with you in any way about the merits of the case or anything to do with it.

17  This includes discussing the case in person, in writing, by phone or electronic means, via

18  e-mail, text messaging, or any Internet chat room, blog, website or other feature.  This

19  applies to communicating with your fellow jurors until I give you the case for deliberation,

20  and it applies to communicating with everyone else including your family members, your

21  employer, the media or press, and the people involved in the trial, although you may notify

22  your family and your employer that you have been seated as a juror in the case.  But, if you

23  are asked or approached in any way about your jury service or anything about this case,

24  you must respond that you have been ordered not to discuss the matter and to report the

25  contact to the court.

26      Because you will receive all the evidence and legal instruction you properly may

27  consider to return a verdict: do not read, watch, or listen to any news or media accounts or

28  commentary about the case or anything to do with it; do not do any research, such as

United States District Court
Northern District of California

consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**B.      Taking Notes**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**C.      Questions to Witnesses**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question

United States District Court
Northern District of California

on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

### D.    Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

### VII. Patent Background

You will now be shown a video on what a patent is and how one is obtained.  You will also receive an exhibit of a model patent to assist you in the presentation.

//

United States District Court
Northern District of California

## VIII.   Summary of Contentions

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are Enplas Display Device Corporation, which may be referred to as EDD, and Seoul Semiconductor Company Limited, which may be referred to as SSC.  The patents involved in this case are United States Patent Number 6,473,554, which lists David Pelka and John Popovich as the inventors, and United States Patent Number 6,007,209, which lists David Pelka as the inventor.  For convenience, the parties and I will often refer to these patents as the '554 and '209 patents, the '554 and '209 patents being the last three numbers of their patent number.  These two patents may be referred to collectively as "the patents-in-suit."

EDD filed suit in this court seeking a declaration from the Court that it did not infringe the '554 and/or '209 patents and additionally that certain claims are invalid.  Invalidity is a defense to infringement.  SSC in return alleged that EDD induced infringement of claims 1, 6, and 33-35 of the '554 patent, and claim 20 of the '209 patent, and maintains that the claims are valid.  SSC has sought money damages from EDD for actively inducing infringement of these claims of the '554 and '209 patent by others.  The products that are alleged to infringe the '554 patent are Enplas Light Enhancer Cap lenses with model numbers #9854D, #9854E, and #9879.  The products that are alleged to infringe the '209 patent are Enplas Light Enhancer Cap lenses with model numbers #9853A, #9854D, #9854E, #9879, and #4922.

Your job will be to decide whether claims 1, 6, 33-35 of the '554 patent and claim 20 of the '209 patent have been infringed and whether those claims are invalid.  If you decide that any valid claim of the '554 or '209 patents has been infringed, you will then need to decide any money damages to be awarded to SSC to compensate it for the infringement.  You will also need to make a finding as to whether the infringement was willful.  If you decide that any infringement was willful, that decision should not affect any damage award you give.  I will take willfulness into account later.

1    You will also be asked to decide whether claims 30-31, 36-39, 41-43, and 45-48 of

2    the '554 patent are invalid.

3    Although the parties may refer to other claims or lenses, you will only be asked to

4    decide on infringement and/or invalidity of the claims and lenses listed above.

5    You may hear evidence that EDD's parent Enplas Corporation has its own patent(s)

6    or that EDD improved on the '554 and/or '209 patents. A party can still infringe even if it

7    has its own patents in the same area. You will be instructed after trial as to what, if any,

8    relevance these facts have to the particular issues in this case. Meanwhile, you should

9    keep an open mind.

10   Before you decide whether EDD has infringed the claims of the patents or whether

11   the claims are invalid, you will need to understand the patent claims. As the video

12   described, the patent claims are numbered sentences at the end of the patent that describe

13   the boundaries of the patent's protection. It is my job as judge to explain to you the

14   meaning of any language in the claims that needs interpretation.

