NAGASHIMA & HASHIMOTO
MARC R. LABGOLD (*pro hac vice*)
mlabgold@labgoldlaw.com
PATRICK J. HOEFFNER (*pro hac vice*)
phoeffner@labgoldlaw.com
12005 Sunrise Valley Drive, Suite 203
Reston, Virginia 20191
Telephone: 877-401-8855
Facsimile: 877-401-8855

NAGASHIMA & HASHIMOTO
TAKAAKI NAGASHIMA (*pro hac vice*)
nagashima@nandhlaw.com
Hirakawa-cho, KS Bldg., 2nd Floor
2-4-14, Hirakawa-cho, Chiyoda-ku
Tokyo 102-0098 Japan
Telephone: +81-3-3239-5750
Facsimile: +81-3-3239-8538

*Attorneys for Plaintiffs Enplas Display Device Corp.*

SHAW KELLER LLP
JOHN W. SHAW (*pro hac vice*)
jshaw@shawkeller.com
JEFFREY T. CASTELLANO (*pro hac vice*)
jcastellano@shawkeller.com
300 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
Telephone: 302-298-0700

SEILER EPSTEIN ZIEGLER &
  APPLEGATE LLP
Mark W. Epstein (SBN 143202)
George M. Lee (SBN 172982)
gml@sezalaw.com
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: 415-979-0500
Facsimile: 415-979-0511

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

ENPLAS DISPLAY DEVICE CORPORATION;
ENPLAS TECH SOLUTIONS, INC.; and
ENPLAS (U.S.A.), INC.,

               Plaintiffs/Counterclaim
               Defendants,

        v.

SEOUL SEMICONDUCTOR CO., LTD.,

               Defendant/Counterclaim
               Plaintiff.

**CASE NO. 3:13-cv-05038-NC**

**PLAINTIFF ENPLAS DISPLAY DEVICE CORPORATION'S UPDATED LIST OF DESIGNATIONS AND SSC'S OBJECTIONS THERETO**

Assigned to Hon. Nathanael M. Cousins

Trial Date: March 14, 2016

## EDD'S UPDATED DISCOVERY DESIGNATIONS

Plaintiff Enplas Display Device Corporation ("EDD") offers the following list of updated discovery designations pursuant to Federal Rule of Civil Procedure 26(a)(3), the Case Management Scheduling Order as amended (Dkt. No. 301), Judge Cousins' Trial Standing Order, the Pretrial Preparation Order (Dkt. No. 238), and the Court's Order re: Joint Stipulation to Modify Pretrial Preparation Order (Dkt. No. 337).   These disclosures are offered without prejudice, and EDD specifically reserves the right to supplement and/or amend this list based on a review of Defendant Seoul Semiconductor Co., Ltd.'s ("SSC") pre-trial submissions and based upon further rulings by the Court.

EDD's discovery designations, counter-designations and objections are made subject to revision and with reservation of all rights with respect to the Court's Orders and without waiver of any rights to challenge the Orders on appeal.  EDD reserves the right to amend its designations in response to the Court's Orders with respect to any evidentiary rulings by the Court, and as such, does not waive its right to object to the admissibility of any discovery excerpt, or part thereof, if the other party seeks its admission into evidence.  The designation of material relating to any particular subject matter is without prejudice to EDD's positions and objections and does not constitute an admission that such subject matter is admissible and/or within the scope of the issues to be presented.

1.      Portions of SSC's Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent Local Rules 3-1 and 3-2 as follows: 14:17-15:8 (attached as Exh. 1).

