1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10   ENPLAS DISPLAY DEVICE
     CORPORATION, et al.,                    Case No.13-cv-05038 NC
11
                    Plaintiffs,              **ORDER FINDING CLAIM 2 OF '554**
12                                           **PATENT IS NOT INVALID**
            v.
13
     SEOUL SEMICONDUCTOR
14   COMPANY, LTD.,

15                  Defendant.

16          Plaintiff Enplas Display Device Corporation ("EDD") asks this Court to find that

17   claim 2 of the '554 patent is invalid because it is an improper dependent claim.  Dkt. No.

18   457.  Defendant Seoul Semiconductor Company disagrees.  Dkt. No. 460.  The Court held

19   a jury trial in this case in March 2016.

20   **I.    LEGAL STANDARD**

21          Generally, a patent is presumed valid.  35 U.S.C. § 282.  While this presumption

22   can be rebutted, the party challenging validity must meet the "high burden" of proving

23   invalidity by "clear and convincing evidence."  *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d

24   1253, 1260 (Fed. Cir. 2012).  35 U.S.C. § 112 provides, "a claim in dependent form shall

25   contain a reference to a claim previously set forth and then specify a further limitation of

26   the subject matter claimed."  "The statute stresses that a dependent claim must add a

27   limitation to those recited in the independent claim."  *Curtiss-Wright Flow Control Corp.*

28   *v. Velan, Inc.*, 438 F.3d 1374, 1380 (Fed. Cir. 2006).

     Case No.13-cv-05038 NC

## II.  DISCUSSION

Claim 1 of the '554 patent reads:

> An illumination device, comprising:
>
> a waveguide having an illumination coupler embedded in an interior region of said waveguide,
>
> said illumination coupler adapted to receive light from a point source within said interior region, and to direct light between generally parallel top and bottom surfaces outside said interior region,
>
> said illumination coupler comprising a **refractive index interface** which is inclined relative to at least one of said top and bottom surfaces
>
> said interface being configured to reflect light rays emitted by the point source which propagate along a line that forms less than the critical angle of total internal reflection with respect to a line lying in one of said top and bottom surfaces,
>
> such that light rays which would otherwise pass out of said waveguide are captured for propagation between said top and bottom surfaces.

Claim 2 of the '554 patent reads:

> The illumination device of claim 1, wherein said illumination coupler comprises a surface configured for total internal reflection of light incident therein.

At trial, Dr. Pollock testified briefly as to claim 2, as follows:

> **Q:** And looking at Claim Number 2, what is added by that dependency?
>
> **Pollock:** Claim Number 2, let me just read it. It says: (reading) "The elimination device of Claim 1," so it's a dependent claim, "wherein said illumination coupler comprises a surface configured for total internal reflection of light incident thereon."
>      In my opinion, it's redundant. I don't know what it adds.
>
> **Q:** Does it add anything in your view?
>
> **Pollock:** Not in my view. I'm not a lawyer, so -- but I don't see the point of that one.
>
> **Q:** From a technical perspective, does it add anything?
>
> **Pollock:** No change.

United States District Court
Northern District of California

1    Tr. 992-993.

2        This is the entirety of testimony and evidence provided by EDD at trial.  EDD's

3    argument for the invalidity of claim 2 is based on EDD's attorney argument that "The

4    specification  makes clear that the refractive index interface of the illumination coupler

5    claimed in claim 1 is a 'surface configured for total internal reflection of light incident

6    thereon.'"  Dkt. No. 457 at 3.  According to EDD, since TIR is specified in claim 1

7    through interpretation of the "refractive index interface," the further limitation of TIR in

8    claim 2 is redundant.

9        SSC responds that the presumption under the doctrine of claim differentiation

10   requires the Court to construe "refractive index interface" in a way that would not make

11   claim 2 redundant, i.e., that it does not require TIR.  Dkt. No. 460 at 2.

12       The Court finds that EDD has failed to meet its burden to demonstrate that claim 2

13   is an improper claim by clear and convincing evidence.  Ultimately, this question is one of

14   claim construction.  EDD did not ask the Court to construe "refractive index interface," nor

15   did it move for summary judgment on this claim.  Dr. Pollock's conclusion that claim 2 is

16   redundant because Dr. Pollock does not know "what it adds" is unpersuasive.  Dr. Pollock

17   did not testify to the argument that EDD's counsel puts forward, that the "refractive index

18   interface" in claim 1 would be interpreted as a person of ordinary skill in the art as

19   requiring TIR, and that a person ordinary skill in the art would find claim 2 redundant.

20   Additionally, Dr. Pollock provides no reasoning for his cursory conclusion, and he did not

21   opine as to whether one of ordinary skill in the art would agree with his conclusion.

**III.  CONCLUSION**

23       The Court finds that claim 2 of the '554 patent is not invalid.

25       **IT IS SO ORDERED.**

26   Dated:  April 8, 2016                                    _____

27                                                                        NATHANAEL M. COUSINS
                                                                          United States Magistrate Judge