15   I have already determined the meaning of certain terms of the claims of the '554

16   and '209 patents. You have been given a document reflecting those meanings. You are to

17   apply my definitions of these terms throughout this case. However, my interpretation of

18   the language of the claims should not be taken as an indication that I have a view regarding

19   issues such as infringement and invalidity. Those issues are yours to decide. I will

20   provide you with more detailed instructions on the meaning of the claims before you retire

21   to deliberate your verdict.

22   **IX.  Trial**

23   The trial will now begin. First, each side may make an opening statement. An

24   opening statement is not evidence. It is simply an outline to help you understand what that

25   party expects the evidence will show.

26   The presentation of evidence will then begin. Witnesses will take the witness stand

27   and the documents will be offered and admitted into evidence. There are two standards of

28   proof that you will apply to the evidence, depending on the issue you are deciding. On

United States District Court
Northern District of California

Case No. 13-cv-05038 NC                12

1    some issues, you must decide whether something is more likely true than not.  On other

2    issues you must use a higher standard and decide whether it is highly probable that

3    something is true.

4           SSC will present its evidence on its contention that EDD actively induced

5    infringement on some of the claims of the '554 and '209 patents, and that EDD's

6    inducement has been and continues to be willful.  These witnesses will be questioned by

7    SSC's counsel in what is called direct examination.  After the direct examination of a

8    witness is completed, the opposing side has an opportunity to cross-examine the witness.

9    To prove infringement of any claim, SSC must persuade you that it is more likely than not

10   that EDD has actively induced infringement of that claim.  To persuade you that any

11   infringement was willful, SSC must prove that it is highly probable that the infringement

12   was willful.  SSC will also present evidence of the damages it seeks as compensation for

13   the alleged infringement. This does not mean that the Court has already determined that

14   SSC is entitled to damages.  That is for you to decide if you find any of the asserted claims

15   infringed and not invalid.

16          After SSC has presented its witnesses, EDD will call its witnesses, who will also be

17   examined and cross-examined.  EDD will present its evidence to respond to SSC's

18   contentions concerning infringement, willfulness, and damages.  EDD will also present

19   evidence in support of its contentions that the claims of the '554 and '209 patents are

20   invalid.  To prove invalidity of any claim, EDD must persuade you that it is highly

21   probable that the claim is invalid.

22          SSC will then return and will put on evidence responding to EDD's contention that

23   the claims of the '554 and '209 patents are invalid.  SSC will also have the option to put on

24   what is referred to as "rebuttal" evidence to any evidence offered by EDD of non-

25   infringement or lack of willfulness.

26          Finally, EDD will have the option to put on "rebuttal" evidence to any evidence

27   offered by SSC on the validity of the asserted claims of the '554 and '209 patents.

28          Because the evidence is introduced piecemeal, you need to keep an open mind as

United States District Court
Northern District of California

United States District Court
Northern District of California

the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case.  Closing arguments are not evidence.  After closing arguments and instructions, you will then decide the case.

**IT IS SO ORDERED.**

Dated:  March 14, 2016        _____
                                NATHANAEL M. COUSINS
                                United States Magistrate Judge

**Claim Construction**

You should apply the following constructions to the claims of the '554 patent:

- The term "total internal reflection" means "the total reflection that occurs

when light strikes an interface at an angles of incidence (with respect to the normal) greater than the critical angle"

- The term "the critical angle of total internal reflection" means "the angle of incidence (with respect to the normal) above which total internal reflection occurs"
- The term "cusp" means "an area where two curves meet"
- The term "totally internally reflecting" means "reflecting by total internal reflection"
- The term "illumination coupler embedded in an interior region of said waveguide" does not require a construction
- The term "TIR surface" means "a surface angled with respect to a light source to produce total internal reflection within a device"
- The term "waveguide" means "an optical device that redirects light propagating between its surfaces"

For claim language where I have not provided you with any meaning, the claim language's plain and ordinary meaning to a person of ordinary skill in the art at the time of the invention applies.

For all claim language of the '209 patent you should apply the claim language's plain and ordinary meaning to a person of ordinary skill in the art at the time of the invention.