2.      Portions of SSC's responses to interrogatory numbers 8, 9, 13, and 14, including those served on March 30, 2015, April 13, 2015, June 19, 2015, and June 26, 2015 as follows:

      a.  Seoul Semiconductor Co., Ltd.'s Responses and Objections to Enplas's Second Set of Interrogatories (Nos. 8-14): 5:1-28 and 37:20-39:2  (attached as Exh. 2).

      b.  Seoul Semiconductor Co., Ltd.'s Supplemental Responses and Objections to Enplas's Interrogatories, Set Two (No. 8): 4:1-5:15 as well as Exhibit A (attached as Exh. 3).

    c.   Seoul Semiconductor Co., Ltd.'s Amended Supplemental Responses and Objections to Enplas's Interrogatories, Set Two (No. 8): 4:2-5:9 as well as Exhibit A (attached as Exh. 4).

    d.   Seoul Semiconductor Co., Ltd.'s Supplemental Responses and Objections to Enplas's Interrogatories (Nos. 4, 7, 9, 11, 13): 17:21-18:10 (attached as Exh. 5).

3.    Enplas's 30(b)(6) notices numbers 1-3, served April 15, 2015 and June 3, 2015 as follows:

    a.   Plaintiffs' First Notice of Deposition of Defendant Seoul Semiconductor Co., Ltd. Pursuant to Federal Rule of Civil Procedure 30(b)(6): 1:1-15 and 2:1-3:28 (attached as Exh. 6).

    b.   Plaintiffs' Second Notice of Deposition of Defendant Seoul Semiconductor Co., Ltd. Pursuant to Federal Rule of Civil Procedure 30(b)(6): 1:1-15 and 2:1-4:14 (attached as Exh. 7).

    c.   Plaintiffs' Third Notice of Deposition of Defendant Seoul Semiconductor Co., Ltd. Pursuant to Federal Rule of Civil Procedure 30(b)(6): 1:1-14 and 2:2-3:9 (attached as Exh. 8).

4.    SSC's amended 30(b)(6) responses, served June 19, 2015 in its entirety (attached as Exh. 9).

## SSC'S OBJECTIONS TO EDD'S DISCOVERY DESIGNATIONS

### GENERAL OBJECTIONS[1]

1.      SSC does not waive the general and specific objections it previously asserted in its objections and responses to each of the interrogatory responses Enplas has designated for use at trial, and incorporates them herein.

2.      SSC further objects to Enplas's designation of discovery responses to the extent that Enplas has designated discovery responses that reference subject matter or evidence that Enplas may not introduce at trial pursuant to any applicable Court Order.

3.      SSC objects to Enplas's designation of discovery responses to the extent the designations purport to include the documents identified by SSC under Federal Rule of Civil Procedure 33(d).  To the extent that Enplas intends to use any of those documents at trial, it must identify them on its exhibit list.  SSC reserves the right to object to the use at trial of any such documents.

4.      SSC objects to Enplas's designation of any discovery responses that have been amended, supplemented or corrected, or that contain incomplete or inaccurate information.

5.      SSC further objects to Enplas's designation of any discovery responses to the extent that Enplas has designated discovery responses that pertain in any way (except as agreed to by the parties) to dismissed or withdrawn claims or causes of action (including infringement under 35 U.S.C. §§ 217 (a) & (c)), on the grounds that such responses are irrelevant and/or will confuse the issues, mislead the jury, cause undue delay, waste time, or otherwise cause unfair prejudice to SSC.  *See* Fed. R. Evid. 402, 403.

### SPECIFIC OBJECTIONS

**Enplas's Designation No. 1:  "Portions of SSC's Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent Local Rules 3-1 and 3-2"**

SSC incorporates its General Objections.  SSC objects to Enplas's designation of portions of SSC's Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent Local Rules 3-1 and 3-2.  This disclosure is not admissible evidence.  It is also irrelevant to the extent

---

[1] SSC has reviewed and consented to the objections set forth herein, as to both discovery designations and deposition designations.

Enplas has designated responses for claims or theories that are no longer asserted in this case. *See* Fed. R. Evid. 401, 402. Those responses are likely to confuse a jury regarding the issues at trial, confuse the jury as to what constitutes proper evidence for the issues at trial, and unfairly prejudice SSC by, for example, misleading the jury regarding the merits of SSC's claims at trial based on the decision not to pursue certain claims or theories, and waste the parties resources. *See* Fed. R. Evid. 403; *see also* D.I. 314 (recognizing that "[t]he parties and the Court spent significant time and resources on addressing dropping claims from this lawsuit[.]").

**Enplas's Designation No. 2: "Portions of SSC's responses to interrogatory numbers 8, 9, 13, and 14, including those served on March 30, 2015, April 13, 2015, June 19, 2015, and June 26, 2015"**

**Interrogatory No. 8**: SSC incorporates its General Objections. SSC objects to Enplas's designation of SSC's response to Interrogatory No. 8, which seeks an "Identif[ication of] each Lens SSC has purchased during the entire period of time for which SSC is seeking damages, including for each Lens purchased: the name/model of each Lens (or other identifying characteristic), the source from which the Lenses were purchased, the purchase price, quantity and date of each purchase, and manufacturer of the Lenses purchased." SSC's damages opinion specifically excludes from its royalty analysis lenses that Enplas has sold to SSC. Additionally, neither SSC nor Enplas has asserted a lost profits theory of damages. As such, this information is not relevant to any claim or defense. *See* Fed. R. Evid. 402. Additionally, SSC believes that Enplas will attempt to present evidence that SSC purchased so-called "counterfeit lenses." While such accusations are incorrect and unfounded, such claims are irrelevant to any claim or defense. As such, allowing Enplas to present such a theory would confuse the jury and prejudice SSC. *See* Fed. R. Evid. 403. To the extent that Enplas is permitted to introduce this discovery response, the response should be introduced in its entirety, including SSC's subsequent amendments and supplementations. *See* Fed. R. Evid. 106.

**Interrogatory No. 13**: SSC incorporates its General Objections. SSC objects to Enplas's designation of SSC's response to Interrogatory No.13, which seeks *inter alia* an "Identif[ication of] all documents that show SSC marked its lenses pursuant to 35 U.S. C. § 287." The content of this response is not relevant to any claim or defense in this action because Enplas has not pled any

limitation of damages based on marking. *See* Fed. R. Evid. 401. Furthermore, Enplas has not made any attempt to prove that SSC has manufactured any lenses or licensed others to manufacture any lenses covered by an asserted claim which is directed to a device, and therefore will not be able to present any marking defense at trial. *See id.* Enplas seems to desire to introduce this interrogatory response for the improper purpose of suggesting that SSC did not believe its patents cover certain lenses, despite the lack of any evidence that a legal obligation to mark existed. Therefore, this interrogatory response should be excluded because it has no probative value, and would confuse the jury and prejudice SSC. *See* Fed. R. Evid. 403. To the extent that Enplas is permitted to introduce this discovery response, the response should be introduced in its entirety, including SSC's subsequent amendments and supplementations. *See* Fed. R. Evid. 106.

**Interrogatory No. 14**: SSC incorporates its General Objections.

**Enplas's Designation No. 3: "Enplas' 30(b)(6) notices numbers 1-3, served April 15, 2015 and June 3, 2015"**

SSC incorporates its General Objections. SSC objects to Enplas's designations of its 30(b)(6) notices numbers 1-3 as inadmissible hearsay, not evidence, and not a discovery response.

**Enplas's Designation No. 4: "SSC's amended 30(b)(6) responses, served June 19, 2015"**

SSC incorporates its General Objections. SSC objects to Enplas's designation of SSC's amended 30(b)(6) responses as inadmissible hearsay and not evidence.

In addition to the foregoing objections, SSC provides the following counter designations of discovery responses:

- The entirety of SSC's March 30, 2015 response to interrogatory 9.
- The entirety of SSC's June 26, 2015 response to interrogatory 9, including SSC's supplemental response.

**EDD'S UPDATED DEPOSITION DESIGNATIONS**

Plaintiff Enplas Display Device Corporation offers the following list of deposition designations pursuant to Federal Rule of Civil Procedure 26(a)(3), the Case Management Scheduling Order as amended (Dkt. No. 301), Judge Cousins' Trial Standing Order, the Pretrial Preparation Order (Dkt. No. 238), and the Court's Order re: Joint Stipulation to Modify Pretrial Preparation Order (Dkt. No. 337). These disclosures are offered without prejudice, and EDD specifically reserves the right to supplement and/or amend this list based on a review of Defendant Seoul Semiconductor Co., Ltd.'s pre-trial submissions and based upon further rulings by the Court.

EDD's deposition designations, counter-designations and objections are made subject to revision and with reservation of all rights with respect to the Court's Orders and without waiver of any rights to challenge the Orders on appeal. EDD reserves the right to amend its designations in response to the Court's Orders with respect to any evidentiary rulings by the Court, and as such, does not waive its right to object to the admissibility of any deposition excerpt, or part thereof, if the other party seeks its admission into evidence. The designation of material relating to any particular subject matter is without prejudice to EDD's positions and objections and does not constitute an admission that such subject matter is admissible and/or within the scope of the issues to be presented.

EDD further reserves the right to use any transcript for impeachment purposes.

| Won Cheol Seo[2] June 23-24, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 9:8 - 9:22 | | | |
| 12:22 - 13:19 | | | |
| 15:7 - 15:12 | | | |
| 17:12 - 18:15; 18:18-18:19; 18:22; 19:1-2; 19:5; 19:8-19:19 | | | |
| 21:24 - 22:20 | | | |

[2]  Attached as Exh. 10, with EDD's designations in yellow and SSC's counter-designations in blue.

| Won Cheol Seo[2] June 23-24, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 23:15 - 24:3 | | | |
| 24:25 - 25:6 | | | |
| 25:10 - 25:17 | | | |
| 26:02 - 27:7 | | | |
| 27:09 - 27:10 | | | |
| 27:20 - 28:24 | | | |
| 29:12 - 30:12 | | | |
| 30:14 - 31:02 | | | |
| 31:04 – 32:3; 32:06; 32:9-33:15 | | 33:16-18 | |
| 33:19 - 34:25 | | | |
| 35:06 - 37:18 | | | |
| 38:03 - 38:12 | | 38:13-19 | 38:13-14 (NT) |
| 38:20 - 41:14 | | 41:21-22; 41:24-42:7 | |
| 42:14 - 43:16 | | | |
| 43:21 - 44:01 | | | |
| 44:03 - 45:05 | | | |
| 45:12 - 46:17; 46:23-46:24 | | | |
| 47:02 - 47:09 | | 47:14-15 | |
| 47:16 - 49:06 | | | |
| 51:11 - 52:07 | 51:11-15 (V, UI) | | |
| 52:09 - 52:22 | | | |
| 54:07 - 54:10 | | | |
| 54:14 – 56:20; 56:22-57:04 | 56:18-57:4 (SCOPE, 401) | | |
| 57:23 - 58:24 | 57:22-58:9 (SCOPE, 401) | | |
| 62:01 - 62:08 | | | |
| 62:14 - 62:25 | | | |
| 63:20 - 63:21 | 63:20-21 (401, 402, SCOPE) | | |
| 63:23 - 63:23 | 63:23 (401, 402, SCOPE) | | |
| 63:25 - 64:08 | 63:25-64:8 (401, 402, SCOPE) | 64:9-11 | 401, 403 |
| 64:12 - 65:16 | 64:12-17 (401, 402, SCOPE); 64:16-25 (401); 65:1-16 (401, 402, SCOPE) | | |
| 66:17 - 67:10 | | | |
| 67:14 - 68:04 | | | |

| Won Cheol Seo[2]<br>June 23-24, 2015 | | | |
|---|---|---|---|
| Enplas's<br>Designation | SSC's Objection | SSC's Counter-<br>Designation | Enplas's Objection<br>to Counter-<br>Designation |
| 68:16 - 68:19 | | | |
| 69:05 - 70:11 | | | |
| 70:16 - 71:02 | | | |
| 71:04 - 72:20 | | | |
| 73:03 - 74:24 | | | |
| 81:10 - 82:21 | | | |
| 82:23 - 83:15 | | | |
| 83:17 - 83:23 | | | |
| 83:25 - 84:12 | | | |
| 84:18 - 84:25 | | 85:2-4 | 401, 403 |
| 85:05 - 86:03 | | | |
| 86:05 - 87:09 | | | |
| 87:18 - 87:20 | | | |
| 88:02 - 88:08 | | | |
| 88:17 - 90:24 | 90:18-22 (SPEC) | | |
| 91:06 - 91:09 | | | |
| 97:06 - 98:01 | | 98:3-6 | |
| 98:07 - 98:22 | 98:14-22 (SPEC) | 98:23-25 | 401, 403 |
| 100:20 - 100:24 | | | |
| 101:04 - 101:14 | | | |
| 102:12 - 102:13 | | | |
| 102:23 - 102:25 | | | |
| 103:04 - 103:04 | | | |
| 104:25 - 105:03 | | 104:20-24 | |
| 105:13 - 105:21 | | | |
| 107:10 - 107:20 | | | |
| 108:11 - 108:18 | | | |
| 109:03 - 109:08 | | | |
| 109:12 - 110:01 | | | |
| 110:05 - 110:08 | | | |
| 110:15 - 110:17 | | | |
| 111:14 - 112:03 | | | |
| 115:01 - 115:06 | | | |
| 115:10 - 115:18 | | | |
| 116:06 - 116:13 | | | |
| 117:17 - 117:22 | | | |
| 118:01 - 118:04 | | | |
| 118:05 - 118:18 | | | |
| 118:25 - 118:25 | | | |
| 119:04 - 119:10 | | | |
| 123:07 - 123:10;<br>123:15 - 123:18 | 123:7-10 (V) | | |

| Won Cheol Seo[2] June 23-24, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 124:16 - 124:21 | | | |
| 126:15 - 126:20 | | 126:1-8; 126:10-14 | |
| 131:09 - 131:15 | | | |
| 131:23 - 132:02 | | | |
| 134:07 - 134:09 | 134:7-9 (SCOPE) | 134:10-13 | 401, 403 |
| 134:14 - 134:16 | 134:14-16 (SCOPE) | | |
| 144:12 - 144:15 | | | |
| 147:09 - 147:13 | | | |
| 147:19 - 147:22 | | 148:10-12; 148:15-19 | I (148:13) |
| 149:19 - 149:23; 149:25 - 150:06 | 149:25-150:6 (UI) | 149:19-22 | I |
| 151:01 - 151:03 | | | |
| 154:02 - 154:13 | | | |
| 157:11 - 157:16 | | | |
| 157:25 - 158:09 | | | |
| 158:11 - 158:17 | | | |
| 162:18 - 162:24 | | | |
| 164:22 - 164:25 | | | |
| 179:03 - 179:14 | | | |
| 179:18 - 179:21 | 179:18-21 (V) | | |
| 186:03 - 186:06 | | 186:7-8; 186:10 | |
| 186:19 - 186:20 | | | |
| 186:25 - 187:12 | | | |
| 190:22 - 190:24 | 190:22-24 (NQ, UI, INC) | | |
| 191:18 - 191:20 | 191:18-20 (V) | 191:8-17 | |
| 191:24 - 192:03 | 191:24-192:3 (V) | | |
| 192:05 - 193:19; 193:25 | 192:5-11 (V) | | |
| 196:03 - 196:06 | | | |
| 196:11 - 196:23 | 196:11-15 (401) | | |
| 197:10 - 197:17 | | | |
| 198:22 - 198:25 | | | |
| 199:06 | | | |
| 202:25 - 203:05 | | | |
| 203:17 - 204:09 | | 238:15-239:7; 240:2-15 | |
| 211:24 - 212:17 | | | |
| 213:09 - 213:25 | | | |
| 214:10 - 214:17 | | | |
| 219:16 - 219:22 | | | |
| 220:08 - 220:11 | | | |

| Won Cheol Seo[2] June 23-24, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 220:18 - 220:18 | | | |
| 220:23 - 221:14 | | 221:25-222:2 | F, H, 403 |
| 222:18 - 222:20 | | | |
| 248:01 - 248:10 | | | |
| 248:18 - 250:07; 250:09 - 250:10 | 249:10-15 (SCOPE); 250:5-10 (SCOPE) | | |
| 259:11 - 260:16 | | 260:17-261:14 | 401, 403, H |
| 265:03 - 265:8; 265:10 - 265:22 | | | |
| 266:23 - 266:24 | | | |
| 267:01 | | | |
| 267:13 - 268:05 | | | |
| 268:07 - 268:07 | | | |
| 268:09 – 268:12; 269:08 - 270:24 | 270:23-24 (ARG) | | |
| 271:01 - 271:11 | | | |
| 271:13 - 272:06 | | | |
| 272:08 - 272:08 | | | |
| 272:10 - 273:02 | 272:25-273:5 (ARG, SPEC) | | |
| 273:04 - 273:05 | 272:25-273:5 (ARG, SPEC) | | |
| 276:03 - 276:09 | | | |
| 276:11 - 276:13 | | | |
| 276:19 - 277:03 | 276:19-277:3 (401, 402) | | |
| 277:06 - 277:06 | 277:6 (401, 402) | | |
| 277:08 - 277:08 | 277:8 (401, 402) | | |
| 278:09 - 279:12 | 278:9-23 (401, 402) | | |
| 279:14 - 279:21 | | 279:22-25; 280:7 | 401, 403, not responsive |
| 280:11 - 280:14 | 280:11-14 (SCOPE) | | |
| 281:02 - 281:03 | 281:2-3 (SCOPE) | | |
| 281:05 - 281:08 | 281:5-8 (SCOPE) | | |
| 282:16 – 282:24 | 282:11-25 (SCOPE); 282:25-283:1 (ARG, SCOPE) | | |
| 283:25 - 284:16; 285:01 - 285:12; 285:25 - 286:11; 287:06 - 287:10 | 284:17-287:5 (401, 402, 403, MIL); 287:6-10 (LC) 283:25-284:16 (SCOPE) | | |

| Won Cheol Seo[2] June 23-24, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 287:24 - 291:15 | 287:23-291:15 (401, 402, 403, MIL) | | |
| 291:24 - 292:01 | | | |
| 292:03 - 292:14 | | | |
| 300:04 - 300:10 | 300:4-10 (ARG) | | |

| David Pelka[3,4] July 29, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 7:11 - 7:13 | | | |
| 8:19 - 11:08 | | 11:9-18 | |
| 11:19 - 15:22 | | 15:23-25 | |
| 16:10 - 17:17 | | | |
| 18:14 - 19:01 | | | |
| 19:21 - 19:25 | | | |
| 20:04 - 20:08 | 20:4-8 (401, LC) | 20:9-21:9 | |
| 21:10 - 21:18 | | | |
| 22:03 - 24:04 | | | |
| 24:10 - 25:02 | | | |
| 26:09 - 27:24 | 27:2-7 (401, 402, 403, MIL) | | |
| 30:13 - 31:14 | 31:8-14 (401, 402, 403, MIL) | | |
| 31:24 - 32:21 | 32:2-9 (LC); 32:10-21 (LC) | 32:22-33:11 | |
| 33:22 - 36:14 | 33:22-35:19 (401, 402, 403, MIL) | | |
| 36:24 - 38:07 | 36:24-38:7 (401, 402, 403) | 36:18-23; 38:8-12 | |
| 38:14 - 42:01 | 38:21-42:1 (401, 402, 403) | 42:2-14 | |

[3] The parties do not intend to use the deposition designations of Dr. Pelka's testimony, pursuant to the parties' stipulation regarding deposition designations for witnesses who will be testifying live.

[4] Attached as Exh. 11, with EDD's designations in yellow and SSC's counter-designations in blue.

| David Pelka[3,4] July 29, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 42:15 - 42:23 | 42:15-22 (AF, LF, 401, 402, 403, MIL); 42:18 (NT); | | |
| 42:25 - 48:16 | 44:1-22 (LC); 44:17-45:14 (401, 402, 403, MIL); 45:3-11 (ARG); 47:12-48:16 (LC, D) | 48:17-49:2 | |
| 49:03 - 54:10 | 53:9-12 (LC, 702); 53:22-25 (LC, 702) | 54:11-17 | |
| 54:18 - 59:14 | 55:5-10 (702, LC, AF, LF); 59:12-14 (702, LC, C) | | |
| 59:17 - 64:06 | 59:17-60:1 (702, LC, C); 60:2-25 (401, 402, 403); 61:1-16 (702, LC); 61:17-64:6 (702, LC) | | |
| 64:20 - 65:06 | | | |
| 65:12 - 65:18 | | | |
| 65:21 - 68:01 | | | |
| 68:17 - 68:23 | | 68:24-69:1 | I, improper privilege assertion |
| 69:11 - 69:17 | | 69:5-9 | I, improper privilege assertion |
| 69:19 - 70:20 | | 70:23-71:6 | |
| 71:07 - 71:18 | | | |
| 71:23 - 71:23 | 71:23 (702) | | |
| 71:25 - 75:04 | 73:19-75:4 (401, 402 | | |
| 76:11 - 79:07 | 76:11-79:7 (401, 402) | | |
| 80:03 - 85:04 | 80:3-85:4 (401, 402); 84:20-85:4 (AA) | | |
| 85:07 - 91:11 | 85:7-10 (401, 402, 403, 702, AA); 87:1-22 (702); 87:24-90:2 (401, 402, 403); 90:2-91:11 (401, 402, 403) | | |
| 95:20 - 99:05 | | 99:6-11 | |
| 99:12 - 102:17 | 102:4-10 (403, LC); 102:11-17 (403, LC) | | |
| 103:05 - 103:10 | | | |
| 104:20 - 106:03 | 105:5-106:3 (IH) | | |

| David Pelka[3,4] July 29, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 106:05 - 106:23 | | | |
| 108:17 - 110:19 | | 110:20-111:21 | F, 401 |
| 111:22 - 114:03 | | | |
| 115:14 - 116:08 | | | |

| Won-Il Kim[5] July 31, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 8:06 - 8:16 | | | |
| 10:22 - 12:22 | | | |
| 14:22 - 14:24 | | | |
| 15:02 - 15:04 | | 15:11-14; 15:17-18; 15:25-16:4 | C, not testimony |
| 16:11 - 16:22 | | | |
| 17:16 - 7:20; 18:14 - 18:17 | | | |
| 18:19 - 18:21; 18:23 | | | |
| 21:06 - 21:20 | | 21:21-22:1; 22:6-24 | F, H |
| 24:12 - 24:16; 24:22 26:14; 26:24 - 27:16; 27:21 - 28:16; 28:22 - 28:25 | 24:12-28:7 (401, 402, 403); 28:8-25 (401, 402, 403) | 23:7-12 | F, H |
| 29:02 - 30:04; 30:16 - 33:16 | 30:16-34:10 (401, 402, 403) | | |
| 34:22 - 35:13 | 34:22-35:12 (401, 402); 35:12-38:16 (401, 402) | | |
| 35:23 - 36:06; 36:13 - 38:16 | 35:12-38:16 (401, 402); 36:15-19 (NT); 38:4 (NT) | | |
| 43:01 - 43:07 | 43:1-7 (401, 402, 403) | | |
| 48:18 - 48:21 | 48:18-21 (401, 402, 403) | | |

[5]  Attached as Exh. 12, with EDD's designations in yellow and SSC's counter-designations in blue.

| Won-Il Kim[5] July 31, 2015 | | | |
|---|---|---|---|
| **Enplas's Designation** | **SSC's Objection** | **SSC's Counter-Designation** | **Enplas's Objection to Counter-Designation** |
| 49:04 - 49:24 | 49:4-24 (401, 402) | | |
| 57:09 - 58:14 | 57:9-58:14 (401, 402, 403) | | |
| 69:12 - 69:15; 69:22 - 70:3; 70:10 - 70:14 | 69:12-70:14 (401, 402); 70:15-71:19 (401, 402) | | |

**KEY TO EDD'S OBJECTION CODES**

| ABBREVIATION | OBJECTION[6] |
|---|---|
| A | Authentication (FED. R. EVID. 901) |
| C | Cumulative and/or duplicative (FED. R. EVID. 403) |
| F | Lacks foundation (FED. R. EVID. 104(a); FED. R. EVID. 602) |
| H | Hearsay (FED. R. EVID. 802) |
| HH | Hearsay within hearsay (FED. R. EVID. 805) |
| I | The proposed exhibit is incomplete (FED. R. EVID. 901) |
| IL | The proposed exhibit is illegible (FED. R. EVID. 901) |
| IO | Inadmissible expert opinion (FED. R. EVID. 702) |
| 401 | The proposed exhibit is irrelevant (FED. R. EVID. 401), and thus inadmissible (FED. R. EVID. 402). |
| ILA | Inadmissible legal argument/opinion/conclusion. |
| 403 | The proposed evidence should be excluded on grounds of prejudice, confusion or waste of time (FED. R. EVID. 403). |
| OS | Outside the Scope of Notice (FED. R. CIV. P. 30(b)(6)) |
| PK | Lack of personal knowledge (FED. R. EVID. 602) |
| PE | Excluded under Parol Evidence Rule |
| SW | Lack of sponsoring witness, inadequate or improper sponsoring witness |
| SUM | Inadmissible Summary evidence (FED. R. EVID. 1006) |
| TR | The proposed exhibit is objected to as: (i) a foreign language document without certified translation, (ii) a translation without an original foreign language document, or (iii) the translation is inaccurate. |
| UT | Untimely (including, *inter alia*, FED. R. CIV. PROC. 26, 37) |
| 408 | Compromise/Settlement (FED. R. EVID. 408) |
| CCO | Contrary to Court's Order |

---

[6]    The specific bases identified in the objection field are intended to provide notice of the nature and general basis of the objection and are not intended to be limited to the recited Rule.

**SSC'S LEGEND OF OBJECTIONS TO ENPLAS'S EXHIBIT
LIST AND DEPOSITION DESIGNATIONS**

| | |
|---|---|
| AA | Asked and answered |
| AF | Assumes Facts not in evidence |
| ARG | Argumentative |
| BE | Best Evidence Rule (Fed. R. Evid. 1002-1007) |
| C | Compound |
| D | Duplicative/cumulative |
| FL | Foreign language |
| H | Hearsay (Fed. R. Evid. 801-802) |
| IC | Improper Compilation of Unrelated Documents, all objections reserved |
| IH | Improper or Incomplete Hypothetical |
| INC | Incomplete testimony or document |
| LC | Legal Conclusion |
| LF | Lack of foundation (Fed. R. Evid. 602, 701) |
| MIS | Mischaracterizes/misstates testimony |
| MIL | Subject to either (1) in limine issue or (2) in limine agreement between parties |
| LP | Late-Produced |
| MT | Missing translation |
| NC | Not proper counterdesignation |
| NQ | Not a Question |
| NT | Not Testimony or evidence |
| SPEC | Speculation |
| SCOPE | Outside Scope (of 30(b)(6) topic/cross-examination) |
| UI | Unidentifiable or unclear, all objections reserved |
| V | Vague |
| W | Withdrawn |
| 106 | Fed. R. Evid. 106 (Rule of Completeness) |
| 401 | Fed. R. Evid. 401 (Relevance) |
| 402 | Fed. R. Evid. 402 (Relevance) |
| 403 | Fed. R. Evid. 403 (Prejudice exceeds probative) |
| 408 | Fed. R. Evid. 408 (Settlement Discussions) |
| 702 | Seeking expert testimony |
| 901/902 | Authentication, not self-authenticating |

Dated:  March 7, 2016                    NAGASHIMA & HASHIMOTO


                                         */s/ Marc R. Labgold*
                                         Marc R. Labgold, Ph.D.

                                         Attorneys for Plaintiff-Counterclaim
                                         Defendant *Enplas Display Device Corporation*